GARCIA RAINEY BLANK & BOWERBANK LLP
A Limited Liability Partnership
JOHN E. BOWERBANK, Cal. Bar No. 211566
Jbowerbank@garciarainey.com
JOSHUA A. NUZZO Cal. Bar No. 332560
jnuzzo@garciarainey.com
695 Town Center Drive, Suite 540
Costa Mesa, CA 92626
Telephone:    (714) 382-7005
Facsimile:    (714) 784-0031

Attorneys for Plaintiffs
DARRYL LEWIS AND SANNA AKHTANOVA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE, PALM SPRINGS COURTHOUSE

| | |
|---|---|
| DARRYL LEWIS, and SANNA AKHTANOVA, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>STONEBRIDGE VENTURES, LLC, a California limited liability company; CALPAC MANAGEMENT, INC.; a California Corporation; JOSHUA RAYMOND PUKINI, an individual, RYAN JUSTIN YOUNG, an individual; EDMUND VALASQUEZ, Jr. an individual; LUNA CONSTRUCTION MANAGEMENT, LLC, a California limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>(1) SPECIFIC PERFORMANCE<br>(2) BREACH OF CONTRACT<br>(3) BREACH OF THE IMPLIED COVENANT GOOD FAITH AND FAIR DEALING<br>(4) FRAUDULENT CONCEALMENT<br>(5) INTENTIONAL MISREPRESENTAION<br>(6) NEGLIGENT MISTRPRESENTATION<br>(7) NEGLIGENCE; AND<br>(8) DECLARATORY RELIEF |

Plaintiffs Darryl Lewis and Sanna Akhtanova, for causes of action against Defendants, and each of them, allege as follows:

1. Plaintiff Darryl Lewis is an individual residing within Riverside County, California.

2. Plaintiff Sanna Akhtanova is an individual residing in Orange County, California. (Plaintiffs Darryl Lewis and Sanna Akhtanova will hereinafter be collectively referred to as "Plaintiffs" or "Buyers").

3. Defendant Stonebridge Ventures, LLC ("Seller") is alleged to be a California limited liability company that owns real property located at 5 Makena Lane, Rancho Mirage, California, APN 682-031-005 ("Subject Property").

4. Defendant CalPac Management, Inc. is a real estate brokerage company who served as a broker entity for the subject transaction, California License No. 01856406. CalPac Management, Inc. is alleged to be a California Corporation.

5. Defendant Ryan Justin Young is an individual and licensed real estate broker, License No. 01245001, who served as Seller's agent and broker for the subject transaction and is believed to be an owner of CalPac Management, Inc. as well as AB Capital.

6. Defendant Edmund Valasquez, Jr. is an individual and officer of Luna Construction Management, LLC.

7. Defendant Luna Construction Management, LLC is a California Limited Liability Company and licensed California Contractor, California Contractor's License No. 1043183, that operates out of Anaheim, California,

8. Defendant Joshua Raymond Pukini is an individual who is believed to be an owner of Seller and CalPac Management, Inc. who is also a licensed broker, License No. 01773536. Plaintiffs allege that Mr. Young, Mr. Pukini, CalPac Management, Inc., AB Capital and Seller all operate out of the same office located at 15 Corporate Plaza Drive, Suite 200, Newport Beach, California 92660.

**COMPLAINT FOR SPECIFIC PERFORMANCE**

9. The fictitious defendants herein are sued pursuant to the provisions of C.C.P. § 474. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of such fictitious defendants. Plaintiffs are informed and believe, and thereon allege, that each such fictitious defendant was in some way responsible for, participated in or contributed to the matters and things of which Plaintiffs complain herein and, in some fashion, has legal responsibility therefor. When the true names of such fictitious defendants and, as appropriate, their respective interests in said property or their responsibility for, participation in, and contribution to the matters herein alleged are ascertained by Plaintiffs, Plaintiffs will seek leave to amend this complaint to set forth the same. Such fictitious defendants, along with the named defendants, shall be referred to as "Defendants."

10. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants and their predecessor(s) is, and at all relevant times was, the agent and/or employee of each of his, its or their codefendants, and in committing the acts herein alleged, was acting in the scope of his, its or their authority as such agents and employees, and with the permission and consent of his, its or their codefendants.

11. Venue is appropriate in this County because the Subject Property located in the City of Rancho Mirage within Riverside County.

12. Prior to filing this Complaint, Plaintiffs made a demand for mediation on Defendants pursuant to Paragraph 41(a) of the Purchase Agreement. As of the filing of this action, Defendants have not agreed to submit the dispute to mediation. Plaintiffs also allege that the pre-action mediation provision has an exception in the mediation provision for purposes of filing an action for specific performance and recording of a notice of pendency of action (lis pendens) under Paragraph 41(c) of the Purchase Agreement. Plaintiffs continue to be willing to submit the dispute to mediation and to stay this litigation pending arbitration. Plaintiffs reserve any and all rights regarding the alternative dispute provisions under the Purchase Agreement nor are Plaintiffs waiving any rights.

**COMPLAINT FOR SPECIFIC PERFORMANCE**

## FIRST CAUSE OF ACTION

### (Specific Performance)

### (Against Stonebridge and DOES 1-20)

13. Plaintiffs incorporate by reference and reallege the allegations as set forth in paragraphs 1 through 12 above.

14. In or around August 2020, Plaintiffs and Seller entered into a New Construction Residential Purchase Agreement and Joint Escrow Instructions (the "Purchase Agreement"). A true and correct copy of the Purchase Agreement is attached hereto as Exhibit A and incorporated herein by reference. True and correct copies of the amendments to the Purchase Agreement are attached hereto as Exhibits B and C and incorporated herein by reference.

15. Plaintiffs deposited $344,750 towards the purchase price of $2,895,000. Although Seller was supposed to complete construction of the Property, Seller failed to complete the construction of the Subject Property and failed to sell the completed Subject Property to Plaintiffs despite multiple extensions by Plaintiffs.

16. In July 2022, Plaintiff Lewis visited the Subject Property and noticed that there was a notice of trustee's sale posted at the Subject Property that identified an auction sale date of August 10, 2022. The auction sale date was extended to September 13, 2022 by an agreement between the lender and Defendants.

17. Plaintiffs have fulfilled all of their obligations under the Purchase Agreement, except those excused or rendered impractical or impossible by Defendants' breaches described above. Plaintiffs have been, are and remain willing to purchase the Subject Property pursuant to the terms and conditions of the Purchase Agreement, except for those conditions which have been waived, equitably excused, or for which time of performance was expressly or implicitly extended due to Seller's breaches.

18. By reason of Seller's breaches, Plaintiffs are entitled to a judicial decree compelling Defendant to convey to Plaintiffs the Subject Property under the terms and conditions set forth in the Purchase Agreement, except for those conditions that have

been waived, equitably excused, or for which time of performance was expressly, implicitly or equitably extended due to Seller's breaches.

19. Pursuant to the terms of the Purchase Agreement, Plaintiffs are entitled to recover their reasonable attorneys' fees and expenses incurred in the event of Seller's breach or to enforce the terms of the Purchase Agreement. As a result of Seller's breaches, it has become necessary for Plaintiffs to employ attorneys to commence and prosecute this action to compel performance of the Purchase Agreement. Plaintiffs are entitled to recover from Seller the amount of reasonable attorneys' fees and costs incurred in this action and other proceedings.

## SECOND CAUSE OF ACTION

**(Breach of Contract)**

**(Against All Sellers and DOES 1-20)**

20. Plaintiffs incorporate by reference and reallege the allegations as set forth in paragraphs 1 through 19 above.

21. Pursuant to the Purchase Agreement, and amendments thereto, Seller was required to complete and sell the Subject Property at the agreed upon price to Plaintiffs.

