WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Proposed Attorneys for Chapter 11 Trustee, A. Cisneros*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>STONEBRIDGE VENTURES, LLC,<br><br>Debtor. | Case No. 8:22-bk-11556-TA<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE BROKER; DECLARATION OF BRIAN THOMPSON IN SUPPORT THEREOF**<br><br>[1 Makena Lane, Rancho Mirage, California 92270; 5 Makena Lane, Rancho Mirage, California 92270; and 7 Makena Lane, Rancho Mirage, California 92270]<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rules 2014-1 (b)(1)] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:**

The Application of the Chapter 11 Trustee, A. Cisneros ("Trustee" or "Applicant"), respectfully represents that:

1. This case was commenced on September 9, 2022, with the filing of a skeletal petition

under Chapter 11 of the Bankruptcy Code ("Petition").

    2.    On or about January 6, 2015, Debtor obtained title to the following real properties:

        a.    1 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-001 ("1 Makena");

        b.    2 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-002 ("2 Makena");

        c.    4 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-004 ("4 Makena");

        d.    5 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-005 ("5 Makena"); and

        e.    7 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-007 ("7 Makena") (1, 2, 4, 5, and 7 Makena are collectively referred to herein as the "Properties").

    3.    Trustee is informed and believes that Debtor acquired the Properties as vacant lots and was in the process of completing the construction of luxury homes on each lot.  Currently, Trustee is informed and believes that only 2 Makena has been completed and that the remaining lots are in various stages of construction.

    4.    Prior to the filing of the Petition, on or about September 1, 2022, Debtor transferred its interest in 1, 2, 4, and 7 Makena ("Transfers") to AB Capital LFD, Inc. ("AB LFD").

    5.    On September 23, 2022, Debtor and the Office of the United States Trustee ("OUST") entered into a stipulation to the appointment of a Chapter 11 Trustee based on *inter alia* the Transfers.

    6.    On September 29, 2022, Trustee was appointed as the Chapter 11 Trustee of the Estate.

    7.    Trustee is the appointed, qualified, and acting Chapter 11 Trustee for Debtor's bankruptcy estate ("Estate").

///

///

///

///

**B.     The Motion for Relief in Connection with 5 Makena.**

8.     On October 11, 2022, Baiocchi Family Limited Partnership ("BFLP") filed a Motion for Relief with regard to 5 Makena ("MFR").  A hearing on the MFR was initially set for November 1, 2022; however, Trustee, through the Firm, negotiated a continuance of the hearing to January 10, 2023.

**C.     Trustee's Negotiations to Address the Transfers and the Conveyances to the Estate.**

9.     Immediately upon his appointment, Trustee, through the Firm, commenced negotiations to address the Transfers and effectuate the transfer of legal title to 1, 2, 4, and 7 Makena back to the Estate.

10.     Based on Trustee's negotiations with AB LFD, AB LFD quitclaimed its interest in 1, 2, 4, and 7 Makena to the Estate, and the conveyances have been recorded.

**D.     Trustee's Proposed Retention of Brian Thompson to Market and Sell 1, 5, and 7 Makena.**

11.     Based on Applicant's consultation with a real estate professional, the condition of construction of each property, Applicant's equity analysis, and a review of each of the liens that encumber the Property, the Applicant has agreed to list 1, 5, and 7 Makena as follows:

   a.     1 Makena - $2,650,000;

   b.     5 Makena - $2,950,000; and

   c.     7 Makena - $2,200,000.

Trustee is still analyzing the legal issues and equity analysis as to 2 and 4 Makena.

12.     Brian Thompson ("Broker") of Winterstone Real Estate and Development is prepared to undertake a specific marketing program to sell 1, 5, and 7 Makena.  Therefore, the Applicant intends to enter into Residential Listing Agreements ("Listing Agreements") with Broker, copies of which are attached to the accompanying declaration of Broker as Exhibits "1," "2," and "3."

13.     The Listing Agreement concerning 1 Makena provides for sales commission of 5%, unless Broker represents both Trustee and the buyer, in which case sales commission shall be 2%. Additionally, should Vincent Battaglia purchase the property, the total commission will be agreed to in good faith and shall be less than 5%.  The suggested listing price of 1 Makena is $2,650,000.

14.     The Listing Agreement concerning 5 Makena provides for sales commission of 5%,

unless Darryl Lews purchases the property, and no cooperated broker is involved, in which case Broker's commission shall be 1.5%. The suggested listing price of 5 Makena is $2,950,00.

15. The Listing Agreement concerning 7 Makena provides for sales commission of 6%, unless Broker represents both Trustee and the buyer, in which case sales commission shall be 2%. Additionally, should Vincent Battaglia purchase the property, the total commission will be agreed to in good faith and shall be less than 5%. The suggested listing price of 7 Makena is $2,200,00.

16. Considering the type and number of properties currently available in the respective area, the Applicant believes the proposed sale commissions are fair and reasonable to ensure a successful marketing program.

17. Any disputes relating to the Listing Agreements shall be subject to the sole and exclusive jurisdiction of the Bankruptcy Court, sitting without a jury.

18. Any sale shall be subject to the notice and hearing requirements provided in Title 11 of the United States Code.

19. Broker is ready to proceed with the promotion 1, 5, and 7 Makena as soon as this Court enters an order approving Broker's employment. Broker's Statement of Disinterestedness is included in the accompanying declaration of Broker. Broker will be primarily responsible for marketing 1, 5, and 7 Makena. Broker's Curriculum Vitae is attached to the accompanying declaration of Broker as Exhibit "4" and is incorporated herein by this reference.

