Prober & Raphael, A Law Corporation
Lee S. Raphael, Esq., Bar ID: 180030
Diana Torres-Brito, Esq., Bar ID: 163193
Noemi Padilla, Esq., Bar ID: 343367
20750 Ventura Boulevard, Suite 100
Woodland Hills, CA 91364
Telephone: 818-227-0100
Facsimile: 818-227-0637
cmartin@pralc.com
Attorneys for Secured Creditor BAIOCCHI FAMILY LIMITED PARTNERSHIP, A NEVADA PARTNERSHIP
F.126-038.NF

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | ) Bk. No. 8:22-bk-11556-TA |
| | ) |
| STONEBRIDGE VENTURES, LLC, | ) Chapter 11 |
| | )  AMENDED |
| Debtor. | ) OPPOSITION TO CHAPTER 11 |
| | ) TRUSTEE'S MOTION FOR ORDER: (1) |
| | ) AUTHORIZING SALE OF REAL |
| | ) PROPERTY FREE AND CLEAR OF |
| | ) LIENS AND INTERESTS PURSUANT |
| | ) TO 11 U.S.C. § 363(f); (2) APPROVING |
| | ) OVERBID PROCEDURES; (3) |
| | ) APPROVING BROKER |
| | ) COMPENSATION; (4) AUTHORIZING |
| | ) DISTRIBUTION OF SALE PROCEEDS; |
| | ) (5) DETERMINING THAT THE |
| | ) PROPOSED BUYER IS A "GOOD |
| | ) FAITH PURCHASER" UNDER 11 |
| | ) U.S.C. § 363(m); AND (6) WAIVING 14 |
| | ) DAY STAY IMPOSED BY FEDERAL |
| | ) RULE OF BANKRUPTCY |
| | ) PROCEDURE 6004(h); DECLARATION |
| | ) IN SUPPORT |
| | ) |
| | ) Hearing: |
| | ) Date : 1/11/2023 |
| | ) Time : 10:00 AM |
| | ) Place: Via Zoom Teleconference |

1

BAIOCCHI FAMILY LIMITED PARTNERSHIP, A NEVADA PARTNERSHIP, its assignees and/or successors in interest, a secured creditor and party in interest herein (hereinafter "Secured Creditor"), by counsel, respectfully submits this Opposition to the Trustee's Motion for Order: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(F); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER IS A "GOOD FAITH PURCHASER" UNDER 11 U.S.C. § 363(M); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h) ("Motion to Sell"). The Real Property securing Secured Creditor's claim is located at **5 Makena Lane, Rancho Mirage, CA 92270** (the "Property"),

## I. STATEMENT OF FACTS:

1. On September 9, 2022, Debtor, Stonebridge Ventures, LLC ("Debtor") filed a Petition under Chapter 11 of the Bankruptcy Code.

2. On June 28, 2021, Joshua Pukini, Vice President of Cal-Pac Management, Inc., Debtor's manager, executed a Promissory Note on behalf of Debtor in the principal amount of $1,650,000. The Note was secured by a Deed of Trust of the same date, executed by Debtor, and recorded on July 16, 2021 (the "DOT"). The Note was an interest only note with balloon payment due at maturity. A copy of the Note and DOT are attached collectively hereto as **Exhibit "A"**.

3. The DOT is in first lien position on the Property.

4. The Trustee's Motion seeks to sell the Property free and clear of liens on the ground that the lawsuit involving the property creates a bona fide dispute under 11 U.S.C. § 363(f)(4) with respect to the Plaintiff's interest in the Property. The motion also states that the Debtor's

Schedule A/B lists alleged claims against Secured Creditor for "business interference and wrongful foreclosure." However, it should be noted that these alleged claims are listed as "potential" claims, and there is no evidence whatsoever, either pled in the motion or otherwise, that there is any merit to these claims, and that in fact there is a bona fide dispute with respect to Secured Creditor's lien on the Property.

5. The Motion lists only two (2) deeds of trust, including Secured Creditor's, as well as real estate taxes owed. While the sale price of $2,800,000 fully supports the full payoff to Secured Creditor, the Trustee proposes a distribution of only $1,820,000, simply because of a blanket, unsupported statement in Schedule A/B that there are "potential" wrongful foreclosure and business interference claims against Secured Creditor. And yet there is absolutely no description or explanation, nor, as stated above, evidence of those alleged claims.

