**CALIFORNIA ASSOCIATION OF REALTORS®**

# NEW CONSTRUCTION RESIDENTIAL PURCHASE AGREEMENT AND JOINT ESCROW INSTRUCTIONS
Use Only When A Residence Is To Be Constructed By Close Of Escrow
(C.A.R. Form NCPA, Revised 12/18)

Date Prepared: **August 31, 2020**

1. **OFFER:**
   A. **THIS IS AN OFFER FROM** _Darryl Lewis, Sanna Akhtanova_ ("Buyer").
   B. **FOR THE PURCHASE OF** the following described real estate together with the dwelling to be erected thereon and further described as: Lot/Unit No. **5**, Phase No. **1**, Plan/Elevation **1**, Tract No. **33666**, in a ☐ Standard Subdivision, ☒ Planned Unit Development, ☐ Condominium (☐ which will be created in a Condominium Plan), Recorded in Book **427** of Maps at page **1-6** Official Records of **Riverside** County, California, Address **5 Makena Ln** ("Property").
   C. **THE PURCHASE PRICE** offered is _Two Million, Eight Hundred Ninety-Five Thousand_ (Dollars) $ **2,895,000.00**
   D. **CLOSE OF ESCROW** shall occur ☐ _____ Days After Acceptance, or ☒ on **November 30, 2020** (date) ("Closing Date") however, escrow shall close no later than **10 Days** After Buyer receives notice from Seller of the issuance of a certificate of occupancy from the applicable local governmental entity. If escrow does not close on or before the Closing Date, Seller shall, within **15 Days** After the Closing Date, order all of Buyer's deposits refunded to Buyer (except for liquidated damages paid to Seller pursuant to paragraph 40 if applicable). In no event shall Buyer be obligated to close escrow more than 1 year after Acceptance, unless, after Acceptance, Buyer and Seller agree in writing to a closing date beyond 1 year after Acceptance.
   E. Buyer and Seller are referred to herein as the "Parties." Brokers are not Parties to this Agreement.

2. **COMPLETION OF PROPERTY:**
   A. Seller agrees to complete construction of the Property and file a notice of completion thereon on or before 1 year after Acceptance of this Agreement, provided that Seller shall in no event be responsible for, and such 1 year time period shall be extended for, any delay due to acts of God, strike, labor dispute or unavailability or shortage of materials necessary to complete construction of the Property.
   B. Seller agrees to complete, in a good and workmanlike manner, the improvements upon the Property, and shall furnish all labor and materials. Such improvements shall be constructed substantially in conformance with the plans and specifications on file with, and approved by, the appropriate governmental authorities.

3. **OPTIONAL ITEMS:**
   A. **SELECTIONS:** Buyer agrees to make any color and optional item selections, if applicable, from the choices offered by Seller or Seller's agents within **15 Days** After such choices are offered. If Buyer does not make such selections within such time period, then Seller may make such selections, which shall be final. Buyer shall not have the right to make any such selection which would delay the Close of Escrow.
   B. **UPGRADES; INCREASE IN PURCHASE PRICE; TREATMENT OF OPTION DEPOSIT:** If, subsequent to the execution of this Agreement, Buyer requests any changes or extras from Seller, an Options and Upgrades addendum, a Copy of which is provided with this Agreement **[Note to Seller: For property sold subject to a public report, you must use the Options and Upgrades amendment provided with this NCPA or submit to, and have approval for use from, the DRE for any other options and upgrades amendment you intend to use]**, shall be executed by Buyer and Seller, and Buyer shall deposit into escrow a cash deposit against the agreed cost of such changes or extras ("Option Deposit"). The Option Deposit shall be held in escrow and be paid to Seller at closing. If escrow does not close and Seller deems Buyer is in default, disposition of the Option Deposit shall be made in accordance with the provisions of paragraph 40 of this Agreement, unless otherwise agreed. In the event of Seller default any Option Deposit paid pursuant to this paragraph shall be returned to Buyer.

4. **CHANGES IN CONSTRUCTION FROM MODEL:** Buyer acknowledges that Seller's models may not represent exactly the Property, which could be due to changes in design and components made after the construction of the models. Buyer also acknowledges that Seller reserves the right to make changes mandated by building inspectors or other governmental Uniform Building Code enforcement officials, and that Buyer's consent shall be required only if such changes are material or substantial in nature. If Buyer does not consent, Buyer shall have the right to cancel this Agreement in writing and to recover all deposits paid. Acceptance of title by Buyer at Close Of Escrow shall satisfy all consent requirements.

5. **AGENCY:**
   A. **DISCLOSURE:** The Parties each acknowledge receipt of a ☒ "Disclosure Regarding Real Estate Agency Relationships" (C.A.R. Form AD).
   B. **CONFIRMATION:** The following agency relationships are confirmed for this transaction:
   Seller's Brokerage Firm _CalPac Management, Inc._ License Number _01856406_
   Is the broker of (check one): ☐ the seller; or ☐ both the buyer and seller. (dual agent)
   Seller's Agent _Ryan Young_ License Number _01245001_
   Is (check one): ☐ the Seller's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)
   Buyer's Brokerage Firm _N/A - BUYERS REPRESENTING THEMSELVES_ License Number _____
   Is the broker of (check one): ☐ the buyer; or ☐ both the buyer and seller. (dual agent)
   Buyer's Agent _N/A - BUYERS REPRESENTING THEMSELVES_ License Number _____
   Is (check one): ☐ the Buyer's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)

Buyer's Initials ( _DL_ )( _SA_ )    Seller's Initials ( _✓_ )( _____ )

Copyright © 2001-2018, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
NCPA REVISED 12/18 (PAGE 1 OF 12)
NEW CONSTRUCTION RESIDENTIAL PURCHASE AGREEMENT (NCPA PAGE 1 OF 12)
CalPac Management, Inc., 3700 CAMPUS DRIVE, STE 200 NEWPORT BEACH CA 92660    Phone: 949.499.7800    Fax: 949.494.0292    5 Makena Ln
Ryan Young    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com

Property Address: **5 Makena Ln, Rancho Mirage, CA  92270** _____  Date: **August 31, 2020**

C. **POTENTIALLY COMPETING BUYERS AND SELLERS:** The Parties each acknowledge receipt of a ☐ "Possible Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).

D. ☐ (If checked) **REFERRAL LICENSEE:** _____ (Print Firm Name) is a Referral Licensee only. Buyer and Seller acknowledge and agree that Referral Licensee has merely introduced Buyer to the Property and does not represent Buyer or Seller in this transaction. Buyer further acknowledges and agrees that any agency relationship with Referral Licensee, whether existing under a written or oral agreement or by implication, is terminated for this Property as of the date of Buyer's signature on this Agreement. Referral Licensee is not a party to the Agreement between Buyer and Seller.

6. **FINANCE TERMS:** Buyer represents that funds will be good when deposited with Escrow Holder.

   A. **INITIAL DEPOSIT:** Deposit shall be in the amount of ................................................................. $ **144,750.00**
      (1) Buyer shall deliver deposit directly to Escrow Holder or ☐ with Seller (provided that Seller has obtained a bond or bonds meeting the requirements of B & P Code §§11013.2(c) or 11013.4(b) or (c) and DRE Regulation 2791.2) by personal check, ☐ electronic funds transfer, ☒ Other **deposit to be passed through to seller** upon receipt within **10** business days after Acceptance (or ☐ Other _____);
      OR (2) (If checked) ☐ Buyer has given the deposit by personal check (or ☐ _____) to the agent submitting the offer (or to ☐ _____), made payable to _____. The deposit shall be held uncashed until Acceptance and then deposited with Escrow Holder, or ☐ with Seller (provided that Seller has obtained a bond or bonds meeting the requirements of B & P Code §§11013.2(c) or 11013.4(b) or (c), and DRE Regulation 2791.2) or ☐ into Broker's trust account (this option is not permitted if the Property is being sold as part of a DRE subdivision) within **3** business days after Acceptance (or ☐ Other _____).
      [Note to Seller: If the purchase agreement is signed under the authority of a Conditional Public Report, all funds must be impounded and held in a neutral escrow depository per B&P Code §§11013.4(a) or 11013.2(a).]

   B. **INCREASED DEPOSIT:** Buyer shall deposit with Escrow Holder an increased deposit in the amount of ...... $ _____
      within ___ Days After Acceptance, or ☐ _____.
      If a liquidated damages clause is incorporated into this Agreement, Buyer and Seller shall sign a separate liquidated damages clause (C.A.R. Form RID) for any increased deposit at the time it is deposited.

   C. ☐ **ALL CASH OFFER:** No loan is needed to purchase the Property. This offer is NOT contingent on Buyer obtaining a loan. Written verification of sufficient funds to close this transaction IS ATTACHED to this offer or ☐ Buyer shall, within **3** (or ___) Days After Acceptance, Deliver to Seller such verification.

