WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Chapter 11 Trustee, A. Cisneros*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 8:22-bk-11556-TA |
| STONEBRIDGE VENTURES, LLC, | Chapter 11 |
| Debtor. | **REPLY TO DARRYL LEWIS AND SANNA AKHTANOVA'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f)** |
| | **[5 Makena Lane, Rancho Mirage, California 92270 – Assessor's Parcel Number 682-031-005]** |
| | **Hearing:** |
| | Date: January 11, 2023 |
| | Time: 10:00 a.m. |
| | Place: Via Zoom Teleconference |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:**

A. Cisneros, in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), hereby replies to Darryl Lewis and Sanna Akhtanova's ("Lewis/Akhtanova") opposition ("Opposition") to his motion for an order authorizing

the sale of the real property commonly known as 5 Makena Lane, Rancho Mirage, California 92270 [APN: 682-031-005] ("Property") free and clear of liens and interests pursuant to 11 U.S.C. § 363(f) ("Motion") as follows.[1]

### A. Introduction.

Lewis/Akhtanova contend that Trustee cannot sell the Property free and clear of their "senior secured lien" of "approximately $582,000," which they allege entitlement to pursuant to California Civil Code ("CC") § 3050. CC § 3050, a statute enacted in 1872, entitles a purchaser of real property to a "special lien" for the amount paid in the case of a failure of consideration if the underlying contract is rescinded.[2]

Based on the following, and as explained in further detail below, Lewis/Akhtanova's recently discovered argument is inapposite, and the Motion should be granted.

1. As explained by the Supreme Court of California, CC § 3050 predicates a buyer's right to a "special lien" against real property on the buyer's rescission of the underlying purchase contract. However, Lewis/Akhtanova never rescinded the alleged purchase contract; rather, they are seeking specific performance of it in their Complaint.

2. CC § 3048 provides that the "special lien" described in CC § 3050 is not valid against a purchaser in good faith and for value, such as Trustee, who has the rights and powers of a bona fide purchaser of real property pursuant to § 544(a)(3).

3. Lewis/Akhtanova's Complaint is inconsistent with their newfound claim of a lien against the Property. In fact, through their complaint, they seek specific performance of the purchase contract in the form of the delivery of a certificate of occupancy and deed to the Property to them on the terms and conditions set forth in the agreement, damages in excess of $2,900,000 based on their claims for breach of contract, fraudulent concealment, misrepresentation, and negligence, and imposition of a constructive trust as to any defendants who have possession of Lewis/Akhtanova's alleged deposits. Moreover, the related lis pendens references only

---

[1] Unless otherwise indicated, all statutory references herein pertain to Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure.

[2] Lewis/Akhtanova further contend that their alleged "senior secured lien" is senior in priority to the first and second priority deeds of trust recorded against the Property.

2

Reply

Lewis/Akhtanova's request for an order of specific performance to compel Debtor to sell the Property to them in accordance with the subject purchase agreement.[3]

4. Finally, Lewis/Akhtanova's claim under CC § 3050 is merely the latest tactic to forestall Trustee's efforts to liquidate the Property for the benefit of unsecured creditors. Although Trustee previously attempted to sell the Property to them in connection with a resolution to the Lawsuit, Lewis/Akhtanova rejected Trustee's offer. Additionally, they filed a secured claim on September 21, 2022, wherein they claim a $3,600,000 lien on the property based on their Complaint, which is also inconsistent with their newfound claim to a "senior secured lien" is in the amount of "approximately $582,000."

### B. Lewis/Akhtanova are not Entitled to a "Special Lien" Against the Property Because they Never Rescinded the Underlying Contract and Fail to Seek Such Relief in their Complaint.

A buyer who enters into a contract to purchase property acquires an equitable estate in the property being purchased. When a buyer rescinds, s/he is entitled to a lien on the property to secure repayment of any sums owed on the rescission. *Montgomery v. Meyerstein,* 186 Cal. 459, 465-466, (1921); *Soderling v. Tomlin,* 170 Cal.App.2d 169, 174 (1959).

Here, Lewis/Akhtanova have failed to rescind the purchase contract. Rather, they seek specific performance of it, in the form of a deed conveying title to the Property to them. Additionally, although they seek the imposition of a constructive trust as to any defendants who have possession of Lewis/Akhtanova's alleged deposits, their Complaint does not seek rescission of the purchase contract or a "special lien" against the Property pursuant to CC § 3050.

///
///
///
///

---

[3] Trustee also notes that Lewis/Akhtanova have failed to serve their Complaint and have yet to file a complete copy of it in Adversary Proceeding 8:22-ap-01093-TA.

