Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES, APLC**
19800 MacArthur Blvd., Suite 1000
Irvine, California 92612
Telephone: (949) 862-0040
Facsimile:  (949) 862-0041
Email: tom@polis-law.com

Counsel for Secured Creditors/Pre-Petition Buyers, Darryl Lewis and Sanna Akhtanova

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| **In re** | **Case No. 8:22-bk-11556-TA** |
| **Stonebridge Ventures, LLC,** | **Chapter 11** |
| **Debtor/Debtor-In-Possession.** | **HOLOGRAPHIC SIGNATURE OF DARRYL LEWIS IN SUPPORT OF OPPOSITION TO CHAPTER 11 TRUSTEE'S SALE MOTION RE 5 MAKENA LANE, RANCHO MIRAGE, CA 92270 (ECF No. 91)** |
| | **Hearing:** |
| | Date: January 11, 2023 |
| | Time: 10:00 a.m. |
| | Ctrm: 5B, Fifth Floor |
| | U.S. Bankruptcy Court |
| | 411 Fourth Street |
| | Santa Ana, CA 92701 |
| | (via ZoomGov per Court's website) |

## **DECLARATION OF DARRYL LEWIS**

I, Darryl Lewis, declare as follows:

1. I, along with my wife Sanna Akhtanova are secured creditors of the above-captioned Debtor Stonebridge Ventures, LLC, Case No. 22-bk-11556-TA. I make this declaration in support of our *Opposition to Chapter 11 Trustee's Sale Motion*. If compelled to do so, I would be able to competently testify under the penalty of perjury of the laws of the United States to all of the factual statements herein.

2. On or about August 31, 2020, my wife and I, along with the Debtor, Stonebridge Ventures, LLC ("Debtor" or "Seller") pre-petition entered into the New Construction Residential Purchase Agreement And Joint Escrow Instructions ("*August 2020 Purchase Agreement*") for the purchase of the Makena Property. The *August 2020 Purchase Agreement* provided that my wife and I would pay $2,895,000 the Makena Property to be completed in its entirety when a Certificate of Occupancy was issued on or about November 30, 2020. The *August 2020 Purchase Agreement* also provided that my wife and I would initially deposit $144,750 into escrow. Thereafter, on or about September 18, 2020, the Debtor's representative formally accepted our Offer. Consequently, as a result of the Debtor's acceptance, on September 24, 2020 my wife and I deposited $10,000 into the segregated account at Escrow Experts and the remaining $134,750 deposited on October 2, 2020 into Escrow Experts. Attached hereto as Exhibits "A" and "B" are the fully executed *August 2020 Purchase Agreement*, along with proof of the $10,000 and $134,750 escrow deposits.

3. Despite the express contractual language of the *August 2020 Purchase Agreement* that required the Debtor/Seller to complete the Makena Property on or before November 30, 2020, the Debtor/Seller, however breached that provision and the Maken Property was not completed.

4. Consequently, on or about May 20, 2021, my wife and I and Debtor/Seller entered into *Extension of Time Addendum*, extending the close of escrow for my wife and I to purchase the Makena Property until on or before August 15, 2021. Attached as Exhibit "C" is a true and correct copy of the May 2021 Extension Agreement.

5. In conjunction with the *May 2021 Extension Agreement*, my wife and I at the specific request of the Debtor/Seller's representative Joshua Pukini, deposited an additional $50,000 with Luna Construction in relation to completion of the Makena Property ($25,000 on December 10, 2021 and an additional $25,000 on December 15, 2021). We were informed that Luna Construction was the general contractor on the Makena Property. Attached as Exhibit "D" is evidence of the additional deposits of $50,000 with Luna Construction related to our purchase of the Makena Property.

