Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES, APLC**
19800 MacArthur Blvd., Suite 1000
Irvine, California 92612
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
Email: tom@polis-law.com

Counsel for Objecting Secured Creditors, Darryl Lewis and Sanna Akhtanova

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| **In re**<br><br>**Stonebridge Ventures, LLC,**<br><br>**Debtor/Debtor-In-Possession.** | **Case No. 8:22-bk-11556-TA**<br><br>**Chapter 11**<br><br>**OBJECTING SECURED CREDITORS DARRYL LEWIS AND SANNA AKHTANOVA RE: ALTERNATIVE FORM OF ORDER RE: SALE OF 5 MAKENA LANE, RANCH MIRAGE, CA 92270 PURSUANT TO LBR 9021-1 (b)(3); AND DECLARATION IN SUPPORT OF ALTERNATIVE FORM OF SALE ORDER**<br><br>**Hearing:**<br>Date:  **January 11, 2023**<br>Time  **10:00 a.m.**<br>Ctrm:  **5B, Fifth Floor**<br>        **U.S. Bankruptcy Court**<br>        **411 Fourth Street**<br>        **Santa Ana, CA 92701**<br>        **(via ZoomGov per Court's website)** |

TO THE HONORABLE THEODOR C. ALBERT, U.S. BANKRUPTCY JUDGE; THE DEBTOR AND ITS COUNSEL OF RECORD; THE CHAPTER 11 TRUSTEE AND HIS COUNSEL OF RECORD; THE SANTA ANA OFFICE OF THE U.S. TRUSTEE; AND OTHER PARTIES ENTITLED TO NOTICE:

Objecting Secured Creditors, Darryl Lewis and Sanna Akhtanova (collectively "Lewis/Akhtanova" or "Objecting Secured Creditors") submit the following *Alternative Form of Order re: Sale of 5 Makena Lane, Rancho Mirage, CA 92270 Pursuant to LBR 9021-1(b)3; Declaration in Support of Alternative Form of Sale Order (ECF No. 114)*.  Specifically,

1   Objecting Secured Creditors Lewis/Akhtanova request that the Court enter the enclosed form

2   of *Sale Order*, which accurately describes what the Court ordered on January 11, 2023 in

3   conjunction with the sale of 5 Makena Lane, Rancho Mirage, CA 92270.  Principally, the Court

4   clearly ordered that none of the secured creditors would be paid <u>until all of the liens are

5   resolved</u>, including, but without limitation the Vendees' Lien of Lewis/Akhtanova, yet despite

6   the clear orders and comments of the Court, the Chapter 11 Trustee nonetheless lodged an

7   order (ECF No. 114) that is expressly contrary to the Court's orders and comments from the

8   Bench.

9        Consequently, pursuant to the Local Bankruptcy Rule 9021-1 (b)(3), Objecting Secured

10  Creditors Lewis/Akhtanova have fully complied with the procedure for submitting an alternative

11  form of order and respectfully request that the Court enter the alternative *Sale Order*, which

12  accurately reflects what the Court ordered, specifically no lien holders are to be paid unless

13  pursuant to a global stipulation resolving all lienholders' claims and/or final order of this Court.

14  Neither of those outcomes have yet occurred.

15

16  **Dated:  January 30, 2023**                              **POLIS & ASSOCIATES, APLC**

17

18                                                      **By:      /s/ Thomas J. Polis          **
19                                                               **Thomas J. Polis, Esq.**
                                                                 **Counsel for Objecting Secured**
20                                                               **Creditors, Darryl Lewis and Sanna**
                                                                 **Akhtanova**
21

22

23

24

25

26

27

28

**ALTERNATIVE FORM OF ORDER RE: SALE OF 5 MAKENA LANE, RANCHO MIRAGE, CA**

**I.**

## OBJECTING SECURED CREDITORS LEWIS/AKHTANOVA'S FACTUAL SUMMARY RE:

## ALTERNATIVE FORM OF SALE ORDER RE: 5 MAKENA LANE PROPERTY

**A.    GENERAL FACTUAL SUMMARY RE: SALE ORDER RE: 5 MAKENA (ECF NO. 114)**

1.    On January 11, 2023, the Court conducted the *Hearing re: Chapter 11 Trustee's Sale re: 5 Makena Lane, Rancho Mirage, CA 92270* ("Makena Lane Property").   At the conclusion of the Sale Hearing, and after comments by counsels for the Chapter 11 Trustee, Objecting Secured Creditors Lewis/Akhtanova and Secured Creditor, The Baiocchi Family Limited Partnership ("BFLP"), the Court clearly ordered that the only sale proceeds that could be distributed were the sales commissions, any unpaid real estate taxes and other ordinary costs of sale.  The Court, however, made it clear that none of the purported lienholders could be paid from the net sales proceeds until the lienholders either agreed to a resolution of the lienholders' payments or a final order of the Court.  The Court specifically asked that the Chapter 11 Trustee circulate the draft *Sale Order* before it was lodged.

2.    Also, on January 11, 2023, at approximately 12:12 p.m. counsel for Objecting Secured Creditors Lewis/Akhtanova sent an email to the Chapter 11 Trustee and his counsel reminding them to circulate the draft *Sale Order*.  A true and correct copy of the Objecting Secured Creditors Lewis/Akhtanova's counsel's January 11, 2023 email is attached to the Polis Declaration as Exhibit "A" hereto.

3.    A few days later on January 14, 2023, Objecting Secured Creditors Lewis/Akhtanova's counsel yet again sent an email to the Chapter 11 Trustee and his counsel asking about the status of circulating the draft *Sale Order*.  A true and correct copy of the Objecting Secured Creditors Lewis/Akhtanova's counsel's January 14, 2023 email is attached to the Polis Declaration as Exhibit "B" hereto.

4.    Finally, a week later on January 18, 2023, without including a draft of the *Sale Order*, Chapter 11 Trustee's counsel replied that the draft *Sale Order* was being reviewed by the title company.  However, despite the Court's comments during the January 11, 2023 Hearing asking that the Parties work together to lodge an agreed *Sale Order*, the draft *Sale*

1    *Order* by the Chapter 11 Trustee was not circulated to counsel for Objecting Secured Creditors

2    Lewis/Akhtanova.  A true and correct copy of the Chapter 11 Trustee's counsel's email reply

3    is attached to the Polis Declaration as Exhibit "C" hereto.

4         5.     Lastly, on January 25, 2023, the Chapter 11 Trustee lodged the inaccurate *Sale*

5    *Order* (ECF No. 114) despite not circulating the draft *Sale Order* to counsel for

6    Lewis/Akhtanova after no less than two separate emails asking to review the draft *Sale Order*

7    in compliance with Local Bankruptcy Rule 9021-1(b)(3).  A true and correct copy of the

8    inaccurate *Sale Order* (ECF No. 114) is attached to the Polis Declaration as Exhibit "D" hereto.

9         6.     Specifically, in light of the Court's directives during the *January 11, 2023*

10   *Hearing re: Chapter 11 Trustee's Sale Motion re: 5 Makena Property*, the Court clearly ordered

11   the following:

12          a.    All secured lenders' liens would attach to the net sales proceeds to the

13               same extent, validity and priority that existed as of the Debtor's Petition

14               Date;

15          b.    That only the direct sales costs and/or expenses could be paid from the

16               gross sales proceeds in conjunction with the sale closing were the

17               broker's commissions, unpaid property taxes, escrow costs and related

18               closing costs; and

19          c.    The Court clearly ordered that none of the purported lienholders,

20               including BFLP, FTC and Lewis/Akhtanova's Vendee's Lien could not

21               be paid any of the sales proceeds unless and until all lienholders agreed

22               to a global resolution or entry of a final non-appealable order of this

23               Court.

24   ///

25   ///

26   ///

27   ///

28   ///

**ALTERNATIVE FORM OF ORDER RE: SALE OF 5 MAKENA LANE, RANCHO MIRAGE, CA**

7.      Despite the express limitations ordered by the Court, the Chapter 11 Trustee uploaded the inaccurate *Sale Order* (ECF No. 114), which provided the following inaccurate provisions:

   a.      Pg. 3, ¶12, lines 20-21 (Page 6 of ECF No. 114):

   12.  The Trustee is authorized to <u>distribute the sales proceeds in the manner described in the Motion</u>;

   b.      Pgs. 3-4, ¶16, lines 27-28, Pg. 4, line 1 (Page 7 of ECF No. 114);

   16.    <u>Trustee is authorized to sign any and all documents</u>. . .to complete the sale of the Property, <u>and distribution of the proceeds of the sale without further notice, hearing, or Court order</u>;   (Emphasis added.)

The highlighted provisions are exactly what the Court did not order as part of the January 11, 2023 Hearing, despite the inaccurate order lodged by the Chapter 11 Trustee.

8.      Promptly, after the Chapter 11 Trustee lodged the inaccurate *Sale Order* on January 25, 2023, also on January 25, 2023, Objecting Secured Creditors Lewis/Akhtanova's counsel contacted the Court's Law Clerk at about 4:45 p.m. to let the Court's Staff know of Objecting Secured Creditors Lewis/Akhtanova's intention to lodge an objection to the proposed *Sale Order* (ECF No. 114) consistent with Local Bankruptcy Rule 9021-1(b)(3). *See*, ¶13 of the Polis Declaration attached hereto.

9.      Also, on January 25, 2023 at approximately 5:08 p.m., Objecting Secured Creditors Lewis/Akhtanova's counsel emailed the Chapter 11 Trustee and his counsel highlighting the inaccurate provisions of the uncirculated lodged *Sale Order*.   Neither the Chapter 11 Trustee nor his counsel responded to the January 25, 2023 email highlighting the inaccurate provisions of the uncirculated inaccurate lodged *Sale Order*. *See*, ¶14 of the Polis Declaration attached hereto.  A true and correct copy of the Objecting Secured Creditors Lewis/Akhtanova's counsel's January 11, 2023 email is attached to the Polis Declaration as Exhibit "E" hereto.

10.      Again, on the following date, January 26, 2023 at approximately 9:51 a.m. Objecting Secured Creditors Lewis/Akhtanova's counsel, yet again emailed the Chapter 11

1  Trustee and his counsel clarifying the inaccurate provisions of the uncirculated lodged *Sale*

2  *Order*.  Again, Neither the Chapter 11 Trustee nor his counsel responded to the January 26,

3  2023 email highlighting the inaccurate provisions of the uncirculated lodged *Sale Order*.  *See*,

4  ¶15 of the Polis Declaration attached hereto.  A true and correct copy of the Objecting Secured

5  Creditors Lewis/Akhtanova's counsel's January 11, 2023 email is attached to the Polis

6  Declaration as Exhibit "F" hereto.

7      11.   On January 26, 2023, Objecting Secured Creditors Lewis/Akhtanova's counsel

8  ordered an expedited transcription of the *January 11, 2023 Hearing re: Sale Motion* and will

9  file the transcript as soon as it is received.  (*See*, ECF No. 116 re: *Transcript Order*).

10     12.   Attached hereto is a copy of the lodged *Proposed Alternate Sale Order* re: 5

11  Makena Lane that deletes Paragraph 12 and modifies Paragraph 16 as noted herein of the

12  uncirculated lodged *Sale Order*.  These changes accurately reflect what the Court ordered,

13  specifically that none of the secured creditors could be paid until all secured creditors' claims

14  are resolved through neither a global stipulation or final order of this Court.

15                      **II.**

16                **CONCLUSION**

17     Objecting Secured Creditors Darryl Lewis and Sanna Akhtanova respectfully request

18  that the Court enter the alternative form of *Sale Order re: 5 Makena Property* (*See*, attached)

19  lodged concurrently herewith.  Despite Objecting Secured Creditors' counsel's numerous

20  attempts to resolve the blatantly inaccurate and uncirculated lodged S*ale Order* (ECF No. 114),

21  the alternative form of *Sale Order* actually reflects what the Court ordered as part of the *January*

22  *11, 2023 Sale Hearing re: 5 Makena Property*.

23

24  **Dated:  January 30, 2023**              **POLIS & ASSOCIATES, APLC**

25

26                      **By:    /s/ Thomas J. Polis**
                          **Thomas J. Polis, Esq.**
27                        **Counsel for Objecting Secured**
                          **Creditors, Darryl Lewis and Sanna**
28                        **Akhtanova**

**ALTERNATIVE FORM OF ORDER RE: SALE OF 5 MAKENA LANE, RANCHO MIRAGE, CA**

## **DECLARATION OF THOMAS J. POLIS**

I, Thomas J. Polis, declare as follows:

1.      I am an attorney at law, duly licensed to practice before all courts of the State of California and this Court.  I am the principal of Polis & Associates, APLC, and counsel to Objecting Secured Creditors Darryl Lewis and Sanna Akhtanova in the above-captioned bankruptcy case. I make this declaration in support of Objecting Secured Creditors Darryl Lewis and Sanna Akhtanova's *Alternative Form of Order re: Sale of 5 Makena Lane, Rancho Mirage, CA 92270 Pursuant to LBR 9021-1(b)(3*).  If compelled to do so, I would competently testify under the penalty of perjury to all of the factual statements herein.

2.      I am familiar with how documents and records received or generated by Polis & Associates in its cases are stored and filed at or shortly after the time they are received. Any documents referenced herein was stored, filed, or recorded in accordance with the usual business practices of Polis & Associates.

3.      I am familiar with how documents and records received or generated by Polis & Associates in its cases are stored and filed at or shortly after the time they are received. Any documents referenced herein was stored, filed, or recorded in accordance with the usual business practices of Polis & Associates.

4.      It is Polis & Associates' practice to record transactions, acts, conditions and events concerning its transactions, including but without limitation to billing statements and invoices, and all related documents relevant to Polis & Associates'.  Polis & Associates maintain those records and relies upon such records in business dealings with third parties.

5.      I have personally reviewed Polis & Associates' documents, books and records relevant to the extent necessary to prepare this declaration.

6.      On January 11, 2023, the Court conducted the *Hearing re: Chapter 11 Trustee's Sale re: 5 Makena Lane, Rancho Mirage, CA 92270* ("Makena Lane Property").  At the conclusion of the *Sale Hearing*, and after comments by counsels for the Chapter 11 Trustee, Objecting Secured Creditors Lewis/Akhtanova and Secured Creditors The Baiocchi Family Limited Partnership ("BFLP"), the Court clearly ordered that the only sale proceeds that could

be distributed were the sales commissions, any unpaid real estate taxes and other ordinary costs of sale.  The Court, however, <u>made it clear that none of the purported lienholders</u> could be paid from the net sales proceeds until the lienholders either agreed to a resolution of the lienholders' payments or a final order of the Court.  The Court specifically asked that the Chapter 11 Trustee circulate the draft *Sale Order* before it was lodged.

7.      Also, on January 11, 2023, at approximately 12:12 p.m. I sent an email to the Chapter 11 Trustee and his counsel reminding them to circulate the draft *Sale Order*.  A true and correct copy of the January 11, 2023 email is attached as Exhibit "A" hereto.

8.      A few days later on January 14, 2023, I again sent an email to the Chapter 11 Trustee and his counsel asking about the status of circulating the draft *Sale Order*.  A true and correct copy of the January 14, 2023 email is attached as Exhibit "B" hereto.

9.      Finally, a week later on January 18, 2023 without including a draft of the *Sale Order*, Chapter 11 Trustee's counsel replied that the draft *Sale Order* was being reviewed by the title company.  However, despite the Court's comments during the *January 11, 2023 Hearing* asking that the Parties work together to lodge an agreed *Sale Order*, the draft *Sale Order* by the Chapter 11 Trustee was not circulated to me.  A true and correct copy of the Chapter 11 Trustee's counsel's email reply is attached as Exhibit "C" hereto.

10.     Lastly, on January 25, 2023, the Chapter 11 Trustee lodged the inaccurate *Sale Order* (ECF No. 114) despite not circulating the draft *Sale Order* to me after no less than two separate emails asking to review the draft *Sale Order* in compliance with Local Bankruptcy Rule 9021-1(b)(3).  A true and correct copy of the inaccurate *Sale Order* (ECF No. 114) is attached as Exhibit "D" hereto.

11.     Specifically, in light of the Court's directives during the *January 11, 2023 Hearing re: Chapter 11 Trustee's Sale Motion re: 5 Makena Property*, the Court clearly ordered the following:

a.  All secured lenders' liens would attach to the net sales proceeds to the same extent, validity and priority that existed as of the Debtor's Petition Date;

b.  That only the direct sales costs and/or expenses could be paid from the gross sales proceeds in conjunction with the sale closing were the broker's commissions, unpaid property taxes, escrow costs and related closing costs; and

c.  The Court clearly ordered that none of the purported lienholders, including BFLP, FTC and Lewis/Akhtanova's Vendee's Lien could not be paid any of the sales proceeds unless and until all lienholders agreed to a global resolution or entry of a final non-appealable order of this Court.

12.     Despite the express limitations ordered by the Court, the Chapter 11 Trustee uploaded the inaccurate *Sale Order* (ECF No. 114) which provided the following inaccurate provisions:

Pg. 3, ¶12, lines 20-21 (Page 6 of ECF No. 114):

> 12.  The Trustee is authorized to <u>distribute the sales proceeds in the manner described in the Motion</u>;

Pgs. 3-4, ¶16, lines 27-28, Pg. 4, line 1 (Page 7 of ECF No. 114);

> 16.     <u>Trustee is authorized to sign any and all documents</u>. . .to complete the sale of the Property, <u>and distribution of the proceeds of the sale without further notice, hearing, or Court order</u>;    (Emphasis added.)

13.     Promptly, after the Chapter 11 Trustee lodged the inaccurate *Sale Order* on January 25, 2023, also on January 25, 2023, I contacted the Court's Law Clerk at about 4:45 p.m. to let the Court's Staff know of Objecting Secured Creditors Lewis/Akhtanova's intention to lodge an objection to the proposed *Sale Order* (ECF No. 114) consistent with Local Bankruptcy Rule 9021-1(b)(3).

14.     Also, on January 25, 2023 at approximately 5:08 p.m., I emailed the Chapter 11 Trustee and his counsel highlighting the inaccurate provisions of the uncirculated lodged *Sale Order*.  Neither the Chapter 11 Trustee nor his counsel responded to the January 25, 2023 email highlighting the inaccurate provisions of the uncirculated inaccurate lodged *Sale Order*.  A true and correct copy of the January 14, 2023 email is attached as Exhibit "E" hereto

**ALTERNATIVE FORM OF ORDER RE: SALE OF 5 MAKENA LANE, RANCHO MIRAGE, CA**

15.     Again, on the following date, January 26, 2023 at approximately 9:51 a.m. I again emailed the Chapter 11 Trustee and his counsel clarifying the inaccurate provisions of the uncirculated lodged *Sale Order*.  Again, neither the Chapter 11 Trustee nor his counsel responded to the January 26, 2023 email highlighting the inaccurate provisions of the uncirculated lodged *Sale Order*.  A true and correct copy of the January 14, 2023 email is attached as Exhibit "F" hereto

16.     On January 26, 2023, I ordered an expedited transcription of the *January 11, 2023 Hearing re: Sale Motion* and will file the transcript as soon as it is received.  (*See*, ECF No. 116 re: *Transcript Order*).

17.     Attached to the *Objection of the lodged Sale Order re: 5 Makena Lane* is a copy of the lodged *Proposed Alternate Sale Order* that deletes Paragraph 12 and modifies Paragraph 16 as noted herein of the uncirculated lodged *Sale Order*.  These changes accurately reflect what the Court ordered, specifically that none of the secured creditors could be paid until all secured creditors' claims are resolved through either a global stipulation or final order of this Court.

I declare under the penalty of perjury of the laws of the United States that all of my factual statements are true and correct.

Executed this 30th day of January, 2023.

  /s/  Thomas J. Polis
Thomas J. Polis

**ALTERNATIVE FORM OF ORDER RE: SALE OF 5 MAKENA LANE, RANCHO MIRAGE, CA**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **POLIS & ASSOCIATES, 19800 MacArthur Boulevard, Suite 1000, Irvine, California  92612-2433**

A true and correct copy of the foregoing document **OBJECTING SECURED CREDITORS DARRYL LEWIS AND SANNA AKHTANOVA RE: ALTERNATIVE FORM OF ORDER RE: SALE OF 5 MAKENA LANE, RANCH MIRAGE, CA 92270 PURSUANT TO LBR 9021-1 (b)(3); AND DECLARATION IN SUPPORT OF ALTERNATIVE FORM OF SALE ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 30, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED PAGE**

Service information continued on attached page

**2.  SERVED BY U.S. MAIL:**
On **January 30, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Theodor C. Albert, US Bankruptcy Court, 411 W. Fourth St., Suite 5085, Santa Ana, CA 92701

Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on
, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 30, 2023 | Cristina Allen | /s/ Cristina Allen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**ALTERNATIVE FORM OF ORDER RE: SALE OF 5 MAKENA LANE, RANCHO MIRAGE, CA**

1

## <u>PROOF OF SERVICE CONTINUED PAGE</u>

2

3    **1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**

4    • **James C Bastian**    jbastian@shulmanbastian.com
      • **Arturo Cisneros**    arturo@mclaw.org, CACD_ECF@mclaw.org
5    • **Arturo Cisneros (TR)**    amctrustee@mclaw.org, <u>acisneros@iq7technology.com</u>;
      ecf.alert+Cisneros@titlexi.com
6    • **Michael J Hauser**    michael.hauser@usdoj.gov
      • **Rika Kido**    rkido@shulmanbastian.com, avernon@shulmanbastian.com
7    • **William Malcolm**    bill@mclaw.org, cvalenzuela@mclaw.org
      • **W. Derek May**    wdmlaw17@gmail.com, r48266@notify.bestcase.com
8    • **David W. Meadows**    david@davidwmeadowslaw.com
      • **Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
9    • **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com
      • **Lee S Raphael**    ecfcca@ecf.courtdrive.com, cmartin@pralc.com
10   • **Timothy M Ryan**    tryan@theryanfirm.com, ecf@theryanfirm.com
      • **Allan D Sarver**    ADS@asarverlaw.com
11   • **Summer M Shaw**    ss@shaw.law, shawsr70161@notify. bestcase.com;
      shawsr91811@notify.bestcase.com
12   • **Nathan F Smith**    nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com;
      cvalenzuela@mclaw.org
13   • **Diana Torres-Brito**    dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
      • **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ALTERNATIVE FORM OF ORDER RE: SALE OF 5 MAKENA LANE, RANCHO MIRAGE, CA**