WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Chapter 11 Trustee, A. Cisneros*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:22-bk-11556-TA |
| STONEBRIDGE VENTURES, LLC, | Chapter 11 |
| Debtor. | Adversary No. |
| | **COMPLAINT:** |
| A. CISNEROS, solely in his capacity as the Chapter 11 trustee for the bankruptcy estate of Stonebridge Ventures, LLC, | **(1) TURNOVER; AND**<br>**(2) UNJUST ENRICHMENT** |
| Plaintiff, | |
| v. | |
| JOE COLANGELO, an individual, and MONIKA JENSEN, an individual, | |
| Defendants. | |

Complaint                                                          1

Plaintiff A. Cisneros, solely in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate of Stonebridge Ventures, LLC ("Debtor"), hereby alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to a case under Title 11 of the United States Code that is pending in this District: *In re Stonebridge Ventures, LLC,* United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Court") case number 8:22-bk-11556-TA ("Bankruptcy Case").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(b)(2)(A), (E), (K) and (O), and 1334 and 11 U.S.C. §§ 323 and 542.

3. This adversary proceeding is brought pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 542.

4. This is a "core" proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (E), (K), and (O).

5. Pursuant to Local Bankruptcy Rule 7008-1, Trustee consents to entry of final orders or judgment by the Bankruptcy Court.

## PARTIES TO THE ACTION

6. On September 9, 2022, Debtor filed its petition ("Petition") under Chapter 11 of the Bankruptcy Code ("Petition Date").

7. On or about January 6, 2015, Debtor obtained title to the real property commonly known as 2 Makena Lane, Rancho Mirage, California 92270 ("Property").

8. Prior to the filing of the Petition, on or about September 1, 2022, Debtor transferred its interest in the Property to AB Capital LFD, Inc. ("AB LFD").

9. On September 23, 2022, Debtor and the Office of the United States Trustee entered into a stipulation to the appointment of a Chapter 11 trustee.

10. On September 29, 2022, Trustee was appointed as the Chapter 11 Trustee of Debtor's bankruptcy estate ("Estate").

11. Trustee is the appointed, qualified, and acting Chapter 11 Trustee of the Estate.

12. Trustee is informed and believes, and on that basis alleges, that Joe Colangelo ("Mr.

Colangelo") is an individual, who at all relevant times herein, is and was a resident of Riverside County, California, and resides at the Property.

13. Trustee is informed and believes, and on that basis alleges, that Mr. Colangelo is a Canadian national.

14. Trustee is informed and believes, and on that basis alleges, that Monika Jensen ("Ms. Jensen") (Mr. Colangelo and Ms. Jensen are collectively referred to herein as "Defendants") is an individual, who at all relevant times herein, is and was a resident of Riverside County, California, and resides at the Property.

15. Trustee is informed and believes, and on that basis alleges, that Ms. Jensen is a Canadian national.

## STATEMENT OF STANDING

16. Trustee, as trustee of the Estate, has standing to bring this action pursuant to 11 U.S.C. §§ 323 and 542.

## GENERAL ALLEGATIONS

17. AB LFD quitclaimed its interest the Property to the Estate in October, 2022. A true and correct copy of the quitclaim deed is attached hereto as Exhibit "A."

18. The Property is a 4 bed, 3 bath, 4,138 square custom luxury home.

19. Trustee is informed, believes, and thereon alleges that the Property has a value of approximately $3,300,000.

20. Trustee is informed, believes, and thereon alleges that Defendants entered into a purchase agreement with Debtor in connection with the Property in or around August, 2020 ("Purchase Agreement").

21. Trustee is informed, believes, and thereon alleges that Defendants moved into the Property in or around August, 2020 and have resided at the Property at all relevant times thereafter, including at all relevant times after the Petition Date.

22. Trustee is informed, believes, and thereon alleges that Defendants have never paid rent in connection with their occupancy of the Property and never signed a lease in connection with the Property.

23. Defendants have made no payments to Trustee or Debtor in connection with their occupancy of the Property.

24. Trustee, through counsel, has attempted to address Defendants' occupancy of the Property; however, an agreement was not reached, which has left Trustee with no alternative but to file the instant Complaint against Defendants.

## FIRST CLAIM FOR RELIEF

### (Turnover Under 11 U.S.C. § 542)

25. Trustee re-alleges and incorporates, by this reference thereto, each and every allegation set forth above as though fully set forth herein.

26. Defendants are in possession of the Property, which is property of the Estate pursuant to 11 U.S.C. § 541(a).

27. The Property may be sold by Trustee under 11 U.S.C. § 363.

28. Trustee is informed, believes, and thereon alleges that the Estate will realize approximately $850,000 from a sale of the Property. Therefore, it is of consequential value to the Estate.

29. Despite Trustee's efforts to address Defendants' occupancy of the Property, Defendants have failed to vacate the Property.

30. Trustee is entitled to immediate turnover of the Property to 11 U.S.C. § 542.

WHEREFORE, Trustee respectfully requests entry of judgment requiring Defendants to immediately turn over the Property, and for such further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

31. Trustee re-alleges and incorporates, by this reference thereto, each and every allegation set forth above as though fully set forth herein.

32. Trustee is entitled to immediate turnover of the Property.

33. Defendants have been unjustly enriched by their occupancy of the Property since the Petition Date because they have paid no consideration in exchange for such occupancy.

34. Despite Trustee's efforts to address Defendants' occupancy of the Property, Defendants

have failed to respond to Trustee.

35. Defendants have failed to pay rent in exchange for their continued occupancy of the Property.

36. Trustee is informed, believes, and thereon alleges that the fair market rental value of the Property from the Petition Date to the present is $12,000 per month.

WHEREFORE, Trustee respectfully requests entry of judgment against Defendants in the amount of $60,000, plus an additional $12,000 per month from the filing of this Complaint to entry of judgment, plus pre- and post-judgment interest, and for such further relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Trustee prays for a judgment on this Complaint, as it may be amended from time to time, as follows:

1. For a judgment requiring Defendants to immediately turn over the Property to Trustee;
2. For entry of a judgment against Defendants in the amount of $60,000, plus an additional $12,000 per month from the filing of this Complaint to entry of judgment, plus pre- and post-judgment interest;
3. For recovery of interest, costs, and attorney fees and costs to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court; and
4. For such other and further relief as the Court deems just and proper.

Dated: February 9, 2023                MALCOLM ♦ CISNEROS,
                                       A Law Corporation

                                       */s/ Nathan F. Smith*
                                       NATHAN F. SMITH
                                       *Attorneys for Chapter 11 Trustee, A. Cisneros*

**EXHIBIT A**

DOC # 2022-0441725
10/25/2022 12:42 PM Fees: $125.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted to the County of Riverside for recording**
Receipted by: MARIA #309

RECORDING REQUESTED BY

NAME: A. Cisneros

WHEN RECORDED MAIL TO:

NAME: A. Cisneros

ADDRESS: 3403 10th Street, Suite 714

CITY / STATE / ZIP: Riverside, CA 92501

(DOCUMENT WILL ONLY BE RETURNED TO NAME & ADDRESS IDENTIFIED ABOVE)

(SPACE ABOVE FOR RECORDER'S USE)

QUITCLAIM DEED
**(DOCUMENT TITLE)**

SEPARATE PAGE, PURSUANT TO CA. GOV'T. CODE 27361.6

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Name **A. Cisneros**
Address **3403 10th Street, Suite 714**
City & State **Riverside, California 92501**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## QUITCLAIM DEED

APN: 682-031-002

The undersigned grantor(s) declare(s) that the documentary transfer tax is: $0.00 and City Tax is $0.00 and is:
XX Exempt pursuant to California Revenue and Taxation Code §§ 11911 and 11923 – Court Ordered Conveyance under United States Bankruptcy Court for the Central District of California, Santa Ana Division Case No. 8:22-bk-11556-TA and not pursuant to sale.
__ computed on full value of the interest or property conveyed, or is
__ computed on full value less the value of liens and encumbrances remaining thereon at time of sale.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, AB Capital LFD, Inc. hereby REMISES, RELEASES, AND FOREVER QUITCLAIMS to A. Cisneros, Chapter 11 Trustee for the bankruptcy estate of Stonebridge Ventures, LLC, United States Bankruptcy Court for the Central District of California, Santa Ana Division Case No. 8:22-bk-11556-TA, all of AB Capital LFD, Inc.'s right, title, and interest in the real property commonly known as 2 Makena Lane, Rancho Mirage, California 92270, County of Riverside, State of California, and legally described as follows:

LOT 2 AS SHOWN ON MAP OF TRACT NO. 33666, IN THE CITY OF RANCHO MIRAGE, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, RECORDED ON NOVEMBER 8, 2007 IN BOOK 427, PAGE 1 THROUGH 6 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 682-031-002

Dated: October 18, 2022

AB CAPITAL LFD, INC.
By: Joshua Pukini
Its: Chief Executive Officer

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

EXHIBIT A
PAGE 7

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of RIVERSIDE )

On October 18, 2022 before me, MEHARDEEP SINGH SETHI, Notary Public personally appeared Joshua Pukini, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

MEHARDEEP SINGH SETHI
Notary Public - California
Riverside County
Commission # 2395558
My Comm. Expires Mar 2, 2026

EXHIBIT A
PAGE 8

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>A. CISNEROS, solely in his capacity as the Chapter 11 trustee for the bankruptcy estate of Stonebridge Ventures, LLC | **DEFENDANTS**<br>JOE COLANGELO, an individual, and MONIKA JENSEN, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>MALCOLM • CISNEROS, A Law Corporation<br>2112 Business Center Drive, Irvine, CA 92612<br>Telephone: (949) 252-9400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT: (1) TURNOVER; (2) UNJUST ENRICHMENT

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[1] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
  14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR STONEBRIDGE VENTURES, LLC || BANKRUPTCY CASE NO. | 8:22-bk-11556-TA |
| DISTRICT IN WHICH CASE IS PENDING CENTRAL || DIVISION OFFICE SANTA ANA | NAME OF JUDGE Hon. Theodor C. Albert |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ Nathan F. Smith ||||
| DATE February 9, 2023 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) Nathan F. Smith |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.