WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax:    (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Chapter 11 Trustee, A. Cisneros*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>STONEBRIDGE VENTURES, LLC,<br><br>Debtor. | Bankruptcy Case Number: 8:22-bk-11556-TA<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER REQUIRING JOE COLANGELO AND MONIKA JENSEN TO APPEAR AND SHOW CAUSE AS TO WHY THEY SHOULD NOT BE SANCTIONED UNDER 11 U.S.C. §§ 542(a) and 105(a) AND ORDERED TO COOPERATE WITH TRUSTEE'S EFFORTS TO MARKET AND SELL PROPERTY OF THE ESTATE**<br><br>[Hearing to be determined per L.B.R. 9020-1] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR COUNSEL, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

A. Cisneros, Chapter 11 Trustee ("Trustee") of the bankruptcy estate of Stonebridge Ventures, LLC ("Debtor") respectfully requests entry of an order requiring Joe Colangelo and Monika Jensen ("Occupants") to appear before this Court and show cause as to why they should not be held in contempt

Motion 1

and sanctioned under 11 U.S.C. §§ 542(a) and 105(a) and/or ordered to cooperate with Trustee's efforts to market and sell property of the estate. The basis of the Trustee's request is Occupants' failure, despite request, to turn over possession of the real property commonly known as 2 Makena Lane, Rancho Mirage, California 92270 ("Property") and failure to cooperate with the Trustee's efforts to market and sell the Property for the benefit of Debtor's bankruptcy estate ("Estate").

Occupants should be held in contempt and sanctioned based on their willful failure to turn over possession of the Property to Trustee and for their failure to cooperate with Trustee's efforts to market and sell the Property. Such failure includes Occupants' failure to permit Trustee's broker access to the Property for marketing purposes.

Trustee's Motion is based on the Notice filed concurrently herewith, the Declaration of A. Cisneros in support of the Motion ("Cisneros Declaration"), the pleadings on file in this case, and the following memorandum of points and authorities in support of the Motion.

DATED: March 3, 2023                    Respectfully Submitted,

MALCOLM ♦ CISNEROS,
A Law Corporation

By: */s/ Nathan F. Smith*
    NATHAN F. SMITH
    *Attorneys for Chapter 11 Trustee, A. Cisneros*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Prior to the filing of Debtor's petition, Occupants moved into the Property and have resided at the Property at all relevant times thereafter, including after the petition date. Based on the information the Trustee has obtained, it appears the Occupants claim they purchased the Property although they clearly are not on title. The Estate is the undisputed fee simple title holder of the Property. Occupants are simply in possession of the Property and, as stated below, have failed to even pay for their occupancy of it.

Despite the filing of the Petition and Trustee's and his counsel's demands on them to cooperate with Trustee's marketing and sale of the Property, Occupants have refused to turn over the Property and have failed to cooperate with Trustee's efforts to market and sell the Property for the benefit of the Estate. Occupants' refusal to comply with 11 U.S.C. § 542(a) has forced Trustee to file an adversary proceeding against them and is delaying Trustee's marketing of the Property. Based on the ongoing decline in real estate prices and rising interest rates, Occupants' continued occupation of the Property and refusal to cooperate with Trustee's marketing efforts is prejudicing creditors by reducing the eventual return from the sale of the Property. Therefore, the Court should enter an order requiring Occupants to appear and show cause why they should not be sanctioned (by at least compensating the Estate for the attorneys' fees it has incurred to bring this action) for their refusal to turn over the Property and cooperate with Trustee's marketing and sale efforts.

## II.

## STATEMENT OF FACTS

1.  On or about January 6, 2015, Debtor obtained title to the real property commonly known as 2 Makena Lane, Rancho Mirage, California 92270 ("Property").

2.  On September 9, 2022, Debtor filed its petition ("Petition") under Chapter 11 of the Bankruptcy Code ("Petition Date").

3.  Prior to the filing of the Petition, on or about September 1, 2022, Debtor transferred its interest in the Property to AB Capital LFD, Inc. ("AB LFD").

4. On September 23, 2022, Debtor and the Office of the United States Trustee entered into a stipulation to the appointment of a Chapter 11 trustee.

5. On September 29, 2022, Trustee was appointed as the Chapter 11 Trustee of Debtor's bankruptcy estate ("Estate").

6. Trustee is the appointed, qualified, and acting Chapter 11 Trustee of the Estate.

7. AB LFD quitclaimed its interest in the Property to the Estate in October, 2022.

8. The Property is a 4 bed, 3 bath, 4,138 square custom luxury home.

9. Trustee is informed and believes that the Property has a value of approximately $3,300,000. Therefore, there appears to be approximately $700,000 to $800,000 in equity in the Property.

10. Trustee is informed and believes that Joe Colangelo and Monika Jensen ("Occupants") entered into a purchase agreement with Debtor in connection with the Property in or around August, 2020 ("Purchase Agreement").

11. Trustee is informed and believes that Occupants moved into the Property in or around August, 2020 and have resided at the Property at all relevant times thereafter, including at all relevant times after the Petition Date.

12. Trustee is informed and believes that Occupants have never paid rent in connection with their occupancy of the Property and never signed a lease in connection with the Property.

13. Occupants have made no payments to Trustee or Debtor in connection with their occupancy of the Property.

14. Trustee, through counsel, attempted to address Occupants' occupancy of the Property by requesting that they turn the Property over, but the Occupants refused which led to the filing of an adversary proceeding against Occupants on February 9, 2023 for, *inter alia,* turnover under 11 U.S.C. § 542(a).

15. On February 15, 2023, Trustee filed an application to employ Brian Thompson as his real estate broker for the purposes of marketing and selling the Property. Mr. Thompson was also retained to sell the 1, 5, and 7 Makena Properties.

16. Trustee, through counsel, has also attempted to reach an agreement with Occupants

regarding access to the Property for the purposes of obtaining information and photographs for the Property listing on the Multiple Listing Service (MLS) and facilitating showings of the Property to potential buyers. However, Occupants have failed to respond. Consequently, the Estate's broker is not able to market the Property in a way that maximizes the value of the Property to the Estate.

### III.

### ARGUMENT

Section 542(a) provides, in pertinent part, that "an entity…in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title…shall deliver to the trustee…such property…unless such property is of inconsequential value or benefit to the estate." This is a mandatory duty arising upon the filing of the bankruptcy petition. *In re Del Mission Ltd.*, 98 F.3d 1147, 1151 (9th Cir. 1996).

Section 105(a) provides, in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

"[I]n the face of a § 542 violation, the bankruptcy court may invoke its contempt power under § 105, which allows the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *In re Kenny G Enterprises, LLC*, 692 F. App'x 950, 953 (9th Cir. 2017). "As long as the sanctions are coercive in nature and not punitive, § 105(a) articulates no specific monetary limit on the scope of contempt sanctions available to the court." *Id* at 953.

Despite Trustee's requests, Occupants have failed to turn over possession of the Property to Trustee and have failed to cooperate with Trustee's efforts to market and sell the Property by, *inter alia,* failing to respond to the Trustee's request to provide access to the Property. Such access is necessary to properly market the Property in a way that will maximize its value for the benefit of all creditors. Therefore, Occupants should be required to appear and show cause why the Court should not sanction them for their failure to comply with the requirements of 11 U.S.C. § 542(a). Such sanctions should, at a minimum, require that the Occupants reimburse the Estate for the attorneys' fees it has incurred to seek turnover of the Property and the Occupants' cooperation with the Estate.

///

///

## IV.

## **CONCLUSION**

**WHEREFORE**, Trustee respectfully requests that the Court grant this Motion and issue an order requiring:

1. Occupants to appear and show cause why they should not be sanctioned for their failure to comply with 11 U.S.C. § 542(a) by refusing to turn over possession of the Property to Trustee and failure to cooperate with Trustee's efforts to market and sale the Property, by *inter alia,* failing to provide access to the Property for inspection and marketing purposes.

2. Occupants to appear and show cause as to why they should not be ordered to cooperate with Trustee's efforts to market and sell the Property by, *inter alia,* providing access to the Property to Trustee's broker for the purposes of obtaining information and photographs for the Property listing on the Multiple Listing Service (MLS) and facilitating showings of the Property to potential buyers; and

3. For such other and further relief as the Court deems just and proper.

DATED: March 3, 2023                    Respectfully Submitted,

                                                MALCOLM ♦ CISNEROS,
                                                A Law Corporation

                                                By: */s/ Nathan F. Smith*
                                                    NATHAN F. SMITH
                                                    *Attorneys for Chapter 11 Trustee, A. Cisneros*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2112 Business Center Drive, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER REQUIRING JOE COLANGELO AND MONIKA JENSEN TO APPEAR AND SHOW CAUSE AS TO WHY THEY SHOULD NOT BE SANCTIONED UNDER 11 U.S.C. §§ 542(a) and 105(a) AND ORDERED TO COOPERATE WITH TRUSTEE'S EFFORTS TO MARKET AND SELL PROPERTY OF THE ESTATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 3, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **James C Bastian**     jbastian@shulmanbastian.com
- **Arturo Cisneros**     arturo@mclaw.org, CACD_ECF@mclaw.org
- **Arturo Cisneros (TR)**     amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Michael J Hauser**     michael.hauser@usdoj.gov
- **Rika Kido**     rkido@shulmanbastian.com, avernon@shulmanbastian.com
- **William Malcolm**     bill@mclaw.org, cvalenzuela@mclaw.org
- **Richard A Marshack**     rmarshack@marshackhays.com,
  lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **W. Derek May**     wdmlaw17@gmail.com, r48266@notify.bestcase.com
- **David W. Meadows**     david@davidwmeadowslaw.com
- **Thomas J Polis**     tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Hamid R Rafatjoo**     hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Lee S Raphael**     ecfcca@ecf.courtdrive.com, cmartin@pralc.com
- **Timothy M Ryan**     tryan@theryanfirm.com, ecf@theryanfirm.com
- **Allan D Sarver**     ADS@asarverlaw.com
- **Summer M Shaw**     ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- **Nathan F Smith**     nathan@mclaw.org,
  CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
- **Diana Torres-Brito**     dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) March 3, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Stonebridge Ventures, LLC
15 Corporate Plaza Drive, Suite 200
Newport Beach, CA 92660

Hon. Theodor C. Albert
United States Bankruptcy Court
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701

Joe Colangelo
2 Makena Lane
Rancho Mirage, CA 92270

Monika Jensen
2 Makena Lane
Rancho Mirage, CA 92270

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 3, 2023 | Christina Valenzuela | /s/ Christina Valenzuela |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                         F 9013-3.1.PROOF.SERVICE