WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: bill@mclaw.org; nathan@mclaw.org

*Attorneys for Chapter 11 Trustee, A. Cisneros*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>STONEBRIDGE VENTURES, LLC,<br><br>　　　　　Debtor. | Bankruptcy Case No. 8:22-bk-11556-TA<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING CONVERSION OF CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF A. CISNEROS IN SUPPORT THEREOF**<br><br>[No Hearing Required – Local Bankruptcy Rule 9013-1(p)] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Arturo Cisneros, in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), hereby moves the Court for an Order Authorizing Conversion of this Case to one under Chapter 7.

This Motion is brought in accordance with 11 U.S.C. § 1112(b) and Federal Rule of Bankruptcy Procedure 1017(f) and is made on the grounds that "cause" exists to convert the Debtor's case to chapter 7. This Motion is made and based upon the attached Memorandum of Points and Authorities, the supporting declaration of the Trustee as well as all pleadings filed in this case.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(p), any objection and request for a hearing must, not later than 14 days after the date of the service of this notice, be filed with the Clerk of the Bankruptcy Court and served on: (1) Trustee's attorneys' address in the upper left-hand corner of this Notice; and (2) the Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, California 92701.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(p), if no timely objection and request for a hearing are filed and served, Trustee will submit a final order converting Debtor's case to chapter 7.

## I. INTRODUCTORY STATEMENT.

The Trustee seeks the entry of an order authorizing the conversion of the Debtor's case from chapter 11 to chapter 7 for two reasons.

First, the Trustee has concluded that a financial restructuring of the Debtor's financial affairs through a chapter 11 plan of reorganization is not necessary, viable, nor in the Estate's best interests. On the date of the filing of this case, the Estate was comprised of five luxury properties, although the Estate only held title to one as explained below, at various stages of construction, three of which have been sold pursuant to Court orders. At this point, there is no benefit to proposing a liquidating

plan. In fact, it would be detrimental to the Estate. In addition, it was not feasible, nor necessary to complete construction on 4 Makena, the only property remaining that has not been completed.

Second, conversion to chapter 7 preserves estate resources to maximize distributions to unsecured creditors by alleviating the financial burden of seeking confirmation and the administrative costs associated with being in chapter 11.

Upon conversion and if reappointed, the Trustee will administer the two remaining real properties known as 2 and 4 Makena Lane, Rancho Mirage. The Trustee will also prosecute the adversary proceeding already filed against occupants of 2 Makena Lane, Rancho Mirage for turnover of possession of it. And he will litigate, as necessary, Daryl Lewis' and Sanna Akhtanova's alleged secured claim in a portion of the proceeds generated from the sale of 5 Makena Lane, Rancho Mirage and the state court lawsuit filed by Lewis and Akhtanova that has been removed to the Bankruptcy Court, but not yet served.

## II.   STATEMENT OF FACTS.

1. This case was commenced on September 9, 2022, with the filing of a skeletal petition under Chapter 11 of the Bankruptcy Code ("Petition"). *See* DE 1.

2. On or about January 6, 2015, Debtor obtained title to the following real properties:

   a. 1 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-001 ("1 Makena");

   b. 2 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-002 ("2 Makena");

   c. 4 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-004 ("4 Makena");

   d. 5 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-005 ("5 Makena"); and

   e. 7 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-007 ("7 Makena") (1, 2, 4, 5, and 7 Makena are collectively referred to herein as the "Properties").

3. Trustee is informed and believes that Debtor acquired the Properties as vacant lots and was in the process of completing the construction of luxury homes on each lot.

4. Trustee personally inspected the Properties on two occasions and observed that only 2 Makena Lane had been completed as of the date of the filing of this case. The remaining lots were in various stages of construction.

5. Prior to the filing of the Petition, on or about September 1, 2022, Debtor transferred its interest in 1, 2, 4, and 7 Makena Lane ("Transfers") to AB Capital LFD, Inc. ("AB LFD").

**A.    Debtor's Principal and Related Bankruptcy Cases.**

6. Trustee is informed and believes that Mr. Pukini is the principal of both Debtor and AB LFD. Mr. Pukini is also the principal of AB Capital, LLC, a debtor in case number 8:22-bk-11585-TA, an involuntary Chapter 7 case filed on September 15, 2022 and Med Equity, LLC, a debtor in case number 2:21-bk-12447-ER, a Chapter 11 case filed on March 26, 2021, and subsequently converted to Chapter 7.

**B.    The Appointment of Trustee.**

7. On September 23, 2022, Debtor and the Office of the United States Trustee ("OUST") entered into a stipulation for the appointment of a Chapter 11 Trustee based on, *inter alia*, the Transfers.

8. On September 29, 2022, Trustee was appointed as the Chapter 11 Trustee of the Estate.

9. On September 29, 2022, Trustee attended Debtor's initial debtor interview.

10. Trustee is the appointed, qualified, and acting Chapter 11 Trustee for Debtor's bankruptcy estate ("Estate").

**C.    Trustee's Negotiations to Address the Transfers and the Conveyances to the Estate.**

11. Immediately upon his appointment, Trustee commenced negotiations to address the Transfers and effectuate the transfer of legal title to 1, 2, 4, and 7 Makena back to the Estate.

12. Based on Trustee's negotiations with AB LFD, AB LFD quitclaimed its interest in 1, 2, 4, and 7 Makena to the Estate. The deeds were recorded on October 25, 2022.

**D.   Trustee's Retention of Counsel and Employment of a Real Estate Broker.**

13.   On October 28, 2022, Trustee filed an application to employ Malcolm ♦ Cisneros, A Law Corporation. The application was approved on November 18, 2022.

14.   On November 7, 2022, Trustee filed an application to employ Brian Thompson as his real estate broker for the purposes of selling 1, 5, and 7 Makena Lane. The application was approved on November 28, 2022. The Trustee has since sought the employment of Brian Thompson to market and sell 2 and 4 Makena Lane.

**E.   The Unsecured Claims Against the Estate.**

15.   In its Schedule E/F, Debtor identified approximately $144,950 in unsecured claims. As of the filing of this Report, $4,051,471.17 in unsecured claims have been filed.

**F.   The Lawsuit in Connection with 5 Makena.**

16.   On or about September 6, 2022, Mr. Lewis and Sanna Akhtanova ("Plaintiffs") filed suit against *inter alia* Debtor and Mr. Pukini in Riverside County Superior Court ("Lawsuit"). The Lawsuit concerns Plaintiffs' alleged purchase of 5 Makena Lane. Through their Complaint, Plaintiffs seek damages in excess of $2,900,000 and specific performance in the form of a deed conveying title to 5 Makena Lane to Plaintiffs.

17.   On October 31, 2022, Plaintiffs removed the Lawsuit to this Court as Adversary Proceeding number 8:22-ap-01093-TA. Plaintiffs have not effectuated service of the Lawsuit.

18.   Plaintiffs claim a secured interest in a portion of the proceeds of the sale of 5 Makena Lane. The Trustee disputes such claim and will litigate such dispute if the matter cannot be resolved.

**G.   The Status of Marketing and Sale of the Properties.**

**1.   1, 5, and 7 Makena Lane.**

19.   The Trustee has sold 1, 5, and 7 Makena Lane pursuant to Court order. The sales of the properties were for the sum of $2,500,000, $2,800,000 and $1,980,000, respectively. The sale of 5 Makena Lane has closed. 1 and 7 Makena Lane sale closings are imminent.

///

///

### 2.  2 Makena Lane.

20.  2 Makena Lane is wrongfully occupied by Joe Colangelo and Monika Jensen, neither of whom are on title to the property. The Trustee has made demand on both of them to turnover possession. Joe Colangelo has utterly failed to respond to the Trustee at all. Monika Jensen has recently contacted the Trustee's lawyers through her own lawyer and has stated she is no longer in possession of 2 Makena Lane. The Trustee has filed an adversary proceeding for the turnover of possession of 2 Makena Lane and has also filed an Order to Show Cause against both parties for the failure to cooperate with the Trustee. Colangelo's response to the complaint is due on March 13 while Jensen's response is due on April 13th by agreement between Jensen and the Trustee. The Trustee has retained Brian Thompson as his broker to sell 2 Makena Lane and an application to hire him is pending with the Court.

### 3.  4 Makena Lane.

21.  Trustee has communicated with multiple investors and is currently working on liquidating 4 Makena Lane at a price that pays investors in full. He has also employed Brian Thompson as the broker, subject to Court approval.

### III.  MEMORANDUM OF POINTS AND AUTHORITIES.

#### A.  The Case Should Be Converted to a Chapter 7 Case.

##### 1.  Conversion Generally.

Section 1112(b)(1) provides, in pertinent part, that:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause ….

11 U.S.C. § 1112(b)(1).

##### 2.  Cause Exists to Convert Debtor's Case to Chapter 7.

Although "cause" is not specifically defined, section 1112(b)(4) provides examples of what may constitute cause, including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation …." 11 U.S.C. § 1112(b)(4)(A).

///

The list of factors in section 1112(b)(4) is not exhaustive, and Courts may consider other factors and use their equitable powers to reach an appropriate result. *In re Consolidated Pioneer Mortgage Entities,* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000).

The Trustee seeks the entry of an order authorizing the conversion of the Debtor's case from chapter 11 to chapter 7 for two reasons. First, the Trustee has concluded that a financial restructuring of the Debtor's financial affairs through a chapter 11 plan of reorganization is not necessary, viable, nor in the Estate's best interests. There is no purpose to be served in filing a disclosure statement and liquidating plan of reorganization now in light of the Estate's success in selling 1, 5 and 7 Makena Lane. The remaining two properties will be liquidated in the course of the chapter 7 case. Second, conversion to chapter 7 preserves estate resources to maximize distributions to unsecured creditors by alleviating the financial burden of seeking confirmation and the administrative costs associated with being in chapter 11.

### IV.    CONCLUSION

Based on the foregoing, the Trustee respectfully requests that the Court enter an order converting the Debtor's case to chapter 7.

DATED: March 10, 2023

Respectfully Submitted,
MALCOLM ♦ CISNEROS, A Law Corporation

*/s/ William G. Malcolm*
WILLIAM G. MALCOLM, #129271
*Attorneys for Chapter 11 Trustee, A. Cisneros*

# **DECLARATION OF A. CISNEROS**

I, A. Cisneros, declare:

1. I am the duly appointed and acting Chapter 11 Trustee for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), Case No. 8:22-bk-11556-TA. In this capacity, I have personal knowledge of the facts set forth below as a result of my participation in the events in question or as a result of my review of the record, and, if called upon to testify thereto, I could and would do so competently and truthfully.

2. Upon my appointment to this case on September 29, 2022, I have worked diligently to assess the state of affairs of the Estate and to determine the best course of action to maximize the return to the Estate for distribution to the unsecured creditors.

3. Through the diligence of the Estate's professionals, I have sold 1, 5 and 7 Makena Lane. The sale of 5 Makena Lane has closed and the closure of the sales of 1 and 7 Makena Lane is imminent. I anticipate that the sales of 1, 5 and 7 Makena Lane will generate a material return to the Estate.

4. 2 and 4 Makena Lane are the two remaining properties owned by the Estate. I have hired Brian Thompson to sell 2 Makena Lane and his employment application is pending Court approval. Thompson is the same broker who successfully sold 1, 5 and 7 Makena Lane.

5. I anticipate selling 2 Makena Lane after addressing Joe Colangelo's and Monika Jensen's unauthorized occupancy of it. Neither has an ownership interest in 2 Makena Lane nor the right to possess it. My counsel has filed an adversary proceeding for turnover of possession and has also filed an Order to Show Cause regarding Colangelo's and Jensen's failure to cooperate with the my efforts to market and sell 2 Makena Lane. My counsel was recently contacted by counsel for Jensen who claims that Jensen no longer resides in 2 Makena Lane. My counsel and Jensen's counsel are discussing resolution of the Estate's claims against her. There is no reason to keep this case in chapter 11 for the purpose of litigating the turnover of or selling 2 Makena Lane.

6. Daryl Lewis and Sanna Akhtanova have asserted a secured claim in a portion of the sale proceeds of 5 Makena Lane. I dispute that Lewis and Akhtanova have such an interest. I will litigate this issue if we are not able to resolve their claim. There is no reason to keep this case in

chapter 11 for that purpose.

7. I have communicated with multiple investors in 4 Makena Lane and am currently working on liquidating it at a price that will pay investors in full. I have also employed Brian Thompson as the broker, subject to Court approval.

8. I have spoken with counsel for both the Debtor and the United States Trustee's Office and neither have opposition to conversion of this case to one under chapter 7.

9. The Debtor has no ongoing business to reorganize. In light of the success the Estate has experienced in selling 1, 5 and 7 Makena, there is no purpose to be served in completing the construction of 4 Makena Lane. 4 Makena Lane will be sold "as is," just like 7 Makena Lane. There also is no purpose to be served in pursuing a liquidating plan of reorganization because of the expense associated with it and the likelihood that it would not produce a benefit to the Estate. I will continue to work to sell 2 and 4 Makena Lane upon conversion, assuming I am reappointed.

10. There is no beneficial reason to remain in chapter 11 because the administrative costs of being in chapter 11 will simply cause a diminution in the amount of proceeds available to distribute to unsecured creditors.

11. Consequently, conversion of the Debtor's case to chapter 7 is in the best interests of creditors.

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 10th day of March, 2023, at Riverside, California.

_____
A. Cisneros

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING CONVERSION OF CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF A. CISNEROS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 10, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF THE U.S. TRUSTEE: United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov**
**CHAPTER 11 TRUSTEE: Arturo Cisneros     arturo@mclaw.org, CACD_ECF@mclaw.org**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **March 10, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive ,Suite 200, Newport Beach CA 92660**
**NOTICE: Shaw & Hanover, PC, 42-600 Cook Street, Suite 210, Palm Desert, CA 92211**
**NOTICE: Brian Thompson, Winterstone Real Estate Development, 23792 Rockfield Blvd., Ste. 101, Lake Forest CA 92630**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **March 10, 2023** | **Diep Quach** | **/s/ Diep Quach** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**SECTION 1 CONT.**
NOTICE: James C Bastian    jbastian@shulmanbastian.com
NOTICE: Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
NOTICE: Michael J Hauser    michael.hauser@usdoj.gov
NOTICE: Rika Kido    rkido@shulmanbastian.com, avernon@shulmanbastian.com
NOTICE: William Malcolm    bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: Richard A Marshack    rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
NOTICE: W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows    david@davidwmeadowslaw.com
NOTICE: Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
NOTICE: Lee S Raphael    ecfcca@ecf.courtdrive.com, cmartin@pralc.com
NOTICE: Timothy M Ryan    tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Allan D Sarver    ADS@asarverlaw.com
NOTICE: Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
NOTICE: Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
NOTICE: Diana Torres-Brito    dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**