NICHOLAS GEBELT
15150 Hornell Street
Whittier, CA 90604
Tel.:     562.777.9159
Fax:     562.946.1365
Email:   ngebelt@goodbye2debt.com

Attorney for Monika Jensen

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>STONEBRIDGE VENTURES, LLC,<br><br>Debtor | Bankruptcy No.   8:22-bk-11556-TA<br><br>Chapter 11<br>_____<br><br>**MONIKA JENSEN'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY SHE SOULD NOT BE SANCTIONED UNDER 11 U.S.C. §§ 542(a) AND 105(a), AND ORDERED TO COOPERATE WITH THE TRUSTEE'S EFFORTS TO MARKET AND SELL PROPERTY OF THE ESTATE;**<br><br>**DECLARATION OF MONIKA JENSEN IN SUPPORT THEREOF**<br>_____<br><br>**Hearing**:<br><br>Date:         March 29, 2023<br>Time:        10:00 a.m.<br>Courtroom: 5B<br>Place:        411 W. Fourth Street<br>                   Santa Ana, CA 92701-4593<br>Method:    Via zoom |

In compliance with the Court's instructions in its Order Granting Chapter 11 Trustee's Motion (the "Motion") For An Order Requiring Joe Colangelo And Monika Jensen To Appear And Show Cause As To Why They Should Not Be Sanctioned Under 11 U.S.C. §§ 542(a) And 105(a) And Ordered To Cooperate With Trustee's Efforts To Market And Sell Property Of The Estate (the "OSC"), Monika Jensen ("Ms. Jensen") hereby submits this Response.

## I. STATEMENT OF FACTS

1. In December 2020, Ms. Jensen and Mr. Joe Colangelo ("Mr. Colangelo") purchased 2 Makena Lane, Rancho Mirage, CA 92270 (the "Property") from Stonebridge Ventures, LLC ("Stonebridge")[1]. Ms. Jensen contributed $550,034.58 of her own money[2] toward the purchase price.

2. Ms. Jensen and Mr. Colangelo moved into the Property on December 11, 2020.

3. Ms. Jensen and Mr. Colangelo married on February 16, 2021.

4. On September 9, 2022, Stonebridge filed a Chapter 11 petition with the Central District, Santa Ana Division. The Court assigned Stonebridge the case number, 8:22-bk-11556-TA. Ms. Jensen was not listed in the petition, so she did not receive notice of the filing.

5. While Ms. Jensen lived in Property, Mr. Colangelo intercepted all the mail pertaining to Stonebridge's bankruptcy case.[3]

6. On January 28, 2023, Ms. Jensen fled the Property because Mr. Colangelo's behavior caused her to fear for her life. She has not lived in the Property since January 28, 2023. However, while she lived in the Property she did her best to maintain it in good condition.

7. On February 9, 2023, the Chapter 11 Trustee (the "Trustee") filed his adversary complaint (the "Complaint"), as docket entry 133 in the bankruptcy docket of the Chapter 11 bankruptcy case of Stonebridge. The Court assigned the adversary proceeding the adversary number, 8:23-ap-01013-TA.

8. The Trustee served a copy of the Complaint on Ms. Jensen by U.S. Mail at Property. However, since she had moved out, she did not receive the copy of the Complaint, so she knew nothing about the adversary proceeding.

---

[1] For some unknown reason, Stonebridge did not transfer title to Ms. Jensen or Mr. Colangelo as part of the transaction.
[2] She documented this fact in the proof of claim (Claim 9) that she filed on March 13, 2023.
[3] Ms. Jensen recently learned that the Chapter 11 Trustee (the "Trustee") in Stonebridge's case had been communicating with Mr. Colangelo regarding the Property. Ms. Jensen knew nothing about those communications until after she moved out.

9. On February 14, 2023, the Bankruptcy Court issued a summons (the "Summons"). The Summons stated that the deadline for Ms. Jensen to answer the Complaint was March 13, 2023. The Trustee served a copy of the Summons on Ms. Jensen by U.S. Mail at the Property. However, since she had moved out, she did not receive the copy of the Summons.

10. On March 3, 2023, the Trustee filed his Motion as docket entry 153, and served a copy of the Motion on Ms. Jensen by U.S. Mail at the Property. However, since she had moved out, she did not receive the copy of the Motion.

11. When Ms. Jensen fled, she was unable to take her belongings except what could fit in her car. In particular, she did not take her computer, as Mr. Colangelo broke into her office, smashed her computer, and threw it into the pool. She needs a computer to do her work.

12. Ms. Jensen watched the Property until Mr. Colangelo went out. On February 3, 2023, when he was out of the house she entered the Property to retrieve some of her personal belongings. One of the things she took was Mr. Colangelo's laptop.

13. On February 8, 2023, Ms. Jensen received notifications on her phone of fraudulent charges on her credit cards. Therefore, on February 8, 2023, she logged in to Mr. Colangelo's email account to see if he had incurred the charges, which he, in fact, had. She saw emails between Mr. Colangelo and Mr. William Malcom, the Trustee's counsel. It was then that she learned about Stonebridge's bankruptcy and the adversary proceeding.

14. In the Complaint, the Trustee seeks turnover of the Property and back rent on the Property from Mr. Colangelo and Ms. Jensen.

15. Because Ms. Jensen vacated the Property and has not lived in it since January 2023, the Trustee and Ms. Jensen are negotiating a resolution to her portion of the adversary proceeding. As part of that resolution, they entered a Stipulation, filed as docket entry 7 in the adversary docket, to continue the date for her to respond to the Complaint to April 13, 2023. The Court entered an order approving the Stipulation as docket entry 10.

16. However, since Mr. Colangelo refuses to vacate the Property, the resolution will not include him in its ambit.

17. As part of the resolution, in her declaration that is attached to this Response, Ms. Jensen commits to the following:

- She will not seek possession of the Property.
- She maintained the Property in good condition while in occupancy of it.
- She has personal property in the house and will remove the personal property when given an appropriate opportunity, provided that Mr. Colangelo is not present.
- She will cooperate with the Trustee in his marketing and sale efforts. However, due to her safety concerns she will not be anywhere near Mr. Colangelo. She would be happy to give the Trustee and his broker access to the Property, but she cannot because she does not have access to the Property. This is because Mr. Colangelo changed all the locks on the Property. Due to Mr. Colangelo's unstable mental condition — he is supposed to take prescribed medication for the condition — and his untrustworthiness, she is afraid that if she were to return to the Property while Mr. Colangelo were present, she could end up badly hurt or dead.

## II. **MEMORANDUM OF POINTS AND AUTHORITIES**

In its OSC the Court stated:

> The Court … finds as follows:
> 1. The Property is property of the Estate.
> 2. Occupants are in possession of the Property.
> 3. Trustee is in the process of marketing and selling the Property.
> 4. Occupants have failed to cooperate with Trustee's efforts to market and sell the Property by failing to cooperate with Trustee's and his broker's efforts to access the Property for the purposes of obtaining information and photographs for the Property listing on the Multiple Listing Service (MLS) and facilitate showings of the Property to potential buyers.

The Court's findings accurately apply to Mr. Colangelo. However, other than the first and third items in the Court's statement, the findings do not apply to Ms. Jensen.

Ms. Jensen vacated the Property in January before she knew anything about Stonebridge's bankruptcy filing, the adversary proceeding, or the Trustee's efforts to market the

4

1 Property. Thus, she is not in possession of the Property.

2 Moreover, she is not failing to cooperate with the Trustee. She would be happy to give the Trustee and his broker access to the Property, but she cannot because she does not have access to the Property, since Mr. Colangelo changed all the locks on the Property. Due to Mr. Colangelo's unstable mental condition — he is supposed to take prescribed medication for the condition — and his untrustworthiness, she is afraid that if she were to return to the Property while Mr. Colangelo were present, she could end up badly hurt or dead.

It is axiomatic that due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950).

Ms. Jensen did not receive notice that she had an obligation to vacate the Property or cooperate with the Trustee in a bankruptcy case that she did not know even existed. To require her to pay sanctions for failing to fulfill an obligation she did not know she had would be a gross miscarriage of justice more appropriate in a Franz Kafka novel than in a U.S. Bankruptcy Court.

In sum, while Mr. Colangelo is certainly guilty of the malfeasance described in the OSC, Ms. Jensen is an innocent party who has not done anything wrong.

## III.  RELIEF REQUESTED

Ms. Jensen has shown cause why she should not be sanctioned. Accordingly, she respectfully asks the Court to hold that she has shown cause why she should not be sanctioned.

Dated: March 23, 2023.    Respectfully submitted,

**LAW OFFICES OF NICHOLAS GEBELT**


By: _____*Nicholas Gebelt*_____
Nicholas Gebelt, Attorney for
MONIKA JENSEN

5

## **DECLARATION OF MONIKA JENSEN**

I, Monika Jensen, hereby declare under penalty of perjury the following:

1. In December 2020, Mr. Joe Colangelo ("Mr. Colangelo") and I purchased 2 Makena Lane, Rancho Mirage, CA 92270 (the "Property") from Stonebridge Ventures, LLC ("Stonebridge") [4]. I contributed $550,034.58 of my own money[5] toward the purchase price.

2. Mr. Colangelo and I moved into the Property on December 11, 2020.

3. Mr. Colangelo and I married on February 16, 2021.

4. On September 9, 2022, Stonebridge filed a Chapter 11 petition with the Central District, Santa Ana Division. I was not listed in the petition, so I did not receive notice of the filing.

5. While I lived in Property, Mr. Colangelo intercepted all the mail pertaining to Stonebridge's bankruptcy case.[6]

6. On January 28, 2023, I fled the Property because Mr. Colangelo's behavior caused me to fear for my life. I have not lived in the Property since January 28, 2023. However, while I lived in the Property I did my best to maintain it in good condition.

7. On February 9, 2023, the Chapter 11 Trustee (the "Trustee") filed his adversary complaint (the "Complaint").

8. The Trustee served a copy of the Complaint on me by U.S. Mail at the Property. However, since I had moved out, I did not receive the copy of the Complaint, so I knew nothing about the adversary proceeding.

9. On February 14, 2023, the Bankruptcy Court issued a summons (the "Summons"). The Summons stated that the deadline for me to answer the Complaint was March

---

[4] For some unknown reason, Stonebridge did not transfer title to Mr. Colangelo or me as part of the transaction.
[5] I documented this fact in the proof of claim (Claim 9) that I filed on March 13, 2023.
[6] I recently learned that the Chapter 11 Trustee (the "Trustee") in Stonebridge's case had been communicating with Mr. Colangelo regarding the Property. I knew nothing about those communications until after I moved out.

1  13, 2023. The Trustee served a copy of the Summons on me by U.S. Mail at the Property.

2  However, since I had moved out, I did not receive the copy of the Summons.

3      10.    On March 3, 2023, the Trustee filed his Motion For An Order Requiring Joe

4  Colangelo And Monika Jensen To Appear And Show Cause As To Why They Should Not Be

5  Sanctioned Under 11 U.S.C. §§ 542(a) And 105(a) And Ordered To Cooperate With Trustee's

6  Efforts To Market And Sell Property Of The Estate (the "Motion"), and served a copy of the

7  Motion on me by U.S. Mail at the Property. However, since I had moved out, I did not receive

8  the copy of the Motion.

9      11.    When I fled, I was unable to take my belongings except what could fit in my car.

10  In particular, I did not take my computer, as Mr. Colangelo broke into my office, smashed my

11  computer, and threw it into the pool. I need a computer to do my work.

12      12.    I watched the Property until Mr. Colangelo went out. On February 3, 2023, when

13  he was out of the house I entered the Property to retrieve some of my personal belongings. One

14  of the things I took was Mr. Colangelo's laptop.

15      13.    On February 8, 2023, I received notifications on my phone of fraudulent charges

16  on her credit cards. Therefore, on February 8, 2023, I logged in to Mr. Colangelo's email

17  account to see if he had incurred the charges, which he, in fact, had. I saw emails between Mr.

18  Colangelo and Mr. William Malcom, the Trustee's counsel. It was then that I learned about

19  Stonebridge's bankruptcy and the adversary proceeding.

20      14.    In the Complaint, the Trustee seeks turnover of the Property and back rent on the

21  Property from Mr. Colangelo and me.

22      15.    Because I vacated the Property and have not lived in it since January 2023, the

23  Trustee and I are negotiating a resolution to my portion of the adversary proceeding. As part of

24  that resolution, we entered a Stipulation to continue the date for me to respond to the Complaint

25  to April 13, 2023. The Court entered an order approving the Stipulation.

26      16.    However, since Mr. Colangelo refuses to vacate the Property, the resolution will

27  not include him in its ambit.

28      17.    As part of the resolution, I commit to the following:

- I will not seek possession of the Property.
- I maintained the Property in good condition while in occupancy of it.
- I have personal property in the house and will remove the personal property when given an appropriate opportunity, provided that Mr. Colangelo is not present.
- I will cooperate with the Trustee in his marketing and sale efforts. However, due to my safety concerns I will not be anywhere near Mr. Colangelo. I would be happy to give the Trustee and his broker access to the Property, but I cannot because I do not have access to the Property. This is because Mr. Colangelo changed all the locks on the Property. Due to Mr. Colangelo's unstable mental condition — he is supposed to take prescribed medication for the condition — and his untrustworthiness, I am afraid that if I were to return to the Property while Mr. Colangelo were present, I could end up badly hurt or dead.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed March 23, 2023, at Palm Desert, California.

_____
Monika Jensen

| In re:<br>**Stonebridge Ventures, LLC**<br><br>Debtor(s). | CHAPTER: **11**<br><br>CASE NUMBER: **8:22-bk-11556-TA** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**15150 Hornell Street**
**Whittier, CA 90604**

A true and correct copy of the foregoing document entitled (*specify*): **MONIKA JENSEN'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY SHE SOULD NOT BE SANCTIONED UNDER 11 U.S.C. §§ 542(a) AND 105(a), AND ORDERED TO COOPERATE WITH THE TRUSTEE'S EFFORTS TO MARKET AND SELL PROPERTY OF THE ESTATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **03/24/2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**James C Bastian**   jbastian@shulmanbastian.com
**Arturo Cisneros**   arturo@mclaw.org, CACD_ECF@mclaw.org
**Arturo Cisneros (TR)**   amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
**Nicholas W Gebelt**   ngebelt@goodbye2debt.com
**Michael J Hauser**   michael.hauser@usdoj.gov
**Rika Kido**   rkido@shulmanbastian.com, avernon@shulmanbastian.com
**William Malcolm**   bill@mclaw.org, cvalenzuela@mclaw.org
**Richard A Marshack**   rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
**W. Derek May**   wdmlaw17@gmail.com, r48266@notify.bestcase.com
**David W. Meadows**   david@davidwmeadowslaw.com
**Thomas J Polis**   tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
**Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com
**Lee S Raphael**   ecfcca@ecf.courtdrive.com, cmartin@pralc.com
**Timothy M Ryan**   tryan@theryanfirm.com, ecf@theryanfirm.com
**Allan D Sarver**   ADS@asarverlaw.com
**Summer M Shaw**   ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
**Nathan F Smith**   nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
**Diana Torres-Brito**   dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
**United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **03/24/2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Theodor C. Albert, 411 West Fourth Street, Suite 5085, Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **March 24, 2023** | **Nicholas Gebelt 217362** | /s/ Nicholas Gebelt |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*   **9013-3.1.PROOF.SERVICE**