| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| WILLIAM G. MALCOLM, #129271<br>NATHAN F. SMITH, #264635<br>MALCOLM ♦ CISNEROS, A Law Corporation<br>2112 Business Center Drive<br>Irvine, California 92612<br>Phone: (949) 252-9400<br>Fax: (949) 252-1032<br>Email: nathan@mclaw.org<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>STONEBRIDGE VENTURES, LLC, | CASE NO.: 8:22-bk-11556-TA<br>CHAPTER: 11 |
|---|---|
| | **DECLARATION THAT NO PARTY<br>REQUESTED A HEARING ON MOTION<br>LBR 9013-1(o)(3)** |
| Debtor(s). | [No Hearing Required] |

1.  I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2.  On (*date*): <u>03/10/2023</u>    Movant(s) filed a motion or application (Motion) entitled: <u>Chapter 11 Trusttee's Motion</u>
    <u>for Order Authorizing Conversion of Case to Chapter 7; Memorandum of Points and Authorities; Declaration of</u>
    <u>A. Cisneros in Support Therof</u>

3.  A copy of the Motion and notice of motion is attached to this declaration.

4.  On (*date*): <u>03/10/2023</u>    Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion
    on required parties using the method(s) identified on the Proof of Service of the notice of motion.  On 3/13/13, a
    corrected notice was filed to reference the correct docket number of the Motion to Convert (Docket Entry 163).

5.  Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and
    request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by
    mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6.  More than <u>17</u> days have passed after Movant(s) served the notice of motion (Docket Entry 167 on 3/13/23).

7.  I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing
    was timely filed.

8.  No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street
    address, email address, or facsimile number specified in the notice of motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.   Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 03/31/2023        /s/ Nathan F. Smith
                        Signature


                        Nathan F. Smith
                        Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 2112 Business Center Drive
 Irvine CA 92612

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/03/2023   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 OFFICE OF THE U.S. TRUSTEE: United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
 CHAPTER 11 TRUSTEE: Arturo Cisneros     arturo@mclaw.org, CACD_ECF@mclaw.org

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 04/03/2023   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive ,Suite 200, Newport Beach CA 92660

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/03/2023 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                          Page 3                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

**SECTION 1 CONT.**
NOTICE: James C Bastian jbastian@shulmanbastian.com
NOTICE: Arturo Cisneros arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Nicholas W Gebelt ngebelt@goodbye2debt.com
NOTICE: Michael J Hauser michael.hauser@usdoj.gov
NOTICE: Christopher Hewitt hewittesq@yahoo.com
NOTICE: Rika Kido rkido@shulmanbastian.com, avernon@shulmanbastian.com
NOTICE: William Malcolm bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: Richard A Marshack rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;
rmarshack@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
NOTICE: W. Derek May wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows david@davidwmeadowslaw.com
NOTICE: Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo hrafatjoo@raineslaw.com, bclark@raineslaw.com
NOTICE: Lee S Raphael ecfcca@ecf.courtdrive.com, cmartin@pralc.com
NOTICE: Timothy M Ryan tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Allan D Sarver ADS@asarverlaw.com
NOTICE: Summer M Shaw ss@shaw.law, shawsr70161@notify.bestcase.com;
shawsr91811@notify.bestcase.com
NOTICE: Nathan F Smith nathan@mclaw.org, CACD_ECF@mclaw.org;
mcecfnotices@ecf.courtdrive.com; cvalenzuela@mclaw.org
NOTICE: Diana Torres-Brito dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com

**SECTION 2 CONT.**
NOTICE: Shaw & Hanover, PC, 42-600 Cook Street, Suite 210, Palm Desert, CA 92211
NOTICE: Brian Thompson, Winterstone Real Estate Development, 23792 Rockfield Blvd., Ste. 101,
Lake Forest CA 92630

# EXHIBIT 1

WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: bill@mclaw.org; nathan@mclaw.org

*Attorneys for Chapter 11 Trustee, A. Cisneros*

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 8:22-bk-11556-TA |
| STONEBRIDGE VENTURES, LLC, | Chapter 11 |
| Debtor. | **CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING CONVERSION OF CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF A. CISNEROS IN SUPPORT THEREOF** |
| | **[No Hearing Required – Local Bankruptcy Rule 9013-1(p)]** |

Motion to Convert

1

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:**

PLEASE TAKE NOTICE that Arturo Cisneros, in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), hereby moves the Court for an Order Authorizing Conversion of this Case to one under Chapter 7.

This Motion is brought in accordance with 11 U.S.C. § 1112(b) and Federal Rule of Bankruptcy Procedure 1017(f) and is made on the grounds that "cause" exists to convert the Debtor's case to chapter 7. This Motion is made and based upon the attached Memorandum of Points and Authorities, the supporting declaration of the Trustee as well as all pleadings filed in this case.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(p), any objection and request for a hearing must, not later than 14 days after the date of the service of this notice, be filed with the Clerk of the Bankruptcy Court and served on: (1) Trustee's attorneys' address in the upper left-hand corner of this Notice; and (2) the Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, California 92701.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(p), if no timely objection and request for a hearing are filed and served, Trustee will submit a final order converting Debtor's case to chapter 7.

## I.    INTRODUCTORY STATEMENT.

The Trustee seeks the entry of an order authorizing the conversion of the Debtor's case from chapter 11 to chapter 7 for two reasons.

First, the Trustee has concluded that a financial restructuring of the Debtor's financial affairs through a chapter 11 plan of reorganization is not necessary, viable, nor in the Estate's best interests. On the date of the filing of this case, the Estate was comprised of five luxury properties, although the Estate only held title to one as explained below, at various stages of construction, three of which have been sold pursuant to Court orders. At this point, there is no benefit to proposing a liquidating

plan.  In fact, it would be detrimental to the Estate.  In addition, it was not feasible, nor necessary to complete construction on 4 Makena, the only property remaining that has not been completed.

Second, conversion to chapter 7 preserves estate resources to maximize distributions to unsecured creditors by alleviating the financial burden of seeking confirmation and the administrative costs associated with being in chapter 11.

Upon conversion and if reappointed, the Trustee will administer the two remaining real properties known as 2 and 4 Makena Lane, Rancho Mirage.  The Trustee will also prosecute the adversary proceeding already filed against occupants of 2 Makena Lane, Rancho Mirage for turnover of possession of it.   And he will litigate, as necessary, Daryl Lewis' and Sanna Akhtanova's alleged secured claim in a portion of the proceeds generated from the sale of 5 Makena Lane, Rancho Mirage and the state court lawsuit filed by Lewis and Akhtanova that has been removed to the Bankruptcy Court, but not yet served.

**II.**     **STATEMENT OF FACTS.**

1.     This case was commenced on September 9, 2022, with the filing of a skeletal petition under Chapter 11 of the Bankruptcy Code ("Petition").  *See* DE 1.

2.     On or about January 6, 2015, Debtor obtained title to the following real properties:

    a.     1 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-001 ("1 Makena");

    b.     2 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-002 ("2 Makena");

    c.     4 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-004 ("4 Makena");

    d.     5 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-005 ("5 Makena"); and

    e.     7 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-007 ("7 Makena") (1, 2, 4, 5, and 7 Makena are collectively referred to herein as the "Properties").

Motion to Convert

3.    Trustee is informed and believes that Debtor acquired the Properties as vacant lots and was in the process of completing the construction of luxury homes on each lot.

4.    Trustee personally inspected the Properties on two occasions and observed that only 2 Makena Lane had been completed as of the date of the filing of this case.  The remaining lots were in various stages of construction.

5.    Prior to the filing of the Petition, on or about September 1, 2022, Debtor transferred its interest in 1, 2, 4, and 7 Makena Lane ("Transfers") to AB Capital LFD, Inc. ("AB LFD").

**A.    Debtor's Principal and Related Bankruptcy Cases.**

6.    Trustee is informed and believes that Mr. Pukini is the principal of both Debtor and AB LFD.  Mr. Pukini is also the principal of AB Capital, LLC, a debtor in case number 8:22-bk-11585-TA, an involuntary Chapter 7 case filed on September 15, 2022 and Med Equity, LLC, a debtor in case number 2:21-bk-12447-ER, a Chapter 11 case filed on March 26, 2021, and subsequently converted to Chapter 7.

**B.    The Appointment of Trustee.**

7.    On September 23, 2022, Debtor and the Office of the United States Trustee ("OUST") entered into a stipulation for the appointment of a Chapter 11 Trustee based on, *inter alia,* the Transfers.

8.    On September 29, 2022, Trustee was appointed as the Chapter 11 Trustee of the Estate.

9.    On September 29, 2022, Trustee attended Debtor's initial debtor interview.

10.    Trustee is the appointed, qualified, and acting Chapter 11 Trustee for Debtor's bankruptcy estate ("Estate").

**C.    Trustee's Negotiations to Address the Transfers and the Conveyances to the Estate.**

11.    Immediately upon his appointment, Trustee commenced negotiations to address the Transfers and effectuate the transfer of legal title to 1, 2, 4, and 7 Makena back to the Estate.

12.    Based on Trustee's negotiations with AB LFD, AB LFD quitclaimed its interest in 1, 2, 4, and 7 Makena to the Estate.  The deeds were recorded on October 25, 2022.

Motion to Convert

**D.    Trustee's Retention of Counsel and Employment of a Real Estate Broker.**

13.    On October 28, 2022, Trustee filed an application to employ Malcolm ♦ Cisneros, A Law Corporation.  The application was approved on November 18, 2022.

14.    On November 7, 2022, Trustee filed an application to employ Brian Thompson as his real estate broker for the purposes of selling 1, 5, and 7 Makena Lane.  The application was approved on November 28, 2022.  The Trustee has since sought the employment of Brian Thompson to market and sell 2 and 4 Makena Lane.

**E.    The Unsecured Claims Against the Estate.**

15.    In its Schedule E/F, Debtor identified approximately $144,950 in unsecured claims.  As of the filing of this Report, $4,051,471.17 in unsecured claims have been filed.

**F.    The Lawsuit in Connection with 5 Makena.**

16.    On or about September 6, 2022, Mr. Lewis and Sanna Akhtanova ("Plaintiffs") filed suit against *inter alia* Debtor and Mr. Pukini in Riverside County Superior Court ("Lawsuit").  The Lawsuit concerns Plaintiffs' alleged purchase of 5 Makena Lane.  Through their Complaint, Plaintiffs seek damages in excess of $2,900,000 and specific performance in the form of a deed conveying title to 5 Makena Lane to Plaintiffs.

17.    On October 31, 2022, Plaintiffs removed the Lawsuit to this Court as Adversary Proceeding number 8:22-ap-01093-TA.  Plaintiffs have not effectuated service of the Lawsuit.

18.    Plaintiffs claim a secured interest in a portion of the proceeds of the sale of 5 Makena Lane.  The Trustee disputes such claim and will litigate such dispute if the matter cannot be resolved.

**G.    The Status of Marketing and Sale of the Properties.**

      **1.    1, 5, and 7 Makena Lane.**

19.    The Trustee has sold 1, 5, and 7 Makena Lane pursuant to Court order.  The sales of the properties were for the sum of $2,500,000, $2,800,000 and $1,980,000, respectively.  The sale of 5 Makena Lane has closed.  1 and 7 Makena Lane sale closings are imminent.

///

///

Motion to Convert

**2.**    **2 Makena Lane.**

20.    2 Makena Lane is wrongfully occupied by Joe Colangelo and Monika Jensen, neither of whom are on title to the property.  The Trustee has made demand on both of them to turnover possession.  Joe Colangelo has utterly failed to respond to the Trustee at all.  Monika Jensen has recently contacted the Trustee's lawyers through her own lawyer and has stated she is no longer in possession of 2 Makena Lane.  The Trustee has filed an adversary proceeding for the turnover of possession of 2 Makena Lane and has also filed an Order to Show Cause against both parties for the failure to cooperate with the Trustee.  Colangelo's response to the complaint is due on March 13 while Jensen's response is due on April 13th by agreement between Jensen and the Trustee.  The Trustee has retained Brian Thompson as his broker to sell 2 Makena Lane and an application to hire him is pending with the Court.

**3.**    **4 Makena Lane.**

21.    Trustee has communicated with multiple investors and is currently working on liquidating 4 Makena Lane at a price that pays investors in full.  He has also employed Brian Thompson as the broker, subject to Court approval.

**III.**    **MEMORANDUM OF POINTS AND AUTHORITIES.**

**A.**    **The Case Should Be Converted to a Chapter 7 Case.**

**1.**    **Conversion Generally.**

Section 1112(b)(1) provides, in pertinent part, that:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause ….

11 U.S.C. § 1112(b)(1).

**2.**    **Cause Exists to Convert Debtor's Case to Chapter 7.**

Although "cause" is not specifically defined, section 1112(b)(4) provides examples of what may constitute cause, including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation …." 11 U.S.C. § 1112(b)(4)(A).

///

6

The list of factors in section 1112(b)(4) is not exhaustive, and Courts may consider other factors and use their equitable powers to reach an appropriate result. *In re Consolidated Pioneer Mortgage Entities,* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000).

The Trustee seeks the entry of an order authorizing the conversion of the Debtor's case from chapter 11 to chapter 7 for two reasons.    First, the Trustee has concluded that a financial restructuring of the Debtor's financial affairs through a chapter 11 plan of reorganization is not necessary, viable, nor in the Estate's best interests.    There is no purpose to be served in filing a disclosure statement and liquidating plan of reorganization now in light of the Estate's success in selling 1, 5 and 7 Makena Lane.  The remaining two properties will be liquidated in the course of the chapter 7 case.    Second, conversion to chapter 7 preserves estate resources to maximize distributions to unsecured creditors by alleviating the financial burden of seeking confirmation and the administrative costs associated with being in chapter 11.

## IV.    <u>CONCLUSION</u>

Based on the foregoing, the Trustee respectfully requests that the Court enter an order converting the Debtor's case to chapter 7.

DATED: March 10, 2023                    Respectfully Submitted,
                                         MALCOLM ♦ CISNEROS, A Law Corporation

                                         */s/ William G. Malcolm*
                                         WILLIAM G. MALCOLM, #129271
                                         *Attorneys for Chapter 11 Trustee, A. Cisneros*

## DECLARATION OF A. CISNEROS

I, A. Cisneros, declare:

1.     I am the duly appointed and acting Chapter 11 Trustee for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), Case No. 8:22-bk-11556-TA. In this capacity, I have personal knowledge of the facts set forth below as a result of my participation in the events in question or as a result of my review of the record, and, if called upon to testify thereto, I could and would do so competently and truthfully.

2.     Upon my appointment to this case on September 29, 2022, I have worked diligently to assess the state of affairs of the Estate and to determine the best course of action to maximize the return to the Estate for distribution to the unsecured creditors.

3.     Through the diligence of the Estate's professionals, I have sold 1, 5 and 7 Makena Lane.  The sale of 5 Makena Lane has closed and the closure of the sales of 1 and 7 Makena Lane is imminent.  I anticipate that the sales of 1, 5 and 7 Makena Lane will generate a material return to the Estate.

4.     2 and 4 Makena Lane are the two remaining properties owned by the Estate.  I have hired Brian Thompson to sell 2 Makena Lane and his employment application is pending Court approval.  Thompson is the same broker who successfully sold 1, 5 and 7 Makena Lane.

5.     I anticipate selling 2 Makena Lane after addressing Joe Colangelo's and Monika Jensen's unauthorized occupancy of it.  Neither has an ownership interest in 2 Makena Lane nor the right to possess it.  My counsel has filed an adversary proceeding for turnover of possession and has also filed an Order to Show Cause regarding Colangelo's and Jensen's failure to cooperate with the my efforts to market and sell 2 Makena Lane.  My counsel was recently contacted by counsel for Jensen who claims that Jensen no longer resides in 2 Makena Lane.  My counsel and Jensen's counsel are discussing resolution of the Estate's claims against her.  There is no reason to keep this case in chapter 11 for the purpose of litigating the turnover of or selling 2 Makena Lane.

6.     Daryl Lewis and Sanna Akhtanova have asserted a secured claim in a portion of the sale proceeds of 5 Makena Lane.  I dispute that Lewis and Akhtanova have such an interest.  I will litigate this issue if we are not able to resolve their claim.  There is no reason to keep this case in

Motion to Convert

chapter 11 for that purpose.

7.      I have communicated with multiple investors in 4 Makena Lane and am currently working on liquidating it at a price that will pay investors in full.    I have also employed Brian Thompson as the broker, subject to Court approval.

8.      I have spoken with counsel for both the Debtor and the United States Trustee's Office and neither have opposition to conversion of this case to one under chapter 7.

9.      The Debtor has no ongoing business to reorganize.  In light of the success the Estate has experienced in selling 1, 5 and 7 Makena, there is no purpose to be served in completing the construction of 4 Makena Lane.  4 Makena Lane will be sold "as is," just like 7 Makena Lane. There also is no purpose to be served in pursuing a liquidating plan of reorganization because of the expense associated with it and the likelihood that it would not produce a benefit to the Estate.  I will continue to work to sell 2 and 4 Makena Lane upon conversion, assuming I am reappointed.

10.     There is no beneficial reason to remain in chapter 11 because the administrative costs of being in chapter 11 will simply cause a diminution in the amount of proceeds available to distribute to unsecured creditors.

11.     Consequently, conversion of the Debtor's case to chapter 7 is in the best interests of creditors.

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 10th day of March, 2023, at Riverside, California.

A. Cisneros

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING CONVERSION OF CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF A. CISNEROS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 10, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF THE U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
**CHAPTER 11 TRUSTEE: Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org**

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **March 10, 2023,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive ,Suite 200, Newport Beach CA 92660**
**NOTICE: Shaw & Hanover, PC, 42-600 Cook Street, Suite 210, Palm Desert, CA 92211**
**NOTICE: Brian Thompson, Winterstone Real Estate Development, 23792 Rockfield Blvd., Ste. 101, Lake Forest CA 92630**

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **March 10, 2023** | **Diep Quach** | **/s/ Diep Quach** |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

**SECTION 1 CONT.**

NOTICE: James C Bastian    jbastian@shulmanbastian.com
NOTICE: Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
NOTICE: Michael J Hauser    michael.hauser@usdoj.gov
NOTICE: Rika Kido    rkido@shulmanbastian.com, avernon@shulmanbastian.com
NOTICE: William Malcolm    bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: Richard A Marshack    rmarshack@marshackhays.com,
lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
NOTICE: W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows    david@davidwmeadowslaw.com
NOTICE: Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
NOTICE: Lee S Raphael    ecfcca@ecf.courtdrive.com, cmartin@pralc.com
NOTICE: Timothy M Ryan    tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
NOTICE: Nathan F Smith    nathan@mclaw.org,
CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
NOTICE: Diana Torres-Brito    dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 2

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>WILLIAM G. MALCOLM, #129271<br>NATHAN F. SMITH, #264635<br>MALCOLM ♦ CISNEROS, A Law Corporation<br>2112 Business Center Drive<br>Irvine, CA 92612<br>Phone: (949) 252-9400<br>Fax: (949) 252-1032<br>Email: bill@mclaw.org; nathan@mclaw.org | FOR COURT USE ONLY |

☐ *Debtor(s) appearing without an attorney*
☒ *Attorney for:* A. Cisneros, Chapter 11 Trustee

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>STONEBRIDGE VENTURES, LLC,<br><br><br><br><br>Debtor(s). | CASE NO.: 8:22-bk-11556-TA<br>CHAPTER: 11<br><br>## NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION<br><br>### [LBR 9013-1(o)]<br><br>[No hearing unless requested in writing] |

## TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:

1. Movant(s) A. Cisneros, Chapter 11 Trustee _____,
   filed a motion or application (Motion) entitled Chapter 11 Trustee's Motion for Order Authorizing Conversion of Case To Chapter 7; Memorandum of Points and Authorities; Declaration of A. Cisneros in Support Thereof .

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☐ The full Motion is attached to this notice; or

   ☒ The full Motion was filed with the court as docket entry # 163 , and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

(1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)  Movant will lodge an order that the court may use to grant the Motion; and

(3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  03/10/2023

/s/ William G. Malcolm
Signature of Movant or attorney for Movant

William G. Malcolm
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                      Page 2                F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

| In re:<br>STONEBRIDGE VENTURES, LLC,<br><br>Debtor, | Chapter 11<br><br>Case No. 8:22-BK-11556-TA |
|---|---|

## TITLE OF MOTION

CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING CONVERSION OF CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF A. CISNEROS IN SUPPORT THEREOF

A complete copy of the MOTION may be obtained upon request by contacting the Clerk's Office at the United States Bankruptcy Court, 3420 Twelfth Street, Riverside CA 92501; or by contacting the office of the Trustee's Counsel, Malcolm & Cisneros.

## SUMMARY OF MOTION

A. Cisneros, the duly appointed and qualified chapter 11 Trustee ("Trustee") for the bankruptcy estate of Stonebridge Ventures, LLC ("Debtor"), hereby moves the Court for an order authorizing conversion of case to Chapter 7 as follows:

Debtor's bankruptcy case was commenced on September 9, 2022 with the filing of a skeletal petition under Chapter 11 of the Bankruptcy Code ("Petition"). Thereafter, the Trustee was appointed and qualified as the acting chapter 11 Trustee for Debtor's bankruptcy estate ("Estate").

On or about January 6, 2015, Debtor obtained title to the following real properties:

    a.    1 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-001 ("1 Makena");

    b.    2 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-002 ("2 Makena");

    c.    4 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-004 ("4 Makena");

    d.    5 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-005 ("5 Makena"); and

    e.    7 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-007 ("7 Makena") (1, 2, 4, 5, and 7 Makena are collectively referred to herein as the "Properties").

Trustee is informed and believes that Debtor acquired the Properties as vacant lots and was in the process of completing the construction of luxury homes on each lot.

Trustee personally inspected the Properties on two occasions and observed that only 2 Makena Lane had been completed as of the date of the filing of this case. The remaining lots were in various stages of construction.

Prior to the filing of the Petition, on or about September 1, 2022, Debtor transferred its interest in 1, 2, 4, and 7 Makena Lane ("Transfers") to AB Capital LFD, Inc. ("AB LFD").

Trustee is informed and believes that Mr. Pukini is the principal of both Debtor and AB LFD. Mr. Pukini is also the principal of AB Capital, LLC, a debtor in case number 8:22-bk-11585-TA, an involuntary Chapter 7 case filed on September 15, 2022 and Med Equity, LLC, a debtor in case number 2:21-bk-12447-ER, a Chapter 11 case filed on March 26, 2021, and subsequently converted to Chapter 7.

On September 23, 2022, Debtor and the Office of the United States Trustee ("OUST") entered into a stipulation for the appointment of a Chapter 11 Trustee based on, inter alia, the Transfers.

| In re: | Chapter 11 |
| STONEBRIDGE VENTURES, LLC, | |
| Debtor, | Case No. 8:22-BK-11556-TA |

On September 29, 2022, Trustee was appointed as the Chapter 11 Trustee of the Estate.

On September 29, 2022, Trustee attended Debtor's initial debtor interview.

Trustee is the appointed, qualified, and acting Chapter 11 Trustee for Debtor's bankruptcy estate ("Estate").

Immediately upon his appointment, Trustee commenced negotiations to address the Transfers and effectuate the transfer of legal title to 1, 2, 4, and 7 Makena back to the Estate.

Based on Trustee's negotiations with AB LFD, AB LFD quitclaimed its interest in 1, 2, 4, and 7 Makena to the Estate.  The deeds were recorded on October 25, 2022.

On October 28, 2022, Trustee filed an application to employ Malcolm ♦ Cisneros, A Law Corporation.  The application was approved on November 18, 2022.

On November 7, 2022, Trustee filed an application to employ Brian Thompson as his real estate broker for the purposes of selling 1, 5, and 7 Makena Lane.  The application was approved on November 28, 2022.  The Trustee has since sought the employment of Brian Thompson to market and sell 2 and 4 Makena Lane.

In its Schedule E/F, Debtor identified approximately $144,950 in unsecured claims. As of the filing of this Report, $4,051,471.17 in unsecured claims have been filed.

On or about September 6, 2022, Mr. Lewis and Sanna Akhtanova ("Plaintiffs") filed suit against inter alia Debtor and Mr. Pukini in Riverside County Superior Court ("Lawsuit").  The Lawsuit concerns Plaintiffs' alleged purchase of 5 Makena.  Through their Complaint, Plaintiffs seek damages in excess of $2,900,000 and specific performance in the form of a deed conveying title to 5 Makena Lane to Plaintiffs.

On October 31, 2022, Plaintiffs removed the Lawsuit to this Court as Adversary Proceeding number 8:22-ap-01093-TA.  Plaintiffs have not effectuated service of the Lawsuit.

Plaintiffs claim a secured interest in a portion of the proceeds of the sale of 5 Makena Lane.  The Trustee disputes such claim and will litigate such dispute if the matter cannot be resolved.

The Trustee has sold 1, 5, and 7 Makena Lane pursuant to Court order.  The sales of the properties were for the sum of $2,500,000, $2,800,000 and $1,980,000, respectively.

2 Makena Lane is wrongfully occupied by Joe Colangelo and Monika Jensen, neither of whom are on title to the property.  The Trustee has made demand on both of them to turnover possession.  Joe Colangelo has utterly failed to respond to the Trustee at all.  Monika Jensen has recently contacted the Trustee's lawyers through her own lawyer and has stated she is no longer in possession of 2 Makena Lane.  The Trustee has filed an adversary proceeding for the turnover of possession of 2 Makena Lane and has also filed an Order to Show Cause against both parties for the failure to cooperate with the Trustee.  Colangelo's response to the complaint is due on March 13 while Jensen's response is due on April 13th by agreement between Jensen and the Trustee.  The Trustee has retained Brian Thompson as his broker to sell 2 Makena Lane and an application to hire him is pending with the Court.

Trustee has communicated with multiple investors and is currently working on liquidating 4 Makena Lane at a price that pays investors in full.

Based on the foregoing, the Trustee respectfully requests that the Court enter an order converting the Debtor's case to chapter 7 and authorizing the Trustee to continue to employ the professionals whose employment has already been approved by the Court without further application or Court order.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 2112 Business Center Drive, Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  03/10/2023  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 OFFICE OF THE U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
 CHAPTER 11 TRUSTEE: Arturo Cisneros     arturo@mclaw.org, CACD_ECF@mclaw.org

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 03/10/2023  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

 DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive ,Suite 200, Newport Beach CA 92660
 NOTICE: Shaw & Hanover, PC, 42-600 Cook Street, Suite 210, Palm Desert, CA 92211
 NOTICE: Brian Thompson, Winterstone Real Estate Development, 23792 Rockfield Blvd., Ste. 101, Lake Forest CA 92630

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/10/2023 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**SECTION 1 CONT.**

NOTICE: James C Bastian    jbastian@shulmanbastian.com
NOTICE: Arturo Cisneros (TR)    amctrustee@mclaw.org,
acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
NOTICE: Michael J Hauser    michael.hauser@usdoj.gov
NOTICE: Rika Kido    rkido@shulmanbastian.com, avernon@shulmanbastian.com
NOTICE: William Malcolm    bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: Richard A Marshack    rmarshack@marshackhays.com,
lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
NOTICE: W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows    david@davidwmeadowslaw.com
NOTICE: Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
NOTICE: Lee S Raphael    ecfcca@ecf.courtdrive.com, cmartin@pralc.com
NOTICE: Timothy M Ryan    tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Allan D Sarver    ADS@asarverlaw.com
NOTICE: Summer M Shaw    ss@shaw.law,
shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
NOTICE: Nathan F Smith    nathan@mclaw.org,
CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
NOTICE: Diana Torres-Brito    dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com

**SECTION 2 CONT.**

AB Capital Fund B, LLC
15 Corporate Plaza Drive, Suite 200
Newport Beach, CA 92660

AB Capital, LLC
Attn: Officer, Director or Managing Agent
15 Corporate Plaza Drive, Suite 200
Newport Beach, CA 92660

Alisa Arkenberg
7933 E. Baker Drive
Scottsdale, AZ 85266

Baiocchi Family Limited Partnershi
c/o Lenders T.D. Service, Inc.
24422 Avenida De La Carlota, #280
Laguna Hills, CA 92653

Baiocchi Family, LP
600 Hudson Lane
Aptos, CA 95003

Brad Bunten
9241 Copenhaver Drive
Potomac, MD 20854

Brad Bvnten
9241 Copenhaver Drive
Potomac, MD 20854

Brentwood Finance Comany LLC
Attn: Officer, Director or Managing Agent
180 S. Spruce Avenue, Suite l55
South San Francisco, CA 94080

California Department of Tax and
Fee Administration Special Ops
MIC:55
PO Box 942879
Sacramento, CA 94279-0055

Cory Graham Sottek
640 Altamira Court
Vista, CA 92081

Darryl Lewis and Sanna Akhtanova
c/o Polis & Associates
Attn: Thomas J. Polis
19800 MacArthur Blvd., Ste. 1000
Irvine, CA 92612

Darryl Lewis and Sanna Akhtanova
301 N. Palm Canyon Drive Suite 103-395
Palm Springs, CA 92262

Employment Development Department
Bankruptcy Group MIC92E
P.O. Box 826880
Sacramento, CA 94280-0001

Forge Trust Company CFBO
Donald Suskind IRA
1160 Industrial Road
41 San Carlos, CA 94070

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Garcia Rainey Blank & Bowerbank LLP
Attorneys for Darryl Lewis & Sanna Akhta
695 Town Center Drive, Suite 540
Costa Mesa, CA 92626

Geoffrey P. Field, Trustee of the
Geoffrey P. Field Living Trust
2100 Camino Vida Roble, Suite A
Carlsbad, CA 92011

Internal Revenue Service
Centralized Insolvency Operation
PO Box t346
Philadelphia, PA 19101-7346

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

Jaclyn Maduff
2128 Duxbury Circle
Los Angeles, CA 90034

Jaclyn Maduff, Trustee of the
Jaclyn Maduff Family Trust
2128 Duxbury Circle
Los Angeles, CA 90034

Jean Himmelstein, Trustee of the
Jeannette Himmelstein Living Trust
10100 Galaxy Way, #2240
Los Angeles, CA 90067

Jeffrey McNutt
6311 Sierra Elena Roas
Irvine, CA 92603

JLoanco, Inc.
Attn: Officer, Director or Managing Agent
3780 King Ranch Road
Ukiah, CA 95482

Koonce Family Enterprise, LP
Barbara Holt, Advisor
517 E. Calle Laureles
Santa Barbara, CA 93105

Las Palmas Group Retirement Trust
Barry Nisen, Tru/tee
PO Box 90202
Santa Barbara, CA 93190

Lenders T.D. Service, Inc.
24422 Avenida De La Carlota, #280
Laguna Hills, CA 92653

Linda T. Seckler-Rufkahr,Trustee of
The Rufkahr Family Trust
31661 Haute Court
Winchester, CA 92596

Luna Construction Management, LLC
Attn: Officer, Director or Managing Agent
501 S. Olive Street
Anaheim, CA 92805

Mainstar Trust Custodian FBO
Richard W. Walker IRA
18124 Wedge Parkway, #530
Reno, NV 89511

Marc Treitler, Trustee of the
Treitler Family Trust
9950 Scripps Lake Drive, #101
San Diego, CA 92131

~~Mario Melillo~~
~~2404 Harbor Boulevard, #106~~
~~Costa Mesa, CA 92626~~
01/06/2023 - *return to sender, insufficient address,
unable to forward*

~~Mario Melillo~~
~~2404 Harbor Boulevard, 4106~~
~~Costa Mesa, CA 92626~~
01/06/2023 - *return to sender, insufficient address,
unable to forward*
*1300 Adams Ave, #28A
Costa Mesa CA 92626*

Mary Jo Blue
18124 Wedge Parkway #530
Reno, NV 89511

Noreen Kennedy, Trustee of the
Noreen Kay Kennedy Separate Prop Tr
3504 N. Sundown Lane
Oceanside CA 92056

Renewable Farms
Attn: Officer, Director or Managing Agent
2604 N. Tustin Avenue, Unit F
Santa Ana, CA 92705

Renewable Farms
c/o FCI Lender Services, Inc.
8180 E. Kaiser Boulevard
Anaheim, CA 92808

Richard W. Walker
2l4 West 9th Street
Onaga, KS 66521

Richard W. Walker
PO Box 420
Onaga, KS 66521

Richter Wright
Attn: James D. Friedman
32 Burning Tree Road
Newport Beach, CA 92660

Riverside County Tax Collector
Attn: Matt Jennings
PO Box 12005
Riverside, CA 92502-2205

Riverside County Tax Collector
Adelina Abril
4080 Lemon St, 4th Floor
Riverside CA 92501

Riverside County Tax Collector
Matt Jennings Treasurer-Tax Collect
4080 Lemon Street, 1st Floor
Riverside, CA 92501

State of California
Franchise Tax Board Bankruptcy Section MS
A340 PO Box 2952
Sacramento, CA 95812-2952

Summer Shaw, Esq.
SHAW & HANOVER, PC
42-600 Cook Street, Suite 2l0
Palm Desert, CA 92211

The Burrill Trust
156 Wadsworth Avenue
Santa Monica, CA 90405

Treitler Family Trust
c/o Marc Treitler Trustee
Marc Treitler
9950 Scrippslake Drive #101
San Diego CA 92131

Zinda T. Seckler-Rufkahrr
Trustee of The Rufkahr Family Trust
31661 Haute Court
Winchester, CA 92596

Joel Levine
PO Box 389
Calpella CA 95418