1   WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
2   MALCOLM ♦ CISNEROS, A Law Corporation
3   2112 Business Center Drive
Irvine, CA 92612
4   Phone: (949) 252-9400
Fax: (949) 252-1032
5   Email: nathan@mclaw.org

6

7   *Attorneys for Chapter 7 Trustee, A. Cisneros*

8           **UNITED STATES BANKRUPTCY COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10           **SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 8:22-bk-11556-TA |
| STONEBRIDGE VENTURES, LLC, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER IS A "GOOD FAITH PURCHASER" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS, BRIAN THOMPSON, DONALD T. FIFE, AND JOEY ARSANTO IN SUPPORT HEREOF** |
| | **[2 Makena Lane, Rancho Mirage, California 92270 – Assessor's Parcel Number 682-031-002]** |
| | Hearing:<br>Date: July 11, 2023<br>Time: 11:00 a.m.<br>Place: Via Zoom Teleconference |

Motion to Sell

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:**

A. Cisneros, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), hereby moves the Court for an Order: (1) Authorizing the Sale of the Property Commonly Known as 2 Makena Lane, Rancho Mirage, California 92270 [APN: 682-031-002] ("Property") Free And Clear of Liens and Interests Pursuant To 11 U.S.C. § 363(f)[1]; (2) Approving Overbid Procedures; (3) Approving Broker Compensation; (4) Authorizing Distribution of Sale Proceeds; (5) Determining that the Proposed buyer is a "Good faith purchaser" Under § 363(m); and (6) Waiving the 14-day stay of Federal Rule of Bankruptcy Procedure ("FRBP") 6004(h) ("Motion").  In support hereof, Trustee submits the following:

## I.    INTRODUCTION.

Prior to the filing of its petition, Debtor transferred 4 of its 5 properties located in a luxury development in Rancho Mirage to an insider entity.  Upon Trustee's appointment, he immediately negotiated a transfer of the properties back to the Estate; thereby obviating the need for an adversary proceeding.  Thereafter, Trustee has diligently pursued an orderly and expedient liquidation of the Properties, three of which have already been sold and resulted in funds on hand of approximately $1.2 million (subject to some partial disputed interest).  Trustee also moved to convert the case from Chapter 11 to Chapter 7; a significant cost saving measure for the Estate.

Unlike the previously liquidated properties, 2 Makena Lane was occupied.  Therefore, in order to obtain the highest possible sale price, Trustee commenced an adversary proceeding against the occupants and sought entry of an order to show cause why they should not be sanctioned for refusing to vacate the property.  Based on those efforts, the property was vacated, turned over to the Trustee, and is under contract for $3,160,000, a price that will net over $550,000 for the Estate and more if there are overbidders.

///

---

[1] Unless otherwise indicated, all statutory references herein pertain to Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure.

Motion to Sell

In Trustee's business judgment, the Property has a fair market value of approximately $3,160,000.  The sale of the Property to Roll Sparrow, LLC ("Buyer") is in the best interest of creditors and the Estate.  Predicated on the granting of the Motion, and if no overbids are received, the Estate will receive net proceeds of approximately $546,377.45, and perhaps slightly more, after payment of costs of sale, two liens of record against the Property, and delinquent real property taxes.

## II.    BACKGROUND.

### A.    The Filing of the Petition and Pre-Petition Transfers.

1.    This case was commenced on September 9, 2022 with the filing of a skeletal petition under Chapter 11 of the Bankruptcy Code ("Petition").   *See* DE 1.

2.    On or about January 6, 2015, Debtor obtained title to the Property.

3.    Prior to the filing of the Petition, on or about September 1, 2022, Debtor transferred its interest in the Property and 1, 4, and 7 Makena ("Transfers") to AB Capital LFD, Inc. ("AB LFD").  *See* DE 13.

### B.    The Appointment of Trustee as Chapter 11 Trustee.

4.    On September 23, 2022, Debtor and the Office of the United States Trustee ("OUST") entered into a stipulation to the appointment of a Chapter 11 Trustee based on *inter alia* the Transfers.  *See* DE 13.

5.    On September 29, 2022, Trustee was appointed as the Chapter 11 Trustee of the Estate.  *See* DE 19.

### C.    Trustee's Negotiations to Address the Transfers and the Conveyances to the Estate.

6.    Immediately upon his appointment, Trustee commenced negotiations to address the Transfers and effectuate the transfer of legal title to the Property and 1, 4, and 7 Makena back to the Estate.

7.    Based on Trustee's negotiations with AB LFD, AB LFD quitclaimed its interest in the Property and 1, 4, and 7 Makena to the Estate.  The deeds were recorded on October 25, 2022.

### D.    The Property and the Alleged Liens Against It According to Debtor.

8.    On September 23, 2022, Debtor filed its Schedules but did not identify the Property in

Schedule A. *See* DE 15.

9. In its Amended Schedule D, Debtor identified the following liens against the Property:

    a. Brentwood Finance Company, LLC ("Brentwood") in the amount of $1,850,000.

    b. Renewable Farms ("Renewable") in the amount of $250,000.

*See* DE 34.

**E.**    **The Motions to Sell and Sales of 5 Makena, 7 Makena, and 1 Makena.**

10. On December 21, 2022, Trustee filed a motion to sell 5 Makena. The motion was granted on February 7, 2022. *See* DE 81 and 132, respectively.

11. On January 11, 2023, Trustee filed a motion to sell 7 Makena. The motion was granted on February 10, 2023. *See* DE 99 and 137, respectively.

12. On January 30, 2023, Trustee filed a motion to sell 1 Makena. The motion was granted on March 3, 2023. *See* DE 119 and 152, respectively.

13. Trustee has since closed the sales of 5 Makena, 7 Makena, and 1 Makena. *See* DE 162, 189, and 200, respectively.

**F.**    **Trustee's Employment of a Real Estate Broker to Market and Sell the Property.**

14. On February 15, 2023, Trustee filed an application to employ Brian Thompson ("Broker") as his real estate broker for the purposes of selling the Property. The application provided for a reduced commission of 5%, or 4% if Broker represented both parties in the transaction. The application was approved on March 16, 2023. *See* DE 139 and 176, respectively.

**G.**    **Conversion of the Case to Chapter 7, the Appointment of Trustee, and the Continued Employment of Broker.**

15. On March 10, 2023, Trustee filed a motion to convert the case to Chapter 7, which was granted on April 3, 2023. *See* DE 163 and 191.

16. On April 3, 2023, Trustee was appointed as the Chapter 7 Trustee of Debtor's Estate, a capacity in which he continues to serve. *See* DE 193.

Motion to Sell

17.     On May 26, 2023, the Court entered an order authorizing the continued employment of Broker on the same terms as previously approved on March 16, 2023.  *See* DE 209.

### H.      The Unsecured Claims Against the Estate.

18.     In its Schedule E/F, Debtor identified approximately $144,950 in unsecured claims. As of the filing of this Motion, $4,602,893.66 in unsecured claims have been filed.  *See* Claims Register No. 1-1 through 9-1.

### I.      The Occupation of the Property by Monika Jensen and Joe Colangelo and Trustee's Efforts to Obtain Possession.

19.     After extensive efforts attempting to seek turnover of 2 Makena, the Firm filed an adversary proceeding on February 9, 2023, against Joe Colangelo ("Colangelo") and Monika Jensen ("Jensen") for turnover and unjust enrichment in connection with their occupancy of 2 Makena.  *See* United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-ap-01013-TA ("Adversary Proceeding").  *See* Adversary Proceeding Docket Entry "1."

20.     Both defendants have filed answers to the Adversary Proceeding.

21.     On March 3, 2023, Trustee filed a motion for an order requiring Colangelo and Jensen to appear and show cause why they should not be sanctioned for their refusal to turnover 2 Makena to Trustee ("OSC").  *See* DE 153.

22.     On March 15, 2023, the Court entered the OSC, hearings on it were held on March 29, 2023, May 2, 2023, and May 9, 2023.  *See* DE 173, 201, and 205.

23.     On April 19, 2023, Trustee and Broker were present at the Property to supervise the removal of Jensen's personal property from the Property.  Jensen had previously vacated the Property but left personal property behind.

24.     On May 12, 2023, the Court entered an order requiring Joe Colangelo to vacate, and remove all of his personal property from, the Property by noon on May 12, 2023, or he would be sanctioned in the amount of $1,000 per day until he vacated the Property.  *See* DE 207.

25.     Joe Colangelo removed the last of his personal property from the Property on May 13, 2023.  Thereafter, Trustee secured the Property.

///

Motion to Sell

**J.    <u>The Marketing of the Property, Initial Offer, and Accepted Counteroffer.</u>**

26.    Trustee's Broker listed the Property on the Multiple Listing Services (MLS) on February 18, 2023 and showed the Property to interested parties prior to listing it.

27.    On May 1, 2023, Trustee received an offer of $3,050,000 from the DRB Living Trust, which was subsequently increased to $3,150,000.

28.    Contemporaneously with receipt of the $3,150,000 offer, Trustee received Buyer's all-cash offer of $3,160,000 on May 15, 2023, which was accepted subject to a Counteroffer on May 19, 2023.  Since the Estate's Broker will represent both sides of this transaction, the commission will be reduced to only 4% pursuant to the Trustee's negotiated employment terms.  True and correct copies of the Residential Purchase Agreement and Counter-Offer ("Purchase Agreement") are attached to Declaration of A. Cisneros, filed concurrently herewith ("Trustee Declaration") as Exhibit "1."

**III.    <u>THE OFFER TO PURCHASE.</u>**

29.    In summary, the Purchase Agreement provides as follows:

a.    <u>Purchase Price</u>:  Buyer has agreed to pay $3,160,000 for the Property.

b.    <u>Closing of Sale</u>:  The sale shall close as quickly as possible, but not later than 30 days after entry of a Bankruptcy Court order approving the sale.

c.    <u>"As Is" and "Where-As"</u>:  The Property is being sold, "as-is – where-as," with no contingencies; thus, Trustee is not making any representations, warranties, either express or implied, as to the Property's condition, uses (prior, present, or future), or otherwise.

d.    <u>Transfer of the Property:</u> Trustee will convey title to Buyer via a Trustee's Quitclaim Deed.

e.    <u>Acknowledgement of Trustee's Capacity</u>:  Buyer is expressly aware and fully informed that Trustee is selling the Property exclusively in his capacity as Chapter 7 Trustee of the Estate.  No personal liability for costs, fees or other charges on Trustee's part is intended, and any liability is strictly the liability of the Estate.

f.    <u>Approval of the Bankruptcy Court</u>:  Buyer is aware that the sale is expressly conditioned on approval by the Court and subject to overbid.

Motion to Sell

      g.   <u>Bankruptcy Jurisdiction</u>: Trustee is selling the Property in his capacity as Chapter 7 Trustee of the Estate. As such, resolution of any and all disputes between Trustee and Buyer (or any over-bidders) shall be resolved by the Bankruptcy Court.

30. Trustee shall approve, in writing, all disbursements of sale proceeds. Escrow shall not be authorized to disburse any funds without Trustee's prior written approval.

31. If Trustee is unable to close escrow because of unknown title defects, because the liens and encumbrances exceed the amount known to Trustee, by being divested of title by the Court, or because the tax consequences of the sale are excessive, Buyer's sole damages shall be limited to a refund of its deposit less escrow and bond charges.

## IV.   <u>SALE FREE AND CLEAR OF LIENS AND INTERESTS.</u>

32. According to a Preliminary Title Report obtained by Trustee, the Property is encumbered by the following liens:

      a.   $36,399.60 in real property taxes owed to Riverside County;

      b.   A first priority deed of trust in favor of Brentwood Finance Company, LLC ("Brentwood") in the original, principal amount of $1,850,000; and

      c.   A second priority deed of trust in favor of Renewable Farms ("Renewable") in the original, principal amount of $250,000.

A true and correct copy of the Preliminary Title Report is attached to Trustee Declaration as Exhibit "2."

33. Trustee seeks authority to sell the Property "free and clear of any interest in such property of an entity..." § 363(f) allows such a sale if any of the five following conditions are met:

"(1)   applicable non bankruptcy law permits sale of such property free and clear of such interest;
(2)   such entity consents;
(3)   such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4)   such interest is in bona fide dispute; or
(5)   such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

11 U.S.C. § 363(f).

Section 363(f) is written in the disjunctive, such that satisfaction of any one of the five

Motion to Sell

conditions is sufficient to allow Trustee to sell property of the estate free and Clear of Liens and Interests. *In re Gerwer,* 898 F.2d 730 (9th Cir. 1990).

34.    Trustee's sale of the Property satisfies § 363(f)(3) because the Property is being sold for $3,160,000, which exceeds the amount owed to Riverside County, Brentwood, and Renewable.

35.    To the extent that any additional liens are discovered, Trustee proposes that the sale be approved free and clear of said liens pursuant to § 363(f), with same to attach to the proceeds of sale in the same order of priority, extent, and validity.

**V.    THE PROPOSED SALE IS FOR FAIR MARKET VALUE.**

36.    The Property was listed on the Multiple Listing Service ("MLS") as well as several other real estate websites and was actively marketed by the Broker for $3,300,000.  The Broker's marketing efforts resulted in the receipt of Buyer's offer of $3,160,000.

37.    As further evidence that the Property is being sold for fair market value, it continues to be marketed for overbids and will be marketed up to the time of the hearing on this Motion.

**VI.    THE REQUESTED OVERBID PROCEDURES SHOULD BE APPROVED.**

38.    In order to obtain the highest and best offer for the benefit of creditors of the Estate, Trustee proposes that the following overbid procedures be approved.  Notice is being provided of the opportunity for overbidding to all interested parties in this matter.

a)    Only Qualified Bidders may submit an overbid.  A "Qualified Bidder" is one who provides a financial statement, credit report, and such business and banking references as are required in Trustee's reasonable discretion, sufficient to assure Trustee of the bidder's ability (based on availability of financing, experience or other conditions) to consummate the purchase of the Property, and one who can consummate the purchase of the Property on the same terms and conditions, other than price, as those proposed in the Offer.

b)    Each bid must be received by Trustee and his counsel no later than 2 business days prior to the hearing.

c)    The initial overbid must exceed the Offer by a minimum of $20,000.  Therefore, the first overbid must be at least $3,180,000 plus 1% of the bid

Motion to Sell

amount if two brokers are involved in the transaction.  Each subsequent bid must then be in increments of at least $10,000 plus 1% of the bid amount if two brokers are involved in the transaction.

**The additional 1% of the bid amount in the event that two brokers are involved in the transaction is necessary to compensate the Estate for the increase in commission from 4% to 5%, but will not be required if an overbidder's broker agrees to split a commission of 4% with Trustee's Broker.**

d)    Each bid must be non-contingent, and on the same terms and conditions, other than price, as those proposed in the Purchase Agreement.

e)    Each bidder must match all terms and conditions of the Offer.  Thus, an "earnest money" deposit of at least $94,800 must be made.  Said deposit must be received by Trustee at 3403 10th Street, Suite 714, Riverside, California 92501 by no later than 2 business days prior to the hearing date.  Said deposit must be in the form of a cashier's check or certified check.

f)    Should a bidder fail to qualify for financing or timely close escrow, the $94,800 deposit is non-refundable.  However, in the event that an overbidder becomes the successful purchaser, Buyer's deposit will be returned to Buyer.

g)    In the event there are no overbids received by Trustee, Buyer shall, subject to Court approval, be deemed the successful bidder, and the Estate's right, title and interest in the Property shall be sold to Buyer for the sum of $3,160,000, as-is, where-as, without representations or warranties.

39.    The foregoing procedures will provide for an orderly completion of the sale of the Property by permitting all bidders to compete on similar terms, and will allow interested parties and the Court to compare competing bids in order to realize the highest benefit for the Estate.

///

///

///

Motion to Sell

**VII.   THE COURT HAS AUTHORITY TO APPROVE THE OVERBID PROCEDURES.**

40.     Implementation of the bidding procedures is an action outside the ordinary course of business. A trustee "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." § 363(b)(1). Furthermore, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." § 105(a). Thus, pursuant to §§ 363(b)(1) and 105(a), this Court may authorize the implementation of overbidding procedures.

41.     The Ninth Circuit has recognized the power of a Bankruptcy Court to issue orders determining the terms and conditions for overbids with respect to a sale of estate assets. *In re Crown Corporation*, 679 F.2d 774 (9th Cir. 1982). The *Crown Corporation* Court entered an order specifying the minimum consideration required for an overbid as well as the particular contractual terms required to be offered by overbidders. *Id* at 777. The *Crown Corporation* decision also approves of an order requiring and setting the amount of potential overbidders' deposits and authorized courts to determine the disposition of such deposits. *Id*. While the discussion is not extensive, the *Crown Corporation* decision recognizes the inherent authority of Bankruptcy Courts to order the implementation of bidding procedures such as those proposed in the present case.

**A.     The Proposed Procedures are Untainted by Self-Dealing.**

42.     The proposed overbid procedures have been presented in good faith and have been negotiated on an "arm's-length" basis. Therefore, the dealings between Trustee and the Proposed buyer (or any successful Buyer) are not tainted.

**B.     The Proposed Procedures Encourage Bidding and are Fair in Amount.**

43.     The overbid procedures are designed to encourage, not hamper, bidding and are reasonable under the circumstances. This Motion is intended to provide potential overbidders with adequate information to make an informed decision as to the amount of their bid.

**C.     The Proposed Bidding Procedures are Fair, Reasonable and Serve the Best Interests of the Estate.**

44.     The proposed bidding procedures serve the Estate in several ways. First, the

Motion to Sell

procedures themselves are fair, reasonable, and productive.  They will permit Trustee to conduct an orderly sale of the Property and obtain the best possible price on the best possible terms. Second, the bidding procedures are a necessary component of Trustee's sale of the Property.  The bidding procedures will ensure that all bids will be comparable. If competing bids are received, Trustee will determine which bid is the highest and best for the Estate. The comparability requirement of the bidding procedures will make it possible to accomplish this task.

45.    The bidding procedures will help Trustee to obtain the highest and best price for the Property. The procedures institute minimum overbid increments that Trustee believes are reasonable. Thus, if competing bids are received, Trustee will be able to obtain substantial benefit for this Estate from the sale of the Property. The bidding procedures require potential bidders to deposit certified funds prior to the hearing. It would be a serious loss to the Estate if Trustee surrendered the opportunity to sell the Property to the Proposed buyer in favor of a competing bidder, only to later discover that the bidder is incapable of consummating the transaction. Thus, requiring bidders to make a substantial deposit will protect the Estate from such a loss.

**VIII.    THE BROKER'S COMPENSATION SHOULD BE APPROVED.**

46.    On March 16, 2023, Trustee was authorized to employ Broker.  On May 26, 2023, the Court authorized Trustee's continued employment of Broker on the same terms approved by the Court on March 16, 2023.

47.    Trustee and Broker have agreed that Broker will be compensated at a reduced commission of 5% of the purchase price or overbid, as negotiated by Trustee or 4% if Broker represented both Trustee and Buyer in the transaction, as Broker does in connection with Buyer.

48.    Due to the facts of this case, Trustee has determined that the commission of 5%, or 4% if Broker represents both Trustee and Buyer in the transaction, is reasonable and appropriate.

///

///

///

///

///

Motion to Sell

## IX.  THE PROPOSED SALE SUBSTANTIALLY BENEFITS THE ESTATE.

49.  The sale of the Property will benefit the estate as follows:

| Estimated Equity Analysis | |
|---|---:|
| Offer Received | $3,160,000 |
| Property Taxes – Riverside County | Estimated ($36,399.60) |
| First Priority Deed of Trust – Brentwood | Estimated ($2,120,122.95) |
| Second Priority Deed of Trust - Renewable | Estimated ($267,500) |
| Broker Commissions (4%) | ($126,400) |
| Estimated Costs of Sale (2%) | ($63,200) |
| **Net Proceeds the Estate** | **$546,377.45** |

## X.  TAX CONSEQUENCES OF THE SALE.

50.  Based on the review of Trustee's accountant, Donald T. Fife, CPA, the only potential tax consequence to the Estate from Trustee's sale of the Property is the California Gross Receipts Tax of $6,000.  *See* Declaration of Donald T. Fife, filed concurrently herewith.

## XI.  PROPOSED DISTRIBUTION OF SALE PROCEEDS.

51.  Trustee seeks authority for distribution of sale proceeds as follows:

a)  For normal/customary escrow and closing costs;

b)  Estimated $36,399.60 to Riverside County;

c)  Estimated $2,120,122.95 to Brentwood;[2]

d)  Estimated $267,500 to Renewable;

e)  $126,400 to Broker; and

f)  Estimated closing costs of approximately $63,200.

## XII.  DETERMINATION OF GOOD FAITH PURCHASER.

52.  Trustee further seeks an Order determining that Buyer is a "good faith purchaser" under § 363(m), such that any appeal of the Order granting this Motion, even if successful, will not affect the validity of the sale unless a stay pending appeal is obtained.

53.  Buyer participated in the negotiation of the Purchase Agreement.  Buyer is not an

---

[2] Although Brentwood previously submitted a payoff demand in excess of $2,280,000 to Trustee, Trustee's counsel successfully negotiated a reduction of approximately $160,000 with Brentwood's counsel.

Motion to Sell

"insider" under § 101(31), in that neither Buyer nor its representative is a relative or general partner of Debtor, nor is Debtor a partner, director, officer, or person in control of Buyer.

54.     There is no relationship between Trustee and Buyer, except that Broker represents both Trustee and Buyer in this transaction and Buyer also purchased 5 Makena from the Estate. Thus, the proposed sale is an arms-length transaction and is in good faith. *See* Buyer's Declarations filed herewith.

## XIII.   WAIVER OF THE STAY IS APPROPRIATE.

55.     The waiver of the stay imposed by FRBP 6004(h) is appropriate.   Time is of the essence because Buyer is able to close within 30 days of entry of the order approving this Motion. Accordingly, Trustee requests that the Court waive the stay of FRBP 6004(h).

**WHEREFORE,** Trustee requests that the Court enter an order:

a)     Authorizing the sale of the Property to Buyer pursuant to §§ 363(b) and (f);

b)     Approving the overbid procedures;

c)     Approving the Broker's compensation;

d)     Authorizing the distributions as proposed herein;

e)     Determining that Buyer, or any overbidders, are "Good faith purchaser" under § 363(m);

f)     Waiving the 14-day stay of FRBP 6004(h);

g)     Authorizing Trustee to sign any and all documents necessary, and to undertake any non-material amendments and modifications necessary, to complete the sale to the highest, qualified bidder without further notice, hearing, or Court order; and

h)     For such other and further orders as the Court deems just and proper.

DATED: June _13_, 2023                Respectfully Submitted,
                                      MALCOLM ♦ CISNEROS, A Law Corporation


                                       */s/ Nathan F. Smith*
                                      NATHAN F. SMITH, #264635
                                      *Attorneys for Chapter 7 Trustee, A. Cisneros*

## DECLARATION OF A. CISNEROS

I, A. Cisneros, declare as follows:

1.    I am the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), Case No. 8:22-bk-11556-TA.

2.    In this capacity, I have personal knowledge of the facts stated herein or believe them to be true based upon information and belief, and, if called upon to testify thereto, I could and would do so competently and truthfully.

3.    I make this declaration in support of the Motion for Order (1) Authorizing Trustee to Sell Real Property Free and Clear of Liens and Interests Pursuant to § 363(f); (2) Approving Overbid Procedures; (3) Approving Broker Compensation; (4) Authorizing Distribution of Sale Proceeds; (5) Determining that the Proposed buyer is a "good faith purchaser" Under § 363(m); and (6) Waiving the 14-Day Stay of FRBP 6004(h) ("Motion").  Unless otherwise noted, capitalized terms in this Declaration have the meaning set forth in the Motion.  I have read and I am aware of the contents of the Motion and the accompanying Memorandum of Points and Authorities.  The facts stated in the Motion and the Memorandum of Points and Authorities are true and correct to the best of my knowledge.

4.    The Estate includes the real property commonly known as 2 Makena Lane, Rancho Mirage, California 92270 [APN: 682-031-002] ("Property").

5.    Subject to Court approval and overbids, I have accepted an all-cash offer from Roll Sparrow, LLC ("Buyer") to purchase the Property for $3,160,000.  A true and correct copy of the Residential Purchase Agreement and Counter-Offer ("Purchase Agreement") is attached hereto as Exhibit "1" and incorporated herein by reference.

6.    The sale is in the best interests of creditors and the Estate and should be approved. Assuming the Court approves the Motion and no overbids are received, the Estate will receive approximately $546,377.45 from the sale for the benefit of creditors of the Estate following payment of costs of sale, including Broker commission, real property taxes, and liens against the Property.

7.    Buyer has tendered a $94,800 deposit to the escrow agent handling the sale of the Property in the form of a cashier's check.

Motion to Sell

8. In summary, the Purchase Agreement provides as follows:

 a. <u>Purchase Price</u>:  Buyer has agreed to pay $3,160,000 for the Property.

 b. <u>Closing of Sale</u>:  The sale shall close as quickly as possible, but not later than 30 days after Bankruptcy Court approval of the sale.

 c. <u>"As Is" and "Where As"</u>:  The Property is being sold, "as-is – where-as," thus Trustee is not making any representations, warranties, either express or implied, as to the Property's condition, uses (prior, present or future), or otherwise.

 d. <u>Transfer of the Property:</u> I will convey title to Buyer via a Trustee's Quitclaim Deed.

 e. <u>Acknowledgement of Trustee's Capacity</u>:  Buyer is expressly aware and fully informed that I am selling the Property exclusively in my capacity as Chapter 7 Trustee of the Estate.  No personal liability for costs, fees or other charges on my part is intended, and any liability is strictly the liability of the Estate.

 f. <u>Approval of the Bankruptcy Court</u>:  Buyer is a aware that the sale is expressly conditioned on approval by the Court and subject to overbid.

 g. <u>Bankruptcy Jurisdiction</u>:  I am selling the Property in my capacity as Chapter 7 of the Estate.  As such, resolution of any and all disputes between Buyer and me (or any over-bidder) shall be resolved by the Court.

9. I shall approve in writing all disbursements to be made on the sale of the Property. Escrow shall not be authorized to disburse any funds to anyone without my prior written approval.

10. If I am unable to close escrow because of unknown title defects, because the liens and encumbrances exceed the amount known to me, by being divested of title by the Court, or because the tax consequences of the sale are excessive, Buyer's sole damages shall be limited to a refund of its deposit less escrow and bond charges.

11. In my business judgment the sale of the Property should be approved.

12. Pursuant to the Preliminary Title Report, the Property is encumbered by the following liens:

Motion to Sell

a.    $36,399.60 in real property taxes owed to Riverside County;

b.    A first priority deed of trust in favor of Brentwood Finance Company, LLC ("Brentwood") in the original, principal amount of $1,850,000; and

c.    A second priority deed of trust in favor of Renewable Farms ("Renewable") in the original, principal amount of $250,000.

A true and correct copy of a Preliminary Title Report for the Property is attached hereto as Exhibit "2."

13.    I do not believe the Property is subject to any further liens or encumbrances. However, in an abundance of caution and to provide assurances to Buyer, I seek authority to sell the Property "free and clear of any interest in such property of an entity..."

14.    Fair market value for the Property is being realized.  The Property was listed in February, 2023 for $3,300,000, and I have received an offer of $3,050,000, which was subsequently increased to $3,150,000, and Buyer's all-cash offer of $3,160,000 (at a 1% reduced commission).  I also received an offer of $2,600,000, which was rejected.  Additionally, the Property will continue to be marketed pending an order on the Motion to Sell and Buyer's offer is subject to overbid.

15.    In preparing to market the Property for sale, the Property was placed on the Multiple Listing Service ("MLS") as well as multiple other real estate websites.  The marketing efforts resulted in the receipt of Buyer's offer, which I accepted (subject to overbid and court approval).

16.    In order to obtain the highest and best offer for the benefit of creditors of the Estate, I propose that the foregoing Offer be approved along with the proposed overbid procedures.  Notice is being provided of the opportunity for overbidding to all interested parties in this matter.

17.    The proposed overbid procedures as set forth in the foregoing Motion will provide for an orderly completion of the sale of the Property by permitting all bidders to compete on similar terms, and will allow interested parties and the Court to compare competing bids in order to realize the highest benefit for the estate.

18.    I negotiated an agreement with the Broker, whereby compensation to Broker will be 4%, because Broker represents both Buyer and me in this transaction.  In the event that an additional broker is involved in connection with an overbid, brokers' compensation shall be 5% and the overbid

Motion to Sell

must include an additional 1% of the bid amount in excess of each overbid.

19.     Due to the facts of this case, I have determined that the proposed commission is reasonable and appropriate, and I am requesting authorization to pay such commission.

20.     I am further seeking an Order determining that Buyer is a "Good faith purchaser" under § 363(m), such that any appeal of the Order granting this Motion, even if successful, will not affect the validity of the sale unless a stay pending appeal is obtained.

21.     Buyer participated in the negotiation of the Purchase Agreement.  I am informed and believe that Buyer is not an "insider" as defined in § 101(31), in that Buyer is neither a relative nor a general partner of Debtor, nor is Debtor its partner, director, officer, or person in control of Buyer.

22.     Although Broker represents both Buyer and me in this transaction and also purchased 5 Makena, there is no relationship between Buyer and me and they are non-"insiders."  Thus, the proposed sale is an arms-length transaction negotiated in good faith between the parties.

23.     The sale of the Property would benefit the estate as follows:

| Estimated Equity Analysis | |
| --- | --- |
| Offer Received | $3,160,000 |
| Property Taxes – Riverside County | Estimated ($36,399.60) |
| First Priority Deed of Trust – Brentwood | Estimated ($2,120,122.95) |
| Second Priority Deed of Trust - Renewable | Estimated ($267,500) |
| Broker Commissions (4%) | ($126,400) |
| Estimated Costs of Sale (2%) | ($63,200) |
| **Net Proceeds the Estate** | **$546,377.45** |

24.     My counsel successfully negotiated a reduction of Brentwood's payoff demand by approximately $160,000.

25.     My accountant, Donald T. Fife, CPA, has determined that the only potential tax consequence to the Estate from Trustee's sale of the Property is the California Gross Receipts Tax of $6,000.  *See* Declaration of Donald T. Fife, filed concurrently herewith.

26.     With respect to the waiver of the stay imposed by FRBP 6004(h), time is of the essence because Buyer is able to close within 30 days of entry of the order approving this Motion and Renewable has commenced a non-judicial foreclosure of his second priority deed of trust, which is currently stayed by § 362(a).  Accordingly, I am requesting that the Court waive the stay imposed by FRBP 6004(h).

Motion to Sell

1    I declare under penalty of perjury according to the laws of the United States that the

2    foregoing is true and correct and that this declaration was executed on the __9th__ day of June, 2023, at

3    Riverside, California.

4    _____

5    A. Cisneros

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Sell

## DECLARATION OF BRIAN THOMPSON

I, Brian Thompson, declare as follows:

1.      I am a real estate agent employed by Winterstone Real Estate and Development, the real estate broker for A. Cisneros, the Chapter 7 Trustee for the bankruptcy estate of Stonebridge Ventures, LLC ("Debtor"), Case No. 8:22-bk-11556-TA.   In this capacity, I have personal knowledge of the facts stated herein, and, if called upon to testify thereto, I could and would do so competently and truthfully.

2.      I listed the property commonly known as 2 Makena Lane, Rancho Mirage, California 92270 [APN: 682-031-002] ("Property") for $3,300,000, on February 18, 2023 and showed the Property to interested parties prior to listing it.

3.      On February 27, 2023, I received an offer of $2,600,000 from PDVL Investments LP.

4.      On May 1, 2023, I received an offer of $3,050,000 from the DRB Living Trust, which was subsequently increased to $3,150,000.

5.      Contemporaneously with receipt of the $3,150,000 offer, I received Roll Sparrow, LLC's ("Buyer") all-cash offer of $3,160,000 on May 15, 2023, which was accepted subject to a Counteroffer on May 19, 2023.

6.      As of the date of this declaration, I have not received any other offers to purchase the Property but have received numerous inquiries expressing interest in the Property.

7.      The Property was listed on the MLS as well as websites, including but not limited to Zillow.com, Redfin.com, and Truila.com.

8.      Since the property was vacated a supra lockbox was added which has resulted in numerous interested groups touring the home.  Any and all interested parties have been able to view the property at their convenience.

9.      I represent both Trustee and Buyer in this transaction.

10.     I have continued to market the Property since receipt of Buyer's offer and will continue to market the Property pending a ruling on Trustee's Motion to Sell the Property.  My marketing efforts will include continued showings to interested parties, communications via email and phone with interested parties, and continuing marketing efforts to attract interest in the Property

Motion to Sell

1 | and overbids.

2 | ///

3 |      I declare under penalty of perjury according to the laws of the United States that the

4 | foregoing is true and correct and that this declaration was executed on the 12 day of June, 2023, at

5 | Lake Forest , California.

6 |

7 | _____
Brian Thompson

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Motion to Sell

## DECLARATION OF DONALD T. FIFE

I, Donald T. Fife, declare as follows:

1.      I am a duly-licensed certified public accountant in the State of California and a partner in the accounting firm of Hahn Fife & Company, LLP ("Hahn Fife").

2.      A. Cisneros, trustee of the bankruptcy estate of Stonebridge Ventures, LLC ("Trustee"), has engaged Hahn Fife as his accountants in this case.

3.      I have personal knowledge of the facts set forth in this Declaration, and, if called upon to testify thereto, I could and would do so competently and truthfully.

4.      Debtor is a limited liability company, organized under the laws of the State of California.

5.      In California, income or losses from the sale of real property owned by a limited liability company flow through to the members of the limited liability company.

6.      Trustee's sale of Debtor's real property, which is commonly known as 2 Makena Lane, Rancho Mirage, California 92270 ("Property"), will not result in any income tax or capital gains tax to Debtor.  However, Debtor may be subject to the California Gross Receipts tax, which is approximately $6,000.

7.      There will be no other negative tax consequences to Debtor from the sale of the Property by Trustee.

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 12 th day of June, 2023, at Pasadena, California.

Donald T. Fife, Hahn Fife & Co., LLP

Motion to Sell

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER IS A "GOOD FAITH PURCHASER" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS,   BRIAN THOMPSON, DONALD T. FIFE, AND JOEY ARSANTO IN SUPPORT HEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 13, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF U.S. TRUSTEE: United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov**
**CHAPTER 11 TRUSTEE: Arturo Cisneros (TR)      amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com**

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **June 13, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive, Suite 200, Newport Beach, CA 92660**

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 13, 2023 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**SECTION 1 CONT.**

NOTICE: James C Bastian    jbastian@shulmanbastian.com
NOTICE: Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Nicholas W Gebelt    ngebelt@goodbye2debt.com
NOTICE: Michael J Hauser    michael.hauser@usdoj.gov
NOTICE: Christopher Hewitt    hewittesq@yahoo.com
NOTICE: Rika Kido    rkido@shulmanbastian.com, avernon@shulmanbastian.com
NOTICE: William Malcolm    bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: Richard A Marshack    rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;
rmarshack@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
NOTICE: W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows    david@davidwmeadowslaw.com
NOTICE: Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
NOTICE: Lee S Raphael    ecfcca@ecf.courtdrive.com, cmartin@pralc.com
NOTICE: Timothy M Ryan    tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Allan D Sarver    ADS@asarverlaw.com
NOTICE: Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com; shawsr91811@notify.bestcase.com
NOTICE: Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com;
cvalenzuela@mclaw.org
NOTICE: Diana Torres-Brito    dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com

**SECTION 2 CONT.**

NOTICE: Shaw & Hanover, PC, 42-600 Cook Street, Suite 210, Palm Desert, CA 92211
NOTICE: Brian Thompson, Winterstone Real Estate Development, 23792 Rockfield Blvd., Ste. 101
Lake Forest, CA 92630
NOTICE: Brentwood Finance Company LLC, 180 S. Spruce Avenue, Suite l55 South San Francisco, CA 94080
NOTICE: Renewable Farms, 2604 N. Tustin Avenue, Unit F Santa Ana, CA 92705
NOTICE: Riverside County, Riverside County Tax Collector, Adelina Abril, 4080 Lemon St, 4th Floor Riverside CA 92501

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**