WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, A. Cisneros*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 8:22-bk-11556-TA |
| STONEBRIDGE VENTURES, LLC, | Chapter 7 |
| Debtor. | **REPLY TO JOE COLANGELO'S OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f)** |
| | **[2 Makena Lane, Rancho Mirage, California 92270 – Assessor's Parcel Number 682-031-002]** |
| | **Hearing:**<br>Date: July 11, 2023<br>Time: 10:00 a.m.<br>Place: Via Zoom Teleconference |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:**

A. Cisneros, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), hereby replies to Joe Colangelo's ("Colangelo") opposition ("Opposition") to his motion for an order authorizing the sale of the real

property commonly known as 2 Makena Lane, Rancho Mirage, California 92270 [APN: 682-031-002] ("Property") free and clear of liens and interests pursuant to 11 U.S.C. § 363(f) ("Motion") as follows.[1]

### A. Introduction.

Colangelo's Opposition is his latest, futile effort to thwart Trustee's liquidation of the Property for the benefit of unsecured creditors and chill overbidding. First, Colangelo squatted in the Property for approximately 8 months, despite Trustee's notification, through counsel, that he would need vacate it in November, 2022. Despite making a demand for turnover, the Trustee was forced to file a complaint for turnover and seek sanctions against Colangelo. Colangelo finally vacated the Property on May 13, 2023, only after the Court ordered that he would be sanctioned $1,000 per day until he departed. Now, Colangelo seeks to delay distribution of the proceeds from the sale of the Property to the lienholder who is entitled to payment. If Colangelo were to have his way, the Trustee will be required to eventually pay the continued accrual of interest to the senior lienholder in the approximate amount of $20,000 a month. Colangelo even admits that there is a "secured lien that was in first position on [the] Property." Trustee estimates that Colangelo's actions have cost the Estate at least $100,000 in accrued interest and over $10,000 in attorney fees and costs, all to the detriment of unsecured creditors and, ironically, Colangelo himself, assuming he has a legitimate general unsecured claim.

Colangelo absurdly, and without any evidentiary support whatsoever, contends that he is a "secured creditor," to the tune of $1.3 million based on "§ 3050 of the California Civil Code." However, Colangelo fails to supply any evidence whatsoever to support his contention, in the form of bank statements, contracts, or otherwise. Colangelo has also failed to file a proof of claim in this case.

Notwithstanding Colangelo's failure to establish any basis on which he could claim a security interest in the Property, Trustee has the status of a bona fide purchaser under § 544(a)(3) and a claim under California Civil Code § 3050 is not valid as to a bona fide purchaser pursuant to

---

[1] Unless otherwise indicated, all statutory references herein pertain to Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure.

2

Reply

California Civil Code § 3048. Although he has attempted to pirate the theories employed by Darryl Lewis and Sanna Akhtanova in connection with the 5 Makena Property, unlike them, he did not file suit against Debtor and record a lis pendens against the Property prior to the filing of the Petition.[2] Colangelo does not have, and cannot establish, any interest in the Property, whether under California Civil Code § 3050, a theory of equitable subrogation, or otherwise, and is not entitled to any proceeds from its sale. Although he has slung the proverbial mud at the wall, none has stuck. Therefore, the Court should grant Trustee's Motion and authorize him to distribute the sale proceeds in the manner proposed in the Motion.

### B. Colangelo Does Not Have a Lien Against the Property Under California Civil Code § 3050.

CC § 3050 provides that:

> "One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such part of the amount paid as he may be entitled to recover back, in case of a failure of consideration."

Cal. Civ. Code § 3050.

CC § 3048 provides that:

> "The liens defined in sections 3046 and 3050 are valid against every one claiming under the debtor, except a purchaser or incumbrancer in good faith and for value."

Cal. Civ. Code § 3048.

Section 544(a)(3) provides, in pertinent part, that:

> "The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be

---

[2] Trustee notes Mr. Lewis and Ms. Akhtanova's filing of a complaint and recordation of a lis pendens merely for the purpose of distinguishing the status of their alleged claims. However, Trustee's position that Mr. Lewis and Ms. Akhtanova's claim of a security interest in the proceeds of the sale of the 5 Makena Property is baseless and fails as a matter of law remains unchanged.

3

Reply

perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

11 U.S.C. § 544.

Although Colangelo's Opposition is generally rambling and incoherent, Trustee surmises that he is attempting to make the same argument as Darryl Lewis and Sanna Akhtanova in connection with the 5 Makena Property. However, unlike Mr. Lewis and Ms. Akhtanova, Colangelo has not filed a proof of claim, has not filed a complaint against Debtor, and did not record a notice of pending action against the Property prior to the filing of the petition. Moreover, and in any event, he has not offered any evidence whatsoever to support of his contentions that he paid Debtor a "down payment" toward the purchase of the Property or even offered a copy of the alleged purchase agreement between Colangelo and Debtor. Rather, he states, in conclusory fashion, that he possesses a "lien" under California Civil Code § 3050. However, even if Trustee accepted Colangelo's argument as true, which it is not, such a lien would not be valid against a bona fide purchaser, such as Trustee, pursuant to § 544(a)(3) and California Civil Code § 3048.

### C.  **Colangelo's Contentions Regarding Equitable Subrogation are Inapposite.**

The prerequisites of equitable subrogation are:

(1)  Payment must have been made by the subrogee to protect his own interest.

(2)  The subrogee must not have acted as a volunteer.

(3)  The debt paid must be one for which the subrogee was not primarily liable.

(4)  The entire debt must have been paid.

(5)  Subrogation must not work any injustice to the rights of others.

*Caito v. United California Bank,* 20 Cal.3d 694, 144 Cal.Rptr. 751, 756, 576 P.2d 466, 471 (1978); *In re Forester,* 529 F.2d 310, 315 (9th Cir.1976); *Simon v. United States*, 756 F.2d 696, 698–99 (9th Cir. 1985).

Equitable subrogation arises when a subsequent lender pays an existing debt. The doctrine allows a lender whose loan discharges an existing debt to be subrogated to the paid creditor's lien position. *See e.g., Caito v. United California Bank*, 20 Cal. 3d 694, 704, 576 P.2d 466, 471 (1978).

///

Colangelo does not affirmatively state that he possesses a claim for equitable subrogation, but alludes to it and also alludes to a claim under § 509, which pertains to claims held by codebtors. However, Colangelo, does not contend that he is a lender or a codebtor, and indeed he is neither. Therefore, he does not, and cannot have, a claim for equitable subrogation or a claim under § 509.

### D. Conclusion.

Based on the foregoing, Trustee's Motion should be granted, and he should be authorized to distribute the sale proceeds in the manner set forth in the Motion.

DATED: July 3, 2023                    Respectfully Submitted,
                                       MALCOLM ♦ CISNEROS, A Law Corporation

                                       /s/ Nathan F. Smith
                                       NATHAN F. SMITH, #264635
                                       *Attorneys for Chapter 7 Trustee, A. Cisneros*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO JOE COLANGELO'S OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 3, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF THE U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
**CHAPTER 7 TRUSTEE: Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 3, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive, Suite 200, Newport Beach CA 92660**
**NOTICE: Shaw & Hanover, PC, 42-600 Cook Street, Suite 210, Palm Desert, CA 92211**
**NOTICE: Brian Thompson, Winterstone Real Estate Development, 23792 Rockfield Blvd., Ste. 101, Lake Forest CA 92630**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **July 3, 2023** | **Diep Quach** | **/s/ Diep Quach** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

**SECTION 1 CONT.**
NOTICE: James C Bastian    jbastian@shulmanbastian.com
NOTICE: Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Nicholas W Gebelt    ngebelt@goodbye2debt.com
NOTICE: Michael J Hauser    michael.hauser@usdoj.gov
NOTICE: Christopher Hewitt    hewittesq@yahoo.com
NOTICE: Rika Kido    rkido@shulmanbastian.com, avernon@shulmanbastian.com
NOTICE: William Malcolm    bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: Richard A Marshack    rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com; rmarshack@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
NOTICE: W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows    david@davidwmeadowslaw.com
NOTICE: Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
NOTICE: Lee S Raphael    ecfcca@ecf.courtdrive.com, cmartin@pralc.com
NOTICE: Timothy M Ryan    tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Allan D Sarver    ADS@asarverlaw.com
NOTICE: Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com; shawsr91811@notify.bestcase.com
NOTICE: Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com; cvalenzuela@mclaw.org

**SECTION 2 CONT.**
NOTICE: Brentwood Finance Company LLC, 180 S. Spruce Avenue, Suite l55 South San Francisco, CA 94080
NOTICE: Renewable Farms, 2604 N. Tustin Avenue, Unit F Santa Ana, CA 92705
NOTICE: Riverside County, Riverside County Tax Collector, Adelina Abril, 4080 Lemon St, 4th Floor Riverside CA 92501

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**