WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, A. Cisneros*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>STONEBRIDGE VENTURES, LLC,<br><br>　　　　　Debtor. | Bankruptcy Case No. 8:22-bk-11556-TA<br><br>Chapter 7<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f)**<br><br>**[2 Makena Lane, Rancho Mirage, California 92270 – Assessor's Parcel Number 682-031-002]**<br><br><u>**Continued Hearing:**</u><br>Date: July 25, 2023<br>Time: 11:00 a.m.<br>Place: Via Zoom Teleconference |

Supplemental Brief                                    1

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, JOE COLANGELO, BRENTWOOD FINANCE COMPANY, RENEWABLE FARMS, AND OTHER INTERESTED PARTIES:**

A. Cisneros, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), hereby submits the following supplemental brief in support of his motion for an order authorizing the sale of the real property commonly known as 2 Makena Lane, Rancho Mirage, California 92270 [APN: 682-031-002] ("Property") free and clear of liens and interests pursuant to 11 U.S.C. § 363(f) ("Motion") as follows.[1]

A.    **Introduction.**

In response to Trustee's Motion, Joe Colangelo ("Colangelo") contended, for the first time, that he might possess a statutory lien against the Property under California Civil Code ("CC") § 3050. In response, Trustee argued that *inter alia* such a claim is not valid against him pursuant to CC § 3048 and § 544(a)(3). However, the Court has queried whether Colangelo's occupancy in the Property may have placed Trustee on inquiry notice of a competing claim of title by Colangelo and directed the parties to the Ninth Circuit's decision in *In re Probasco*. Although the Court explained that the Property could still be sold, if it were to conclude that Colangelo possesses a $1.3 million interest that could attach to the sale proceeds under § 363(e), over $22,000 in monthly interest would accrue in connection with liens against the Property and Trustee would be compelled to incur significant legal fees and costs in litigation against Colangelo. Practical considerations aside, Trustee submits that Colangelo has no interest in the Property that could attach to the proceeds of the sale for the following reasons:

1. In *In re* Probasco, the Ninth Circuit was confronted with rather extraordinary facts concerning three fenced, adjacent commercial parcels, record title to two of which were vested in the same person, who maintained the fence around all three and who claimed title to the third. The Court held that knowledge of these facts placed a prudent purchaser on inquiry notice concerning title to the third parcel. Here, Colangelo occupied a single-

---

[1] Unless otherwise indicated, all statutory references herein pertain to Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure.

family residence located in a gated neighborhood, and, for the first time in this case, now claims that he *might* possess a statutory lien against the Property. Colangelo does not allege that he holds title to the Property. Therefore *In re Probasco* is legally and factually distinguishable from this case. Colangelo's mere occupancy of the Property did not place Trustee on inquiry notice regarding a competing claim of title.

2. Even if Colangelo's occupancy of the Property placed Trustee on inquiry notice, which it did not, Trustee, in fact, completed an investigation that included a discussion with Colangelo and a review of the real property records and no claim of lien was presented, suggested, or even alluded to by Colangelo, nor was any claim of record discovered in the real property records concerning the Property.

3. Finally, any claim of lien by Colangelo has been waived because he was required to raise it as a compulsory counterclaim in response to Trustee's complaint against him concerning the Property, and he failed to do so. Therefore, he is precluded by *res judicata* from raising it now or in the future.

Based on the foregoing, and as further explained below, the Motion should be granted, Trustee should be authorized to sell the Property free and clear of liens pursuant to § 363(f) and Colangelo's opposition should be overruled in its entirety, as he has no interest in the Property that could attach to the proceeds of the sale. The sale of the Property is estimated to net the estate over $500,000 and will significantly benefit unsecured creditors.

### B. *In re Probasco* is Distinguishable from the Instant Case.

In *In re Probasco*, 839 F.2d 1352 (9th Cir. 1988), the Ninth Circuit stated that, while the language of § 544(a)(3) "renders the trustee's or any creditor's actual knowledge irrelevant"..., "[i]t does not ... make irrelevant notice constructively given by open possession any more than it would make irrelevant the constructive notice given by recorded instruments that might evidence a *competing claim of title* to the real property in question." *In re Probasco*, 839 F2d. at 1354-55 (emphasis added). Indeed, that case involved whether a prudent purchaser of a parcel of commercial real property would be placed on inquiry notice where he knew that two adjoining parcels were jointly owned and saw a perimeter fence around all three parcels, no fence between the parcels, the staking of all three parcels, and roads

traversing the entire property. *Id* at 1356.

Here, Colangelo claims that he might possess a statutory lien under California Civil Code ("CC") § 3050, a claim that is not valid against a bona fide purchaser pursuant to CC § 3048. However, Colangelo does not claim to possess, and does not possess, a competing claim of title. Moreover, unlike the rather extraordinary facts in *In re Probasco*, here: (1) Colangelo simply occupied the Property; (2) the Property is located in a gated neighborhood of single-family residences and Colangelo's occupancy of the property was not open and notorious as was the placement of a fence around all three parcels in *In re Probasco*; and (3) Colangelo had no claim of record in the Property. Therefore, *In re Probasco* is both legally and factually distinguishable. Colangelo does not present a competing claim of title and Colangelo's bare occupancy in the Property cannot be conflated with possessing record title to two of three adjacent parcels and maintaining a fence around the entirety of the parcels.

C. **Even if Colangelo's Occupancy of the Property Was Sufficient to Place Trustee on Inquiry Notice, the Resulting Investigation Would Not Have Revealed Colangelo's Newfound Claim that he Might Possess a Statutory Lien Against it.**

A "prudent purchaser" describes someone who is shrewd in the management of practical affairs and whose conduct is marked by wisdom, judiciousness, or circumspection. *See Probasco,* 839 F.2d at 1356. Such a purchaser will be charged with knowledge of 1) the nature of the property; 2) its current use; 3) the identities of the persons occupying it; 4) the relationship among them; and, 5) the relationship between those in possession and the person whose purported interest in the property the purchaser intended to acquire. *See id.* at 1354–56; *Huber v. Danning (In re Thomas),* 147 B.R. 526, 530–31 (Bankr. 9th Cir.1992). In this connection, he is charged with knowledge of information that a reasonable inspection of the property would have revealed. *In re Weisman*, 5 F.3d 417, 420 (9th Cir. 1993).

Here, Colangelo occupied a single-family residence located in a gated neighborhood that required a security code to enter. It is unlikely that the "prudent purchaser" would even have the ability to access the neighborhood to observe the Property. However, as Colangelo did not hold record title to the Property, a prudent purchaser would likely conclude that, if an occupant was present, he was a renter; if they were even able to access the neighborhood and assuming it was apparent from outside the gates of the Property that the Property was occupied. Nevertheless, even if Colangelo's presence in the

Supplemental Brief    4

Property placed Trustee on inquiry notice that he may possess a competing claim of title to the Property, the resulting investigation would not have revealed Colangelo's newfound claim that he might possess a statutory lien against it. Instead, it would reveal, and indeed, did reveal, that he was merely occupying it.

Shortly after his appointment, Trustee inspected the Property, on October 1, 2022 and October 23, 2022. During his second inspection, he met and spoke with Colangelo about his presence in the Property. Notably, at no time did Colangelo present, suggest, or even allude that he possessed, or even might possess, a competing claim of title or lien against it. Trustee next undertook an investigation of the public records concerning the Property and discovered that Colangelo had no interest of record in it. Therefore, even if Colangelo's presence in the Property placed Trustee on inquiry notice, the resulting investigation did not, and could not have, led to the discovery of Colangelo's newfound claim of a statutory lien. In fact, as recent as the Order to Show Cause regarding why he should not be sanctioned for failing to vacate the Property, Colangelo was silent as to any claim of lien against the Property. *See* Docket Entry 184.

### D. Colangelo's Newfound Claim that he Might Possess a Statutory Lien against the Property has been Waived.

Federal Rule of Civil Procedure 13, made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7013, defines two types of counterclaims, compulsory and permissive. A counterclaim is compulsory if it arises out of the same transaction or occurrence as the opposing party's claim; is not the subject of another pending action; and does not require the joinder of a party over which the court cannot acquire jurisdiction. Fed. R. Civ. P. 13(a). Permissive counterclaims are those that are not compulsory, i.e., those that do not arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(b). "If a party fails to plead a compulsory counterclaim, he is held to waive it and is precluded by *res judicata* from ever suing upon it again." *Local Union No. 11, Int'l Bhd. of Elec. Workers*, AFL-CIO v. G. P. Thompson Elec., Inc., 363 F.2d 181, 184 (9th Cir. 1966). "The purpose of Rule 13(a) is to prevent multiplicity of litigation and to promptly bring about resolution of disputes before the court." *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010).

To determine whether a claim arises out of the "same transaction or occurrence," a "logical relationship" test is applied. *Mattel, Inc. v. MGA Entertainment, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013). "A logical relationship exists when ... the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Id.* The "transaction or occurrence" language is to be read broadly. *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1252 (9th Cir. 1987). "This flexible approach to Rule 13 problems attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* at 1249.

On February 9, 2023, Trustee filed suit against Colangelo and his estranged wife, Monika Jensen, for turnover of the Property pursuant to § 542 and unjust enrichment in connection with the Property. There are no other pending actions concerning the parties or Property. Colangelo filed his answer on March 13, 2023 but failed to file a counterclaim alleging a competing interest in the Property or even a lien against it. *See* United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-ap-01013-TA Docket Entries 1 and 9. Therefore, by failing to raise a compulsory counterclaim concerning the Property in response to Trustee's complaint against him, he waived it and is precluded by *res judicata* from raising it now or in the future.

### E. **Conclusion.**

Based on the foregoing, the Trustee's Motion and Trustee's Reply to Colangelo's Opposition to the Motion, Trustee's Motion to Sell the Property free and clear of liens under § 363(f) should be granted and Colangelo's opposition should be overruled in its entirety, as he has no interest in the Property that could attach to the proceeds of the sale.

Dated: July 18, 2023　　　　　　　　　　　　MALCOLM ♦ CISNEROS, A Law Corporation

*/s/ Nathan F. Smith*
NATHAN F. SMITH
*Attorneys for Chapter 7 Trustee, A. Cisneros*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL BRIEF IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 18, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
**CHAPTER 11 TRUSTEE: Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 18, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive, Suite 200, Newport Beach, CA 92660**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **July 18, 2023** | **Diep Quach** | **/s/ Diep Quach** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**

**SECTION 1 CONT.**
NOTICE: James C Bastian     jbastian@shulmanbastian.com
NOTICE: Arturo Cisneros     arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Nicholas W Gebelt     ngebelt@goodbye2debt.com
NOTICE: Michael J Hauser     michael.hauser@usdoj.gov
NOTICE: Christopher Hewitt     hewittesq@yahoo.com
NOTICE: Rika Kido     rkido@shulmanbastian.com, avernon@shulmanbastian.com
NOTICE: William Malcolm     bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: Richard A Marshack     rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com; rmarshack@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
NOTICE: W. Derek May     wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows     david@davidwmeadowslaw.com
NOTICE: Thomas J Polis     tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo     hrafatjoo@raineslaw.com, bclark@raineslaw.com
NOTICE: Lee S Raphael     ecfcca@ecf.courtdrive.com, cmartin@pralc.com
NOTICE: Timothy M Ryan     tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Allan D Sarver     ADS@asarverlaw.com
NOTICE: Summer M Shaw     ss@shaw.law, shawsr70161@notify.bestcase.com; shawsr91811@notify.bestcase.com
NOTICE: Nathan F Smith     nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com; cvalenzuela@mclaw.org
NOTICE: Diana Torres-Brito     dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com

**SECTION 2 CONT.**
NOTICE: Shaw & Hanover, PC, 42-600 Cook Street, Suite 210, Palm Desert, CA 92211
NOTICE: Brian Thompson, Winterstone Real Estate Development, 23792 Rockfield Blvd., Ste. 101 Lake Forest, CA 92630
NOTICE: Brentwood Finance Company LLC, 180 S. Spruce Avenue, Suite l55 South San Francisco, CA 94080
NOTICE: Renewable Farms, 2604 N. Tustin Avenue, Unit F Santa Ana, CA 92705
NOTICE: Riverside County, Riverside County Tax Collector, Adelina Abril, 4080 Lemon St, 4th Floor Riverside CA 92501

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE