Christopher Hewitt, Esq. (SBN: 236568)
Law Office of Christopher Hewitt
74361 Highway 111, Suite 7
Palm Desert, California 92260
Telephone: 760.459.2438
Facsimile: 877.241.6366
Email: Hewittesq@yahoo.com

*Attorney for Debtor:*
Joe Colangelo

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re:<br><br>STONEBRIDGE VENTURES, LLC<br><br>Debtor. | Case No.: 8:22-bk-11556-TA<br><br>Chapter 7<br><br>JOE COLANGELO'S RESPONSE TO CHAPTER 7 TRUSTEE'S SUPPLEMENTAL BRIEF IN SUPPORT FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURUSANT TO 11 U.S.C. §363(f)<br><br>*[Property: 2 Makena Lane, Rancho Mirage, CA 92270]*<br><br>Date: 7/25/23<br>Time: 11:00AM<br>Crtrm.: Via Zoom Teleconference<br>Place: USBC<br>      411 West Fourth Street<br>      Santa Ana, CA 92701 |

TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY

JUDGE; THE DEBTOR, DEBTOR'S COUNSEL OF RECORD; THE CHAPTER 7 TRUSTEE

1

Response to the Chapter 7 Trustee's Supplemental Brief

Case 8:22-bk-11556-TA  Doc 238  Filed 07/18/23  Entered 07/18/23 19:44:37  Desc
Main Document    Page 2 of 9

AND HIS COUNSEL OF RECORD; THE SANTA ANA OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES ENTITLED TO NOTICE:

Secured creditor and pre-petition buyer, Joseph Colangelo submits the following Response to the Chapter 7 Trustee's Supplemental Brief.

A. **Facts**

Once again counsel argues on behalf of the Chapter 7 Trustee as if the current Motion is taking place in a vacuum essentially making the argument that Mr. Colangelo's assertion of a California Civil Code §3050 lien is somehow blindsiding the Chapter 7 Trustee. A fresh look at a partial of the history of this matter reveals:

1. Stonebridge filed for Chapter 11 Bankruptcy on September 9, 2022 (commencement of the bankruptcy case).

2. According to counsel for the Chapter 7 Trustee, prior to the filing of Stonebridge Venture's filing for Chapter 11 Relief, Stonebridge transferred its interest in 2 Makena Lane, Rancho Mirage, CA 92270 ("Property") to AB Capital LFD, Inc. on September 1, 2022 (Docket 1 Case 8:23-ap-01013-TA page 2 line 21).

3. On September 29, 2022, Trustee Cisneros was appointed as the Chapter 11 Trustee of the Debtor's bankruptcy estate.

4. On October 1, 2022, the Trustee inspected the Property

5. On October 23, 2022, the Trustee again went to the Property, and this time had a conversation with Colangelo.

6. According to counsel for the Chapter 7 Trustee, the Property was quitclaimed to the bankruptcy estate sometime in October (Docket 1 Case 8:23-ap-01013-TA page 3 line 15).

Response to the Chapter 7 Trustee's Supplemental Brief

7. . The actual deed was recorded on October 25, 2022.

8. The original 341a hearing for the Debtor was set for October 13, 2022.

Counsel for the Chapter 7 Trustee urges the Court to view the case of *In re Probasco* as having extraordinary facts. Counsel for the Chapter 7 Trustee asks the Court to view *In re Probasco* as legally and factually distinguishable from the case at bar. There is no doubt that the current matter before the Court is factually distinguishable. However, a thorough reading of the holding in *Probasco* indicates that the *Probasco* decision is on target and applicable to the matter under consideration by the Court.

### B. Constructive Notice Legal Standard

"Actual or constructive notice of a prior unrecorded transfer removes a subsequent purchaser from the protection of the recording acts. Clear and open possession of real property constitutes constructive notice of the rights of the party in possession to subsequent purchasers. Such a prospective purchaser must inquire into the possessor's claimed interests, whether equitable or legal" [Citations Omitted]. Therefore, a bona fide purchaser who records does not take priority over one in clear and open possession of real property. *In re Probasco*, 839 F.2d 1352 (9th Cir. 1988).

*California Civil Code §19* defines "constructive notice" as follows:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact."

According to Probasco, citing *High Fidelity*, 210 Cal.App.2d at 281, 26 Cal.Rptr. at 655, whether the circumstances are sufficient to put one on inquiry of another's *interest* in property is a question of fact. [Emphasis added].

Respectfully, the Chapter 7 Trustee would have this Honorable Court believe that the Chapter 7 Trustee did not have constructive notice of Mr. Colangelo's interest in the Property. Mr. Colangelo was obviously living in the property on October 1, 2022, at the time of the Trustee's first visit to the Property. Furthermore, the Trustee obviously had knowledge of the fact that there was foul play between Stonebridge and AB Capital Ltd as of October 1, 2022. Stonebridge's Statement of Financial Affairs listed transfer of the Property for $500,000 on September 1, 2022. Nearly 22 days later, the Trustee revisits the property and this time encounters Mr. Colanagelo. Well, according to the Trustee's Brief, we know what wasn't discussed (ie. claim of title or lien). However, that does not mean other means of diction were not used by Mr. Colangelo to convey his interest in the property.

### C. Colangelo's Constructive Notice Argument Prevails over an 11 U.S.C. §544 Argument

Colangelo argues that his Constructive Notice argument is applicable as of the date of the commencement of the Stonebridge Ventures, LLC Bankruptcy as the property was listed in Stonebridge's Statement of Financial Affairs has having been subject to a transfer on September 1, 2022. Colangelo's argument is consistent with the written language of the statute that repetitively says, the applicability of the statute arises at the "commencement of a case."

The following facts should be construed as undisputed:

1) Stonebridge filed for Chapter 11 Bankruptcy on September 9, 2022.

2) Colangelo entered into a residential purchase agreement with Stonebridge on April 23, 2020.

3) Colangelo paid the sum of $1.25 million to Stonebridge.

4) On December 11, 2020, Mr. Colangelo and Ms. Jensen took occupancy of the Property with consent from Stonebridge.

5) On or about June 30, 2021, Brentwood Finance Company records a Trust Deed concerning the Property in the amount of $1.850 million. Said Deed is recorded when the Property was clearly occupied by Mr. Colangelo and Ms. Jensen.

6) On or about July 29, 2021 Renewable Farms records a Trust Deed concerning the Property in the amount of $250,000.

7) On or about September 1, 2022, Stonebridge deeds the Property to AB Capital LFD, Inc.

8) The Trustee visited the Property on October 1 and again on October 23, 2022, prior to receiving the quitclaim deed to the Property.

9) The Trustee had knowledge of the Brentwood and Renewable liens

As mentioned earlier, whether the circumstances are sufficient to put one on inquiry of another's interest in property is a question of fact. The Trustee knew about the Brentwood and Renewable liens. The Trustee had knowledge of the transfer of the Property to AB Capital. The Trustee likely had confirmation of someone in possession of the home when he visited on October 1, 2022, and that knowledge was most certainly confirmed by the time he visited Mr. Colangelo on October 23, 2022.

Counsel for the Chapter 7 Trustee argues that Colangelo claims that "he might possess" a statutory lien under California Civil Code §3050" (page 4 line 2 – Supplemental Brief). This improperly categorizes Mr. Colangelo's argument. Mr. Colangelo clearly asserts that he possesses a statutory lien under California Civil Code §3050. The Chapter 7 Trustee argues that Mr. Colangelo's claims are faulty because he does not "claim to possess, and does not possess a

competing claim of title" (page 4 line 4 – Supplemental Brief). Mr. Colangelo argues on the contrary that what he must show is that he has an interest whether it be equitable or legal as cited in *Probasco*.

While there may be a dispute about how an 11 U.S.C. §544 is interpreted, one thing that is for sure, is that Mr. Colangelo had clear and open possession of the property in advance of the Trustee receiving the quitclaim deed to the Property.

### D.   Prudent Purchase Standard Applies

Although the Chapter 7 Trustee has outlined the Standard in his Brief, it is worth setting forth again from the context of Mr. Colangelo's point of view. The California Code applies the standard of a "prudent" person. "Prudent" is defined as "a: marked by wisdom or judiciousness b: shrewd in the management of practical affairs c: marked by circumspection." Webster's Ninth New Collegiate Dictionary (1984). *In re Probasco*, 839 F.2d 1352 (9th Cir. 1988).

*California Code § 19* - Constructive notice of fact itself

"Every person who has actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he or she might have learned that fact."

In reading the Chapter 7 Trustee's Brief, respectfully, it appears that he would have this Court belief that he is like any other consumer purchasing a home. In this case, the so called "Prudent Purchaser" is a Chapter 7 Trustee (what at the time was a Chapter 11 Trustee). The Trustee is by no means a consumer purchaser. A Trustee has the authority to seek permission from the Bankruptcy Court to sell real property, among other attributes. The restrictions presented in the Chapter 7 Trustee's Brief would not apply to him. Furthermore, the "then" Chapter 11 Trustee had the benefit of consulting with Stonebridge Venture's Bankruptcy

Counsel as well as the Chapter 7 Trustee in the AB Capital Chapter 7 Bankruptcy. Clearly by the time that the Trustee filed his Adversary Complaint against Mr. Colangelo he had knowledge of the fact that Mr. Colangelo had entered into a purchase agreement with Stonebridge Ventures, LLC to purchase the Property. Mr. Colangelo argues that the Trustee had knowledge prior to acquiring the property on or about October 29, 2022.

### D. Colangelo has not Waived his Statutory Section 3050 Lien Interest

The Trustee's Adversary Complaint presents a Turnover and Unjust enrichment claim. The Trustee argues that Colangelo's failure to provide a counterclaim forever bars him for asserting such a claim. That is not for this Court to determine via this Motion. The Federal Rules of Civil Procedure are applicable to the Bankruptcy Court via the Federal Rules of Bankruptcy Procedure. At this time, Mr. Colangelo is not barred from attempting to seek any redress that maybe applicable to the Trustee's Adversary Complaint. As such, this issue is not properly arguable before the Court.

### CONCLUSION

For the above reasons issued, Mr. Colangelo requests that this Honorable Court recognize his Section 3050 statutory lien status, and that this Honorable Court allow for measures that protect his equitable interests in the Property which is the subject of the instant Motion.

Dated: July 18, 2023                                Respectfully submitted,

By: _____
CHRISTOPHER HEWITT, ESQ
ATTORNEY FOR JOE COLANGELO

7

Response to the Chapter 7 Trustee's Supplemental Brief

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

74361 Highway 111, Suite 7, Palm Desert, California 92260

A true and correct copy of the foregoing document entitled (*specify*): Joe Colangelo's Response to Chapter 7 Trustee's Supplemental Brief in Support for Order Authorizing Sale of Real Property Free and Clear of Liens and Interests Pursuant to 11 U.S.C. Section 363(f)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/18/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 07/07/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Judge Theodor C. Albert
USBC - Central District of California
411 W. Fourth Street, suite 5085
Santa Ana, California 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/18/2023 | Christopher Hewitt | *signature* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

## PROOF OF SERVICE CONTINUED PAGE

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **James C Bastian**   jbastian@shulmanbastian.com
- **Arturo Cisneros**   arturo@mclaw.org, CACD_ECF@mclaw.org
- **Arturo Cisneros (TR)**   amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Rika Kido**   rkido@shulmanbastian.com, avernon@shulmanbastian.com
- **William Malcolm**   bill@mclaw.org, cvalenzuela@mclaw.org
- **W. Derek May**   wdmlaw17@gmail.com, r48266@notify.bestcase.com
- **David W. Meadows**   david@davidwmeadowslaw.com
- **Thomas J Polis**   tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Lee S Raphael**   ecfcca@ecf.courtdrive.com, cmartin@pralc.com
- **Timothy M Ryan**   tryan@theryanfirm.com, ecf@theryanfirm.com
- **Allan D Sarver**   ADS@asarverlaw.com
- **Summer M Shaw**   ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- **Nathan F Smith**   nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
- **Diana Torres-Brito**   dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

2. To Be Served by: Mail

Shaw & Hanover, PC
42600 Cook Street, #210,
Palm Desert, CA 92211

Brian Thompson
Winterstone Real Estate Development
23792 Rockfield Blvd #101
Lake Forest, CA 92630

Brentwood Finance Company, LLC
180 S. Spruce Ave. #155
South San Francisco, CA 94080

Renewable Farms
2604 N. Tustin Avenue #F
Santa Ana, CA 92705

Riverside County Tax Collector
4080 Lemon St., 4th Fl.
Riverside, CA 92501