Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES, APLC**
19800 MacArthur Blvd., Suite 1000
Irvine, California 92612
Telephone: (949) 862-0040
Facsimile:  (949) 862-0041
Email:  tom@polis-law.com

Counsel for Secured Creditor, Joe Colangelo

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| **In re** **Stonebridge Ventures, LLC,** **Debtor.** | **Case No. 8:22-bk-11556-TA** **Chapter 7** **CREDITOR JOE COLANGELO'S RESPONSE RE CLAIM OBJECTION FILED RE LATE FILED CLAIM (ECF NO. 285); DECLARATION OF JOE COLANGELO IN SUPPORT THEREOF** [Request for Judicial Notice filed and served concurrently herewith] <u>Hearing</u>: Date:  March 5, 2024 Time:  11:00 a.m. Ctrm:  5B, Fifth Floor         U.S. Bankruptcy Court         411 W. Fourth Street         Santa Ana, CA 92701 |

**TO THE HONORABLE THEODOR C. ALBERT, CHIEF BANKRUPTCY JUDGE; DEBTOR AND ITS COUNSEL OF RECORD; OBJECTING CREDITOR AND HER OCUNSEL OF RECORD; THE CHAPTER 7 TRUSTEE AND HIS COUNSEL OF RECORD; AND OTHER PARTIES IN INTEREST:**

Secured Creditor, Joe Colangelo ("Creditor" or "Colangelo"), submits the following *Response To Monika Jensen's Claim Objection Re: Late-Filed Claim* (ECF No. 285).  For the reasons noted herein, Creditor Colangelo respectfully requests that the Court overrule the *Claim Objection re Late-Filed* based on the following:

1

i) The United States Ninth Circuit Court of Appeals, including the Bankruptcy Appellate Panel, have long approved the concept of an "informal proof of claim" (*See*, generally, *In re Holm*, 931 F.2d 620 (9th Cir. 1991); *In re Anderson-Walker Industries, Inc.,* 788 F.2d 1285 (9th Cir. 1986); and *In re Kish*, 456 B.R. 413 (9th Cir. BAP 2011), and the relevant facts of this case show that based on the Court's equitable powers relying on the "informal proof of claim" doctrine that, Secured Creditor Joseph Colangelo's Claim (POC No. 26) should be deemed as timely filed and pursuant to Section 726 of the Bankruptcy Code treated accordingly; and

ii) The *Claim Objection Motion* also asserts that Secured Creditor Joseph Colangelo's Claim is lacking in evidentiary support and purportedly the amount is overinflated, yet the Objecting Creditor fails to recognize that the pending related Adversary Proceedings (23-ap-01078-TA and 23-ap-01086-TA) are two actively prosecuted litigation matters that are specifically attempting to resolve issues related to the amount of Secured Creditor Joseph Colangelo's Claim, along with the validity of Secured Creditor, Joseph Colangelo's Claim. Further, since Colangelo's Claim is based in law (i.e. California Civil Code Section 3050, *et seq*.) the claim is not based on a recorded deed of trust/mortgage, UCC-1, etc. but rather an unresolved statutory lien provided for under Section 3050 of the California Civil Code, thus due to Secured Creditor Joseph Colangelo still present contingent and unliquidated aspects of his Claim certainly satisfies the initial hurdles for initial allowance of Claimant Joseph Colangelo's Claim.

Consequently, Secured Creditor, Joseph Colangelo respectfully requests that the Court overrule *Objecting Creditor's Claim Objection re Proof of Claim No. 26 re Secured Creditor Joseph Colangelo*. Specifically, the factual prerequisites exist in this situation for the Court to apply the "*Informal Proof of Claim*" Doctrine, which overcomes Objecting Creditor's late-filed claim basis to object to Creditor Joseph Colangelo's Claim. Secondly, Creditor Colangelo respectfully requests that likewise, the Court overrule, without prejudice, Objecting Creditor's

*Claim Objection Motion* based on lack of evidence and amount of the claim based on the ongoing related litigation matters (23-ap-01078-TA and 23-ap-01086-TA) that will eventually decide the amounts and validity of Secured Creditor, Joseph Colangelo's Claim. At this point, it is premature for the Court to sustain Objecting Creditor's *Claim Objection* until after the noted related litigation matters are resolved.

In the event any party in interest, including the Objecting Creditor, wants to reply to Joseph Colangelo's *Response to Monika Jensen's Claim Objection re POC No. 26* (ECF No. 285) such reply shall be filed and served on or before 7 (seven) calendar days before the above-captioned Hearing Date.

Dated:  February 20, 2024          POLIS & ASSOCIATES, APLC

                                                 By:     /s/ Thomas J. Polis
**Thomas J. Polis, Esq.**
**Counsel for Secured Creditor,**
**Joe Colangelo**

# I.

## POINTS AND AUTHORITES RE: CLAIMANT JOE COLANGELO'S RESPONSE RE: CLAIM OBJECTION

**A.    The Informal Claim Doctrine As Approved By The Ninth Circuit Court of Appeals, Along with The Bankruptcy Appellate Panel, Applies To The Present Case To Justify The Court Overruling The Objecting Creditor's Late-Filed Claim Argument**

**1.    The Ninth Circuit Court of Appeals Along With The Bankruptcy Appellate Panel Have Universally Approved The Informal Proof of Claim Doctrine**

Objecting Creditor, Monika Jensen, asserts that the Court should disallow Secured Creditor Joseph Colangelo's Proof of Claim (POC No. 26) filed on December 27, 2023. Secured Creditor Joseph Colangelo does not dispute the fact that the Claims Bar Date was October 2, 2023. However, Objecting Creditor fails to consider the "Informal Proof of Claim" Doctrine that has been overwhelming approved by the Ninth Circuit Court of Appeals and the Bankruptcy Appellate Panel. Specifically, the Bankruptcy Appellate Panel's holding in *Pacific Res. Credit Union v. Fish* (*In re Fish*), 456 B.R. 413, 417 (9th Cir. BAP 2011), itemized the following elements for the "Informal Proof of Claim" Doctrine to apply:

> . . .[t]o establish an effective informal claim has been submitted, the creditor must show, at a minimum: (1) presentment of a writing; (2) within the time for the filing of claims; (3) by or on behalf of the creditor; (4) bringing to the attention of the court; and (5) the nature and amount of a claim asserted against the estate.

*See* also, *Anderson-Walker Industries, Inc. v. Lafayette Metals, Inc.* (*In re Anderson-Walker Industries, Inc.*, 798 F.2d 1285 (9th Cir. 1986); (Ninth Circuit Court of Appeals held that a letter from a creditor to the chapter 7 trustee's counsel prior to the bar date requesting payment from the estate constituted an informal proof of claim); and *County of Napa v. Franciscan Vineyards, Inc.* (*In re Franciscan Vineyards*), 597 F.2d 181, 182 (9th Cir. 1979). *See, Wright v. Holm* (*In re Holm*), 931 F.2d 620 (9th Cir. 1991).

4

2.  **The Pre-Claims Bar Date Events In This Case Related To Secured Creditor Joe Colangelo's Claim Dictates The Informal Proof of Claim Doctrine Should Apply In This Case**

On or before the October 2, 2023 Claims Bar Date, Secured Creditor Joe Colangelo took the following steps to constitute an informal proof of claim:

i) On July 24, 2023, Secured Creditor, Joe Colangelo commenced Adversary Proceeding, *Joe Colangelo v. Stonebridge Ventures, et al.*, 8:23-ap-01078-TA, that expressly laid out, Secured Creditor, Joe Colangelo's assertion of a senior priority lien pursuant to California Civil Code Section 3050. (A true and correct copy of Secured Creditor's Complaint is attached to Joe Colangelo's *Request for Judicial Notice f*iled concurrently herewith). Moreover, Secured Creditor, Joe Colangelo's *Complaint* (8:23-ap-01078-TA) satisfies the requirements for an informal proof of claim:

a) **"presentment of a writing"**: the commencement of the Adversary Proceeding by Creditor, Joe Colangelo and his Complaint is a presentment of a writing;

b) **"within the time for filing of claims"**; Joe Colangelo's Adversary Proceeding was commenced on July 24, 2023, nearly 70 days prior to the October 2, 2023 Claims Bar Date;

c) **"by or on behalf of the creditor"**: The Adversary Proceeding was commenced on behalf of Secured Creditor, Joe Colangelo;

d) **"bringing to the attention of the court"**: Again, the commencement of the Adversary Proceeding brought to the attention of the Court Secured Creditor Joe Colangelo's asserted claim and the basis and amount of the claim; and

e) **". . .the nature and amount of a claim asserted against the estate. . ."** Paragraph 18 of Secured Creditor Joe Colangelo's *Complaint* (ECF No. 1, pg. 4, lines 10-13) alleges that Secured Creditor Joe Colangelo is asserting a claim in an amount of no less than $1,300,000,000, thus the amount of the claim was clearly explained. Secondly, the First Claim for Relief of Secured Creditor, Joe Colangelo's Complaint (ECF No. 1, pg. 6,

lines 22-27 and pg. 7, lines 1-7) clearly explains the statutory basis (i.e. Section 3050 of the California Civil Code) for Secured Creditor, Joe Colangelo for Joe Colangelo's asserted senior priority lien.

Similarly, prior to the commencement of Secured Creditor Joe Colangelo's Adversary Proceeding (23-ap-01078-TA) on June 27, 2023, Secured Creditor, Joe Colangelo filed an *Opposition to the Chapter 7 Trustee's Sale re 2 Makena Lane, Rancho Mirage, California* (ECF No. 220). (A true and correct copy of Secured Creditor Joe Colangelo's *Opposition to Sale re 2 Makena* is attached to Joe Colangelo's *Request for Judicial Notice* filed concurrently herewith). Specifically, pg. 6-7 of Secured Creditor, Joe Colangelo *Opposition re Sale* (ECF No. 220) again lays out the statutory basis for Secured Creditor Joe Colangelo's secured claim. Secured Creditor, Joe Colangelo, thus believes that his *Opposition re Sale of 2 Makena* likewise satisfies all the requirements of an "informal proof of claim" as approved by both the Ninth Circuit Court of Appeals and the Bankruptcy Appellate Panel.

In summary, Secured Creditor Joe Colangelo respectfully requests that the Court overrule Objecting Creditor's *Claim Objection re Late-Filed Claim*. Specifically, Creditor Joe Colangelo believes the combined effect of his June 27, 2023 *Objection to Sale re 2 Makena* (ECF No. 220), along with the July 24, 2023 commencement of his Adversary Proceeding (23-ap-01078-TA), both meet the requirements for an informal proof of claim.

**B.    Due To The Statutory Basis For Secured Creditor Joe Colangelo's Secured Claim And The Related Presently Litigated Adversary Proceeding (23-ap-01078-TA and 23-ap-01086-TA) That Are Intended To Liquidate Secured Creditor Joe Colangelo's Claim And Presently In Flux, Dictates Denial, Without Prejudice Creditor Joe Colangelo's Claim**

Finally, Objecting Creditor, Monika Jensen asserts that an additional basis for the Court to disallow Creditor Colangelo's claim is due to a lack of evidence and certainty as to amount. These two reasons asserted by Objecting Creditor, Jensen makes no sense when combined with the fact there are two pending Adversary Proceedings before the Court (23-ap-01078-TA and 23-ap-01086-TA) that specifically being litigated about these two exact issues, the validity

of Colangelo's statutory vendee's lien and the amount of Creditor Colangelo's claim.  Overall, it's somewhat disingenuous for Objecting Creditor to assert these additional basis to disallow Creditor Colangelo's claim when in fact Objecting Creditor Jensen is well aware of the two Adversary Proceedings noted herein.

### III.

### **CONCLUSION**

For the reasons noted herein, Creditor Joe Colangelo respectfully requests that the Court overrule, without prejudice the *Claim Objection Motion* (ECF No. 285) filed by Objecting Creditor Monika Jensen.  First, the Informal Proof of Claim Doctrine as applied to the present case and Creditor Joe Colangelo's Proof of Claim No. 26, certainly defeats the argument that Creditor Colangelo's claim should not be deemed timely filed.  Secondly, the argument that Objecting Creditor Colangelo's Claim lacks evidentiary support and is overinflated also is without merit when the Court factors in the present Adversary Proceedings (23-ap-01078-TA and 23-ap-01086-TA) are being litigated to address these exact same issues.  Overall, Creditor Joe Colangelo respectfully requests that the Court deny without prejudice Objecting Creditor Monika Jensen's *Claim Objection Re: Proof of Claim No. 26*.

**Dated:  February 20, 2024**            **POLIS & ASSOCIATES, APLC**

                    **By:      /s/ Thomas J. Polis**
                         **Thomas J. Polis, Esq.**
                         **Counsel for Secured Creditor,**
                         **Joe Colangelo**

## DECLARATION OF JOE COLANGELO

I, Joe Colangelo, declare as follows:

1. I make this Declaration in support of my *Response Re: Claim Objection Filed by Monika Jensen re: Late-Filed Claim* ("*Claim Objection*"). I am Claimant of Proof of Claim No. 26. If compelled to do so, I would be able to competently testify to all of my factual statements herein under the penalty of perjury of the laws of the United States of America.

2. Attached as Exhibit "A" to my concurrently filed *Request for Judicial Notice* is a true and correct copy of my *Complaint* filed on July 24, 2023 in the Adversary Proceeding No. 8:23-ap-01078-TA, presently pending in the above-captioned Court. My *Complaint* lays out all the prerequisite for an informal proof of claim.

3. Attached as Exhibit "B" to my concurrently filed *Request for Judicial Notice* is a true and correct copy of my *Opposition re: Sale of 2 Makena* (ECF No. 220) filed in the above-captioned case on June 27, 2023. I believe the combined effect of my *Complaint* filed in Adversary Proceeding 23-ap-01078-TA on July 24, 2023, along with my *Opposition re: Sale of 2 Makena*, filed on June 24, 2023 constitute an informal proof of claim.

4. Furthermore, both Adversary Proceeding pending before the Court (23-ap-01078-TA and 23-ap-01086-TA) are attempting to resolve the amount of my claim and the validity of my claim pursuant to California Civil Code Section 3050, et seq. Consequently, it is premature for the Court to disallow those claims with the pending Adversary Proceedings.

I declare under the penalty of perjury of the laws of the United States of America that all of my statements herein are true and correct.

Executed on this ___19TH___ day of February, 2024.

_____
Joe Colangelo

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **POLIS & ASSOCIATES, 19800 MacArthur Boulevard, Suite 1000, Irvine, California  92612-2433**

A true and correct copy of the foregoing document **CREDITOR JOE COLANGELO'S RESPONSE RE CLAIM OBJECTION FILED RE LATE FILED CLAIM (ECF. NO. 285); DECLARATION OF JOE COLANGELO IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (ANEF@)** B Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 20, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached

☒    Service information continued on attached page

**2.  SERVED BY U.S. MAIL:**
On **February 20, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Theodor Albert, US Bankruptcy Court, 411 W. Fourth Street, Suite 5085 Santa Ana, CA 92612
Debtor, Stonebridge Ventures, 15 Corporate Plaza Drive, Suite 200, Newport Beach, CA 92660

G    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be completed</u> no later than 24 hours after the document is filed.

G Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 20, 2024 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

9

**CONTINUED PROOF OF SERVICE PAGE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**</u>

- **Robert M Aronson**   robert@aronsonlawgroup.com, info@aronsonlawgroup.com;robert@ecf.inforuptcy.com;r55297@notify.bestcase.com
- **James C Bastian**   jbastian@shulmanbastian.com
- **Arturo Cisneros**   arturo@mclaw.org, CACD_ECF@mclaw.org
- **Arturo Cisneros (TR)**   amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Arturo Cisneros (TR)**   acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Nicholas W Gebelt**   ngebelt@goodbye2debt.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Christopher Hewitt**   hewittesq@yahoo.com
- **Sheri Kanesaka**   sheri.kanesaka@fnf.com, rebecca.urioste@fnf.com
- **Rika Kido**   rkido@shulmanbastian.com, avernon@shulmanbastian.com
- **Zi Chao Lin**   zi.lin@tuckerellis.com, kristin.mccarthy@tuckerellis.com;thomas.fawkes@tuckerellis.com;jason.ben@tuckerellis.com;Motunrayo.Akinmurele@tuckerellis.com
- **William Malcolm**   bill@mclaw.org, cvalenzuela@mclaw.org
- **Richard A Marshack**   rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com; rmarshack@ecf.courtdrive.com; alinares@ecf.courtdrive.com
- **W. Derek May**   wdmlaw17@gmail.com, r48266@notify.bestcase.com
- **David W. Meadows**   david@davidwmeadowslaw.com
- **Thomas J Polis**   tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Lee S Raphael**   ecfcca@ecf.courtdrive.com, cmartin@pralc.com
- **Timothy M Ryan**   tryan@theryanfirm.com, ecf@theryanfirm.com
- **Allan D Sarver**   ADS@asarverlaw.com
- **Summer M Shaw**   ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- **Nathan F Smith**   nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
- **Michael G Spector**   mgspector@aol.com, mgslawoffice@aol.com
- **Diana Torres-Brito**   dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Christopher P. Walker**   cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com;r57253@notify.bestcase.com