1  WILLIAM G. MALCOLM, #129271
2  NATHAN F. SMITH, #264635
   MALCOLM ♦ CISNEROS, A Law Corporation
3  2112 Business Center Drive
   Irvine, California 92612
4  Phone: (949) 252-9400
   Fax: (949) 252-1032
5  Email: bill@mclaw.org; nathan@mclaw.org

6

7  *Attorneys for Chapter 7 Trustee, A. Cisneros*

8            **UNITED STATES BANKRUPTCY COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10                  **SANTA ANA DIVISION**

11 In re:                          | Bankruptcy Case No. 8:22-bk-11556-TA

12 STONEBRIDGE VENTURES, LLC,       | Adversary No. 8:23-ap-01013-TA

13            Debtor.               | Chapter 7

14

15                                 | **TRUSTEE'S MOTION TO APPROVE**
                                    | **COMPROMISE OF CONTROVERSY;**
16                                 | **MEMORANDUM OF POINTS AND**
                                    | **AUTHORITIES AND DECLARATION OF A.**
17                                 | **CISNEROS IN SUPPORT THEREOF**

18                                 | **Hearing:**
19                                 | Date:  July 30, 2024
                                    | Time: 11:00 a.m.
20                                 | Place: Via Zoom Teleconference

21

22 **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE;**

23 **THE OFFICE OF THE UNITED STATES TRUSTEE; DEBTOR; DEBTOR'S COUNSEL; AND**

24 **OTHER INTERESTED PARTIES:**

25      A. Cisneros, Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Stonebridge

26 Ventures, LLC ("Debtor"), hereby moves the Court for an order approving the following compromise of

27 controversy with Joe Colangelo ("Colangelo"), Monika Jensen ("Jensen"), Brentwood Finance

28 Company, LLC ("Brentwood"), Renewable Farms, Inc. ("Renewable"), and Escrow Experts, Inc.

("EE") (Trustee, Colangelo, Jensen, Brentwood, Renewable, and EE are collectively referred to herein as the "Parties").

## I.

## <u>INTRODUCTION</u>

Over four years ago, Colangelo and Jensen entered into an agreement to purchase the real property commonly known as 2 Makena, Rancho Mirage, California 92270 ("Property") from Debtor for approximately $2.6 million. Although the sale never closed, Colangelo and Jensen collectively caused approximately $1.3 million to be deposited with EE and resided in the Property rent free between December, 2020 and May, 2023, whereafter Trustee sold the Property for approximately $3.4 million subject to the alleged liens and interests of Brentwood, Renewable, Colangelo, and Jensen. Trustee is currently holding sale proceeds in the amount of approximately $2,137,662.13 ("Sale Proceeds").

Colangelo and Jensen have each filed secured claims against the Estate and complaints seeking, *inter alia,* a determination that their combined $1.3 million in deposits with EE constitute a senior statutory lien against the Sale Proceeds under California Civil Code § 3050. Brentwood and Renewable are owed approximately $1.4 million and $290,000 based on their respective first and second priority deeds of trust against the Property. Trustee has filed a complaint against Colangelo and Jensen for, *inter alia,* unjust enrichment and breach of contract.

Trustee successfully moved to dismiss Colangelo and Jensen's complaints and has moved to dismiss their amended complaints. Trustee has also obtained a judgment against Colangelo in excess of $800,000 and is defending a motion to set it aside. Although hearings on the foregoing motions were continued to August 15, 2024, pending the outcome of Court ordered mediation, the Court issued detailed tentative rulings granting Trustee's motion to dismiss Jensen's complaint and denying Colangelo's motion to set aside the judgment against him; thereby placing the Estate in a strong position heading into mediation.

Following two mediation sessions with Court appointed mediator Leonard Gumport, Esq. ("Mediator"), which totaled approximately nineteen hours combined, and voluminous settlement communications between the Parties and Mediator in connection with and following the mediations, the Parties reached a global settlement agreement resolving distribution of the Sale Proceeds, the pending

adversary proceedings, and the claims against the Estate ("Agreement"). The Agreement will result in the Estate's retention of approximately $255,000 in connection with the sale, distribution of $600,000 of the Sale Proceeds to Colangelo and Jensen, distribution of $1,040,000 of the Sale Proceeds to Brentwood, and distribution of $255,000 of the Sale Proceeds to Renewable. Colangelo will withdraw his $1.6 million claim and Jensen with withdraw her $550,000 claim. The Agreement will also obviate the need for the Estate to continue incurring administrative fees and costs in connection with litigation of the adversary proceedings and materially expedite Trustee's administration of the Estate and eventual distribution to unsecured creditors. The Agreement is a testament to the Mediator's persistence and constitutes a hard negotiated settlement by Trustee that benefits the Estate, unsecured creditors, and the other Parties.

Based on the foregoing, and as explained in further detail below, Trustee respectfully requests that the Court enter an order approving the Agreement.

## II.

## STATEMENT OF FACTS

### A.    Colangelo and Jensen's Agreement to Purchase the Property.

1.    On or about March 6, 2015, Debtor obtained title to Property. *See* Declaration of A. Cisneros, filed concurrently herewith ("Declaration"), Exhibit "1," ¶ A.

2.    On or about April 23, 2020, Colangelo and Jensen entered into a Purchase Agreement, whereby they agreed to pay Debtor $2,595,000 in exchange for the Property ("Purchase Agreement"). *See* Declaration, Exhibit "1," ¶ B.

3.    The Purchase Agreement designated EE as the escrow agent handling the transaction identified in the Purchase Agreement. *See* Declaration, Exhibit "1," ¶ C.

### B.    Brentwood and Renewable's Deeds of Trust Against the Property.

4.    On or about June 30, 2021, a deed of trust in favor of Brentwood in the original, principal amount of $1,850,000 was recorded against the Property. *See* Declaration, Exhibit "1," ¶ D.

5.    On or about July 29, 2021, a deed of trust in favor of Renewable in the original, principal amount of $250,000 was recorded against the Property. *See* Declaration, Exhibit "1," ¶ E.

///

**C.      The Filing of Debtor's Petition and Appointment of Trustee.**

6.      On September 9, 2022, Debtor commenced its bankruptcy case by filing a petition under Chapter 11 of Title 11 of the United States Code.  *See* Docket Entry ("DE") 1.

7.      On September 23, 2022, Debtor and the Office of the United States Trustee entered into a stipulation for the appointment of a Chapter 11 trustee.   *See* DE 13.

8.      On September 29, 2022, Trustee was appointed as the Chapter 11 Trustee of Debtor's bankruptcy estate ("Estate").  *See* DE 19.

**D.      Trustee's Complaint Against Colangelo and Jensen.**

9.      On February 29, 2023, Trustee filed a complaint against Colangelo and Jensen for turnover of the Property under 11 U.S.C. § 542 and unjust enrichment as case number 8:23-ap-01013-TA ("Trustee Adversary Proceeding").  *See* DE 133.

**E.      The Conversion of the Case to Chapter 7 and Appointment of Trustee.**

10.      On March 10, 2023, Trustee filed a motion to convert the case to Chapter 7, which was granted on April 3, 2023.  *See* DE 163 and 191, respectively.

11.      On April 3, 2023, Trustee was appointed as the Chapter 7 Trustee of Debtor's Estate, a capacity in which he continues to serve.  *See* DE 193.

**F.      The Claim Filed by Jensen.**

12.      On March 13, 2023, Jensen filed an unsecured proof of claim in the amount of $550,034.58.  Jensen amended the claim to secured on August 2, 2023 ("Jensen Proof of Claim").  *See* Claims Register No. 9-1 and 9-2, respectively.

**G.      Trustee's Motion to Sell the Property.**

13.      On June 13, 2023, Trustee filed a motion to sell the Property to Roll Sparrow, LLC for $3,160,000, subject to Bankruptcy Court approval and overbidding ("Motion to Sell").  *See* DE 213.

14.      On July 25, 2023, a hearing on the Motion to Sell was held, at which the Bankruptcy Court granted the Motion to Sell and authorized the sale of the Property to overbidder Dennis R. Boggio for $3,402,000.  *See* DE 246.

///

///

**H.**    **Colangelo's Complaint in Connection with the Property.**

15.    On July 24, 2023, Colangelo filed a complaint against Debtor, Trustee, Brentwood, Renewable Farms, and AB Capital as United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-ap-01078-TA, wherein he alleged that he held a CC § 3050 statutory lien against the Property ("Colangelo Adversary").  *See* DE 239.

**I.**    **Jensen's Complaint in Connection with the Property.**

16.    On August 5, 2023, Jensen filed a complaint against Debtor, Brentwood, Renewable, AB Capital, Trustee, and Colangelo as United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-ap-01086-TA, wherein she alleged that she held a CC § 3050 statutory lien against the Property ("Jensen Adversary") (the Trustee Adversary, Colangelo Adversary, and Jensen Adversary are collectively referred to herein as the Adversary Proceedings).  *See* DE 244.

**J.**    **Trustee's Sale of the Property.**

17.    On or about August 24, 2023, the sale of the Property closed and Trustee transferred title to the Property to Dennis R. Boggio, Trustee of the DRB Living Trust dated January 13, 2017.  *See* DE 250.

18.    The Estate received $3,137,662.13 in proceeds from the sale of the Property ("Sale Proceeds").  *See* DE 250.

**K.**    **The Claims Filed by Brentwood and Renewable and $1 Million Distribution to Brentwood.**

19.    On September 26, 2023, Brentwood filed a secured proof of claim in the amount of $2,196,114.37 ("Brentwood Proof of Claim").  *See* Clams Register No. 19-1.

20.    On October 5, 2023, Renewable filed a secured proof of claim in the amount of $282,340 ("Renewable Proof of Claim").  *See* Claims Register No. 25-1.

21.    On October 17, 2023, Trustee filed a motion for authorization to distribute $1.3 million of the Sale Proceeds to Brentwood.  On November 27, 2023, the Bankruptcy Court entered an order authorizing Trustee to disburse $1 million to Brentwood.  The Trustee made such disbursement to Brentwood on or about December 15, 2023.  *See* DE 263 and 279, respectively.

///

**L.**    **The Claim Filed by Colangelo.**

22.    On December 27, 2023, Colangelo filed a secured proof of claim in the amount of approximately $1,600,000 ("Colangelo POC").  Jensen filed an objection to the Colangelo POC on January 18, 2024, which was overruled.  *See* Claims Register No. 26-1.

**M.**    **Trustee's Judgment Against Colangelo and the Motion to Set it Aside.**

23.    On January 30, 2024, following a motion for default judgment against Colangelo, Judgment was entered against Colangelo in the Trustee Adversary Proceeding ("Judgment Against Colangelo").  Currently, the amount owed to Trustee under the Judgment Against Colangelo is approximately $800,000.  *See* Trustee Adversary Docket Entry 71.

24.    On February 21, 2024, Colangelo filed a motion to set aside the Judgment Against Colangelo, which Trustee opposed.  Following issuance of a tentative ruling denying Colangelo's motion to set aside the Judgment Against Colangelo, the Bankruptcy Court continued the hearing on Colangelo's motion to August 15, 2024.  *See* Trustee Adversary Docket Entry 91 and 129.

**N.**    **The Court's Assignment of the Adversary Proceedings to Mediation and Appointment of Leonard Gumport as Mediator.**

25.    On March 27, 2024, the Bankruptcy Court entered an order assigning the Adversary Proceedings to the Bankruptcy Court's mediation program and appointing Leonard Gumport as mediator.  *See* Trustee Adversary Docket Entry 107.

**O.**    **The Parties' Mediation with Leonard Gumport.**

26.    The Parties participated in two mediation sessions with Mediator, on March 25, 2024 between 9 a.m. and approximately 7 p.m. and May 14, 2024 between 9 a.m. and approximately 6 p.m. Additionally, the parties circulated confidential mediation briefs in connection with the mediation on May 14, 2024 and have exchanged voluminous communications in connection with the mediations.  *See* Declaration, Exhibit "1," ¶ Z.

27.    Although the mediation was closed following the May 14, 2024 mediation, the Parties circulated a stipulation to reopen the mediation in each of the adversary proceedings.  Orders reopening the mediation were entered on June 14, 2024.  *See* Trustee Adversary Docket Entry 141.

///

28.    Currently, Trustee is holding $2,137,662.13 in Sale Proceeds.  *See* Declaration, Exhibit "1," ¶ BB.

29.    The Parties desire to resolve all issues concerning the Sale Proceeds, the Adversary Proceedings, the claims against the Estate and the Judgment Against Colangelo without the delay and uncertainty of further legal proceedings and litigation.

## III.

## <u>SETTLEMENT BETWEEN THE PARTIES</u>

30.    The Parties are desirous of resolving all issues regarding the Adversary Proceeding. Therefore, through counsel, they entered into negotiations and reached the Agreement.  *See* Declaration, Exhibit "1."

31.    The general terms of the Agreement are as follows:

a.    The Agreement is subject to the approval of the Bankruptcy Court and is of no force or effect until it is approved by the Bankruptcy Court.

b.    Trustee shall pay $600,000 of the Sale Proceeds to Colangelo and Jensen within fourteen (14) days of entry of an order approving the Agreement.

c.    Trustee shall pay $1,042,000 of the Sale Proceeds to Brentwood within fourteen (14) days of entry of an order approving the Agreement.

d.    Brentwood will stipulate to dismiss the Colangelo Adversary and the Jensen Adversary in their entirety, with prejudice, within seven (7) days of receipt of the $1,042,000 payment.

e.    Trustee shall disburse $255,000 to Renewable within fourteen (14) days of entry of an order approving the Agreement.

f.    Renewable will stipulate to dismiss the Colangelo Adversary and the Jensen Adversary in their entirety, with prejudice, within seven (7) days of receipt of the $255,000 payment.

g.    EE shall pay Trustee $15,000 within fourteen (14) days of entry of an order approving the Agreement.

///

h.   EE will stipulate to dismiss the Trustee Adversary Proceeding and the Jensen Adversary in their entirety, with prejudice, within fourteen (14) days of entry of an order approving the Agreement.

i.   The Estate shall retain $240,662.13 of the Sale Proceeds plus the $15,000 paid to Trustee by EE for payment of administrative and unsecured claims.

j.   Trustee will stipulate to dismiss the Colangelo Adversary and the Jensen Adversary in their entirety, with prejudice, within fourteen (14) days of entry of an order approving the Agreement.

k.   Jensen shall stipulate to dismiss the Jensen Adversary, and the Trustee Adversary Proceeding in their entirety, with prejudice, and Colangelo shall stipulate to dismiss the Colangelo Adversary, the Jensen Adversary and the Trustee Adversary Proceeding in their entirety, with prejudice, within seven (7) days of receipt of the $600,000 payment.

l.   Jensen shall withdraw the Jensen Proof of Claim within seven (7) days of receipt of the $600,000 payment.

m.   Colangelo shall withdraw the Colangelo Proof of Claim within seven (7) days of receipt of the $600,000 payment in the trust account designated by their counsel.

n.   Brentwood shall withdraw the Brentwood Proof of Claim within seven (7) days of its receipt of the $1,042,000 payment from Trustee.

o.   Renewable shall withdraw the Renewable Proof of Claim within seven (7) days of its receipt of the $255,000 payment from Trustee.

p.   Neither Colangelo nor Jensen shall be entitled to any further payment from Trustee or the Estate either as an unsecured creditor of the Estate or otherwise.

q.   Neither Brentwood nor Renewable shall be entitled to any further payment from Trustee or the Estate either as an unsecured creditor of the Estate or otherwise.

r.   Trustee shall stipulate to dismiss the Trustee Adversary Proceeding in its entirety, with prejudice, within seven (7) days of the Court's entry of orders dismissing the Jensen Adversary and Colangelo Adversary.

s.      Trustee shall file a satisfaction of the Judgment Against Colangelo within seven (7) days of the Court's entry of orders dismissing the Jensen Adversary Proceeding and Colangelo Adversary Proceeding.

t.      The Parties waive any and all Claims that they may have against one another and any right to assert any additional Claims against one another save any claims that Colangelo and Jensen may have against each other in any other forum, including in connection with the $600,000 payment from Trustee.

32.      Trustee believes that the settlement referenced in the Agreement is in the best interest of creditors and the Estate because it results in the Estate's retention of approximately $255,000 without the need for further litigation in connection with the Adversary Proceedings and proofs of claim filed by Brentwood, Renewable, Colangelo, and Jensen.   Additionally, the Agreement results in a full resolution of the claims of Colangelo ($1.6 million) and Jensen ($550,000), neither of which will be entitled to any further payment from the Estate, an approximately $350,000 reduction of the amount owed to Brentwood under its deed of trust, and an approximately $40,000 reduction of the amount owed to Renewable under its deed of trust.   Based on these reductions, and the interest that would otherwise accrue on the amounts owed to Brentwood and Renewable if litigation proceeds, Trustee believes that unsecured creditors will likely receive more under the Agreement than they would receive through litigation.   Finally, the Agreement will materially expedite administration of the Estate and distribution to unsecured creditors.

**WHEREFORE**, Trustee respectfully requests that the Court enter an order approving the Agreement and granting Trustee such other relief as the Court deems just and proper.

Dated:  July 8, 2024                          MALCOLM ♦ CISNEROS, A Law Corporation

                                             */s/ Nathan F. Smith*
                                             NATHAN F. SMITH
                                             *Attorneys for Chapter 7 Trustee, A. Cisneros*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### THE COURT HAS AUTHORITY TO APPROVAL THE COMPROMISE

Federal Rule of Bankruptcy Procedure 9019(a) provides:

> "On motion by Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, Debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."

Accordingly, upon appropriate notice, the Court may approve a compromise or settlement. In the instant case, the notice has been served on Debtor, Debtor's counsel, all parties requesting special notice, the Office of the United States Trustee, and on all creditors.

### II.

### TRUSTEE SHOULD BE PERMITTED TO ENTER

### INTO A COMPROMISE IF IT IS REASONABLE

### GIVEN THE PARTICULAR CIRCUMSTANCES OF THE CASE

### A.    The Purpose of a Compromise.

The Ninth Circuit has stated that, "The purpose of a compromise agreement is to allow Trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Caine (In re A&C Properties)* 784 F.2d 1377, 1380-81 (9th Cir. 1986) *cert. denied sub nom, Martin v. Robinson* 479 U.S. 854 (1986). The Bankruptcy Court has great latitude in approving a compromise so long as it finds that the compromise is fair and equitable. *Id* at 1382; *see also*, *Woodson v. Fireman's Fund Insurance Company (In re Woodson)* 839 F.2d 610, 620 (9th Cir. 1988) and *Burton v. Ulrich (In re Schmitt)* 215 B.R. 417, 421 (9th Cir. BAP 1997).

### B.    The Applicable Factors Governing Approval of a Compromise.

The Ninth Circuit Court of Appeals and the Bankruptcy Appellate Panel for the Ninth Circuit have consistently held that a Bankruptcy Court must consider four factors in determining whether to approve a compromise:

    (a)    The probability of success in the litigation;
    (b)    The difficulties, if any, to be encountered in the matter of collection;
    (c)    The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending to it; and

(d)    The paramount interest of the creditors and a proper deference to their reasonable views. *In re A&C Properties, supra* at 1381; *In re Woodson, supra* at 620; *In re Schmitt, supra,* at 421.

### C.    Evaluation of the *A&C* Factors.

When evaluating the four *A&C Properties* factors, "courts need not rule upon disputed facts and questions of law, but rather only canvass the issues…A mini trial on the merits is not required." *Burton v Ulrich, supra,* at 423.  If the court were required to do more than canvass the issue, there would be no point in compromising; the parties might as well go ahead and try the case." *Suter v. Goedert*, 396 B.R. 535, 548 (D. Nev. 2008).

### D.    Deference to a Trustee's Business Judgment.

While the court must make an independent determination, the judgment of the trustee deserves some deference.  *In re West Pointe Properties, LP*, 249 B.R. 273, 281 (Bankr. E.D. Tenn. 2000).  Moreover, each factor need not be treated in a vacuum; rather, the factors should be considered as a whole to determine whether the settlement compares favorably with the expected rewards of litigation." *Greif & Co. v. Shapiro (In re W. Funding Inc.)*, 550 B.R. 841, 851 (9th Cir. B.A.P 2016), *aff'd*, 705 F. App'x 600 (9th Cir. 2017).  Accordingly, the Court generally gives deference to a trustee's business judgment and will approve a compromise that falls within the "range of reasonableness." *In re Pac. Gas & Elec. Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004). The Second Circuit has defined "range of reasonableness" as "a range [that] recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

### E.    The Burden of Persuasion.

Ultimately, "[t]he trustee, as the party proposing the compromise, has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved." *In re A & C Props.*, 784 F.2d at 1381; *In re Open Med. Inst., Inc.*, 639 B.R. 169, 180 (B.A.P. 9th Cir. 2022).

///

///

///

///

F.      **The _A&C_ Factors Favor Approval of the Compromise.**

      1.      **Probability of Success in the Litigation.**

           a.      **The Colangelo Adversary.**

Trustee filed a motion to dismiss the Colangelo Adversary pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 12(b)(7), which was granted with leave to amend. Following the filing of an amended complaint, Trustee filed a motion to dismiss pursuant to FRCP 12(b)(6) and 12(b)(7), which is set for hearing on August 15, 2024. Trustee believes that he will prevail in connection with his motion to dismiss; however, Colangelo may be given further leave to amend and could potentially articulate claims that may survive a motion to dismiss. Nevertheless, Trustee believes that he will eventually prevail in connection with any claims that Colangelo could articulate, including his claim for a statutory lien under California Civil Code § 3050, a potential claim for breach of contract, and a potential claim for unjust enrichment. Nevertheless, such litigation will likely be at significant cost to the Estate.

           b.      **The Jensen Adversary.**

Trustee filed a motion to dismiss the Jesen Adversary pursuant to FRCP 12(b)(6) and 12(b)(7), which was granted with leave to amend. Following the filing of an amended complaint, Trustee filed a motion to dismiss pursuant to FRCP 12(b)(6). Although the Court issued a detailed tentative ruling granting Trustee's motion, following oral argument, it continued the hearing to August 15, 2024 pending the results of mediation. Although Trustee believes that his motion will be granted, Jensen may be given further leave to amend. Nevertheless, Trustee believes that he will eventually prevail in connection with any claims that Jensen could articulate, including her claim for a statutory lien under California Civil Code § 3050, a claim for breach of contract, and a potential claim for unjust enrichment. Nevertheless, such litigation will likely be at significant cost to the Estate.

           c.      **The Trustee Adversary.**

                i.      **The Claims Against Colangelo.**

Although Trustee has obtained the Judgment Against Colangelo, Colangelo is seeking to set it aside. Despite a detailed tentative ruling, wherein the Court explained the basis for denying Colangelo's motion, the hearing on it was continued to August 15, 2024, pending the outcome of

mediation.  Trustee believes that Colangelo could supplement his motion and potentially prevail, in which case, it will be necessary for Trustee to proceed with written discovery, a deposition of Colangelo, and an eventual motion for summary judgment.  Trustee believes that he would prevail in connection with a motion for summary judgment or at trial.  However, the cost to the Estate would be significant.

<b>ii.    The Claims Against Jensen.</b>

Jensen has answered Trustee's complaint and alleged several affirmative defenses.  Therefore, if litigation proceeds, it will be necessary for Trustee to proceed with written discovery, a deposition of Jensen, and an eventual motion for summary judgment.  Trustee believes that he would prevail in connection with a motion for summary judgment or at trial.  However, the cost to the Estate would be significant.

<b>iii.    Jensen's Counterclaims.</b>

Jensen's answer to Trustee's complaint included counterclaims for breach of contract and unjust enrichment, which Trustee moved to dismiss.  Although Trustee's motion was granted, in part, Jensen was allowed leave to amend, and Trustee has answered Jensen's amended counterclaims.  Therefore, if litigation proceeds, it will be necessary for Trustee to proceed with written discovery, a deposition of Jensen, and an eventual motion for summary judgment.  Trustee believes that he would prevail on a motion for summary judgment or at trial in connection with Jensen's counterclaims.  However, the cost to the Estate would be significant.

Despite the relatively novel legal issue presented by Colangelo and Jensen's claims under California Civil Code § 3050 and numerous adversary proceedings, Trustee believes that he will prevail in connection with each.  Nevertheless, the cost of victory will be high, interest will continue to accrue under the Brentwood and Renewable claims, and Brentwood will likely seek to recover its own attorney fees incurred in connection with the Colangelo and Jensen Adversary Proceedings from the Sale Proceeds.  Therefore, Trustee's eventual victory may be pyrrhic in nature, and Trustee believes that this factor consequently weights in favor of the Agreement.  *See* Declaration, ¶ 7-8.

///

///

1

2

### 2.    Cost, Complexity, and Delay.

#### a.    The Colangelo Adversary.

Trustee filed a motion to dismiss the Colangelo Adversary pursuant to FRCP 12(b)(6) and 12(b)(7), which was granted with leave to amend.  Following the filing of an amended complaint, Trustee filed a motion to dismiss pursuant to FRCP 12(b)(6) and 12(b)(7), which is set for hearing on August 15, 2024.  Although Trustee believes that his motion will be granted, Colangelo may be given further leave to amend, and, if he is successful in advancing his complaint beyond the pleading stage, discovery will be expensive, involved, and time consuming based on the number of parties from whom discovery will be sought and the number of depositions that will be required.  Additionally, unless Trustee prevails on a motion for summary judgment, trial will be necessary, and it is unlikely that a trial date will be set prior to mid-2025.  Finally, it is possible that Colangelo would appeal any adverse judgment, which will result in further administrative fees incurred and additional judgment accrued under the Brentwood and Renewable deeds of trust, all to the detriment of unsecured creditors.

#### b.    The Jensen Adversary.

Trustee filed a motion to dismiss the Jesen Adversary pursuant to FRCP 12(b)(6) and 12(b)(7), which was granted with leave to amend.  Following the filing of an amended complaint, Trustee filed a motion to dismiss pursuant to FRCP 12(b)(6).  Although the Court issued a favorable tentative ruling on Trustee's motion, following oral argument, it continued the hearing to August 15, 2024 pending the results of mediation.  Although Trustee believes that his motion will be granted, Jensen may be given further leave to amend, and, if she is successful in advancing his complaint beyond the pleading stage, discovery will be expensive, involved, and time consuming based on the number of parties from whom discovery will be sought and the number of depositions that will be required.  Additionally, unless Trustee prevails on a motion for summary judgment, trial will be necessary, and it is unlikely that a trial date will be set prior to mid-2025.  Finally, it is possible that Jensen would appeal any adverse judgment, which will result in further administrative fees incurred and additional judgment accrued under the Brentwood and Renewable claims, all to the detriment of unsecured creditors.

///

///

1

        **c.**      **The Trustee Adversary.**

2

        **i.**        **The Claims Against Colangelo.**

3         Although Trustee has obtained the Judgment Against Colangelo, Colangelo is seeking to set it

4 aside.  Despite a detailed tentative ruling, wherein the Court explained the basis for denying

5 Colangelo's motion, the hearing on it was continued to August 15, 2024, pending the outcome of

6 mediation.  Trustee believes that Colangelo could supplement his motion and potentially prevail, in

7 which case, it will be necessary for Trustee to proceed with written discovery, a deposition of

8 Colangelo, and an eventual motion for summary judgment.  Despite the relatively non-complex nature

9 of the claims against Colangelo, Colangelo would likely allege several affirmative defenses, including

10 setoff under 11 U.S.C. § 553, and the ensuing litigation would result in significant administrative costs

11 and delay Trustee's administration of the Estate.

12

        **ii.**        **The Claims Against Jensen.**

13         Jensen has answered Trustee's complaint and alleged several affirmative defenses.  Therefore, if

14 litigation proceeds, it will be necessary for Trustee to proceed with written discovery, a deposition of

15 Jensen, and an eventual motion for summary judgment.  Despite the relatively non-complex nature of

16 the claims against Jensen, continued litigation will result in significant administrative costs and delay

17 Trustee's administration of the Estate.

18

        **iii.**        **Jensen's Counterclaims.**

19         Jensen's answer to Trustee's complaint included counterclaims for breach of contract and unjust

20 enrichment, which Trustee moved to dismiss.  Although Trustee's motion was granted, in part, Jensen

21 was allowed leave to amend, and Trustee has answered Jensen's amended counterclaims.  Therefore, if

22 litigation proceeds, it will be necessary for Trustee to proceed with written discovery, a deposition of

23 Jensen, and an eventual motion for summary judgment.  Despite the relatively non-complex nature of

24 Jensen's counterclaims, continued litigation will result in significant administrative costs and delay

25 Trustee's administration of the Estate.

26         Based on the numerous adversary proceedings, number of parties involved, and relatively novel

27 legal issues, litigation will be exceedingly expensive, involved, and will result in a significant delay of

28 Trustee's administration of the Estate and eventual distribution to unsecured creditors.  Moreover,

approximately $11,000 in interest is accruing each month under the Brentwood and Renewable claims and Trustee believes that Brentwood will seek to recover its attorney fees incurred in connection with the Colangelo and Jensen Adversary Proceedings.  In light of the numerous adversary proceedings, such fees could exceed $100,000.  As such, this factor weighs in favor of the Agreement.  *See* Declaration, ¶ 7-8.

### 3.  The Difficulty of Collection.

Trustee has already obtained the Judgment Against Colangelo, which exceeds $800,000. Although Trustee has obtained a writ of execution and attempted to levy against bank accounts previously held by Colangelo, such accounts have been closed and Trustee has, thus far, recovered nothing.  In light of prior discovery conducted by Trustee, Trustee's experiences with attempting to collect on the Judgment Against Colangelo, and information gleaned by Trustee in connection with the mediation, Trustee does not believe that he will be successful in collecting from Colangelo in connection with the judgment against him and does not believe that he would be successful in collecting on a judgment against Jensen should he prevail in connection with the Estate's claims against her.  Neither Colangelo nor Jensen appear to have the financial ability to pay any judgment.  Moreover, to the extent that either has assets, Trustee believes that collection will be difficult because they are Canadian nationals with limited means who are currently embroiled in contentious dissolution proceedings.  As such, this factor weighs in favor of settlement.  *See* Declaration, ¶ 7-8.

### 4.  The Interest of Creditors.

The final, but most significant, part of the analysis involves an evaluation of whether the proposed settlement is in the best interests of creditors.  *See In Re Flight Trans. Corp. Securities Litigation*, 730 F.2d 1128, 1135-36 (8th Cir. 1984).

In light of the cost of litigation of the Adversary Proceedings and the interest that will continue to accrue under the Brentwood and Renewable claims, the approximately $255,000 that the Estate will retain by virtue of the Agreement likely exceeds the amount that unsecured creditors will receive should litigation proceed, and the Estate be forced to incur the related administrative fees and costs.  Therefore, Trustee believes that settlement, rather than litigation, is in the best interest of creditors.  *See* Declaration, ¶ 7-8.

### III.

### THE SETTLEMENT AGREEMENT HAS BEEN REACHED THROUGH THE EXERCISE OF
### TRUSTEE'S SOUND BUSINESS JUDGMENT

The compromise was reached as a result of arms-length negotiations between parties with no connection to one another.  Trustee, with his counsel, participated in negotiations with the Parties and their counsel, with the assistance of Mediator.  Trustee believes that the settlement referenced in the Agreement is in the best interest of creditors and the Estate because it results in the Estate's retention of approximately $255,000 without the need for further litigation in connection with the Adversary Proceedings and proofs of claim filed by Brentwood, Renewable, Colangelo, and Jensen.  Additionally, the Agreement results in a full resolution of the claims (totaling $1.6 million and $550,000) of Colangelo and Jensen, neither of which will be entitled to any further payment from the Estate, an approximately $350,000 reduction of the amount owed to Brentwood under its deed of trust, and an approximately $40,000 reduction of the amount owed to Renewable under its deed of trust.  Based on these reductions, the interest that would otherwise accrue on the amounts owed to Brentwood and Renewable if litigation proceeds, and Brentwood's likely attempt to recover its attorney fees incurred in connection with the Adversary Proceedings, Trustee believes that unsecured creditors will likely receive more under the Agreement than they would receive through litigation.  Finally, the Agreement will materially expedite Trustee's administration of the Estate and distribution to unsecured creditors.  *See* Declaration, ¶ 7-8.

### IV.

### CONCLUSION

Based on the foregoing, Trustee respectfully requests that the Court grant this motion and authorize Trustee to settle and compromise the disputes, as outlined above, under the terms and conditions set forth in the Agreement.  The negotiations that led to this Agreement were time-consuming and hard fought.  However, the Court's wisdom in ordering the Parties to mediation is evident in the result, which brings three adversary proceedings involving numerous parties to an end, resolves four large claims against the Estate, and results in a more favorable outcome for the Estate and unsecured creditors than continued litigation.

1  Dated:  July 8, 2024

MALCOLM ♦ CISNEROS, A Law Corporation

*/s/ Nathan F. Smith*
NATHAN F. SMITH
*Attorneys for Chapter 7 Trustee, A. Cisneros*

**DECLARATION OF A. CISNEROS**

I, A. Cisneros, declare and state as follows:

1.      I am the duly appointed and acting Chapter 7 trustee for the bankruptcy estate of Stonebridge Ventures, LLC ("Debtor"). In this capacity, I have personal knowledge of the facts set forth below based on my participation in the events in question or as a result of my review of the record, and, if called upon to testify thereto, I could and would do so competently and truthfully.

2.      I am familiar with Debtor's bankruptcy proceeding and make this Declaration in support of my Motion to Approve Compromise of Controversy pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Motion"). Unless otherwise noted, capitalized terms in this Declaration have the meaning set forth in the Motion.

3.      I have read and I am aware of the contents of the Motion and the accompanying Memorandum of Points and Authorities. The facts stated in the Motion and the Memorandum of Points and Authorities are true and correct to the best of my knowledge.

4.      Through the Motion, I request approval of the Agreement between myself, as Trustee for Debtor's estate, Colangelo, Jensen, Brentwood, Renewable, and EE. A true and correct copy of the Agreement is attached hereto as Exhibit "1."

5.      Following the Court's referral of the Adversary Proceedings to mediation and appointment of Leonard Gumport, Esq. as mediator, I participated in two full day mediations along with my counsel. The negotiations were involved, and Mr. Gumport eventually concluded the mediation without a settlement.

6.      Notwithstanding closure of mediation, Mr. Gumport and the parties persisted and continued settlement discussions, which eventually resulted in the reopening of mediation. Thereafter, through my counsel, I circulated a settlement agreement that was signed by all Parties.

7.      Although I believe that I would eventually prevail in connection with all Adversary Proceedings, the cost of litigation and the interest that will continue to accrue under the Brentwood and Renewable claims to the detriment of unsecured creditors would be substantial. Therefore, based on the three adversary proceedings currently pending, the litigation concerning my judgment against Colangelo, and the approximately $11,000 in interest accruing under the Brentwood and Renewable

1  deeds of trust each month, I believe that the approximately $255,000 that the Estate will retain by virtue

2  of the Agreement likely exceeds the amount that unsecured creditors will receive should litigation

3  proceed.

4         8.      In addition to the cost of litigation, the delay to the administration of the Estate

5  occasioned by continued litigation will be substantial, and I estimate that a final resolution of all cases

6  could possibly take over a year notwithstanding the additional delay that would be caused by potential

7  appeals.  Therefore, the Agreement will also have a substantially positive impact on my administration

8  of the Estate and materially expedite the eventual distribution to unsecured creditors.

9         I declare under penalty of perjury under the laws of the United States that the foregoing is true

10  and correct and that this declaration was executed on July ___8___, 2024 at Riverside, California.

11

12  _____

13                ARTURO M. CISNEROS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

## Case Number: 8:22-bk-11556-TA

### *In re Stonebridge Ventures, LLC*

_____

# SETTLEMENT AGREEMENT
_____

Malcolm ♦ Cisneros, A Law Corporation
2112 Business Center Drive
Irvine, California  92612

1

Exhibit 1

This Settlement Agreement ("Agreement"), by and between Arturo M. Cisneros, Chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Court") case number 8:22-bk-11556-TA ("Bankruptcy Case"), Joe Colangelo ("Colangelo"), Monika Jensen ("Jensen"), Brentwood Finance Company, LLC ("Brentwood"), Renewable Farms, Inc. ("Renewable"), and Escrow Experts, Inc. ("EE") (Trustee, Colangelo, Jensen, Brentwood, Renewable, and EE are collectively referred to herein as the "Parties") is made with reference to the following facts:

A.    On or about March 6, 2015, Debtor obtained title to the real property commonly known as 2 Makena Lane, Rancho Mirage, California 92270 ("Property").

B.    On or about April 23, 2020, Colangelo and Jensen entered into a Purchase Agreement, whereby they agreed to pay Debtor $2,595,000 in exchange for the Property ("Purchase Agreement").

C.    The Purchase Agreement designated EE as the escrow agent handling the transaction identified in the Purchase Agreement.

D.    On or about June 30, 2021, a deed of trust in favor of Brentwood in the original, principal amount of $1,850,000 was recorded against the Property.

E.    On or about July 29, 2021, a deed of trust in favor of Renewable in the original, principal amount of $250,000 was recorded against the Property.

F.    On September 9, 2022, Debtor commenced its bankruptcy case by filing a petition under Chapter 11 of Title 11 of the United States Code.

G.    On September 23, 2022, Debtor and the Office of the United States Trustee entered

Exhibit 1

into a stipulation for the appointment of a Chapter 11 trustee.

H.    On September 29, 2022, Trustee was appointed as the Chapter 11 Trustee of

Debtor's bankruptcy estate ("Estate").

I.    On February 29, 2023, Trustee filed a complaint against Colangelo and Jensen for

turnover of the Property under 11 U.S.C. § 542 and unjust enrichment as case number 8:23-ap-

01013-TA ("Trustee Adversary Proceeding").

J.    On March 10, 2023, Trustee filed a motion to convert the case to Chapter 7, which

was granted on April 3, 2023.

K.    On March 13, 2023, Jensen filed an unsecured proof of claim in the amount of

$550,034.58.  Jensen amended the claim to secured on August 2, 2023 ("Jensen Proof of Claim").

L.    On April 3, 2023, Trustee was appointed as the Chapter 7 Trustee of Debtor's

Estate, a capacity in which he continues to serve.

M.    On June 13, 2023, Trustee filed a motion to sell the Property to Roll Sparrow, LLC

for $3,160,000, subject to Bankruptcy Court approval and overbidding ("Motion to Sell").

N.    On July 25, 2023, a hearing on the Motion to Sell was held, at which the Bankruptcy

Court granted the Motion to Sell and authorized the sale of the Property to overbidder Dennis R.

Boggio for $3,402,000.

O.    On July 24, 2023, Colangelo filed a complaint against Debtor, Trustee, Brentwood,

Renewable Farms, and AB Capital as United States Bankruptcy Court for the Central District of

California, Santa Ana Division case number 8:23-ap-01078-TA, wherein he alleged that he held a

CC § 3050 statutory lien against the Property ("Colangelo Adversary"). On August 23, 2023,

Brentwood filed an answer and counterclaim in the Colangelo Adversary.

3

**Exhibit 1**

Settlement Agreement
*In re Stonebridge Ventures, LLC*
Bankr. C.D. Cal. 8:22-bk-11556-TA

P.    On August 5, 2023, Jensen filed a complaint against Debtor, Brentwood, Renewable, AB Capital, Trustee, and Colangelo as United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-ap-01086-TA, wherein she alleged that she held a CC § 3050 statutory lien against the Property ("Jensen Adversary") (the Trustee Adversary, Colangelo Adversary, and Jensen Adversary are collectively referred to herein as the Adversary Proceedings. On September 6, 2023, Brentwood filed an answer and counterclaim in the Jensen Adversary.

Q.    On or about August 24, 2023, the sale of the Property closed and Trustee transferred title to the Property to Dennis R. Boggio, Trustee of the DRB Living Trust dated January 13, 2017.

R.    The Estate received $3,137,662.13 in proceeds from the sale of the Property ("Sale Proceeds").

S.    On September 26, 2023, Brentwood filed a secured proof of claim in the amount of $2,196,114.37 ("Brentwood Proof of Claim").

T.    On October 5, 2023, Renewable filed a secured proof of claim in the amount of $282,340 ("Renewable Proof of Claim").

U.    On October 17, 2023, Trustee filed a motion for authorization to distribute $1.3 million of the Sale Proceeds to Brentwood.  On November 27, 2023, the Bankruptcy Court entered an order authorizing Trustee to disburse $1 million to Brentwood.  The Trustee made such disbursement to Brentwood on or about December 15, 2023.

V.    On December 27, 2023, Colangelo filed a secured proof of claim in the amount of approximately $1,600,000 ("Colangelo POC").  Jensen filed an objection to the Colangelo POC on January 18, 2024, which was overruled.

4

**Exhibit 1**

W.      On January 30, 2024, following a motion for default judgment against Colangelo,
Judgment was entered against Colangelo in the Trustee Adversary Proceeding ("Judgment Against
Colangelo").  Currently, the amount owed to Trustee under the Judgment Against Colangelo is
approximately $800,000.

X.      On February 21, 2024, Colangelo filed a motion to set aside the Judgment Against
Colangelo, which Trustee opposed.  Following issuance of a tentative ruling denying Colangelo's
motion to set aside the Judgment Against Colangelo, the Bankruptcy Court continued the hearing
on Colangelo's motion to August 15, 2024.

Y.      On March 27, 2024, the Bankruptcy Court entered an order assigning the Adversary
Proceedings to the Bankruptcy Court's mediation program and appointing Leonard Gumport as
mediator ("Mr. Gumport").

Z.      The Parties participated in two mediation sessions with Gumport, on March 25,
2024 between 9 a.m. and approximately 7 p.m. and May 14, 2024 between 9 a.m. and
approximately 6 p.m. Additionally, the parties circulated confidential mediation briefs in
connection with the mediation on May 14, 2024 and have exchanged voluminous communications
in connection with the mediations.

AA.     Although the mediation was closed following the May 14, 2024 mediation, the
Parties circulated a stipulation to reopen the mediation in each of the adversary proceedings.
Orders reopening the mediation were entered on June 14, 2024.

BB.     Currently, Trustee is holding $2,137,662.13 in Sale Proceeds.

CC.     The Parties desire to resolve all issues concerning the Sale Proceeds, the Adversary
Proceedings, and the Judgment Against Colangelo without the delay and uncertainty of further

**Exhibit 1**

legal proceedings and litigation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.    <u>Recital of Facts</u>. Each and every recital of fact set forth above is incorporated herein by reference thereto as though fully set forth herein.  These recitals are an integral part of this Agreement and the Parties hereby agree that they are true for purposes of this Agreement.

2.    <u>Settlement</u>.

    a.    Trustee shall file a motion to approve this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 within fourteen (14) days of his receipt of a fully executed copy of this Agreement from the Parties.

    b.    Trustee shall pay $600,000 of the Sale Proceeds to Colangelo and Jensen within fourteen (14) days of entry of an order approving this Agreement.

    c.    Trustee shall pay $1,042,000 of the Sale Proceeds to Brentwood within fourteen (14) days of entry of an order approving this Agreement. Brentwood will stipulate to dismiss the Colangelo Adversary and the Jensen Adversary in their entirety, with prejudice, within seven (7) days of receipt of the $1,042,000 payment.

    d.    Trustee shall disburse $255,000 to Renewable within fourteen (14) days of entry of an order approving this Agreement. Renewable will stipulate to dismiss the Colangelo Adversary and the Jensen Adversary in their entirety, with prejudice, within seven (7) days of receipt of the $255,000 payment.

    e.    EE shall pay Trustee $15,000 within fourteen (14) days of entry of an order

6

**Exhibit 1**

approving this Agreement. EE will stipulate to dismiss the Trustee Adversary Proceeding and the Jensen Adversary in their entirety, with prejudice, within fourteen (14) days of entry of an order approving this Agreement.

f.    The Estate shall retain $240,662.13 of the Sale Proceeds plus the $15,000 paid to Trustee by EE for payment of administrative and unsecured claims. The Trustee will stipulate to dismiss the Colangelo Adversary and the Jensen Adversary in their entirety, with prejudice, within fourteen (14) days of entry of an order approving this Agreement.

g.    Jensen shall stipulate to dismiss the Jensen Adversary, and the Trustee Adversary Proceeding in their entirety, with prejudice, and Colangelo shall stipulate to dismiss the Colangelo Adversary, the Jensen Adversary and the Trustee Adversary Proceeding in their entirety, with prejudice, within seven (7) days of receipt of the $600,000 payment in the trust account designated by Jensen's and Colangelo's respective counsel.

h.    Jensen shall withdraw the Jensen Proof of Claim within seven (7) days of receipt of the $600,000 payment in the trust account designated by their counsel.

i.    Colangelo shall withdraw the Colangelo Proof of Claim within seven (7) days of receipt of the $600,000 payment in the trust account designated by their counsel.

j.    Brentwood shall withdraw the Brentwood Proof of Claim within seven (7)

7

**Exhibit 1**

days of its receipt of the $1,042,000 payment from Trustee.

k.       Renewable shall withdraw the Renewable Proof of Claim within seven (7)

days of its receipt of the $255,000 payment from Trustee.

l.       Neither Colangelo nor Jensen shall be entitled to any further payment from

Trustee or the Estate either as an unsecured creditor of the Estate or

otherwise.

m.       Neither Brentwood nor Renewable shall be entitled to any further payment

from Trustee or the Estate either as an unsecured creditor of the Estate or

otherwise.

n.       Trustee shall stipulate to dismiss the Trustee Adversary Proceeding in its

entirety, with prejudice, within seven (7) days of the Court's entry of orders

dismissing the Jensen Adversary and Colangelo Adversary.

o.       Trustee shall file a satisfaction of the Judgment Against Colangelo within

seven (7) days of the Court's entry of orders dismissing the Jensen

Adversary Proceeding and Colangelo Adversary Proceeding.

3.       _Payments._ The payments required by ¶ 2, supra, shall be made as follows:

a.       The $600,000 payment from Trustee to Colangelo and Jensen shall be made

payable to Monika Jensen and Joe Colangelo, c/o Sally Rowshan, President

and mailed to the following address:

**Secured Trust Escrow**
**21111 Victor Street**
**Torrance, California 90503**

8

Exhibit 1

b.      The $1,042,000 payment from Trustee to Brentwood shall be made payable

to Brentwood and delivered via FedEx (with shipping label to be provided

by Brentwood or its counsel) directly to Brentwood at the following

address:

**Laura E. Benetti, Esq.**
**Brentwood Finance Company, LLC**
**180 South Spruce Avenue, Suite 155**
**South San Francisco, CA  94080**

c.      The $255,000 payment from Trustee to Renewable shall be made payable

to Renewable and mailed to the following address:

**Law Office of Christopher P. Walker, P.C.**
**505 S. Villa Real Drive, Suite 103**
**Anaheim, California 92807**

d.      The $15,000 payment from EE to Trustee shall be made payable to A.

Cisneros, Trustee and mailed to the following address:

**A. Cisneros, Trustee**
**3403 Tenth Street, Suite 714**
**Riverside, California 92501**

4.      <u>Release of Claims</u>. The word "Claims" shall mean any and all manner of action or

actions, causes of action in law or in equity, suits, debts, liens, contracts, agreements, promises,

liability, claims, demands, damages, loss, costs or expenses, of any nature whatsoever, known or

unknown, fixed or contingent, whether asserted affirmatively or by way of defense or offset. Upon

entry of a Bankruptcy Court Order approving this Agreement, payment of the amounts reflected

in ¶ 2 *supra,* and dismissal of the Adversary Proceedings referenced in ¶ 2 *supra,* the Parties

(including all of their predecessors in interest, successors, assigns, parent corporations,

subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint

9

**Exhibit 1**

venturers, partners, insurers, officers, directors, shareholders, managers, employees, agents, representatives, officials, attorneys, associates, trustees, and assigns) hereby waive any and all Claims that they may have against one another and any right to assert any additional Claims against one another. However, Colangelo and Jensen do not waive any Claims that they have against each other in any other forum, including in connection with the funds to be held by Secured Trust Escrow . ¶ 2 *supra.*

5.      Waiver of Rights Under California Civil Code Section 1542.  The Parties expressly acknowledge that they received the advice of legal counsel concerning the provisions of California Civil Code section 1542, and are familiar with the provisions of California Civil Code section 1542, which provides as follows:

> **"A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

The Parties further acknowledge that they may have sustained damage, loss, cost, or expense that is presently unknown or unsuspected, and that such damage, loss, cost, or expense as may have been sustained may give rise to additional damage, loss, cost, or expense in the future. Nevertheless, the Parties acknowledge that this Agreement has been negotiated and agreed upon in light of this situation, and they hereby expressly waive any and all rights that they may have under California Civil Code section 1542, or under any other state or federal law of similar effect, with respect to the releases provided herein.

6.      Understanding of the Agreement. This Agreement is expressly conditioned on entry of an order by the Bankruptcy Court in the Bankruptcy Case approving it pursuant to Federal Rule of Bankruptcy Procedure 9019.  Should the Bankruptcy Court decline to approve this Agreement,

10

**Exhibit 1**

this Agreement shall be null and void and of no force or effect.  The Parties acknowledge that this Agreement is the result of good faith arm's length negotiations between the Parties and, upon execution, agree not to object to Trustee's motion to approve this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.

7.    <u>Reliance</u>.  Except as set forth herein, the Parties acknowledge that they have relied solely upon their own judgment, belief and knowledge of the existence, nature and extent of each claim, demand, or cause of action that each Party may have against the other, and that each such Party has not been influenced to any extent in entering into this Agreement by any representation or statement regarding any such claim, demand, or cause of action made by any other Party hereto. Each Party also acknowledges that they have consulted with their attorney or have been given the opportunity to consult with an attorney and knowingly and intentionally waived said opportunity prior to entering into this Agreement.

8.    <u>Execution of Additional Documents</u>.  The Parties agree that they will execute any and all additional documents and take all additional steps which may be necessary or convenient to consummate this Agreement and accomplish the purposes thereof.

9.    <u>Integration of Entire Agreement</u>.  This Agreement contains the entire Agreement of the Parties, and no representations, warranties, inducements or promises not included herein by express provision or contained in a document or instrument identified herein and executed contemporaneously herewith shall be binding on any Party hereto.

10.    <u>Counterparts</u>. This Agreement may be executed in any number of original, facsimile, copied or electronic counterparts, and all counterparts shall be considered together as one Agreement.  A faxed, copied or electronic counterpart shall have the same force and effect as

11

**Exhibit 1**

an original signed counterpart.  Each of the Parties hereby expressly forever waives any and all rights to raise the use of a facsimile machine or email to deliver a signature, or the fact that any signature or Agreement or instrument was transmitted or communicated through the use of a facsimile machine or email, as a defense to the formation of a contract.

11.    <u>Mutually Drafted</u>.  This Agreement is to be interpreted without regard to the draftsman.  The terms and intent of this Agreement, with respect to the rights and obligations of all parties identified in this Agreement, shall be interpreted and construed on the assumption that all parties participated equally in its drafting.

12.    <u>Binding</u>.  This Agreement shall be binding on the Parties hereto when each such party has executed at least one counterpart, subject only to Bankruptcy Court approval.

13.    <u>Successors and Assigns</u>.  The provisions of this Agreement shall be binding upon and inure to the benefit of the respective Parties and their heirs, executors, administrators, agents, representative, successors and assigns.

14.    <u>Effective Date</u>.  This Agreement shall become effective upon the entry of a Bankruptcy Court order authorizing Trustee to enter into it and approving the terms set forth herein.

15.    <u>Governing Law</u>.  This Agreement is made pursuant to and shall be governed by and construed in accordance with the laws of the State of California.

16.    <u>Jurisdiction of the Bankruptcy Court</u>.  The Bankruptcy Court shall retain jurisdiction to consider any dispute arising out of this Agreement or the performance thereof. Should any dispute arise regarding this Agreement, the Bankruptcy Court or any successor court shall have exclusive jurisdiction to determine the same.

12

**Exhibit 1**

17.    <u>Attorney Fees</u>. In any action to enforce any of the provisions or rights under this Agreement, the prevailing party shall be entitled to recover from the unsuccessful party or parties, all costs, expenses, and reasonable attorney fees incurred by the prevailing party (including without limitations, such costs, expenses, and fees on appeal) and, if such prevailing party shall recover judgment in any such action or proceeding, such costs and expenses, including those of expert witnesses and attorney fees, shall be included as a part of the judgment.

18.    <u>Trustee's Capacity</u>. Trustee is signing this Agreement solely in his capacity as Chapter 7 Trustee of the Estate.  Nothing contained herein shall in any way impute liability to Trustee, personally or as a member of any professional organization or anyone acting on his behalf, including, but not limited to Malcolm ♦ Cisneros, A Law Corporation.

19.    <u>Time is of the Essence</u>. Time is of the essence in the performance of all obligations under this Agreement.

20.    <u>Survival of Representations and Warranties</u>. The Parties agree that all representations and warranties made by them in this Agreement shall survive the execution of this Agreement.

21.    <u>Compromise/No Admission of Liability</u>.  This Agreement is entered into in the spirit of compromise.  None of the statements or promises contained in this Agreement shall be construed as an admission of any fault or liability whatsoever.

22.    <u>Headings</u>.  Headings in this Agreement are for convenience or reference only and shall not limit or otherwise affect the meaning hereof.

23.    <u>Effect of Signing</u>.  By signing below the Parties acknowledge that they have read and understand this Agreement or have had this Agreement interpreted for them and that by signing

**Exhibit 1**

below they are acknowledging that they understand and agree that they are bound by the terms of

this Agreement.

Date: _7 - 3_, 2024

_____
Arturo M. Cisneros, solely in his capacity as the
Chapter 7 Trustee for the bankruptcy estate of
Stonebridge Ventures, LLC

Date: _____, 2024

_____
Joe Colangelo

Date: _____, 2024

_____
Monika Jensen

Date: _____, 2024

_____
Brentwood Finance Company, LLC

By: _____

Its: _____

Date: _____, 2024

_____
Renewable Farms, Inc.

By: _____

Its: _____

Date: _____, 2024

_____
Escrow Experts, Inc.

By: _____

Its: _____

14

Exhibit 1

below they are acknowledging that they understand and agree that they are bound by the terms of this Agreement.

Date: _____, 2024

_____
Arturo M. Cisneros, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Stonebridge Ventures, LLC

Date: JULY 9 , 2024
3³⁰ Eat.

_____
Joe Colangelo

Date: _____, 2024

_____
Monika Jensen

Date: _____, 2024

_____
Brentwood Finance Company, LLC

By: _____

Its: _____

Date: _____, 2024

_____
Renewable Farms, Inc.

By: _____

Its: _____

Date: _____, 2024

_____
Escrow Experts, Inc.

By: _____

Its: _____

14

Settlement Agreement
*In re Stonebridge Ventures, LLC*
Bankr. C.D. Cal. 8:22-bk-11556-TA

below they are acknowledging that they understand and agree that they are bound by the terms of

this Agreement.

Date: _____, 2024

Arturo M. Cisneros, solely in his capacity as the
Chapter 7 Trustee for the bankruptcy estate of
Stonebridge Ventures, LLC

Date: _____, 2024

Joe Colangelo

Date: July 3, 2024

Monika Jensen

Date: _____, 2024

Brentwood Finance Company, LLC

By: _____

Its: _____

Date: _____, 2024

Renewable Farms, Inc.

By: _____

Its: _____

Date: July 1, 2024

Escrow Experts, Inc.

By: ___ _____ Drenbaom Cassel

Its: President

14

Exhibit 1

below they are acknowledging that they understand and agree that they are bound by the terms of

this Agreement.

Date: _____, 2024

_____
Arturo M. Cisneros, solely in his capacity as the
Chapter 7 Trustee for the bankruptcy estate of
Stonebridge Ventures, LLC

Date: _____, 2024

_____
Joe Colangelo

Date: _____, 2024

_____
Monika Jensen

Date: __July 1_____, 2024

_____
Brentwood Finance Company, LLC

By: _Laura Benetti_____

Its: _CEO and Manager_____

Date: _____, 2024

_____
Renewable Farms, Inc.

By: _____

Its: _____

Date: _____, 2024

_____
Escrow Experts, Inc.

By: _____

Its: _____

14

# Exhibit 1

below they are acknowledging that they understand and agree that they are bound by the terms of

this Agreement.

Date: _____, 2024

_____
Arturo M. Cisneros, solely in his capacity as the
Chapter 7 Trustee for the bankruptcy estate of
Stonebridge Ventures, LLC

Date: _____, 2024

_____
Joe Colangelo

Date: _____, 2024

_____
Monika Jensen

Date: _____, 2024

_____
Brentwood Finance Company, LLC

By: _____

Its: _____

Date: _____, 2024

_____
Renewable Farms, Inc.

By: _____

Its: _____

Date: _____, 2024

_____
Escrow Experts, Inc.

By: _____

Its: _____

14

**Exhibit 1**

**APPROVED AS TO FORM AND CONTENT.**

MALCOLM ♦ CISNEROS, A Law Corporation

_____

By: Nathan F. Smith
*Counsel for Chapter 7 Trustee, Arturo M. Cisneros*

POLIS & ASSOCIATES, A Professional Law Corporation

_____

By: Thomas J. Polis
*Counsel for Joe Colangelo*

LAW OFFICES OF NICHOLAS GEBELT

*Nicholas Gebelt*
_____

By: Nicholas Gebelt
*Counsel for Monika Jensen*

LAW OFFICES OF DAVID W. MEADOWS

_____

By: David W. Meadows
*Counsel for Brentwood Finance Company, LLC*

TUCKER ELLIS, LLP

_____

By: Zi Chao Lin
*Counsel for Brentwood Finance Company, LLC*

LAW OFFICE OF CHRISTOPHER P. WALKER

_____

By: Christopher P. Walker
*Counsel for Renewable Farms, Inc.*

15

**Exhibit 1**

Settlement Agreement
*In re Stonebridge Ventures, LLC*
Bankr. C.D. Cal. 8:22-bk-11556-TA

**APPROVED AS TO FORM AND CONTENT.**

MALCOLM ♦ CISNEROS, A Law Corporation

By: Nathan F. Smith
*Counsel for Chapter 7 Trustee, Arturo M. Cisneros*


POLIS & ASSOCIATES, A Professional Law Corporation


By: Thomas J. Polis
*Counsel for Joe Colangelo*

LAW OFFICES OF NICHOLAS GEBELT


By: Nicholas Gebelt
*Counsel for Monika Jensen*


LAW OFFICES OF DAVID W. MEADOWS


By: David W. Meadows
*Counsel for Brentwood Finance Company, LLC*

TUCKER ELLIS, LLP


By: Zi Chao Lin
*Counsel for Brentwood Finance Company, LLC*

LAW OFFICE OF CHRISTOPHER P. WALKER


By: Christopher P. Walker
*Counsel for Renewable Farms, Inc.*

15

**Exhibit 1**

Settlement Agreement
*In re Stonebridge Ventures, LLC*
Bankr. C.D. Cal. 8:22-bk-11556-TA

**APPROVED AS TO FORM AND CONTENT.**

MALCOLM ♦ CISNEROS, A Law Corporation

_____

By: Nathan F. Smith
*Counsel for Chapter 7 Trustee, Arturo M. Cisneros*


POLIS & ASSOCIATES, A Professional Law Corporation

_____

By: Thomas J. Polis
*Counsel for Joe Colangelo*

LAW OFFICES OF NICHOLAS GEBELT

_____

By: Nicholas Gebelt
*Counsel for Monika Jensen*


LAW OFFICES OF DAVID W. MEADOWS

_____

By: David W. Meadows
*Counsel for Brentwood Finance Company, LLC*

TUCKER ELLIS, LLP

_____

By: Zi Chao Lin
*Counsel for Brentwood Finance Company, LLC*

LAW OFFICE OF CHRISTOPHER P. WALKER

_____

By: Christopher P. Walker
*Counsel for Renewable Farms, Inc.*

15

**Exhibit 1**

Settlement Agreement
*In re Stonebridge Ventures, LLC*
Bankr. C.D. Cal. 8:22-bk-11556-TA

**APPROVED AS TO FORM AND CONTENT.**

MALCOLM ♦ CISNEROS, A Law Corporation

_____

By: Nathan F. Smith
*Counsel for Chapter 7 Trustee, Arturo M. Cisneros*


POLIS & ASSOCIATES, A Professional Law Corporation

_____

By: Thomas J. Polis
*Counsel for Joe Colangelo*

LAW OFFICES OF NICHOLAS GEBELT

_____

By: Nicholas Gebelt
*Counsel for Monika Jensen*


LAW OFFICES OF DAVID W. MEADOWS

_____

By: David W. Meadows
*Counsel for Brentwood Finance Company, LLC*

TUCKER ELLIS, LLP

_____

By: Zi Chao Lin
*Counsel for Brentwood Finance Company, LLC*

LAW OFFICE OF CHRISTOPHER P. WALKER

_____

By: Christopher P. Walker
*Counsel for Renewable Farms, Inc.*

15

Exhibit 1

**APPROVED AS TO FORM AND CONTENT.**

MALCOLM ♦ CISNEROS, A Law Corporation

_____

By: Nathan F. Smith
*Counsel for Chapter 7 Trustee, Arturo M. Cisneros*


POLIS & ASSOCIATES, A Professional Law Corporation

_____

By: Thomas J. Polis
*Counsel for Joe Colangelo*

LAW OFFICES OF NICHOLAS GEBELT

_____

By: Nicholas Gebelt
*Counsel for Monika Jensen*


LAW OFFICES OF DAVID W. MEADOWS

*David W. Meadows*

By: David W. Meadows
*Counsel for Brentwood Finance Company, LLC*

TUCKER ELLIS, LLP

_____

By: Zi Chao Lin
*Counsel for Brentwood Finance Company, LLC*

LAW OFFICE OF CHRISTOPHER P. WALKER

_____

By: Christopher P. Walker
*Counsel for Renewable Farms, Inc.*

**Exhibit 1**

15

**APPROVED AS TO FORM AND CONTENT.**

MALCOLM ♦ CISNEROS, A Law Corporation

_____

By: Nathan F. Smith
*Counsel for Chapter 7 Trustee, Arturo M. Cisneros*


POLIS & ASSOCIATES, A Professional Law Corporation

_____

By: Thomas J. Polis
*Counsel for Joe Colangelo*

LAW OFFICES OF NICHOLAS GEBELT

_____

By: Nicholas Gebelt
*Counsel for Monika Jensen*


LAW OFFICES OF DAVID W. MEADOWS

_____

By: David W. Meadows
*Counsel for Brentwood Finance Company, LLC*

TUCKER ELLIS, LLP

_____

By: Zi Chao Lin
*Counsel for Brentwood Finance Company, LLC*

LAW OFFICE OF CHRISTOPHER P. WALKER

_____

By: Christopher P. Walker
*Counsel for Renewable Farms, Inc.*

15

**Exhibit 1**

Settlement Agreement
*In re Stonebridge Ventures, LLC*
Bankr. C.D. Cal. 8:22-bk-11556-TA

FIDELITY NATIONAL LAW GROUP

By: Ethan K. Friedman
*Counsel for Escrow Experts, Inc.*

16

Exhibit 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*):    **TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF A. CISNEROS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 9, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF THE U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
**CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com**
**CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)    acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com**

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **July 9, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive, Suite 200, Newport Beach, CA 92660**

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| July 9, 2024 | Diep Quach | /s/ Diep Quach |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**SECTION 1 CONT.**

NOTICE: Robert M Aronson     robert@aronsonlawgroup.com, info@aronsonlawgroup.com; robert@ecf.inforuptcy.com; r55297@notify.bestcase.com
NOTICE: James C Bastian     jbastian@shulmanbastian.com
NOTICE: Arturo Cisneros     arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Ethan Friedman     ethan.friedman@fnf.com
NOTICE: Nicholas W Gebelt     ngebelt@goodbye2debt.com
NOTICE: Michael J Hauser     michael.hauser@usdoj.gov
NOTICE: Christopher Hewitt     hewittesq@yahoo.com, 5063741420@filings.docketbird.com
NOTICE: Rika Kido     rkido@shulmanbastian.com, avernon@shulmanbastian.com
NOTICE: Zi Chao Lin     zi.lin@tuckerellis.com, kristin.mccarthy@tuckerellis.com; thomas.fawkes@tuckerellis.com; jason.ben@tuckerellis.com; Motunrayo.Akinmurele@tuckerellis.com
NOTICE: William Malcolm     bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: Richard A Marshack     rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com; rmarshack@ecf.courtdrive.com; alinares@ecf.courtdrive.com
NOTICE: W. Derek May     wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows     david@davidwmeadowslaw.com
NOTICE: Thomas J Polis     tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo     hrafatjoo@raineslaw.com, bclark@raineslaw.com, jfisher@raineslaw.com
NOTICE: Lee S Raphael     ecfcca@ecf.courtdrive.com, cmartin@pralc.com
NOTICE: Timothy M Ryan     tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Allan D Sarver     ADS@asarverlaw.com
NOTICE: Summer M Shaw     ss@shaw.law, shawsr70161@notify.bestcase.com; shawsr91811@notify.bestcase.com
NOTICE: Nathan F Smith     nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com; cvalenzuela@mclaw.org
NOTICE: Michael G Spector     mgspector@aol.com, mgslawoffice@aol.com
NOTICE: Diana Torres-Brito     dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
NOTICE: Christopher P. Walker     cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com; r57253@notify.bestcase.com

**SECTION 2 CONT.**

AB Capital, LFD, Inc.
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92260

Motunrayo D Akinmurele
Tucker Ellis LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071

Brentwood Finance Company, LLC
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92260

Joseph Colangelo
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92260

Shaw & Hanover, PC
42-600 Cook Street, Suite 210
Palm Desert, CA 92211

Brian Thompson
Winterstone Real Estate Development
23792 Rockfield Blvd., Ste. 101
Lake Forest, CA 92630

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**