22. Seller breached the Purchase Agreement and the amendments thereto by refusing to complete and sell the Subject Property to Plaintiffs.

23. By reason of Defendant's breaches, Plaintiffs are entitled to damages in an amount to be proven at trial. Such damages have not yet been ascertained but are in excess of the jurisdictional minimum of the Court.

## THIRD CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

**(Against Sellers and DOES 1-20)**

24. Plaintiffs incorporate by reference and reallege the allegations as set forth in paragraphs 1 through 23 above.

25. The Purchase Agreement contains an implied covenant that Seller would act in good faith and fair dealing with Plaintiffs.

26. Defendant breached the implied covenant of good faith by, among other things, failing to perform under the Purchase Agreement and to pay the debts and obligations of the Subject Property causing a notice of default and notice of trustee's sale for the auction of the Subject Property. Instead of adhering to such implied covenant, Defendant breached the covenant of good faith and fair dealing causing Plaintiffs' harm and damage.

27. By reason of Seller's breaches of the implied covenant of good faith and fair dealing, Plaintiffs are entitled to damages in excess of the jurisdictional minimum.

## FOURTH CAUSE OF ACTION
### (Fraudulent Concealment)
### (Against All Defendants and DOES 1-20)

28. Plaintiffs incorporate by reference and reallege the allegations as set forth in paragraphs 1 through 27 above.

29. Defendants, as parties to the Purchase Agreement with Plaintiffs, owed Plaintiffs a duty to disclose all material facts regarding the Subject Property, including lack of ability to timely complete the new construction in August 2020 as well the material fact that Defendants were in default with their lender when Defendants fraudulently duped Plaintiffs in January 2022 into depositing and releasing additional funds that Plaintiffs were led to believe would be used to pay contractors to complete the new construction at the Property.

30. Plaintiffs are informed and believe, and thereon allege, that Defendants committed fraud by intentionally concealing material facts, including but not limited to, Defendants' inability to close on the Subject Property as required by the Purchase Agreement, Defendants' failure to pay contractors performing work on the Subject Property, and Defendants' failure to timely notify Plaintiffs of the December 2021 Notice of Default and subsequent August 13, 2022 Notice of Trustee Sale of the Subject Property to induce Plaintiffs to provide the additional $200,000 deposit that was provided

to Defendants Edmund Valasquez, Jr. and Defendant Luna Construction Management, LLC in December 2021 and January 2022.

31. Defendants prevented Plaintiffs from discovering the true facts regarding the Subject Property prior to the filing of this lawsuit by disclosing some facts and intentionally failing to disclose other facts including the pending Trustee Sale.

32. Plaintiffs did not know the facts concealed by Defendants.

33. Had the omitted information been disclosed, Plaintiffs' reasonably would have behaved differently. Plaintiffs would have not released the $144,750 deposit and provided the additional $200,000 deposit, or they would have demanded an amendment to the Purchase Agreement to secure their $344,750 investment in the Subject Property. Plaintiffs also suffered additional damages in the amount of $34,000 because they were required to seek substitute housing and incur unnecessary moving and storage expenses because of Defendants' continued concealment of the realistic completion date for the Subject Property.

34. Because Defendants concealed material facts and omitted to disclose certain facts, including but not limited to, the December 2021 Notice of Default, Plaintiffs were not able to take such actions.

35. As a direct and proximate consequence of Plaintiffs' reliance on Defendants conduct and Defendants fraudulent concealment of this material information, Plaintiffs have been materially prejudiced and have sustained monetary damages, including consequential damages in an amount to be fully determined by proof at trial but at least $200,000.

36. In committing the acts herein, Defendants are guilty of oppression (despicable conduct that subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights), fraud (intentional concealment upon Plaintiffs with the intention on the part of Defendants thereby depriving Plaintiffs of monies and legal rights and otherwise causing injury), and malice (conduct intended by Defendants to cause injury to Plaintiffs), and either authorized, ratified, and/or performed the acts, justifying

an award of exemplary and punitive damages, pursuant to Civil Code Section 3294, in a sum appropriate to punish Defendants and to deter similar future misconduct and to make an example of them to the community.

## FIFTH CAUSE OF ACTION

### (Intentional Misrepresentation)

### (Against All Defendants and DOES 1-20)

37. Plaintiff incorporates by reference and realleges the allegations as set forth in paragraphs 1 through 36 above.

38. Plaintiffs are informed and believe, and on that basis allege, that Sellers committed fraud by intentionally misrepresenting two material facts to Plaintiffs to induce them to into entering into the Purchase Agreement and making deposits and releasing deposits. In August 2020, Plaintiffs intentionally misrepresented their ability to actually complete and sell the Subject Property to Plaintiffs in the timely manner required by the Purchase Agreement. Second, Plaintiffs intentionally misrepresented why they needed an additional $200,000 deposit in a series of three transactions between December 2021 and January 2022.

39. Plaintiffs are informed and believe, and on that basis further allege that Sellers intentionally misrepresented the $200,000 deposit paid in December 2021 and January 2022 was used to pay contractors in furtherance of completing the Subject Property. Plaintiffs are informed and believe the deposit was actually used to pay lenders or invest in other unrelated projects, instead of being used to complete the Subject Property.

40. Defendants made all of the aforementioned material representations before and through the time of execution of the Purchase Agreement, and again in December 2021 and January 2022 to gain Plaintiffs' confidence and convince them to enter into the Purchase Agreement to pay the additional $200,00 deposit, both of which Plaintiffs actually did.

41. Plaintiffs are informed and believe and on that basis allege that when Defendants made these false representations to Plaintiffs, each of them knew the representations were false. In fact, Defendants made the representations with the intent to defraud Plaintiffs and induce the Plaintiffs into entering into the Agreement.

42. Plaintiffs, having no reason to believe that Defendants were misrepresenting their intentions and future actions, actually and justifiably relied upon the material misrepresentations.

43. By reason of Defendant's intentional misrepresentations, Plaintiffs are entitled to damages in an amount to be proven at trial. Such damages have not yet been ascertained but are in excess of the jurisdictional minimum of the Court.

44. Plaintiffs are informed and believe, and thereon allege, that in committing the acts alleged herein, Defendants, and each of them, are guilty of oppression, fraud, or malice within the meaning of Civil Code section 3294, in that Defendant took blatant, willful and extraordinary steps to defraud Plaintiffs in this matter. By reason of these acts, Plaintiffs are entitled to an award of punitive or exemplary damages in an amount appropriate to punish Defendant subject to proof at trial.

## SIXTH CAUSE OF ACTION
### (For Negligent Misrepresentation)
### (Against All Defendants DOES 1-20)

45. Plaintiff incorporates by reference and realleges the allegations as set forth in paragraphs 1 through 44 above.

46. Plaintiffs are informed and believe, and on that basis allege, that Sellers committed fraud by negligently misrepresenting two material facts to Plaintiffs to induce into entering into the Purchase Agreement and making deposits, and releasing deposits. In August 2020, Plaintiffs negligently misrepresented their ability to actually complete and sell the Subject Property to Plaintiffs in the timely manner required by the Purchase Agreement. Second, Plaintiffs negligently misrepresented why they needed an additional $200,000 deposit in December 2021 and January 2022.

COMPLAINT FOR SPECIFIC PERFORMANCE

47. Plaintiffs are informed and believe, and on that basis further allege that Sellers negligently misrepresented the $200,000 deposit paid in December 2021 and January 2022 was used to pay contractors in furtherance of completing the Subject Property. Plaintiffs are informed and believe the deposit was actually used to pay lenders or invest in other unrelated projects, instead of being used to complete the Subject Property.

48. Defendants made all of the aforementioned material representations before and through the time of execution of the Purchase Agreement, and again in December 2021 and January 2022 to gain Plaintiffs' confidence and convince them to enter into the Purchase Agreement to pay the additional $200,000 deposit, both of which Plaintiffs actually did.

49. Plaintiffs are informed and believe and, on that basis, allege that when Defendants made these false representations to Plaintiffs, each of them should have known the representations were false.

50. Plaintiffs, having no reason to believe that Defendants were misrepresenting their intentions and future actions, actually and justifiably relied upon the material misrepresentations.

51. By reason of Defendant's negligent misrepresentations, Plaintiffs are entitled to damages in an amount to be proven at trial. Such damages have not yet been ascertained but are in excess of the jurisdictional minimum of the Court.

## SEVENTH CAUSE OF ACTION

### (Negligence)

### (Against Defendants Ryan Young, CalPac and DOES 1-20)

52. Plaintiffs incorporate by reference and reallege the allegations as set forth in paragraphs 1 through 51 above.

53. Plaintiffs are informed and believe, and thereon allege, that Young and Calpac based on their role as the agent for the Seller, owed a duty of care to Plaintiffs including but not limited to, the following duties:

COMPLAINT FOR SPECIFIC PERFORMANCE

      a. Diligent exercise of reasonable skill and care in performance of the agents duties

      b. A duty of honest and fair dealing and good faith

      c. A duty to disclose all facts known to them materially affecting the value and desirability of the Subject Property that are not known to, or within the diligent attention and observation of Plaintiffs

54. Plaintiffs are informed and believe, and thereon allege that Defendants breached their duty of care to Plaintiffs

55. As a direct and proximate result of Mr. Young and CalPac's negligence, Plaintiffs have suffered general, consequential and compensatory damages in an amount according to proof at the time of trial

### EIGHTH CAUSE OF ACTION

### (Declaratory Relief)

### (Against All Defendants)

56. Plaintiffs incorporate by reference and reallege the allegations as set forth in paragraphs 1 through 55 above.

57. An actual, justiciable controversy has arisen and now exists between Plaintiffs and Defendant concerning the interpretation of, and respective liability under, the Purchase Agreement and amendments thereto. Plaintiffs contend that Seller failed to comply with the mediation provision in the Purchase Agreement and therefore, Plaintiffs can recover their attorney's fees and costs if they prevail, however, Seller now cannot recover their attorneys' fees and costs if Seller prevails.

58. Plaintiffs are informed and believe, and thereon allege, that Defendant disputes Plaintiffs' contentions and Plaintiffs' interpretation of the Purchase Agreement.

59. Plaintiffs desire a judicial determination of the respective rights and duties of Plaintiffs and Defendant with respect to their obligations and rights under the Purchase Agreement and amendments thereto.

60. A judicial determination of Plaintiffs' and Defendant's respective obligations and rights under the Purchase Agreement is necessary and appropriate at this time so that the parties may resolve their disputes and so that they can best mitigate their damages and comply with the Purchase Agreement.

61. Plaintiffs request that the Court enter a declaratory judgment declaring that Seller has failed to comply with the mediation requirement under Paragraph 41 of the Purchase Agreement.

62. Plaintiffs further allege that a decree should be issued by the Court that Seller failed to comply with the mediation provision in the Purchase Agreement and therefore, Plaintiffs can recover their attorney's fees and costs if they prevail, however, Seller now cannot recover their attorneys fees and costs.

## PRAYER FOR RELIEF

(For All Causes of Action)

WHEREFORE, PLAINTIFFS DARRYL LEWIS and SANNA AKHTANOVA pray for judgment against DEFENDANTS STONEBRIDGE VENTURES, LLC, CALPAC MANAGEMENT, INC.; JOSHUA RAYMOND PUKINI, RYAN JUSTIN YOUNG and DOES 1-20 and each of them as follows:

**ON THE FIRST CAUSE OF ACTION**

1. That Seller be ordered to execute and deposit with the escrow agent a certificate of occupancy, and deed sufficient to convey the Property to Plaintiff ("Deed"), on the terms and conditions set forth in the Purchase Agreement minus offsets;

2. That if Defendant refuses to execute and deposit such certificate of occupancy sufficient to convey the Subject Property to Plaintiffs, then Plaintiffs pray for a Court order directing the Clerk of the Court to execute

and deliver such a deed, or, in the alternative, that the Court appoint a receiver to execute and deliver such deed;

3. For damages and offsets caused by Sellers' breaches;

4. For costs of suit incurred herein reasonable attorneys' fees, to the extent allowed by law; and

5. For such other and further relief and the court may deem just and proper.

**ON THE SECOND CAUSE OF ACTION**

6. For judgment against Defendants in excess of $2,900,000, and each of them, in an amount to be fully proven at trial;

7. For costs of suit incurred herein reasonable attorneys' fees, to the extent allowed by law; and

8. For such other and further relief and the court may deem just and proper.

**ON THE THRID CAUSE OF ACTION**

9. For judgment against Defendants in excess of $2,900,000, and each of them, in an amount to be fully proven at trial;

10. For costs of suit incurred herein reasonable attorneys' fees, to the extent allowed by law; and

11. For such other and further relief and the court may deem just and proper.

**ON THE FOURTH CAUSE OF ACTION**

12. For judgment against Defendants in excess of $2,900,000, and each of them, in an amount to be fully proven at trial;

13. For costs of suit incurred herein reasonable attorneys' fees, to the extent allowed by law; and

14. For such other and further relief and the court may deem just and proper.

15. For punitive or exemplary damages, according to proof at trial.

**ON THE FIFTH CAUSE OF ACTION**

16. For judgment against Defendants in excess of $2,900,000, and each of them, in an amount to be fully proven at trial;

COMPLAINT FOR SPECIFIC PERFORMANCE

17. For costs of suit incurred herein reasonable attorneys' fees, to the extent allowed by law; and

18. For such other and further relief and the court may deem just and proper.

19. For punitive or exemplary damages, according to proof at trial.

**ON THE SIXTH CAUSE OF ACTION**

20. For judgment against Defendants in excess of $2,900,000, and each of them, in an amount to be fully proven at trial;

21. For costs of suit incurred herein reasonable attorneys' fees, to the extent allowed by law; and

22. For such other and further relief and the court may deem just and proper.

**ON THE SEVENTH CAUSE OF ACTION**

23. For judgment against Defendants in excess of $2,900,000, and each of them, in an amount to be fully proven at trial;

24. For costs of suit incurred herein reasonable attorneys' fees, to the extent allowed by law; and

25. For such other and further relief and the court may deem just and proper.

**ON THE EIGHTH CAUSE OF ACTION**

26. That the Court declare that Seller failed to comply with the mediation provision in the Purchase Agreement and therefore, Plaintiffs can recover their attorney's fees and costs if they prevail, however, Seller now cannot recover their attorneys' fees and costs if Seller prevails

**ON ALL CAUSES OF ACTION**

27. A constructive trust is imposed as to all Defendants as constructive trustees who have possession of Plaintiffs' funds that are being held for Plaintiffs' benefit.

28. For such other relief the Court deems proper.

**COMPLAINT FOR SPECIFIC PERFORMANCE**

| | | |
|---|---|---|
| DATED: September 6, 2022 | | GARCIA RAINEY BLANK & BOWERANK LLP |
| | By | /s/ John E. Bowerbank |
| | | JOHN E. BOWERBANK |
| | | JOSHUA A. Nuzzo |
| | | Attorneys for Plaintiffs |
| | | DARRYL LEWIS and SANNA AKHTANOVA |