20. The Declaration of Broker, *inter alia*, provides that Broker has no interest in 1, 5, or 7 Makena or in this Estate adverse to Debtor or to the Estate. Broker is a disinterested person as defined in § 101(14) of Title 11 of the United States Code.

21. The Applicant is informed and believes, and upon such information and belief alleges, that the Listing Agreements according to the terms agreed upon by the parties are fair, equitable, and in the best interests of this Estate. The Applicant further alleges that the employment of Broker under the terms agreed upon as stated herein should be approved.

22. Broker has been advised of and has agreed to accept employment under 11 U.S.C. § 327 and subject to the provisions of 11 U.S.C. § 328(a) and Broker understands that, notwithstanding approval of his employment by this Court in accordance with the terms herein, the Court may allow

compensation different from the compensation provided under the terms of the agreement between the parties, if such proves to have been improvident in light of developments that could not have been reasonably anticipated at the time of filing of such terms.

**WHEREFORE**, the Applicant prays that the employment of Brian Thompson be approved upon the terms and conditions set forth in the foregoing Application and Listing Agreements.

DATED: November 2, 2022

/s/ A. Cisneros
A. CISNEROS
*Chapter 11 Trustee*

DATED: November 7, 2022

Malcolm ♦ Cisneros, A Law Corporation

By: */s/ Nathan F. Smith*
NATHAN F. SMITH
*Proposed Attorneys for Chapter 11 Trustee, A. Cisneros*

## DECLARATION OF BRIAN THOMPSON

I, Brian Thompson of Winterstone Real Estate and Development, declare as follows:

1. The matters stated herein are true and correct and within my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. I am a real estate broker, duly licensed in the State of California, and am the principal of Winterstone Real Estate and Development ("Broker").

3. I make this Declaration in support of Chapter 11 Trustee A. Cisneros's Application to Employ Real Estate Broker, filed concurrently herewith.

4. I have agreed to list, show, and sell the bankruptcy estate's interest in the real properties commonly known as 1 Makena Lane, Rancho Mirage, California 92270; 5 Makena Lane, Rancho Mirage, California 92270; and 7 Makena Lane, Rancho Mirage, California 92270 ("Listed Properties"); to represent Trustee as the Seller in connection with the sale of the Listed Properties; and advise Trustee with respect to obtaining the highest and best offers available in the present market.

5. I have examined the Listed Properties, reviewed comparable sales, and have provided Trustee with a report of my findings and recommendations with regard to the sale of the Listed Properties. I have also conducted an investigation of title and lien information with regard to the Listed Properties and provided the same to Trustee in my report. The suggested listing prices are as follows:

    a. 1 Makena - $2,650,000;

    b. 5 Makena - $2,950,000; and

    c. 7 Makena - $2,200,000.

6. Trustee intends to enter into Residential Listing Agreements ("Listing Agreements") with me, copies of which are attached hereto as Exhibits "1," "2," and "3," respectively.

7. In consideration for the services rendered by me, and subject to further application and Court order, I will receive, upon consummation of any such sale, sales commissions as set forth in the foregoing Application.

8. I am familiar with the foregoing Application and the aforementioned Property and believe that I am qualified to represent Trustee and Debtor's Estate in connection with the marketing of the Listed Properties.

9. I have agreed to accept employment on the terms and conditions set forth in the Applications. Attached hereto and incorporated herein as Exhibit "4" is a copy of my Curriculum Vitae.

10. I have been informed and understand that no sale of the Listed Properties may be consummated until after (1) notice to creditors with the opportunity for a hearing on the proposed sale; and (2) entry of a Court Order approving the sale.

11. I have agreed and understand that notwithstanding the terms and conditions of employment herein set forth, that the Court may allow compensation different from the compensation provided herein if such terms and conditions prove to be improvident in light of developments unanticipated at the time of the fixing of such terms and conditions.

12. I do not have a pre-petition claim against Debtor's Estate.

13. I have not received a retainer for the services to be performed for Trustee and Debtor's Estate.

14. To the best of my knowledge, other than being employed by Trustee in other non-related matters or bankruptcy cases, I do not have any connection with Trustee, Trustee's attorneys or accountants, Debtor, Debtor's attorneys or accountants, Debtor's creditors, the United States Trustee, or any person employed in the office of the United States Trustee, or any other outside party in interest, or their respective attorneys or accountants.

15. To the best of my knowledge, I do not have an interest adverse to Debtor or the Estate.

16. To the best of my knowledge, I am a "disinterested person" as the term is defined in 11 U.S.C. § 101(14).

I declare under penalty of perjury, according to the laws of the United States of America, that the foregoing is true and correct and this declaration was executed at Lake Forest, California on November 2, 2022.

_____
BRIAN THOMPSON

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE BROKER; DECLARATION OF BRIAN THOMPSON IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 7, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF U.S. TRUSTEE:** United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
**CHAPTER 11 TRUSTEE:** Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com
**DEBTOR'S ATTORNEY:** Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com; shawsr91811@notify.bestcase.com

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **November 7, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR:** Stonebridge Ventures, LLC, 15 Corporate Plaza Drive, Suite 200, Newport Beach, CA 92660
**NOTICE:** Brian Thompson, Winterstone Real Estate and Development, 23792 Rockfield Blvd. STE 101, Lake Forest, CA 92630

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 7, 2022 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                F 9013-3.1.PROOF.SERVICE

Main Document    Page 9 of 9

**SECTION 1 CONT.**
NOTICE: Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Michael J Hauser    michael.hauser@usdoj.gov
NOTICE: William Malcolm    bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows    david@davidwmeadowslaw.com
NOTICE: Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
NOTICE: Timothy M Ryan    tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com; cvalenzuela@mclaw.org
NOTICE: Diana Torres-Brito    dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com

Main Document    Page 9 of 9

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**