6. The current payoff of Secured Creditor's loan is approximately $1,936,339. A copy of an itemized payoff demand provided to the Trustee on December 20, 2022, with a good through date of January 8, 2022, is attached hereto as **Exhibit "B"**. Fees, costs and interest continue to accrue as set forth in the Note.

7. The Trustee's motion questions the increase in interest amounts as set forth in Secured Creditor's Motion for Relief, (MFR) currently pending with the is Court, and a payoff quote provided to the Trustee with a good through date of 1/8/2023. It should be noted that the payoff quote referenced by the Trustee was updated, and the one attached here as Exhibit "B" contains the updated amounts (costs were reduced from $23,898.95 to $10,727.95, thereby reducing the total payoff amount). The interest amounts remained the same. The difference between the MFR figures of 9/9/2022 and the demand for 1/8/2023 is simply more time passing, with interest accruing at the note rate of 9% per annum on the unpaid principal balance, and at a

default rate of 3% on the unpaid balance, as allowed per the terms of the note. The total interest per day amounts to $550.00; therefore, for the 121 days between 9/9/2022 and 1/8/2023, the increase in total interest amounts to $66,550.00.

8. Secured Creditor does not oppose a sale of the Property. On the contrary, Secured Creditor wants to be paid off as soon as possible. However, Secured Creditor is entitled to receive its full payoff amount at the time of close of escrow. As stated in the Motion, Secured Creditor and the Trustee are currently attempting to negotiate the amount of the payoff to Secured Creditor. Secured Creditor is doing this in a spirit of compromise, and to effectuate a quicker sale, not because there is any merit to the unsubstantiated allegations of wrongful foreclosure or business interference. Should the Court allow the sale of the property, Secured Creditor respectfully requests the Order provide that the lien shall attach to any unpaid amounts and that there shall remain in trust sufficient funds to pay any unpaid amounts owed, as determined by the Court.

## II. THE PROPERTY CANNOT BE SOLD FREE AND CLEAR OF SECURED CREDITOR'S LIEN

11 U.S.C. §363(f)(2) proscribes the method for the sale of property:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a

4

money satisfaction of such interest.

11 U.S.C. §363(f)(2) (emphasis added).

The Bankruptcy Appellate Panel for the Ninth Circuit further explains:

§ 363(f)(3) does not authorize the sale free and clear of a lienholder's interest if the price of the estate property is equal to or less than the aggregate amount of all claims held by creditors who hold a lien or security interest in the property being sold.

Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25, 41 (B.A.P. 9th Cir. 2008).

### III. NONBANKRUPTCY LAW DOES NOT PERMIT THE PROPERTY TO BE SOLD FREE AND CLEAR OF A VALIDLY CREATED SECURITY INTEREST

As long as Secured Creditor holds a duly recorded security interest, non-bankruptcy law will not permit the Trustee to simply ignore the existence of the validly created interest in the Property. Exhibit "A" reflects that the lien was in fact duly perfected.

### IV. THERE IS NO BONA FIDE DISPUTE WITH RESPECT TO THE LIEN

The Trustee proposes a distribution of less than full debt solely based on "potential" and wholly unfounded claims. The Trustee fails to provide any legal support for the contention that he can pay an arbitrary amount (such as the proposed distribution amount of $1,820,000) simply due to Debtor having listed the claim as disputed. Such cannot be deemed a ***bona fide*** dispute. There is no objective basis for either a factual or legal dispute as to the validity of the claim or the validity of the lien. Nor has the Trustee set forth such basis. Therefore, 11 U.S.C. §363(f)(4) does not support a sale free and clear of Secured Creditor's lien.

### IV. SECURED CREDITOR HAS NOT CONSENTED TO THE SALE

The Secured Creditor requests that the Court approve the Trustee's Motion to Sell only if the Sale will fully payoff Secured Creditor's lien. As such, Secured Creditor requests that the Order Granting Debtor's Motion to Approve Sale of Real Property contain language

5

explicitly stating that Secured Creditor shall be paid in full from the proceeds of the sale.

Secured Creditor respectfully requests that the Motion as pled be denied. Secured Creditor objects to a short sale of the Subject Property that does not specifically state that all net proceeds shall attach to any amounts which are not paid to Secured Creditor pursuant to its payoff demand at the time of close of escrow. These issues must be resolved prior to any sale of the Property by the Trustee.

WHEREFORE, Secured Creditor respectfully requests that:

1. The Chapter 7 Trustee's Motion to Sell "free and clear" be denied;

2. For fees and costs incurred herein;

3. For such other and further relief as is just and proper.

Dated: December 28, 2022                    Prober & Raphael, A Law Corporation

By /s/ Diana R. Torres-Brito
    Diana R. Torres-Brito
    Attorneys for Creditor

6

**DECLARATION IN SUPPORT OF OPPOSITION TO THE TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(F); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER IS A "GOOD FAITH PURCHASER" UNDER 11 U.S.C. § 363(M); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h)**

I, JEFFREY PARTHSA, declare and state as follows:

1. As to the following facts, I know them to be true of my own personal knowledge, and if called upon to testify in this action, I could and would testify competently thereto.

2. Lenders T.D. Service is the duly authorized and acting servicing agent on behalf of BAIOCCHI FAMILY LIMITED PARTNERSHIP, A NEVADA PARTNERSHIP, its assignees and/or successors in interest, Creditor herein. It is in the regular course and scope and business for Lenders T.D. Service to prepare and maintain books and records relating to the status of the servicing of Creditor's Trust Deed.

3. I am the employee of Lenders T.D. Service and the duly authorized custodian of the records of same who is most familiar with the subject trust deed in favor of Creditor herein, and the ongoing bankruptcy litigation herein, and I have authority to certify its records.

4. This objecting Creditor holds a trust deed on the subject Property, generally described as **5 Makena Lane, Rancho Mirage, CA 92270**. As of December 20, 2022, the total amount owed is $1,936,338.45. See Exhibit "B" attached hereto. Said sum does not include the additional interest that will continue to accrue past the good-through date of January 8, 2023, nor additional attorney fees accrued as a result of the pending matter.

5. As set forth in the payoff quote, the interest owed from 10/1/2021 through and

including 1/8/2023 is $191,812.50, computed at 9% per annum on the unpaid principal balance of $1,650,000. The default interest from 9/1/2021 to 1/8/2023, computed at 3% on the unpaid principal balance, is $68,062.50.

6. Secured Creditor recorded a notice of default on 12/7/2021. At that time, the loan was delinquent for the 11/1/2021 and 12/1/2021, plus additional interest, late fees and charges. Subsequently, the loan matured on July 1, 2022 and remains fully due and payable.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of DECEMBER 2022 at LAGUNA HILLS, CA.
(city and state)

By _____
Name: JEFFREY PRATHER
Title: PRESIDENT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Prober & Raphael, A Law Corporation, 20750 Ventura Boulevard, Suite 100, Woodland Hills, CA 91364

A true and correct copy of the foregoing document entitled (*specify*): Amended Opposition to the Trustee's Motion for Order: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(F); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER IS A "GOOD FAITH PURCHASER" UNDER 11 U.S.C. § 363(M); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATION IN SUPPORT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/28/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- James C Bastian    jbastian@shulmanbastian.com
- Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org
- Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Rika Kido    rkido@shulmanbastian.com, avernon@shulmanbastian.com
- William Malcolm    bill@mclaw.org, cvalenzuela@mclaw.org
- W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
- David W. Meadows    david@davidwmeadowslaw.com
- Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Lee S Raphael    ecfcca@ecf.courtdrive.com, cmartin@pralc.com
- Timothy M Ryan    tryan@theryanfirm.com, ecf@theryanfirm.com
- Allan D Sarver    ADS@asarverlaw.com
- Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
- Diana Torres-Brito    dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On __12/28/22__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

(state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/28/22 | Tina Gaboyan | /s/ Tina Gaboyan |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**

**2: SERVED BY U.S. MAIL**

Honorable Theodor C. Albert
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5085
Santa Ana, CA 92701-4593
JUDGE'S COPY

Stonebridge Ventures, LLC
15 Corporate Plaza Drive, Suite 200
Newport Beach, CA 92660
Debtor

Summer M Shaw
Shaw & Hanover, PC
42-600 Cook Street, Suite 210
Palm Desert, CA 92211
Attorney for Debtor

Arturo Cisneros
3403 Tenth Street, Suite 714
Riverside, CA 92501
Trustee

Nathan F. Smith
Malcolm & Cisneros
2112 Business Center Drive
Irvine, CA 92612

AB Capital, LLC
Attn: Officer, Director or Managing Agent
15 Corporate Plaza, Suite 200
Newport Beach, CA 92660
Junior lienholder

United States Trustee
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**