   D. **LOAN(S):**
      (1) **FIRST LOAN** in the amount of .................................................................................... $ **2,000,000.00**
         This loan will be conventional financing OR, if checked, ☐ FHA, ☐ VA, ☐ Seller financing (C.A.R. Form SFA), ☐ assumed financing (C.A.R. Form AFA), ☐ Other _____. This loan shall be at a fixed rate not to exceed **4%** % or ☒ an adjustable rate loan with initial rate not to exceed **3.5%** %. Regardless of the type of loan, Buyer shall pay points not to exceed **1** % of the loan amount.
      (2) ☐ **SECOND LOAN** in the amount of .............................................................................. $ _____
         This loan will be conventional financing OR, if checked, ☐ Seller financing (C.A.R. Form SFA), ☐ assumed financing (C.A.R. Form AFA), ☐ Other _____. This loan shall be at a fixed rate not to exceed ___ % or ☐ an adjustable rate loan with initial rate not to exceed ___ %. Regardless of the type of loan, Buyer shall pay points not to exceed ___ % of the loan amount.
      (3) **FHA/VA:** For any FHA or VA loan specified in 6D(1), Buyer has **17** (or ___) Days After Acceptance to Deliver to Seller written notice (C.A.R. Form FVA) of any lender-required repairs or costs that Buyer requests Seller to pay for or otherwise correct. Seller has no obligation to pay or satisfy lender requirements unless agreed in writing. A FHA/VA amendatory clause (C.A.R. Form FVAC) shall be a part of this transaction.

   E. **ADDITIONAL FINANCING TERMS:** _____

   F. **BALANCE OF PURCHASE PRICE OR DOWN PAYMENT** in the amount of ................................ $ **750,250.00**
      to be deposited with Escrow Holder within sufficient time to close escrow.

   G. **PURCHASE PRICE (TOTAL):** ......................................................................................... $ **2,895,000.00**

NOTICE TO BUYER, INCREASED PURCHASE PRICE: IF YOU SELECT OPTIONS AND UPGRADES AS PROVIDED IN PARAGRAPH 3, YOUR TOTAL PURCHASE PRICE WILL INCREASE BY THE AMOUNT OF OPTIONS AND UPGRADES SELECTED.

   H. **VERIFICATION OF DOWN PAYMENT AND CLOSING COSTS:** Buyer (or Buyer's lender or loan broker pursuant to 6I(1)) shall, within **7** (or ___) Days After Acceptance, Deliver to Seller written verification of Buyer's down payment and closing costs. (If checked, ☐ verification attached.)

   I. **LOAN TERMS:**
      (1) **LOAN APPLICATIONS:** Within **3** (or ___) Days After Acceptance, Buyer shall Deliver to Seller a letter from lender or loan broker stating that, based on a review of Buyer's written application and credit report, Buyer is prequalified or pre-approved for any NEW loan specified in 6D above. (If checked, ☐ letter attached.)
      (2) **LOAN CONTINGENCY:** Buyer shall act diligently and in good faith to obtain the designated loan(s). Obtaining the loan(s) specified above **is a contingency** of this Agreement unless otherwise agreed in writing. Buyer's contractual obligations to obtain and provide deposit, balance of down payment and closing costs **are not contingencies** of this Agreement.
      (3) **LOAN CONTINGENCY REMOVAL:**
         (i) Within **21** (or ___) Days After Acceptance, Buyer shall, as specified in paragraph 21, in writing remove the loan contingency or cancel this Agreement;

7. **ALLOCATION OF COSTS** (If checked):
   **ESCROW, TITLE AND CLOSING COSTS:**
   A. ☒ Buyer ☒ Seller shall pay escrow fee **EQUALLY**
      Escrow Holder shall be **ESCROW EXPERTS, INC - JENNIFER DAVIDSON**

Buyer's Initials ( ___ ) ( ___ )          Seller's Initials ( ___ ) ( ___ )

NCPA REVISED 12/18 (PAGE 2 OF 12)

**NEW CONSTRUCTION RESIDENTIAL PURCHASE AGREEMENT (NCPA PAGE 2 OF 12)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          5 Makena Ln

Property Address: <u>5 Makena Ln, Rancho Mirage, CA</u>    Date: <u>August 31, 2020</u>

B. ☐ Buyer ☒ Seller shall pay for **owner's** title insurance policy in favor of Buyer as specified in paragraph 20C. Owner's title policy to be issued by <u>ORANGE COAST TITLE COMPANY - HELEN JOHNSON</u>
(Buyer shall pay for any title insurance policy insuring Buyer's **Lender**, unless otherwise agreed.)

C. ☐ Buyer ☒ Seller shall pay county transfer tax or transfer fee _____
D. ☐ Buyer ☒ Seller shall pay city transfer tax or transfer fee _____
E. ☐ Buyer ☒ Seller shall pay Homeowners' Association ("HOA") transfer fees _____
F. Seller shall pay HOA fees for preparing documents required to be delivered by Civil Code §4525.
G. ☐ Buyer ☒ Seller shall pay HOA fees for preparing all documents other than those required by Civil Code §4525.
H. Buyer to pay for any HOA certification fee.

**OTHER COSTS:**
I. ☐ Buyer ☐ Seller shall pay for termite pre-spray or treatment.
J. ☐ Buyer shall pay _____

8. **CLOSING AND POSSESSION:**
   A. Buyer intends (or ☐ does not intend) to occupy Property as Buyer's primary residence.
   B. Possession of the Property shall be delivered to Buyer at 6 PM or ( ☐ _____ ☐ AM/ ☐ PM), ☐ on the date of Close Of Escrow, ☐ no later than _____ calendar days after Close Of Escrow; or ☐ on _____
   C. Property shall be vacant, unless otherwise agreed in writing. If transfer of title and possession do not occur at the same time, Buyer and Seller are advised to (i) enter into a written occupancy agreement and (ii) consult with their insurance advisors.
   D. At Close Of Escrow, (i) Seller assigns to Buyer any assignable warranty rights for items included in the sale, and (ii) Seller shall Deliver to Buyer available Copies of such warranties. Brokers cannot and will not determine the assignability of any warranties.
   E. At Close Of Escrow, unless otherwise agreed in writing, Seller shall provide keys and/or means to operate all locks, mailboxes, security systems, alarms and garage door openers.

9. **DISCLOSURES:** Within the time specified in paragraph 21, Seller shall (i) disclose if Property is located in any zone identified in paragraph 9A and provide any other information (including a Natural Hazard Disclosure Statement) required for those zones, and (ii) if applicable, take the actions specified in paragraphs 9B and 11B. Buyer, within the time specified in paragraph 21, shall then investigate the disclosures and other information provided to Buyer, and the data base in paragraph 9C, and take the action specified in paragraph 21.
   A. **NATURAL HAZARD ZONES:** Special Flood Hazard Areas; Potential Flooding (Inundation) Areas; Very High Fire Hazard Severity Zones; State Fire Responsibility Areas; Earthquake Fault Zones; Seismic Hazard Zones; or any other federal, state, or locally designated zone for which disclosure is required by Law.
   B. ☐ (If checked) **CONDOMINIUM/COMMON INTEREST SUBDIVISION:** Property is a unit in a condominium, planned development, or other common interest subdivision. Seller shall provide to Buyer copies of covenants, conditions and restrictions; articles of incorporation; bylaws and other governing documents; statement regarding limited enforceability of age restrictions, if applicable; copies of most current financial statements distributed; statement indicating current regular, special and emergency dues and assessments, any unpaid assessment, and additional amounts due from Seller or Property, any approved changes to regular, special or emergency dues or assessments; and any other documents required by Law.
   C. **MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Seller nor Brokers are required to check this website. If Buyer wants further information, Broker recommends that Buyer obtain information from this website during Buyer's inspection contingency period. Brokers do not have expertise in this area.)
   D. **WITHHOLDING TAXES:** Within the time specified in paragraph 21A, to avoid required withholding Seller shall Deliver to Buyer or qualified substitute, an affidavit sufficient to comply with federal (FIRPTA) and California withholding Law (C.A.R. Form AS or QS).
   E. **NOTICE REGARDING GAS AND HAZARDOUS LIQUID TRANSMISSION PIPELINES:** This notice is being provided simply to inform you that information about the general location of gas and hazardous liquid transmission pipelines is available to the public via the National Pipeline Mapping System (NPMS) Internet Web site maintained by the United States Department of Transportation at http://www.npms.phmsa.dot.gov/. To seek further information about possible transmission pipelines near the Property, you may contact your local gas utility or other pipeline operators in the area. Contact information for pipeline operators is searchable by ZIP Code and county on the NPMS Internet Web site.
   F. **PROPOSITION 65 WARNING:**
   **MATERIALS INCLUDED IN THE CONSTRUCTION OF THIS HOUSE WILL EXPOSE YOU TO FORMALDEHYDE, A SUBSTANCE KNOWN TO CAUSE CANCER. FURTHER INFORMATION MAY BE OBTAINED FROM THE BUILDER/SELLER.**
   The following information is intended to explain the warning furnished by Seller of this home for exposures to formaldehyde, a substance known to the State of California to cause cancer. The exposures are caused by materials of which the house is or will be built.
   The United States Environmental Protection Agency, the California Air Resources Board, and other agencies have measured the presence of formaldehyde in the indoor air of homes in California. Levels of formaldehyde that present a significant cancer risk have been measured in most homes. Formaldehyde is present in the air because it is emitted by a variety of building materials and home products purchased by Seller from materials suppliers. These materials include carpeting, pressed wood products, insulation, plastics, and glues.
   This home, if constructed prior to entering into this Agreement, has not been tested, and if constructed after entering into this Agreement, will not be tested. Most homes that have been tested elsewhere do contain formaldehyde, although the concentrations vary from home to home with no obvious explanation for the differences. One of the problems is that many suppliers of building materials and home products do not provide information on chemical ingredients to builders. In the absence of specific information on these homes, and in light of the materials used in their construction, Seller believes that a warning is necessary.
   Buyer may have further questions about these issues. Seller is willing to share any further information Seller has obtained and will provide, upon request, a list of known materials suppliers that may be contacted for further information, and whether any inquiry has been made by Seller.

Buyer's Initials ( _JK_ )( _SA_ )    Seller's Initials ( _A_ )( _____ )

Property Address: <u>5 Makena Ln, Rancho Mirage, CA  92270</u>                                                        Date: <u>August 31, 2020</u>

**10. INSULATION:** The Federal Trade Commission requires that a new home seller must include in every new home sales contract the following information regarding type, thickness and R-value of insulation to be installed in each part of the residence:

- Exterior Walls:  Type <u>Fiberglass</u>     Thickness <u>6.25"</u>     R-Value <u>19</u>
- Ceilings:        Type <u>Fiberglass</u>     Thickness <u>8.25"</u>     R-Value <u>30</u>
- Interior Walls:  Type <u>Fiberglass</u>     Thickness <u>6.25"</u>     R-Value <u>19</u>
- Other _____ :   Type _____           Thickness _____        R-Value ____

**11. ATTACHED DISCLOSURES:**
  A. If checked, Buyer acknowledges receipt of the following disclosures:
  - [ ] Public Report
  - [ ] Site Report
  - [ ] Seller's Warranty
  - [ ] Utility Disclosures
  - [ ] Water Heater
  - [ ] Model Plan
  - [ ] Bonded Debt
  - [ ] Notice of Special Tax
  - [ ] Smoke Detector
  - [ ] Industrial, Commercial, Airport Zone
  - [ ] Zone Report
  - [ ] Property Disclosure Statement
  - [ ] HOA Documents
  - [ ] Transportation Corridors

  B. **ADDITIONAL DISCLOSURES:** Seller shall provide Buyer with the following additional disclosures: <u>Earthquake & Natural Hazards, Builders Warranty, Surveys/Plans/Permits/Engineering Docs, White Report + All CCR's/HOA Docs</u>

**12. PUBLIC REPORT** (Check those boxes which apply):
  A. [ ] (If checked) **FINAL PUBLIC REPORT:** A public report is required to be delivered to Buyer prior to the execution of this Agreement.
  B. [X] (If checked) **NO PUBLIC REPORT REQUIRED:** No public report is required.
  C. [ ] (If checked) **CONDITIONAL PUBLIC REPORT:** If the Property is subject to a Conditional Public Report under the B & P Code, escrow will not close, funds will not be released from the escrow, and any interest contracted for and the subject of the escrow will not be conveyed until a current Final Public Report is delivered to Buyer. Furthermore, the entire sum of money paid or advanced by Buyer shall be returned to Buyer under B&P Code §11013.4 (a) or §11013.2 (a) if (i) the Final Public Report has not been issued within [ ] 6 months or [ ] 30 months of the date of issuance of the Conditional Public Report. Buyer has the ability to cancel the Agreement if the Final Public Report has not been issued unless a conditional public report is renewed for another 6 months, or (ii) the Buyer is dissatisfied with the Final Public Report because of a change pursuant to B&P Code §11012.
  D. [ ] (If checked) **AMENDED PUBLIC REPORT:** An amended public report is required to be delivered to Buyer prior to the execution of this Agreement.

**13. STATUTORY DISCLOSURES (INCLUDING LEAD-BASED PAINT HAZARD DISCLOSURES) AND CANCELLATION RIGHTS:**
  A. (1) Seller shall, within the time specified in paragraph 21A, Deliver to Buyer, if required by Law, fully completed disclosures or notices required by Civil Code §§1102 et. seq. and 1103 et. seq. ("Statutory Disclosures"). Statutory Disclosures include, but are not limited to, a Real Estate Transfer Disclosure Statement ("TDS"), Natural Hazard Disclosure Statement ("NHD"), notice or actual knowledge of release of illegal controlled substance, notice of special tax and/or assessments (or, if allowed, substantially equivalent notice regarding the Mello-Roos Community Facilities Act and Improvement Bond Act of 1915) and, if Seller has actual knowledge, of industrial use and military ordnance location (C.A.R. Form SPQ or ESD).
  (2) Any Statutory Disclosure required by this paragraph is considered fully completed if Seller has answered all questions and completed and signed the Seller section(s) and the Listing Agent, if any, has completed and signed the Listing Broker section(s), or, if applicable, an Agent Visual Inspection Disclosure (C.A.R. Form AVID). Nothing stated herein relieves a Buyer's Broker, if any, from the obligation to (i) conduct a reasonably competent and diligent visual inspection of the accessible areas of the Property and disclose, on Section IV of the TDS, or an AVID, material facts affecting the value or desirability of the Property that were or should have been revealed by such an inspection or (ii) complete any sections on all disclosures required to be completed by Buyer's Broker.
  (3) Within the time specified in paragraph 21A, (i) Seller, unless exempt from the obligation to provide a TDS, shall complete and provide Buyer with a Seller Property Questionnaire (C.A.R. Form SPQ); (ii) if Seller is not required to provide a TDS, Seller shall complete and provide Buyer with a Supplemental Contractual and Statutory Disclosure (C.A.R. Form ESD).
  (4) If the Property is not subject to a public report or exempt from a public report pursuant to B & P Code §11010.4, Buyer shall, within the time specified in paragraph 21B(1), return a signed copy of the Statutory Disclosures to Seller.
  (5) In the event Seller or Listing Broker, prior to Close Of Escrow, becomes aware of adverse conditions materially affecting the Property, or any material inaccuracy in disclosures, information or representations previously provided to Buyer, Seller shall promptly provide a subsequent or amended disclosure or notice, in writing, covering those items; **however, a subsequent or amended disclosure shall not be required for conditions and material inaccuracies** of which Buyer is otherwise aware, or which are **disclosed in reports provided to or obtained by Buyer or ordered and paid for by Buyer.**
  (6) If any disclosure or notice specified in 13A(1), or subsequent or amended disclosure or notice is Delivered to Buyer after the offer is Signed, Buyer shall have the right to cancel this Agreement within **3 Days** After Delivery in person, or **5 Days** After Delivery by deposit in the mail, by giving written notice of cancellation to Seller or Seller's agent.
  (7) Note to Buyer and Seller: Waiver of Statutory Disclosures is prohibited by Law.

**14. ENTRY UPON PROPERTY AND POSSESSION:**
  A. Buyer agrees to cooperate with Seller in the construction of the Property in accordance with the terms of this Agreement. Buyer understands that, in order to allow work to progress in an orderly fashion, no interference with the work may be permitted. Because of requirements of the California and Federal Occupational and Safety and Health Acts, as well as insurance requirements of Seller and its subcontractors, Buyer further understands and agrees that Buyer may not enter upon the construction site. Should Buyer or Buyer's guests or agents visit the Property prior to Close Of Escrow, Buyer agrees to indemnify and hold Seller harmless from any and all liability, claims, demands, damages and costs arising from, or related to, Buyer's or Buyer's guests' or agents' entry upon the Property.
  B. After this Agreement is fully executed and during the term of the escrow, neither Buyer nor Buyer's agent may enter upon the Property for the purpose of showing the Property to any prospective purchaser thereof from Buyer.
  C. After this Agreement is fully executed and during the term of the escrow, Buyer shall not place any signs on, about or near the Property without the prior written consent of Seller.
  D. Buyer understands and agrees that possession of the Property shall be given only after the recordation of the grant deed from Seller to Buyer and that no custom work may be performed by Buyer on the Property until after the Close Of Escrow.

Buyer's Initials ( _JK_ )( _JA_ )                                          Seller's Initials ( _A_ )( _____ )

**NCPA REVISED 12/18 (PAGE 4 OF 12)**
**NEW CONSTRUCTION RESIDENTIAL PURCHASE AGREEMENT (NCPA PAGE 4 OF 12)**
Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                5 Makena Ln

Property Address: <u>5 Makena Ln, Rancho Mirage, CA  92270</u>                                                              Date: <u>August 31, 2020</u>

**15. WARRANTY:**

    A. (1) **SELLER WARRANTY:** (Applies UNLESS paragraph 15A(2) is checked.) Seller warrants the Property against defective materials and workmanship (i) for sales subject to Civil Code §§ 895-945.5 for the minimum period of time established by those code sections, or (ii) for Sales not subject to Civil Code §§ 895-945.5, for a period of 1 year from the date of possession. In either (i) or (ii), Seller's Warranty only applies if Seller receives notice of such defect(s) within the warranty period. Items or defects that were inspected and approved under paragraph 22 or thereafter, minor settling cracks, damage caused by Buyer or movers, or damage due to alterations or additions made other than by Seller, are excluded from Seller's Warranty. For defects that are covered by the seller warranty in 15A(i)(ii), Seller will, within a reasonable time, at Seller's option repair or replace any covered defect in the Property.

    OR (2) [X] **WARRANTY TO BE PROVIDED:** (APPLIES ONLY IF CHECKED) At Close Of Escrow, Seller shall provide Buyer with a limited warranty ("Seller's Warranty") against defective materials and workmanship, which will be evidenced by the documents delivered with this Agreement. [Note to Seller: For property sold subject to a public report, you must submit to, and have approval for use from, the DRE for any Seller Warranty you intend to attach to this Agreement.] A copy of such warranty shall be provided to Buyer within the time specified in paragraph 21.

    B. Seller shall not be liable for, or have any obligation to provide, warranty services with respect to any defect expressly accepted by Buyer at Close Of Escrow.

    C. THE SELLER'S WARRANTY IS PROVIDED IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS, AND IN LIEU OF ANY STRICT LIABILITY OF SELLER IN TORT, TO THE EXTENT SUCH LIABILITY MAY BE DISCLAIMED UNDER CALIFORNIA LAW. THE SELLER'S WARRANTY ALSO EXCLUDES LIABILITY FOR CONSEQUENTIAL DAMAGES TO THE EXTENT THAT SUCH LIABILITY MAY BE DISCLAIMED UNDER CALIFORNIA LAW.

    D. WHETHER OR NOT SELLER WARRANTS ANY ASPECT OF THE PROPERTY, SELLER IS OBLIGATED TO DISCLOSE KNOWN MATERIAL FACTS, AND TO MAKE OTHER DISCLOSURES REQUIRED BY LAW.

    E. Buyer and Seller understand and acknowledge that Brokers or Referral Licensee shall not be liable for any breach of this paragraph.

**16. BUILDER LIMITED CONTRACTUAL WARRANTIES:** Provided with this Agreement are Copies of all builder limited contractual warranties not specified in paragraph 15 of this Addendum or elsewhere in writing.

**17. PROCEDURES FOR ACTIONS ON CONSTRUCTION DEFECTS AND ESCROW INSTRUCTION:** Unless specified below, this sale is governed by Civil Code §§ 895-945.5 and all of the terms of paragraph 17 apply (if checked, [ ] this sale is not governed by Civil Code §§ 895-945.5 and paragraphs 17 A-E do not apply).

    A. "**Notice:** California law establishes procedures that must be followed prior to the filing of any action related to a claimed construction defect. These procedures impact the legal rights of a homeowner. These procedures may be found in Title 7 of Part 2 of Division 2 of the California Civil Code commencing with § 895."

    B. **Escrow Holder Instruction:** By signing this document, the parties are instructing Escrow Holder to insert in the deed the language specified in quotes in paragraph 17A above.

    C. Attached to the Agreement is a Copy of California Civil Code §§ 895 to 945.5. (NOTE: REALTORS® may obtain a PDF version of California Civil Code §§ 895 to 945.5 at www.car.org on the Standard Forms page of the Legal Section.)

    D. By initialing here, Buyer and Seller acknowledge that each has received and read this paragraph and the copy of California Civil Code §§ 895 to 945.5 provided.

Buyer's Initials __JK__ / __JA__  Seller's Initials __/A__ / ____ (or Seller's Representative)

    E. **AGENT FOR NOTICE:** Claims and requests for information relating to construction defect allegations made pursuant to Chapter 4 of Title 7 of Part 2 of Division 2 of the California Civil Code commencing with § 910 may be made to the following person at the following address: <u>Ed Valasquez, Luna Construction, 501 S. Olive Street, Anaheim, CA</u> or be email at <u>evalasquez@luna-cm.com or 949-933-0597</u>

By initialing here, Buyer and Seller acknowledge that each has read and understands this paragraph.

Buyer's Initials __JK__ / __JA__  Seller's Initials __/A__ / ____ (or Seller's Representative)

**18. NON-ADVERSARIAL PROCEDURE OF CALIFORNIA CIVIL CODE:** Seller elects to engage in (or, if checked, [ ] opts out of) the non-adversarial procedure set forth in California Civil Code §914 for construction defect claims. If checked, [ ] Seller opts-out and Buyer and Seller agree to be bound by the alternative procedure, set forth in the attached Addendum. [Note to Seller: For property sold subject to a public report, you must submit to, and have approval for use from, the DRE for any addenda you intend to attach to this Agreement.]

**19. OTHER TERMS AND CONDITIONS:** Other terms and conditions are void to the extent that they impair or limit the rights or remedies reserved to Buyer elsewhere in this Agreement. [Note to Seller: For property sold subject to a public report, you must submit to, and have approval for use from, the DRE for any addenda you intend to attach to this Agreement.] <u>SEE ATTACHED ADDENDUM NO. 1 AND SEPARATE LIST OF UPGRADES (INCLUSIONS/EXCLUSIONS) THAT BUILDER AGREED TO PROVIDE TO BUYER</u>

Buyer's Initials ( __JK__ )( __JA__ )    Seller's Initials ( __/A__ )( ____ )    

NCPA REVISED 12/18 (PAGE 5 OF 12)

**NEW CONSTRUCTION RESIDENTIAL PURCHASE AGREEMENT (NCPA PAGE 5 OF 12)**

Property Address: <u>5 Makena Ln, Rancho Mirage, CA  92270</u>                                                                                                     Date: <u>August 31, 2020</u>

**20. TITLE AND VESTING:**
  A. Within the time specified in paragraph 21, Buyer shall be provided a current preliminary title report, "Preliminary Report". The Preliminary Report is only an offer by the title insurer to issue a policy of title insurance and may not contain every item affecting title. Buyer's review of the Preliminary Report and any other matters which may affect title are a contingency of this Agreement as specified in paragraph 21B. The company providing the Preliminary Report shall, prior to issuing a Preliminary Report, conduct a search of the General Index for all Sellers except banks or other institutional lenders selling properties they acquired through foreclosure (REOs), corporations, and government entities. Sellers shall within 7 Days After Acceptance, give Escrow Holder a completed Statement of Information.
  B. At Close Of Escrow, Buyer shall receive a grant deed conveying title including, unless reserved by Seller, oil, gas, mineral and water rights, if currently owned by Seller. Title shall be subject to all encumbrances, easements, covenants, conditions, restrictions, rights and other matters that are of record or disclosed to Buyer prior to Close Of Escrow, unless disapproved in writing by Buyer within the time specified in paragraph 21. However, title shall not be subject to any liens against the Property, except for those specified in this Agreement. Title shall vest as designated in Buyer's supplemental escrow instructions. THE MANNER OF TAKING TITLE MAY HAVE SIGNIFICANT LEGAL AND TAX CONSEQUENCES. CONSULT AN APPROPRIATE PROFESSIONAL.
  C. Buyer shall receive a CLTA/ALTA Homeowner's Policy of Title Insurance, if available for the Property. If not, Buyer shall receive a Standard Coverage Owner's Policy (CTLA or ALTA-R with regional exceptions) and Escrow Holder shall so inform Buyer prior to close of escrow. A title company, at Buyer's request, can provide information about availability, desirability, coverage, survey requirements, and cost of various title insurance coverages and endorsements. If Buyer desires a policy other than that required by this paragraph, Buyer shall instruct Escrow Holder in writing and pay any increase in costs.

**21. TIME PERIODS; REMOVAL OF CONTINGENCIES; CANCELLATION RIGHTS:** The following time periods may only be extended, altered, modified or changed by mutual written agreement. Any removal of contingencies or cancellation under this paragraph by either Buyer or Seller must be exercised in good faith and in writing (C.A.R. Form CR or CC).
[NOTE TO BUYER AND SELLER: THIS PARAGRAPH 21 DOES NOT APPLY TO THE DELIVERY OF THE PUBLIC REPORT REQUIRED UNDER PARAGRAPH 12 IF THE PROPERTY IS SOLD SUBJECT TO A PUBLIC REPORT. SEE PARAGRAPH 12 FOR THE DELIVERY REQUIREMENTS FOR THE PUBLIC REPORT.]
  A. **SELLER HAS: 7 (or** ☒ **10** ) **Days** After Acceptance to Deliver to Buyer all Reports, disclosures and information for which Seller is responsible under paragraphs 9, 11, 13, 15 and 20. If, by the time specified, Seller has not delivered any such item, Buyer after first Delivering to Seller a Notice to Seller to Perform (C.A.R. Form NSP) may cancel this Agreement.
  B. (1) **BUYER HAS: 17 (or** ☐ _____ ) **Days** After Acceptance, unless otherwise agreed in writing, to:
      (i) complete all Buyer Investigations; approve all disclosures, reports and other applicable information, which Buyer receives from Seller; and approve all other matters affecting the Property (including those concerning the registered sex offender data base in paragraph 9(C)); and
      (ii) Deliver to Seller Signed Copy of Statutory Disclosures Delivered by Seller in accordance with paragraph 13.
    (2) Within the time specified in 21B(1) (or as otherwise specified in this Agreement), Buyer shall Deliver to Seller either (i) a removal of the applicable contingency (C.A.R. Form CR), or (ii) a cancellation (C.A.R. Form CC) of this Agreement based upon a remaining contingency or Seller's failure to Deliver the specified items. However, if any report, disclosure or information for which Seller is responsible is not Delivered within the time specified in 21A, then Buyer has **5 (or** ☐ _____ ) **Days** After Delivery of any such items, or the time specified in 21B(1), whichever is later, to Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement.
    (3) **Continuation of Contingency:** Even after the end of the time specified in 21B(1) and before Seller cancels this Agreement, if at all, pursuant to 21C, Buyer retains the right to either (i) in writing remove remaining contingencies, or (ii) cancel this Agreement based upon a remaining contingency or Seller's failure to Deliver the specified terms. Once Buyer's written removal of all contingencies is Delivered to Seller, Seller may not cancel this Agreement pursuant to 21C(1).
  C. **SELLER RIGHT TO CANCEL:**
    (1) **Seller right to Cancel; Buyer Contingencies:** If, within time specified in this Agreement, Buyer does not, in writing, Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement, then Seller, after first Delivering to Buyer a Notice to Buyer to Perform (C.A.R. Form NBP), may cancel this Agreement. In such event, Seller shall authorize return of Buyer's deposits.
    (2) **Seller right to Cancel; Buyer Contract Obligations:** Seller, after first Delivering to Buyer a NBP may cancel this Agreement for any of the following reasons: (i) if Buyer fails to deposit funds as required by 6A or 6B; (ii) if the funds deposited pursuant to 6A or 6B are not good when deposited; (iii) if Buyer fails to Deliver a notice of FHA or VA costs or terms as required by 6D(3) (C.A.R. Form FVA); (iv) if Buyer fails to Deliver a letter as required by 6I; (v) if Buyer fails to Deliver verification as required by 6C or 6H; (vi) if Seller reasonably disapproves of the verification provided by 6C or 6H; (vii) if Buyer fails to return Statutory Disclosures as required by paragraph 13A(4); or (viii) if Buyer fails to sign or initial a separate liquidated damages form for an increased deposit as required by paragraphs 6B. In such event, Seller shall authorize return of Buyer's deposit.
  D. **NOTICE TO BUYER OR SELLER TO PERFORM:** The NBP or NSP shall: (i) be in writing; (ii) be signed by the applicable Buyer or Seller; and (iii) give the other Party at least **2 (or** ☐ _____ ) **Days** After Delivery (or until the time specified in the applicable paragraph, whichever occurs last) to take the applicable action. A NBP or NSP may not be Delivered any earlier than **2 Days** Prior to the expiration of the applicable time for Buyer to remove a contingency or cancel this Agreement or meet an obligation specified in 21C(2).
  E. **EFFECT OF BUYER'S REMOVAL OF CONTINGENCIES:** If Buyer removes, in writing, any contingency or cancellation rights, unless otherwise specified in a separate written agreement between Buyer and Seller, Buyer shall with regard to that contingency or cancellation right conclusively be deemed to have: (i) completed all Buyer Investigations, and review of reports and other applicable information and disclosures; (ii) elected to proceed with the transaction; and (iii) assumed all liability, responsibility and expense for Repairs or corrections or for inability to obtain financing.
  F. **CLOSE OF ESCROW:** Before Buyer or Seller may cancel this Agreement for failure of the other Party to close escrow pursuant to this Agreement, Buyer or Seller must first Deliver to the other Party a demand to close escrow (C.A.R. Form DCE). The DCE shall: (i) be signed by the applicable Buyer or Seller; and (ii) give the other Party at least **3 (or** _____ ) **Days** After Delivery to close escrow. A DCE may not be Delivered any earlier than **3 Days** Prior to the scheduled close of escrow.

Buyer's Initials ( _JK_ ) ( _JA_ )                          Seller's Initials ( _A_ ) ( _____ )
NCPA REVISED 12/18 (PAGE 6 OF 12)
NEW CONSTRUCTION RESIDENTIAL PURCHASE AGREEMENT (NCPA PAGE 6 OF 12)
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                5 Makena Ln

Property Address: <u>5 Makena Ln, Rancho Mirage, CA  92270</u>                                                           Date: <u>August 31, 2020</u>

G. **EFFECT OF CANCELLATION ON DEPOSITS:** If Buyer or Seller gives written notice of cancellation pursuant to rights duly exercised under the terms of this Agreement, Buyer and Seller agree to Sign mutual instructions to cancel the sale and escrow and release deposits, if any, to the party entitled to the funds, less fees and costs incurred by that party. Fees and costs may be payable to service providers and vendors for services and products provided during escrow. For subdivision sales subject to DRE approval, the entire deposit must be returned to Buyer or held pursuant to the Liquidated Damage provision without any reduction for fees and costs. Except as provided elsewhere in this Agreement, **release of funds will require mutual Signed release instructions from Buyer and Seller, judicial decision or arbitration award. A Buyer or Seller may be subject to a civil penalty of up to $1,000 for refusal to sign such instructions if no good faith dispute exists as to who is entitled to the deposited funds (Civil Code §1057.3).**

22. **FINAL VERIFICATION OF CONDITION:** Buyer shall have the right to make a final inspection of the Property accompanied by Seller within **5** (or ☐ _____) Days prior to Close Of Escrow, NOT AS A CONTINGENCY OF THE SALE, but solely for the purpose of preparing a list of corrective work, if any, which may be necessary. Seller shall provide Buyer with at least **3 Days** notice of the date on which the Property is to be inspected and shall have the right to accompany Buyer on such inspection. Buyer's failure to make the final inspection on the agreed date, the existence of minor defects in the dwelling, or any corrective work agreed to be performed by Seller pursuant to this paragraph shall not cause a delay in the Close Of Escrow or entitle Buyer to withhold any portion of the purchase price. Seller shall, prior to or after the Close Of Escrow, proceed diligently to complete all corrective work agreed to and acknowledged by Buyer and Seller in writing in a reasonably prompt manner in accordance with Seller's Warranty.

23. **PURCHASE MONEY DISTRIBUTIONS TO THIRD PARTIES:** Pursuant to DRE Regulation 2791(b), certain distributions and charges may be made against Buyer's deposits to Seller. These charges under Regulation 2791(b), and the Seller's estimates of such charges, are set forth below:

    Credit Reports _____    Preliminary Title Reports _____
    Escrow Services _____    Loan Processing Fees _____
    Appraisals _____

24. **RETENTION OF BUYER DEPOSITS IN THE EVENT OF BUYER DEFAULT:** In the event Seller has used Buyer's deposits pending consummation of this Agreement, Seller shall immediately, upon alleging Buyer's default, transmit to Escrow Holder funds equal to all of Buyer's deposits so used.

25. **PRORATIONS AND PROPERTY TAXES:** Unless otherwise agreed in writing, real property taxes and assessments, interest, HOA regular, special, and emergency dues and assessments imposed prior to Close Of Escrow, premiums on insurance assumed by Buyer, payments on bonds and assessments assumed by Buyer, and payments on Mello-Roos and other Special Assessment District bonds and assessments that are a current lien shall be PAID CURRENT and prorated between Buyer and Seller as of Close Of Escrow. Prorated payments on Mello-Roos and other Special Assessment District bonds and assessments and HOA special assessments that are a current lien but not yet due, shall be assumed by Buyer WITHOUT CREDIT toward the purchase price. Property will be reassessed upon change of ownership. Any supplemental tax bills shall be paid as follows: (i) for periods after Close Of Escrow, by Buyer; and, (ii) for periods prior to Close Of Escrow, by Seller (see C.A.R. Form SPT OR SBSA for further information). TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER. Prorations shall be on a 30 day month. Exceptions: _____

26. **SELECTION OF SERVICE PROVIDERS:** Brokers do not guarantee the performance of any vendors, service or product providers ("Providers"), whether referred by Broker or selected by Buyer, Seller or other person. Buyer and Seller may select ANY Providers of their own choosing.

27. **EQUAL HOUSING OPPORTUNITY:** The Property is sold in compliance with federal, state and local anti-discrimination Law.

28. **ATTORNEY FEES:** In any action, proceeding or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller may be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 41A.

29. **DESTRUCTION OF PROPERTY:** If the Property is destroyed or materially damaged prior to Close Of Escrow, then upon the election of Buyer or Seller, any deposit made by Buyer shall be returned to Buyer and this Agreement and the escrow shall terminate, and both parties shall be discharged of all liability and obligations under this Agreement and the escrow instructions.

30. **SEVERABILITY:** If any term, condition or provision of this Agreement is declared illegal or invalid for any reason by a court of competent jurisdiction, or arbitrator, the remaining terms, conditions and provisions shall, nevertheless, remain in full force and effect.

31. **ASSIGNMENT:** Buyer shall not assign all or any part of Buyer's interest in this Agreement without first having obtained the separate written consent of Seller to a specified assignee. Such consent shall not be unreasonably withheld. Any total or partial assignment shall not relieve Buyer of Buyer's obligations pursuant to this Agreement unless otherwise agreed in writing by Seller (C.A.R. Form AOAA).

32. **NO TRANSFER DURING ESCROW:** Buyer hereby represents that Buyer is buying the Property for Buyer's own account. This Agreement and the related escrow may not be assigned or otherwise transferred by Buyer voluntarily or by operation of Law, without the written consent of Seller, and any attempt to do so shall be null, void, of no effect, and a default by Buyer under this Agreement. Escrow Holder is and shall be instructed by Seller not to assist or participate in any way in the consummation of any so called "double escrows." Buyer further acknowledges that Buyer will not attempt to sell or advertise the Property until after the Close Of Escrow.

33. **DOCUMENTATION TO SUBSEQUENT PURCHASERS:** Buyer is instructed to give any subsequent purchaser all documents related to the sale and purchase that Buyer receives from Seller.

34. **MAINTENANCE RECOMMENDATIONS:** Provided with the Agreement are Copies of all builder maintenance and preventative maintenance recommendations.

35. **MANUFACTURED PRODUCTS MAINTENANCE AND LIMITED WARRANTIES:** Provided with the Agreement are Copies of all manufactured products maintenance, preventative maintenance and limited warranty information.

36. **DEFINITIONS:** As used in this Agreement:
    A. **"Acceptance"** means the time the offer or final counter offer is accepted in writing by a party and is delivered to and personally received by the other party or that party's authorized agent in accordance with the terms of this offer or a final counter offer.

Buyer's Initials ( _JK_ )( _JA_ )                                Seller's Initials ( _A_ )( _____ )
NCPA REVISED 12/18 (PAGE 7 OF 12)
**NEW CONSTRUCTION RESIDENTIAL PURCHASE AGREEMENT (NCPA PAGE 7 OF 12)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com           5 Makena Ln



Property Address: <u>5 Makena Ln, Rancho Mirage, CA  92270</u> _____ Date: <u>August 31, 2020</u>

- B. **"Agreement"** means this document and any counter offers and any incorporated addenda, collectively forming the binding agreement between the Parties. Addenda are incorporated only when Signed by all Parties.
- C. **"DRE"** means the Department of Real Estate, an entity of the California Department of Consumer Affairs.
- D. **"C.A.R. Form"** means the specific form referenced or another comparable form agreed to by the parties.
- E. **"Close Of Escrow"** means the date the grant deed, or other evidence of transfer of title, is recorded.
- F. **"Copy"** means copy by any means including photocopy, NCR, facsimile and electronic.
- G. **"Days"** means calendar days. However, after Acceptance, the last **Day** for performance of any act required by this Agreement (including Close Of Escrow) shall not include any Saturday, Sunday, or legal holiday and shall instead be the next Day.
- H. **"Days After"** means the specified number of calendar days after the occurrence of the event specified, not counting the calendar date on which the specified event occurs, and ending at 11:59 PM on the final day.
- I. **"Days Prior"** means the specified number of calendar days before the occurrence of the event specified, not counting the calendar date on which the specified event is scheduled to occur.
- J. **"Deliver", "Delivered" or "Delivery",** unless otherwise specified in writing, means and shall be effective upon: personal receipt by Buyer or Seller or the individual Real Estate Licensee for that principal as specified in the section titled Real Estate Brokers on page 10, regardless of the method used (i.e., messenger, mail, email, fax, other).
- K. **"Electronic Copy" or "Electronic Signature"** means, as applicable, an electronic copy or signature complying with California Law. Buyer and Seller agree that electronic means will not be used by either Party to modify or alter the content or integrity of this Agreement without the knowledge and consent of the other Party.
- L. **"Law"** means any law, code, statute, ordinance, regulation, rule or order, which is adopted by a controlling city, county, state or federal legislative, judicial or executive body or agency.
- M. **"Repairs"** means any repairs (including pest control), alterations, replacements, modifications or retrofitting of the Property provided for under this Agreement.
- N. **"Signed"** means either a handwritten or electronic signature on an original document, Copy or any counterpart.

37. **BROKERAGE:**
    - A. **BROKER COMPENSATION:** Seller or Buyer, or both, as applicable, agrees to pay compensation to Broker as specified in a separate written agreement between Broker and that Seller or Buyer. Compensation is payable upon Close Of Escrow, or if escrow does not close, as otherwise specified in the agreement between Broker and that Seller or Buyer
    - B. ☐ (Applies only if checked) **REFERRAL LICENSEE COMPENSATION:** to _____
    $ _____ or _____ percent of the purchase price. _____, Referral Licensee,

38. **REPRESENTATIVE CAPACITY:** If one or more Parties is signing this Agreement in a representative capacity and not for him/herself as an individual then that Party shall so indicate in paragraph 44 or 45 and attach a Representative Capacity Signature Disclosure (C.A.R. Form RCSD). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. The Party acting in a representative capacity (i) represents that the entity for which that party is acting exists and (ii) shall Deliver to the other Party and Escrow Holder, within **3 Days** After Acceptance, evidence of authority to act in that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code §18100.5), letters testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).

39. **JOINT ESCROW INSTRUCTIONS TO ESCROW HOLDER:**
    - A. The following paragraphs, or applicable portions thereof, of this Agreement constitute the joint escrow instructions of Buyer and Seller to Escrow Holder, which Escrow Holder is to use, along with any related counter offers and addenda and any additional mutual instructions, to close the transaction: **1, 3, 6, 7, 9D, 12, 17, 19, 20, 21, 23, 24, 25, 29, 31, 32, 36, 37, 38, 39, 40, 43, 44, 45 and paragraph D of the section titled Real Estate Brokers on page 12.** The terms and conditions of the Agreement not specifically referenced above, in the specified paragraphs are additional matters for the information of Escrow Holder, but about which Escrow Holder need not be concerned. Buyer and Seller will receive Escrow Holder's general provisions directly from Escrow Holder and will execute such provisions upon Escrow Holder's request. To the extent the general provisions are inconsistent or conflict with this Agreement, the general provisions will control as to the duties and obligations of Escrow Holder only. Buyer and Seller will execute additional instructions, documents and forms reasonably necessary to complete this transaction if provided by Escrow Holder.
    - B. ☐ A Copy of this Agreement shall be delivered to Escrow Holder within 3 business days after Acceptance (or _____). **Escrow will be deemed open when Escrow Holder has Signed an acknowledgement of receipt of a Copy of this accepted Agreement.** Escrow Holder will provide Seller's Statement of Information to title company when received from Seller. Buyer and Seller authorize Escrow Holder to accept and rely on Copies and Signatures, as defined in this Agreement, as originals, to open escrow and for other purposes of escrow. The validity of this Agreement as between Buyer and Seller is not affected by whether or when Escrow Holder Signs the Agreement. If Seller delivers an affidavit to Escrow Holder to satisfy Seller's FIRPTA obligation under paragraph 9D, Escrow Holder shall deliver to Buyer a Qualified Substitute statement that complies with federal Law.
    - C. Brokers are a party to the escrow for the sole purpose of compensation pursuant to paragraph 37 and paragraph D of the section titled Real Estate Brokers on page 12. Buyer and Seller irrevocably assign to Brokers compensation specified in paragraph 37, respectively, and irrevocably instruct Escrow Holder to disburse those funds to the respective Brokers at Close Of Escrow or pursuant to any other mutually executed cancellation agreement. Compensation instructions can be amended or revoked only with the written consent of Brokers. Buyer and Seller shall release and hold harmless Escrow Holder from any liability resulting

Buyer's Initials ( _JK_ )( _SA_ )    Seller's Initials ( _A_ )( _____ )

NCPA REVISED 12/18 (PAGE 8 OF 12)
**NEW CONSTRUCTION RESIDENTIAL PURCHASE AGREEMENT (NCPA PAGE 8 OF 12)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com     5 Makena Ln

Property Address: <u>5 Makena Ln, Rancho Mirage, CA  92270</u>                                                                          Date: <u>August 31, 2020</u>

from Escrow Holder's payment to Broker(s) of compensation pursuant to this Agreement. Escrow Holder shall immediately notify Brokers: **(i)** if Buyer's initial or any additional deposit is not made pursuant to this Agreement, or is not good at time of deposit with Escrow Holder; or **(ii)** if either Buyer or Seller instructs Escrow Holder to cancel escrow.

D. **IF THE PROPERTY IS SUBJECT TO A PUBLIC REPORT OR EXEMPT FROM A PUBLIC REPORT PURSUANT TO BUSINESS AND PROFESSIONS CODE §11010.4, THE FOLLOWING ADDITIONAL ESCROW INSTRUCTIONS APPLY:**
   **(1) BLANKET ENCUMBRANCE:** Not as a condition of Seller's duty to complete construction under paragraph 2, but solely for the benefit of Buyer, the escrow shall not close, funds shall not be released from escrow, and title shall not be conveyed to Buyer, until **all** of the following conditions have been met: **(i)** Seller has complied with the purchase money handling requirements of B & P Code §§11013, 11013.1, 11013.2 or 11013.4, as applicable; and **(ii)** Buyer has been provided a policy of title insurance showing that the Property is free and clear of any blanket encumbrances as defined in §11013. For purposes of compliance with §11013.2(a), a release from a blanket encumbrance resulting from a deed of trust or mortgage shall require satisfaction with either of the following: **(a)** an instrument has been duly recorded unconditionally reconveying and releasing the Property from the lien or charge of such deed of trust; or **(b)** Buyer is notified that an agreement or demand constituting a release agreement as defined in DRE Regulation 2791.1(b)(2)(A) has been duly deposited with Escrow Holder and is available to Buyer on request for each deed of trust, and Buyer will be provided with a policy of title insurance insuring Buyer against loss by reason of such deed of trust.
   **(2) COMMON INTEREST SUBDIVISION:** ☐ (If checked) The Property is in a common interest subdivision and the attached Common Interest Subdivision Supplemental Escrow Instructions are made a part of this Agreement. [Note to Seller: For property sold subject to a public report, you must use the Common Interest Subdivision Supplemental Escrow Instructions provided with this NCPA or submit to, and have approval for use from, the DRE for any other supplemental escrow instructions you intend to use.]
   **(3)** If escrow does not close within 1 year after Acceptance of this Agreement, and Buyer and Seller have not extended the closing date in writing, and the failure to close escrow is not due to the default of Buyer, escrow is to be cancelled and all funds in escrow immediately returned to Buyer upon Buyer's request.
   **(4)** Subject to the requirements of Civil Code §§1675(c) or (d), 1676, 1677 and 1678, if funds deposited in escrow by Buyer have been disbursed on Seller's instructions as permitted by DRE Regulation 2791, the funds expended by Seller shall be reimbursed to escrow within 15 Days After Seller's failure to perform within 1 year after Acceptance of this Agreement, and Buyer and Seller have not extended the closing date in writing, and these funds shall be immediately returned to Buyer from escrow.
   **(5)** Escrow shall not close until Escrow Holder has received written notice from a title insurance company that each and every encumbrance, including without limitation, any mortgage or deed of trust, filed of record prior to the time of recording of the Declaration of Covenants, Conditions and Restrictions has been either **(i)** fully reconveyed or **(ii)** expressly subordinated to the Declaration of Covenants, Conditions and Restrictions.
   **(6)** If the Property is a newly converted condominium subject to Civil Code §1134, Buyer has acknowledged receipt of either a statement listing all substantial defects or malfunctions or a statement of disclaimer and the required rescission period has expired pursuant to Civil Code §1134. For properties that have been either completed or occupied more than 3 years prior to a public report application being filed with the DRE, the Seller disclosure shall be on the form specified in DRE Regulation 2790.9.

40. **LIQUIDATED DAMAGES: IF BUYER FAILS TO COMPLETE THE PURCHASE OF THE PROPERTY BY REASON OF DEFAULT OF BUYER, SELLER MAY PURSUE ANY REMEDY IN LAW OR EQUITY THAT IT MAY HAVE AGAINST BUYER ON ACCOUNT OF THE DEFAULT; PROVIDED, HOWEVER, THAT BY PLACING THEIR INITIALS HERE, BUYER _JK_ / _____ AND SELLER _A_ / _____ AGREE THAT:**
   A. **THE SUMS PAID ON DEPOSIT PURSUANT TO PARAGRAPH 6 HEREOF PLUS ANY AMOUNTS PAID FOR ADDITIONAL ITEMS, EXTRAS AND/OR CUSTOMER SELECTED MATERIALS ORDERED BY BUYER ("PURCHASE MONEY DEPOSIT") SHALL CONSTITUTE LIQUIDATED DAMAGES PAYABLE TO SELLER IF BUYER FAILS TO COMPLETE THE PURCHASE OF THE PROPERTY BECAUSE OF A DEFAULT BY BUYER.**
   B. **THE PAYMENT OF SUCH LIQUIDATED DAMAGES TO SELLER SHALL CONSTITUTE THE EXCLUSIVE REMEDY OF SELLER ON ACCOUNT OF THE DEFAULT OF BUYER.**
   C. **LIQUIDATED DAMAGES SHALL BE PAYABLE TO SELLER OUT OF BUYER'S DEPOSIT TOWARD PURCHASE OF THE PROPERTY ACCORDING TO THE FOLLOWING PROCEDURES:**
      (1) **SELLER SHALL GIVE WRITTEN NOTICE ("SELLER'S NOTICE AND DEMAND"), IN THE MANNER PRESCRIBED BY SECTION 116.340 OF THE CODE OF CIVIL PROCEDURE FOR SERVICE IN A SMALL CLAIMS ACTION, TO ESCROW HOLDER AND TO BUYER THAT BUYER IS IN DEFAULT UNDER THE CONTRACT AND THAT SELLER IS DEMANDING THAT ESCROW HOLDER REMIT THE PURCHASE MONEY DEPOSIT TO SELLER AS LIQUIDATED DAMAGES UNLESS, WITHIN 20 DAYS, BUYER GIVES ESCROW HOLDER BUYER'S WRITTEN OBJECTION TO DISBURSEMENT OF PURCHASE MONEY AS LIQUIDATED DAMAGES ("BUYER'S OBJECTION").**
      (2) **BUYER HAS A PERIOD OF 20 DAYS FROM THE DATE OF RECEIPT OF SELLER'S NOTICE AND DEMAND IN WHICH TO GIVE ESCROW HOLDER BUYER'S OBJECTION.**
      (3) **IF BUYER FAILS TO GIVE ESCROW HOLDER BUYER'S OBJECTION WITHIN 20 DAYS FROM THE DATE OF RECEIPT OF SELLER'S NOTICE AND DEMAND; (A) ESCROW HOLDER SHALL PROMPTLY REMIT THE AMOUNT DEMANDED TO SELLER; AND (B) SELLER IS RELEASED FROM ANY OBLIGATION TO SELL THE PROPERTY TO BUYER.**

Buyer's Initials ( _JK_ ) ( _JA_ )                                                Seller's Initials ( _A_ ) ( _____ )        

NCPA REVISED 12/18 (PAGE 9 OF 12)
**NEW CONSTRUCTION RESIDENTIAL PURCHASE AGREEMENT (NCPA PAGE 9 OF 12)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                                   5 Makena Ln

Property Address: <u>5 Makena Ln, Rancho Mirage, CA  92270</u>                                         Date: <u>August 31, 2020</u>

(4) IF BUYER GIVES ESCROW HOLDER BUYER'S OBJECTION WITHIN 20 DAYS FROM THE DATE OF RECEIPT OF SELLER'S NOTICE AND DEMAND, THEN THE DETERMINATION AS TO WHETHER SELLER IS ENTITLED TO THE DISBURSEMENT OF PURCHASE MONEY AS LIQUIDATED DAMAGES, AND EVERY OTHER CAUSE OF ACTION THAT HAS ARISEN BETWEEN BUYER AND SELLER UNDER THIS AGREEMENT, SHALL BE DECIDED IN ACCORDANCE WITH PARAGRAPH 41 OF THIS AGREEMENT.

(5) IF THE DETERMINATION AS TO WHETHER SELLER IS ENTITLED TO THE DISBURSEMENT OF PURCHASE MONEY AS LIQUIDATED DAMAGES IS REFERRED TO ARBITRATION, ANY FEE TO INITIATE ARBITRATION SHALL BE PAID BY SELLER, BUT THE COST OF ARBITRATION SHALL ULTIMATELY BE BORNE AS DETERMINED BY THE ARBITRATOR.

SELLER AGREES TO INDEMNIFY AND HOLD ESCROW HOLDER HARMLESS FROM ANY CLAIM BY BUYER ARISING OUT OF ANY DISTRIBUTIONS MADE BY ESCROW HOLDER IN ACCORDANCE WITH, AND PURSUANT TO, THE PROVISIONS OF THIS PARAGRAPH.

REMITTANCE OF THE AFORESAID LIQUIDATED DAMAGES TO SELLER SHALL PRECLUDE ANY RIGHT OF ACTION SELLER MAY HAVE TO CONTEST THE REASONABLENESS OF THE AMOUNT ACTUALLY PAID AS LIQUIDATED DAMAGES OR THE VALIDITY OF THIS LIQUIDATED DAMAGES PROVISION.

NOTE: CIVIL CODE SECTION 1675(D) IS APPLICABLE TO THIS PROVISION. SECTION 1675(D) PROVIDES "IF THE AMOUNT ACTUALLY PAID PURSUANT TO THE LIQUIDATED DAMAGES PROVISION EXCEEDS 3 PERCENT OF THE PURCHASE PRICE, THE PROVISION IS INVALID UNLESS THE PARTY SEEKING TO UPHOLD THE PROVISION ESTABLISHES THAT THE AMOUNT ACTUALLY PAID IS REASONABLE AS LIQUIDATED DAMAGES."

41. DISPUTE RESOLUTION:

A. MEDIATION: The Parties agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action, subject to paragraphs 41C and D below. If any party commences an action based on a dispute or claim to which this paragraph applies, without first attempting to resolve the matter through mediation, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED.

The fees necessary to initiate the mediation shall be advanced by Seller, with the costs of the mediation to be borne as determined by the parties. If the parties cannot resolve their dispute through mediation and they proceed to arbitration or court, then the costs of mediation shall be borne as determined by the arbitrator or judge.

B. ARBITRATION OF DISPUTES: THE PARTIES AGREE THAT ANY CONTROVERSY BETWEEN THEM REGARDING LIQUIDATED DAMAGES, TERMINATION OF THIS AGREEMENT BEFORE CLOSE OF ESCROW, BUYER'S INTEREST IN THE PROPERTY OR OTHER ISSUES WHICH ARISE BEFORE CLOSE OF ESCROW, INCLUDING CONTROVERSY CREATED BY CONFLICTING NOTICES BY BUYER AND SELLER, AND THE DISPOSITION OF FUNDS HELD BY ESCROW HOLDER SHALL BE SETTLED BY ARBITRATION IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION, PROVIDED THAT THOSE RULES ARE CONSISTENT WITH THE FOLLOWING REQUIREMENTS:

(1) THE FEES NECESSARY TO INITIATE THE ARBITRATION SHALL BE ADVANCED BY SELLER, WITH COSTS AND FEES (INCLUDING ONGOING COSTS AND FEES) TO BE PAID AS AGREED BY THE PARTIES. IF THE PARTIES CANNOT AGREE ON THE PAYMENT OF SUCH COSTS AND FEES, ALL COSTS AND FEES OF THE ARBITRATION SHALL ULTIMATELY BE BORNE AS DETERMINED BY THE ARBITRATION.

(2) THE ARBITRATION SHALL BE ADMINISTERED BY A NEUTRAL AND IMPARTIAL PERSON(S).

(3) A NEUTRAL AND IMPARTIAL INDIVIDUAL(S) SHALL BE APPOINTED TO SERVE AS ARBITRATOR(S) WITHIN THE SPECIFIED PERIOD OF TIME, WHICH SHALL IN NO EVENT BE MORE THAN 60 DAYS FROM THE ADMINISTRATOR'S RECEIPT OF A WRITTEN REQUEST FROM A PARTY TO ARBITRATE THE CLAIM OR DISPUTE. THE PROVISIONS OF SECTION 1297.121 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE SHALL APPLY TO THE SELECTION OF ARBITRATOR(S). AN ARBITRATOR MAY BE CHALLENGED FOR ANY OF THE GROUNDS LISTED IN SECTION 1297.121, OR 1297.124 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE.

(4) THE VENUE OF THE ARBITRATION SHALL BE IN THE COUNTY WHERE THE PROPERTY IS LOCATED UNLESS BUYER AND SELLER AGREE TO SOME OTHER LOCATION.

(5) THE ARBITRATION SHALL BE COMMENCED PROMPTLY AND TIMELY IN ACCORDANCE WITH THE RULES OF ARBITRATION. IF THE RULES OF THE ARBITRATION DO NOT SPECIFY A DATE BY WHICH THE ARBITRATION MUST COMMENCE, THEN IT SHALL COMMENCE ON A DATE AGREED TO BY THE PARTIES. IF THE PARTIES CANNOT AGREE ON AN ARBITRATION COMMENCEMENT DATE, IT SHALL COMMENCE ON THE DATE DETERMINED BY THE ARBITRATOR(S).

(6) THE ARBITRATION SHALL BE CONDUCTED IN ACCORDANCE WITH RULES AND PROCEDURES WHICH ARE REASONABLE AND FAIR TO BUYER AND SELLER. THE AMERICAN ARBITRATION ASSOCIATION COMMERCIAL RULES OF ARBITRATION IN EFFECT AS OF THE DATE OF THIS AGREEMENT SHALL BE DEEMED IN COMPLIANCE WITH THIS REQUIREMENT.

Buyer's Initials ( *JK* ) ( *JA* )    Seller's Initials ( *✗* ) ( _____ )

NCPA REVISED 12/18 (PAGE 10 OF 12)

NEW CONSTRUCTION RESIDENTIAL PURCHASE AGREEMENT (NCPA PAGE 10 OF 12)

Property Address: <u>5 Makena Ln, Rancho Mirage, CA  92270</u>                                                                  Date: <u>August 31, 2020</u>

(7) THE ARBITRATION SHALL CONCLUDE PROMPTLY AND TIMELY.
(8) THE ARBITRATOR(S) ARE AUTHORIZED TO PROVIDE ALL RECOGNIZED REMEDIES AVAILABLE IN LAW OR EQUITY FOR ANY CAUSE OF ACTION THAT IS THE BASIS OF THE ARBITRATION. JUDGMENT UPON THE DECISION RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED INTO ANY COURT HAVING PROPER JURISDICTION.

"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISIONS TO NEUTRAL ARBITRATION."

Buyer's Initials ___DL___ / ___SA___   Seller's Initials ___A___ / _____

C. MEDIATION AND ARBITRATION TERMS:
(1) EXCLUSIONS: The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment lad and sale contract as defined in Civil Code §2985, (ii) an unlawful detainer action; and (iii) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court.
(2) PRESERVATION OF ACTIONS: The following shall not constitute a waiver nor violation of the mediation and arbitration provisions: (i) the filing of a court action to preserve a statute of limitations; (ii) the filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies; or (iii) the filing of a mechanic's lien.
(3) BROKERS; REFERRAL LICENSEE: Neither Brokers nor Referral Licensee shall not be obligated nor compelled to mediate or arbitrate unless they agree to do so in writing. Any Broker(s) or Referral Licensee participating in mediation or arbitration shall not be deemed a party to this Agreement.

42. TERMS AND CONDITIONS OF OFFER:
This is an offer to purchase the Property on the above terms and conditions. The liquidated damages paragraph or the arbitration of disputes paragraph is incorporated in this Agreement if initialed by all parties or if incorporated by mutual agreement in a counter offer or addendum. If at least one but not all parties initial such paragraph(s), a counter offer is required until agreement is reached. Seller has the right to continue to offer the Property for sale and to accept any other offer at any time prior to notification of Acceptance. If this offer is accepted and Buyer subsequently defaults, Buyer may be responsible for payment of Brokers' compensation. This Agreement and any supplement, addendum or modification, including any Copy, may be Signed in two or more counterparts, all of which shall constitute one and the same writing.

43. TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES: Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Except as otherwise specified, this Agreement shall be interpreted and disputes shall be resolved in accordance with the laws of the State of California. **Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing Signed by Buyer and Seller.**

44. EXPIRATION OF OFFER: This offer shall be deemed revoked and the deposit shall be returned unless the offer is Signed by Seller and a Copy of the Signed offer is personally received by Buyer, or by _____ who is authorized to receive it, by 5:00 PM on the third Day after this offer is signed by Buyer _____ (or, if checked, ☐ by _____ ☐ AM/ ☐ PM, on _____ (date)).
Buyer has read and acknowledges receipt of a Copy of the offer and agrees to the above confirmation of agency relationships.
☐ One or more Buyers is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-B) for additional terms.

Date <u>9/18/2020</u>    BUYER _/s/_____
(Print name) <u>Darryl Lewis</u>
Date <u>11/23/2020</u>    BUYER _/s/_____
(Print name) <u>Sanna Akhtanova</u>

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

Seller's Initials ( __A__ ) ( _____ )   

NCPA REVISED 12/18 (PAGE 11 OF 12)
NEW CONSTRUCTION RESIDENTIAL PURCHASE AGREEMENT (NCPA PAGE 11 OF 12)
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com          5 Makena Ln

Property Address: **5 Makena Ln, Rancho Mirage, CA 92270** _____ Date: **August 31, 2020**

**45. ACCEPTANCE OF OFFER:** Seller warrants that Seller is the owner of the Property, or has the authority to execute this Agreement. Seller accepts the above offer and agrees to sell the Property on the above terms and conditions, and agrees to the above confirmation of agency relationships. Seller has read and acknowledges receipt of a Copy of this Agreement, and authorizes Broker to Deliver a Signed Copy to Buyer.

☐ (If checked) **SUBJECT TO ATTACHED COUNTER OFFER (C.A.R. Form SCO or SMCO), DATED:** _____.

**Note to Seller:** For property sold subject to a public report you must submit to, and have approval for use from, the DRE for any counter offer you intend to use with this Agreement.

☒ One or more Sellers is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-S) for additional terms.

Date **9/18/20** SELLER _____
(Print name) **Stonebridge Ventures, LLC, a California Limited Liability Company**
Date _____ SELLER _____
(Print name) _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

( _____ / _____ ) **(Do not initial if making a counter offer) CONFIRMATION OF ACCEPTANCE:** A Copy of Signed Acceptance was personally received by Buyer or Buyer's authorized agent on (date) _____ at _____ ☐ AM/ ☐ PM. A binding Agreement is created when a Copy of Signed Acceptance is personally received by Buyer or Buyer's authorized agent whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement. It is solely intended to evidence the date that Confirmation of Acceptance has occurred.

**REAL ESTATE BROKERS:**
A. Real Estate Brokers are not parties to the Agreement between Buyer and Seller.
B. Agency relationships are confirmed as stated in paragraph 2.
C. If specified in paragraph 5A(2), Agent who submitted the offer for Buyer acknowledges receipt of deposit.
D. **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (**Selling Firm**) and Cooperating Broker agrees to accept, out of Listing Broker's proceeds in escrow, the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS. If Listing Broker and Cooperating Broker are not both Participants of the MLS, or a reciprocal MLS, in which the Property is offered for sale, then compensation must be specified in a separate written agreement (C.A.R. Form CBC). Declaration of License and Tax (C.A.R. Form DLT) may be used to document that tax reporting will be required or that an exemption exists.

Real Estate Broker (Selling Firm) **N/A - BUYERS REPRESENTING THEMSELVES** DRE Lic. # _____
By **N/A - BUYERS REPRESENTING** DRE Lic. # _____ Date _____
By _____ DRE Lic. # _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Real Estate Broker (Listing Firm) **CalPac Management, Inc.** DRE Lic. # **01856406**
By _____ **Ryan Young** DRE Lic. # **01245001** Date _____
By _____ DRE Lic. # _____ Date _____
Address **15 Corporate Plaza Dr Ste 200** City **Newport Beach** State **CA** Zip **92660**
Telephone **949.499.7800** Fax **949.494.0292** E-mail **ryoung@calpacfunds.com**

**ESCROW HOLDER ACKNOWLEDGMENT:**
Escrow Holder acknowledges receipt of a Copy of this Agreement, (if checked, ☐ a deposit in the amount of $ _____ ), counter offer numbers _____ ☐ Seller's Statement of Information and _____, and agrees to act as Escrow Holder subject to paragraph 39 of this Agreement, any supplemental escrow instructions and the terms of Escrow Holder's general provisions.
Escrow Holder is advised that the date of Confirmation of Acceptance of the Agreement as between Buyer and Seller is _____
Escrow Holder _____
By _____ Escrow # _____
Address _____ Date _____
Phone/Fax/E-mail _____
Escrow Holder has the following license number # _____
☐ Department of Business Oversight, ☐ Department of Insurance, ☐ DRE.

**PRESENTATION OF OFFER:** ( _____ ) Listing Broker presented this offer to Seller on _____ (date).
Broker or Designee Initials

**REJECTION OF OFFER:** ( _____ ) ( _____ ) No counter offer is being made. This offer was rejected by Seller on _____ (date).
Seller's Initials

© 2001-2018, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Buyer's Acknowledge that page 12 is part of this Agreement ( _____ ) ( _____ )



NCPA REVISED 12/18 (PAGE 12 OF 12)
**NEW CONSTRUCTION RESIDENTIAL PURCHASE AGREEMENT (NCPA PAGE 12 OF 12)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com    5 Makena Ln