3

Reply

### C. Trustee has the Status of a Bona Fide Purchaser for Value so Even if a "Special Lien" Were to Exist, Which it Does Not, Then it Would be Ineffective as to Trustee.

CC § 3050 provides that:

"One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such part of the amount paid as he may be entitled to recover back, in case of a failure of consideration."

Cal. Civ. Code § 3050.

CC § 3048 provides that:

"The liens defined in sections 3046 and 3050 are valid against every one claiming under the debtor, except a purchaser or incumbrancer in good faith and for value."

Cal. Civ. Code § 3048.

Section 544(a)(3) provides, in pertinent part, that:

"The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

11 U.S.C. § 544.

Here, even if Lewis/Akhtanova had a "special lien" against the Property, it would not be valid against Trustee based on Trustee's status as a bona fide purchaser.

### D. Lewis/Akhtanova's Newfound Claims are Inconsistent with their Complaint and Proof of Claim.

Lewis/Akhtanova filed a secured proof of claim under penalty of perjury, whereby they claim a $3,600,000 lien against the Property based on their Complaint. However, their Complaint is silent

as to any claim of lien or security interest in the Property. Rather, it seeks specific performance, damages, and imposition of a constructive trust. Now, in the face of Trustee's efforts to liquidate the Property for the benefit of unsecured creditors, they claim a "special lien" in the amount of approximately $582,000 under CC § 3050. As discussed *supra,* Lewis/Akhtanova newfound contention is inapposite, inconsistent with their prior positions, and should be rejected.

### E.  Conclusion.

The sole basis of Lewis/Akhtanova's Opposition to the Motion is a claim of a "special lien" under a nineteenth century statute that is inapplicable under the circumstances of this case. Based on the foregoing, and as discussed in the Motion, Trustee has established that his sale of the Property satisfies §§ 363(f)(4) and 363(f)(5) with regard to any alleged interest of Lewis/Akhtanova. Therefore, the Motion should be granted, and he should be allowed to liquidate the Property prior to it being foreclosed by the Baiocchi Family Limited Partnership, in which case unsecured creditors would likely receive nothing.

DATED: January 4, 2023

Respectfully Submitted,
MALCOLM ♦ CISNEROS, A Law Corporation

/s/ Nathan F. Smith
NATHAN F. SMITH, #264635
*Attorneys for Chapter 11 Trustee, A. Cisneros*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO DARRYL LEWIS AND SANNA AKHTANOVA'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 4, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF U.S. TRUSTEE: United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov**
**CHAPTER 11 TRUSTEE: Arturo Cisneros (TR)     amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com**
**DEBTOR'S ATTORNEY: Summer M Shaw     ss@shaw.law, shawsr70161@notify.bestcase.com; shawsr91811@notify.bestcase.com**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **January 4, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive, Suite 200, Newport Beach, CA 92660**
**NOTICE: Shaw & Hanover, PC, 42-600 Cook Street, Suite 210, Palm Desert, CA 92211**
**NOTICE: Brian Thompson, Winterstone Real Estate Development, 23792 Rockfield Blvd., Ste. 101, Lake Forest, CA 92630**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **January 4, 2023** | **Diep Quach** | **/s/ Diep Quach** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

**SECTION 1 CONT.**
NOTICE: James C Bastian    jbastian@shulmanbastian.com
NOTICE: Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Michael J Hauser    michael.hauser@usdoj.gov
NOTICE: Rika Kido    rkido@shulmanbastian.com, avernon@shulmanbastian.com
NOTICE: William Malcolm    bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows    david@davidwmeadowslaw.com
NOTICE: Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
NOTICE: Lee S Raphael    ecfcca@ecf.courtdrive.com, cmartin@pralc.com
NOTICE: Timothy M Ryan    tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Allan D Sarver    ADS@asarverlaw.com
NOTICE: Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com; cvalenzuela@mclaw.org
NOTICE: Diana Torres-Brito    dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com

**SECTION 2 CONT.**
NOTICE: Baiocchi Family, LP, 600 Hudson Lane, Aptos CA 95003
NOTICE: Forge Trust Company CFB, Donald Suskind IRA, 1160 Industrial Road, #1, San Carlos CA 94070
NOTICE: Geoffrey P. Field, Trustee of the Geoffrey P. Field Living Trust, 2100 Camino Vida Roble, Ste A, Carlsbad CA 92011
NOTICE: Jeannette Himmerlstein Living Trust, 10100 Galaxy Way #2240, Los Angeles CA 90067
NOTICE: Mainstar Trust Custodian FBO, Richard W. Walker IRA, 18124 Wedge Parkway #530, Reno NV 89511
NOTICE: Riverside County Tax Collector, Matt Jennings, Treasurer – Tax Collect, 4080 Lemon Street, 1st Floor Riverside CA 92501

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**