6. Yet again in early 2022, the Debtor/Seller had not completed nor obtained a Certificate of Occupancy for the Makena Property, consequently, the Debtor/Seller's representative requested that the closing for our purchase of the Makena Property be further extended. Moreover, the Debtor/Seller's representative required my wife and I deposit with Luna Construction at the direct request of the Debtor/Seller on January 20, 2022 an additional $175,000 ($30,250 and $144,750) in conjunction with our purchase of the Makena Property. Attached hereto as Exhibit "E" is evidence of the additional deposits with Luna Construction of $175,000 related to the purchase of the Makena Property.

7. In March 2022, despite the Debtor/Seller's representative's constant representations, albeit fraudulent, however, unbeknownst to my wife and I, we released approximately $369,750 from escrow at Luna Construction abased on Debtor/Seller's representations that the escrow funds and Luna Construction were needed in conjunction with completion of the Makena Property and the purchase of the Makena Property.

8. It is undisputed that the Debtor/Seller, Stonebridge Ventures, LLC never complied with its contractual obligations to my wife and I completing construction of the Makena Property nor was the Debtor/Seller able to obtain a Certificate of Occupancy for the Makena Property pursuant to the August 2020 Purchase Agreement and any amendments and/or extensions thereto.

9. Attached is a true and correct copy of the updated Preliminary Title Report dated July 11, 2022, for the Makena Property. Specifically, page 6 of the July 2022 Makena Property Title Report shows the following:

      i)      The Baiocchi Family Trust recorded its Deed of Trust against the Makena Property on or about July 16, 2021 subsequent to our *August 2020 Purchase Agreement* for the Makena Property; and

      ii)     The Forge Trust Company and/or AB Capital on behalf of Creditors, Susskind, Field, Himmelstein, and Walker recorded its Deed of Trust against the Makena Property on or about August 9, 2021, also subsequent to our *August 2020 Purchase Agreement* for the Makena Property.

A true and correct copy of the July 2022 Updated Preliminary Title Report is attached hereto as Exhibit "F".

10. Prior to The Baiocchi Family Trust recording its Deed of Trust in July 2021 encumbering the Makena Property, along with recording the Junior Priority Deed of Trust holders' interest in August 2021 (Susskind, Field, Himmelstein and Walker) they were all familiar with and had express knowledge of Lewis/Akhtanova's August 2020 Purchase Agreement for the Makena Property. Moreover, The Baiocchi Family Trust's principal, Alan Baiocchi expressly told me that he (Baiocchi) was well aware of our *August 2020 Purchase Agreement* before he made the loan of $1,650,000 to Debtor/Seller Stonebridge Ventures, LLC.

11. Prior to the Debtor's Chapter 11 Petition being filed, on or about September 9, 2022, my wife and I commenced an action in the California Superior Court for the County of Riverside, Palms Springs Courthouse, *Darryl Lewis, et al v. Stonebridge Ventures, LLC*, Case No; CVPS2203502. A true and correct copy of the State Court Complaint is attached hereto as Exhibit "G".

12. Also, in conjunction with our State Court Complaint, at about 1:42 p.m. on September 9, 2022, prior to the Debtor's Chapter 11 Petition filed later that same day at approximately 8:55 p.m., my wife and I recorded our *Notice of Pendency of Action* (Lis Pendens). A true and correct copy of the recorded *Notice of Pendency of Action* is attached as Exhibit "H".

13. As a result of the Debtor/Seller's numerous breaches of the *August 2020 Purchase Agreement* and all extensions and/or amendments thereto, my wife and I have incurred the following damages:

   a) $369,750 of funds deposited into escrow and paid to Luna Construction at the specific request of Debtor/Seller between September 24, 2020 and January 20, 2022;

   b) $85,093.15 interest for funds deposited in escrow and paid to Luna Construction at 10% per annum from September 20, 2022 until January 15, 2023, with a daily per diem of $101.30 on and after January 16, 2023;

   c) But for the breaches of the Debtor/Seller, incurred additional damages of $1,398.55 for electrical monthly bills paid for the Makena Property from August 2022 until December 2022 at the specific request of the Debtor/Seller's principals;

   d) Payment of $4,086 to USAA Insurance Company to insure the Makena Property at the specific request of the Debtor/Seller's principals;

   e) But for the breaches of the Debtor/Seller, incurred total legal fees as of December 28, 2022 of $62,722.45, comprised of $22,430.35 for State Court Counsel, Garcia Rainey; $38,505.60 for Polis & Associates' and $1,813.50 for Charles Poche;

   f) But for the breaches of the Debtor/Seller, incurred extraordinary storage fees of $18,007.50 due to the Debtor/Seller's breach of *the August 2020 Purchase Agreement* and all amendments thereto;

   g) But for the breaches of the Debtor/Seller, incurred additional excess housing costs of $23,406 (in excess of the $3,974 in rent when the Debtor/Seller were contractually obligated to tender possession of the Makena Property to them); and

   h) But for the breaches of the Debtor/Seller, incurred $18,034.49 ($15,514.65 for custom made bar stools that only fit the unique countertop for the Makena

Property and $2,519.84 for a LG Tower Washer/Dryer that was purchased for the Makena Property.

Consequently, as a result of the Debtor/Seller's breaches of the *August 2020 Purchase Agreement* and all subsequent amendments thereto, my wife and I have incurred damages no less than $582,000.

14. On or about September 9, 2022, my wife and I through our counsel of record filed the Proof of Claim (Proof of Claim No. 2-1). A true and correct copy of the Proof of Claim is attached hereto as Exhibit "I".

15. On or about October 31, 2022, Buyers Lewis/Akhtanova, through their counsel of record removed their State Court Litigation from the California Superior Court for the County of Riverside to the above-captioned Court. A true and correct copy of the Notice of Removal is attached hereto as Exhibit "J".

I declare under the penalty of perjury of the laws of the United States that all of my factual statements are true and correct.

Executed this 28th day of December, 2022.

_____
Darryl Lewis

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **POLIS & ASSOCIATES, 19800 MacArthur Boulevard, Suite 1000, Irvine, California 92612-2433**

A true and correct copy of the foregoing document **HOLOGRAPHIC SIGNATURE OF DARRYL LEWIS IN SUPPORT OF OPPOSITION TO CHAPTER 11 TRUSTEE'S SALE MOTION RE 5 MAKENA LANE, RANCHO MIRAGE, CA 92270 (ECF No. 91)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 5, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED PAGE**

                                                                                            Service information continued on attached page

**2. SERVED BY U.S. MAIL:**
On **January 5, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Theodor C. Albert, US Bankruptcy Court, 411 W. Fourth St., Suite 5085, Santa Ana, CA 92701

                                                                                             Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be completed</u> no later than 24 hours after the document is filed.

                                                                                             Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 5, 2023 | Cristina Allen | /s/ Cristina Allen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

# **PROOF OF SERVICE CONTINUED PAGE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **James C Bastian**   jbastian@shulmanbastian.com
- **Arturo Cisneros**   arturo@mclaw.org, CACD_ECF@mclaw.org
- **Arturo Cisneros (TR)**   amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Rika Kido**   rkido@shulmanbastian.com, avernon@shulmanbastian.com
- **William Malcolm**   bill@mclaw.org, cvalenzuela@mclaw.org
- **W. Derek May**   wdmlaw17@gmail.com, r48266@notify.bestcase.com
- **David W. Meadows**   david@davidwmeadowslaw.com
- **Thomas J Polis**   tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Lee S Raphael**   ecfcca@ecf.courtdrive.com, cmartin@pralc.com
- **Timothy M Ryan**   tryan@theryanfirm.com, ecf@theryanfirm.com
- **Allan D Sarver**   ADS@asarverlaw.com
- **Summer M Shaw**   ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- **Nathan F Smith**   nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
- **Diana Torres-Brito**   dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov