| Attorney or Party Name, Address, Telephone & FAX Nos,,State Bar No. & Email Address<br>**Summer Shaw, Esq. (SBN 283598)**<br>**Alina Mamyluk, Esq. (SBN 284154)**<br>**SHAW & HANOVER, PC**<br>**44-901 Village Court, Suite B**<br>**Palm Desert, CA 92260**<br>**Telephone No: (760) 610-0000**<br>**Facsimile No: (760) 687-2800**<br>**Email: ss@shaw.law** | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☒ *Attorneys for: Debtor, Stonebridge Ventures, LLC* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br><br>**STONEBRIDGE VENTURES, LLC,**<br><br><br><br><br>Debtor(s). | CASE NO.: **8:22-bk-11556-TA**<br>CHAPTER ___**7**___<br><br>**NOTICE OF HEARING ON APPLICATION FOR PAYMENT OF:**<br>☐**INTERIM FEES AND/OR EXPENSES**<br>☒**FINAL FEES AND/OR EXPENSES**<br>**[11 U.S.C. § 331 OR § 330]** |
|---|---|

TO ALL INTERESTED PARTIES: NOTICE IS GIVEN that on the following date and time and in the indicated courtroom, the following Applicant(s) will move this court for an order approving a fee and/or expense application(s):

1. **Application Information**: ☐ See attached page for information on additional applicants
   a. Name of Applicant (*specify*): _Shaw & Hanover, PC_____
   b. Amount of fees requested: $__**22,2150.00**_____
   c. Amount of costs requested: $ **308.08**_____
   d. Period covered by Application (*specify*): _September 9, 2022 through April 2, 203_____
   e. Address of Applicant (*specify*): _44901 Village Court, Ste. B, Palm Desert, CA 92260_____
   (*If more than one application is included in this notice, attach a separate sheet stating the above information for each Applicant*)

2. Hearing Date: __**08/06/2024**__   Time: __**10:00 a.m.**__   Courtroom: __**5B**__   Floor: __**5th**__

| | |
|---|---|
| ☐ 255 East Temple Street, Los Angeles, CA 90012 | ☒ 411 West Fourth Street, Santa Ana, CA 92701<br>*Via Zoom pursuant to Docket No 310* |
| ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 | ☐ 1415 State Street, Santa Barbara, CA 93101 |
| ☐ 3420 Twelfth Street, Riverside, CA 92501 | |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                    Page 1                    **F 2016-1.1.NOTICE.HEARING.APP.FEES**

3.  **Deadline for Opposition Papers:** If you wish to object to the application(s), you must file a written objection with the court and serve a copy of it upon the Applicant(s), the Debtor's attorney, and trustee's attorney, if any, no less than 14 days prior to the above hearing date. If you fail to file a written objection to the application(s) within such time period, the court may treat such failure as a waiver of your right to object to the application(s) and may approve the application(s). If you wish to review the full application(s), you may review the application(s) on file with the court or obtain a copy from Applicant(s).

4.  **Deadline for Filing Other Professional Fee Applications**: If the above application(s) are for payment of interim fees, pursuant to LBR 2016-1, other professional persons retained pursuant to court approval may also seek approval of interim fees at this hearing, provided that they file and serve their applications in a timely manner. Unless otherwise ordered by the court, hearings on interim fee applications will not be scheduled less than 120 days apart.

Date:     __July 16, 2024_____

SHAW & HANOVER, PC
_____
Print name of law firm

/s/ Summer Shaw
_____
Signature

**Summer Shaw, Esq.**
_____
Print name of attorney

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 2          **F 2016-1.1.NOTICE.HEARING.APP.FEES**

Summer Shaw, Esq. (SBN 283598)
Alina Mamlyuk, Esq. (SBN 284154)
SHAW & HANOVER, PC
44-901 Village Court, Suite B
Palm Desert, CA  92260
Telephone No:(760) 610-0000
Facsimile No: (760) 687-2800
Email: ss@shaw.law
*General Counsel for Debtor and former counsel for*
*Debtor-in-Possession, Stonebridge Ventures, LLC*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:22-bk-11556-TA |
| | Chapter 11 |
| STONEBRIDGE VENTURES, LLC, , | **FIRST AND FINAL APPLICATION FOR ALLOWANCE OF FEES AND COSTS FILED BY SHAW & HANOVER, PC AS GENERAL COUNSEL; AND DECLARATIONS OF SUMMER SHAW** |
| Debtor. | **Hearing Set For:**<br>Date:   August 6, 2024<br>Time:  10:00 a.m.<br>Crtrm: 5B *via Zoom* |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL INTERESTED PARTIES:**

SHAW & HANOVER, PC (the "Firm") through Summer Shaw ("Counsel") respectfully submits this First and Final Application for Allowance of Fees and Costs ("Application"). The Firm represented Debtor, Stonebridge Ventures, LLC ("Debtor"), in this Chapter 11 bankruptcy proceeding (the "Case") as Debtor and Debtor-in-possession.  By this Application, the Firm seeks allowance of $22,215,00 of fees and $308.80 for reimbursement of expenses under 11 U.S.C. §§ 330 and 331.

This Application encompasses services rendered and expenses paid or incurred for the period from September 9, 2022, the date of filing this case ("Petition Date"), through and



including, April 2, 2023[1] ("Total Reporting Period").

During the Total Reporting Period, the Firm acted as General Counsel for the Debtor in connection with the Case and for the Debtor as a Debtor-in-possession ("DIP") from the Petition Date to September 28, 2024. The Firm requests that the Court approve the requested fees and costs and submits that its requested compensation and reimbursement of costs is reasonable and warranted in light of the services performed and the results obtained.

## I.     Local Bankruptcy Rule 2016-1 Requirements

Pursuant to Rule 2016-1 of the Local Bankruptcy Rules ("LBR"), here follows a brief narrative history and report concerning the status of the case. Should any additional information be requested by the Office of the United States Trustee, the Court, or any party in interest, the Firm will provide a supplemental declaration prior to any hearing on this Application.

### A.  Procedural Background – LBR 2016-1(A)(1)(A)

On the Petition Date, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code due to a foreclosure pending on one of the Debtor's assets that was preserved for the benefit of all creditors by the filing of this case. Further, through the efforts of the Debtor and the Firm cooperating with and taking direction form the Subchapter V Trustee, who was appointed as a Chapter 11 Trustee in this case, by order of the Court on September 28, 2022, and ultimately appointed the Chapter 7 Trustee ("Trustee") upon conversion of the case on April 3, 2023, the case has been extremely successful in terms of liquidation of several multi-million dollar properties for the benefit of all creditors involved and resolution by the Trustee of several very contentious claim issues.

Debtor attended its IDI with Counsel, attended multiple § 341(a) meeting of creditors with Counsel, complied with all of the requirements of the U.S. Trustee's office relating to the 7-day package and other submissions requested by the UST and the Sub V Trustee, Debtor filed its

---

[1] There are two reporting periods discussed below. The "1st Reporting Period" is the period from the Petition Date to September 28, 2022 when a Chapter 11 Trustee was appointed, and a period that is covered by the Order Employing the Firm. The "2nd Reporting Period" is the period from September 29, 2022 through April 3, 2023 when the case was converted to Chapter 7. The Firm does not seek compensation of any kind after the 2nd Reporting Period.



MOR's when required, and assisted in compiling various documents for the Trustee so that he could properly and efficiently administer the estate and resolve various claims in the case.

A true and correct copy of this Court's web PACER docket for the Case, as of July 12, 2024, is attached as **Exhibit 1** to the declaration of Summer Shaw ("Shaw Dec").

### B. Status of Administration

Pursuant to LBR 2016-1(a)(1)(A)(ii), "applicant must report the status of administration of the estate, discussing the actions taken to liquidate property of the estate, the property remaining to be administered, the reasons the estate is not in a position to be closed, and whether it is feasible to pay an interim dividend to creditors."

Administration of this case is complete as to the Debtor's involvement and Counsel believes the Trustee has administered several million dollars of real property and has one lot remaining to sell in the estate and it will be nearly fully administered.

### C. Funds on Hand in the Estate

Pursuant to LBR 2016-1(a)(1)(A)(iii), "applicant must disclose the amount of money on hand in the estate and the estimated amount of other accrued expenses of administration." As of the filing of this Application, the Firm is unsure how much the Estate on hand. The Firm has remaining $7,020.00 in the Firm's trust account from the Debtor's pre-petition retainer. The trust funds are left over from the Debtor's pre-petition retainer given to Counsel in the amount of $11,738.00, of which $4,718.00 was drawn down, pre-petition ($2,980.00 in fees and a filing fee of $1,738.00), and the rest has remained in Counsel's trust account.

### D. Employment of the Firm

Pursuant to LBR 2016-1(a)(1)(B), the Application must include "the date of entry of the order approving the employment of the individual or firm for whom payment of fees or expenses is sought, and the date of the last fee application for the professional."

On November 28, 2022, the Court entered an Order approving Debtor's application to employ the Firm/Counsel for the First Reporting Period, for Debtor and Debtor as a DIP, and for Debtor only for the 2nd Reporting Period.

A true and correct copy of the Order Authorizing Employment of Counsel ("Employment



Order") is attached to the Shaw Declaration, submitted with this Application, as **Exhibit 2**. The Employment Order is what gives rise to the 1st Reporting Period and the 2nd Reporting Period as referenced in footnote 1 above. The Firm added substantial benefit to the estate by coordinating the Trustee's requests for the Debtor's document productions, providing access to the real properties owned by the Debtor, and continued assistance to the Trustee with regard to administration of the estate and documentation/information related to claim litigation, which assisted the Trustee in orderly liquidating several multimillion dollar properties for the benefit of all creditors.

### E.  Previous Fees and Expenses

Pursuant to LBR 2016-1(a)(1)(C), the Application must include "a listing of the amount of fees and expenses previously requested, those approved by the court, and how much has been received." The Firm has not previously applied to the Court for allowance of fees and reimbursement of expenses.

At the time of filing the petition, the Firm withdrew $4,718.00 from the client's trust account, which included fees for the pre-petition work done ($2,780.00) getting the Case prepared for filing on an emergency basis, as well as the filing fee of $1,738.00, which Counsel disclosed in the Firm's application for employment filed on October 25, 2022 [Docket No 47].

### F.  Description of Services Rendered

Pursuant to LBR 2016-1(a)(1)(C), the Application must include "a brief narrative statement of the services rendered, and the time expended during the period covered by the application."

The Firm has represented the Debtor and DIP during the 1st Reporting Period with only the one pre-filing initial payment for fees and costs and served as Debtor's counsel, only, in the 2nd Reporting Period, in which the Debtor and Counsel handled mostly case administration tasks or assisted with other issues as the Trustee requested of the Debtor in accordance with its duties pursuant to 11 U.S.C. §521.  Descriptions of the types of services rendered by the Firm for the Total Reporting Period are explained above and set forth below pursuant to the categories recommended by the Office of the United States Trustee. The total time billed on this matter, by



the Firm, was 62.4 hours of which 20.9 hours are attributable to the 1st Reporting Period; and 41.5 hours are attributable to the 2nd Reporting Period. The blended hourly rate for all services (not including time not charged) provided to the Estate in the Total Reporting Period as set forth below is $356.01.

### i.  Asset Analysis & Recovery.

During the Reporting Period, the Firm spent approximately 1.3 hours performing services in connection with Asset Analysis, Recovery, and Disposition as the Trustee took on the role of disposing of assets in this case and the Debtor only supported those efforts by providing documents requested and information regarding same.

### ii.  341(a) Meeting of Creditors

During the Reporting Period, the Firm spent approximately 4.5 hours performing services in connection with 341(a) meetings which totaled no less than five that were held. The Firm's fees charged for these services are $2,250.00, which represents approximately 10.13% of the total fees sought by this Application. The blended hourly rate for services performed in this regard is approximately $500.00 per hour. Services performed in this category include preparing for and attending 341(a) meeting of creditors.

### iii.  Case Administration

During the Reporting Period, the Firm spent approximately 44.5 hours performing services in connection with Case Administration. The Firm's fees charged for these services are $15,152.50, which represents approximately 68.21% of the total fees sought by this Application. The blended hourly rate for services performed in this regard is approximately $340.51 per hour. Services performed in this category include:

- Multiple telephone conferences and written correspondence with Debtor and staff regarding preparation of the schedules after a deficient commencement of the case;
- Communications with Debtor and staff regarding compliance with US Trustee's requirements including preparation of the 7-Day Package, preparing for and attending the IDI, and



preparation of document productions for the Trustee,

- Multiple phone calls and communications with parties in interest regarding status of the matter;

- Attendance at multiple Status Conferences;

- Preparation and filing of a Status Report;

- Preparation of and filing of one MOR; and

- Fielding general calls and emails from client regarding the process and issues to facilitate the liquidation of the estate's real property.

### iv.   Claims Resolution/Administration

During the Reporting Period, the Firm spent approximately 2.7 hours performing services in connection with Claims Resolution/Administration. The Firm's fees charged for these services are $1,050.00, which represents 4.73% of the total fees sought by this Application. The blended hourly rate for services performed in this regard is approximately $388.89 per hour.

Services performed in this category include gathering information and documents to support the Trustee's efforts to litigate/resolve various claims against the estate, and field calls and emails regarding various claim issues.

### v.   Employment and Fee Applications

During the Reporting Period, the Firm spent approximately 5.5 hours[2] performing services in connection with Employment and Fee Applications. The Firm's fees charged for these services are $1,595.00, which represents approximately 7.18% of the total fees sought by this Application. The blended hourly rate for services performed in this regard is approximately $290.00 per hour.

Services performed in this category include drafting Debtor's application to employ General Counsel and obtain an order on same.

//

---

[2] Approximately 2.5 hours of time by a paralegal and 4.5 hours of time for Counsel were spent preparing this Application and are not included in the fees and expenses requested in this Application. Three (3) additional hours of attorney time and three (3) hours of paralegal time are typical amounts of time to cover time and fees for appearance at the hearing on this Application and to prepare an order on same, which is also waived through the filing of this Application.



### G. Descriptive and Detailed Statement of Services Performed

Pursuant to LBR 2016-1(a)(1)(E), "the application must contain a detailed listing of all time spent by the professional on matters for which compensation is sought" including date service was rendered, detailed description of service, amount of time spent, and identification of person who rendered service.

Attached to the Shaw Declaration as **Exhibit 3** is a photocopy reduction of the Firm's computer billing printout and consists of the summation of the Firm's time records as kept in the ordinary course of business during the Reporting Period. The detail set forth in Exhibit 3 is believed by the Firm to be sufficient to demonstrate the services performed by the Firm during the period covered by this Application. Attached to the Shaw Declaration as **Exhibit 4** is a summary schedule of the fees requested as recommended in the U.S. Trustee Guidelines showing how the percentages and blended hourly rates were calculated as discussed above (pages 1 to 3) as well as a summary that shows the time and fees performed in the 1st Reporting Period and the 2nd Reporting Period (Ex 4 at pages 4 to 8).

The persons who rendered services in connection with the Firm's representation of the Estate are identified in the billing detail by their initials. Those persons are:

|  | **Timekeeper** |
|---|---|
| SS | Summer M Shaw (Attorney) |
| JB/P1 | Jennifer Blanton (Paralegal) |
| TS | Teresa Stone (Paralegal) |

### H. Descriptive and Detailed Statement of Costs Incurred

Pursuant to LBR 2016-1(a)(1)(F), "an application that seeks reimbursement of actual and necessary expenses must include a summary listing of all expenses by category (i.e., long distance telephone, photocopy costs, facsimile charges, travel, messenger and computer research). As to each unusual or costly expense item, the application must state: (i) The date the expense was incurred; (ii) A description of the expense; (iii) The amount of the expense; and (iv) An explanation of the expense."

Attached to the Shaw Declaration as **Exhibit 5** is a schedule of costs and expenses/unreimbursed expenses incurred or paid by the Firm during the relevant time period but



not yet reimbursed which includes a summary schedule of costs as recommended by the Office of the United States Trustee both for the entire Total Reporting Period (page 1) and a breakdown of the 1st Reporting Period and the 2nd Reporting Period (page 2). The Firm believes and represents that the costs and expenses are reasonable under the circumstances of this case and does not include all costs and expenses incurred as not all photocopying and postage that was incurred, was posted by the Firm employees, but which the Firm waives.

### i.   Document Reproduction/Photocopying

The Firm incurred the sum of many hundreds of dollars in document reproduction expenses during the Reporting Period but lost the records for these charges and, therefore, are waiving these expenses. Each time a document is copied, staff is supposed to record the number of pages and the case information into the billing system. All of the Firm's clients are charged $0.20 per page for copies as referenced in the Firm's employment application and a total of $63.90 of unreimbursed expenses for photocopying were posted to this matter.

### ii.   Pacer Charges

The Firm incurred the sum of $20.70 of Pacer charges, for which it kept a record.

### iii.   Postage

Postage is usually charged to clients when multiple envelopes are being mailed at a single time. Each time a large mailing is prepared, staff records the number of envelopes and amount of postage incurred and the costs are posted to the case in the billing system. The Firm incurred and kept a record of the sum of $30.30 in postage charges for mailing during the Total Reporting Period.

### iv.   Filing Fees

Debtor had to amend its schedules twice and the Firm incurred filing fees for Debtor, in the Total Reporting Period of $64.00.

### v.   Recording Costs

Debtor had to complete the record its petition pursuant to U.S. Trustee guidelines their post-filing which the Firm did at a cost of $129.90 during the Total Reporting Period.

//



### I.   Hourly Rates

Pursuant to LBR 2016-1(a)(1)(G), "unless employment has been approved on a fixed fee, percentage fee, or contingent fee basis, the application must contain a listing of the hourly rates charged by each person whose services form a basis for the fees requested in the application. The application must contain a summary indicating for each attorney by name: (i) The hourly rate and the periods each rate was in effect; (ii) The total hours in the application for which compensation is sought; and (iii) The total fee requested in the application." This information is itemized in **Exhibit 3** and **4**.

### J.   Professional Education and Experience

Pursuant to LBR 2016-1(a)(1)(H), the Application must include "a description of the professional education and experience of each of the individuals rendering services, including identification of the professional school attended, year of graduation, year admitted to practice, publications or other achievements, and explanation of any specialized background or expertise in bankruptcy-related matters."

A brief biographical description of the attorneys who rendered services for which compensation is sought by this Application is attached to the Application to Employ General Counsel found at Docket No 41. The Firm also attaches an updated biographical description of Counsel as **Exhibit 6** to the Shaw Declaration. The Firm believes and represents that the services rendered during the Reporting Period have been beneficial to the estate and that this request for allowance of compensation is fair and reasonable.

### K.   Change in Professional Rates

Pursuant to LBR 2016-1(a)(1)(I), "if the hourly rate has changed during the period covered by the application, the application must specify the rate that applies to the particular hours for which compensation is sought."  The hourly rates of the Firm's professionals did not change during the Reporting Period.

### L.   Statement of Compliance

Pursuant to LBR 2016-1(a)(1)(J), the Application must include "a statement that the applicant has reviewed the requirements of this rule and that the application complies with this



rule." The Shaw Declaration below, includes a statement that Ms. Shaw has reviewed the

requirements of this rule and that the application complies with this rule.

**II.    Legal Argument**

    **A.  The Court has Authority to and Should Approve the Application in its Entirety**

        **i.  Amount of Current Request for Compensation and Reimbursement**

As set forth above and in the attached Shaw Declaration and exhibits, during the Total

Reporting Period, the Firm incurred fees in the amount of $22,215.00 ($7,297.50 for the 1st

Reporting Period and $14,917.50 for the 2nd Reporting Period) and expenses in the amount of

$308.80 ($11.40 for the 1st Reporting Period and $297.40 for the 2nd Reporting Period), for a total

of $22,523.80, on behalf of the Debtor, for which the Firm requests Court approval.

        **ii.  Legal Points and Authorities**

The Bankruptcy Code provides that the Court can authorize payment of reasonable and

necessary compensation and reimbursement of expenses.

"(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 –
    (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
    (B)  reimbursement for actual, necessary expenses."

11 U.S.C. §330.

In the Ninth Circuit, the test for calculating a reasonable attorney's fee under 11 U.S.C. §

330 is the lodestar method. "The primary method used to determine a reasonable attorney fee in a

bankruptcy case is to multiply the number of hours expended by an hourly rate." *Id*. at 1471. *In re*

*Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983). This lodestar or basic fee, if warranted,

can then be adjusted upward or downward. *In re Powerine Oil* Co., 71 B.R. 767 (9th Cir. BAP

1986).

Based upon these points and authorities and the declaration and exhibits submitted in

support of this Application, the Firm believes that its requested fees and costs are reasonable given

the benefit conferred on the Estate.

//

## III.    CONCLUSION

The Firm requests that this Court enter its Order as follows:

1. Approving compensation in the amount of $22,215.00 and reimbursement of expenses paid or incurred in the amount of $308.80 for a total of $22,523.80 for fees and costs;

2. The Firm may draw on the $7,020.00 of funds from the Debtor's pre-petition retainer in the Firm's trust account, to offset its award of fees and costs;

3. The Estate is allowed to pay any of the unpaid fees and costs from the estate funds after offsetting by the funds in Counsel's trust account;

4. Debtor shall immediately pay the remaining balance of the allowed fees and expenses that are unpaid by the Estate, if any; and

5. For such other and further relief as the Court deems proper.

Date: July 16, 2024                     Respectfully submitted,
                                        **SHAW & HANOVER, PC**

                              By:    _/s/ Summer Shaw_____
                                     Summer Shaw, Attorneys for Debtor and Debtor-in-
                                     possession, Stonebridge Ventures, LLC



## DECLARATION OF SUMMER M SHAW

I, Summer Shaw, declare as follows:

1.     I am an individual over the age of eighteen and am competent to make this declaration.

2.     I have personal knowledge of the facts set forth in this declaration, and if called upon to do so, I could and would competently testify to these facts.

3.     I am the managing attorney for the law firm of Shaw & Hanover, PC ("Firm"), which maintains offices at 44-901 Village Court, Suite B, Palm Desert, California 92260.

4.     I make this declaration in support of the Firm's First and Final Application for Fees and Costs.

5.     The Firm represented the Debtor, Stonebridge Ventures, LLC ("Debtor") in its Chapter 11 bankruptcy proceeding as Debtor and DIP and then as the Debtor when the Trustee was appointed, and I was the attorney responsible for the Debtor's case/file in the Firm; The Firm has also represented the Debtor as a debtor in a Chapter 7 after the Court converted the case.

6.     This Application encompasses services rendered and expenses paid or incurred for the period from September 9, 2022, through and including April 2, 2023[3] ("Full Reporting Period").

7.     This Firm has not previously filed an application for payment of fees and costs in this case.

8.     The Firm requests that the Court approve the requested fees and submits that its requested compensation and reimbursement of costs is reasonable and warranted in light of the services performed and the results obtained.

9.     I have reviewed the Court's PACER docket and electronic case files for this case to refresh my memory as to the specific filing and entry dates of the documents referenced in this Application. The information referenced in this Application from the pleadings filed in this case is true and accurate.

10.     A true and correct copy of this Court's web PACER Docket for the Case, as of July

---

[3] *See* Footnote 1.

12, 2024, is attached as **Exhibit 1**.

11.    With the exception of the general sharing of compensation between members and employees of the Firm, no agreement or understanding exists between the Firm and any other individual or entity for the sharing of compensation to be received for the services rendered of the reimbursement of costs incurred in or in connection with this case.

12.    During the Reporting Period, the Firm acted as General Counsel for the Debtor in connection with the Case.

13.    On November 28, 2022, the Court entered an Order approving the Debtor's application to employ Shaw & Hanover, PC as general counsel beginning on the Petition Date. A true and correct copy of the Order Authorizing Employment of Counsel, submitted with this Application, as **Exhibit 2**.

14.    Attached as **Exhibit 3** is a true and correct copy of a photocopy reduction of the Firm's computer billing printout and consists of the summation of the Firm's time records as kept in the ordinary course of business during the Full Reporting Period. The detail set forth in Exhibit 3 is believed by the Firm to be sufficient to demonstrate the services performed by the Firm during the period covered by this Application.

15.    Attached as **Exhibit 4** is a true and correct copy of a summary schedule of the fees requested as recommended in the U.S. Trustee Guidelines. Pages 1 through 3 cover the fees categorized as the U.S. Trustee Guidelines require; pages 4 through 8 itemize the fees categorized by the 1st Reporting Period and the 2nd Reporting Period.

16.    Attached as **Exhibit 5** is also a true and correct copy of a summary schedule of the costs requested as recommended in the U.S. Trustee Guidelines. Similarly, page 1 covers the costs categorized as the U.S. Trustee Guidelines require; pages 2 itemize the costs categorized by the 1st Reporting Period and the 2nd Reporting Period.

17.    The Firm believes and represents that the costs and expenses are reasonable under the circumstances of this case and the various pleadings filed by the Debtor and does not include all of the photocopying and postage incurred by the Firm as employees of the Firm did not post all costs at the time incurred.



18.     The Firm believes and represents that the services rendered during the Full Reporting Period have been beneficial to the estate and that this request for allowance of compensation is fair and reasonable.

19.     As the managing attorney for the Firm, I have reviewed the requirements of LBR 2016-1(a)(1)(J).

20.     I have reviewed the Application, the attached billing records, and the attached records of costs in detail, and I believe that this Application complies with the provision of LBR 2016-1(a)(1)(J).

21.     I am attaching an update summary of my biographical information attached hereto as **Exhibit 6**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of July 2024.

/s/ Summer Shaw

_____

Summer Shaw



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **44901 Village Court, Suite B, Palm Desert, CA 92260**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF HEARING ON APPLICATION AND FIRST AND FINAL APPLICATION FOR ALLOWANCE OF FEES AND COSTS FILED BY SHAW & HANOVER, PC AS GENERAL COUNSEL; DECLARATIONS OF SUMMER SHAW IN SUPPORT THEREOF WITH EXHIBITS 1 THROUGH 6** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ___07/16/2024___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐   Service information continued on attached page 16

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __07/16/2024__  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| HONORABLE JUDGE'S COPY<br>**Honorable Theodor Albert<br>United States Bankruptcy Court<br>411 West Fourth Street, Suite 5085<br>Santa Ana, CA 92701-4593** | MANUAL NOTICE LIST<br>**AB Capital, LFD, Inc.<br>15 Corporate Plaza, Suite 200<br>Ryan Young<br>Newport Beach, CA 92260** | MANUAL NOTICE LIST<br>**Motunrayo D Akinmurele<br>Tucker Ellis LLP<br>515 South Flower Street<br>Forty-Second Floor<br>Los Angeles, CA 90071** |
|---|---|---|
| MANUAL NOTICE LIST<br>**Brentwood Finance Company, LLC<br>15 Corporate Plaza, Suite 200<br>Ryan Young<br>Newport Beach, CA 92260** | MANUAL NOTICE LIST<br>**Joseph Colangelo<br>15 Corporate Plaza, Suite 200<br>Ryan Young<br>Newport Beach, CA 92260** | MANUAL NOTICE LIST<br>**Malcolm Cisneros<br>A Law Corporation<br>2112 Business Center Drive<br>Second Floor<br>Irvine, CA 92612** |
| MANUAL NOTICE LIST<br>**Brian Thompson<br>Winterstone Real Estate Development<br>23792 Rockfield Blvd., Ste. 101<br>Lake Forest, CA 92630** | | |

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _07/16/2024_____ | __Summer Shaw_____ | _/s/ Summer Shaw_____ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1

2

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (CONT"D)</u>:**

3

**Robert M Aronson    robert@aronsonlawgroup.com,**
**info@aronsonlawgroup.com;robert@ecf.inforuptcy.com;r55297@notify.bestcase.com**
**James C Bastian    jbastian@shulmanbastian.com**

4

**Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org**
**Arturo Cisneros (TR)    amctrustee@mclaw.org,**
**acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com**

5

**Arturo Cisneros (TR)    , acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com**

6

**Ethan Friedman    ethan.friedman@fnf.com**
**Nicholas W Gebelt    ngebelt@goodbye2debt.com**

7

**Michael J Hauser    michael.hauser@usdoj.gov**
**Christopher Hewitt    hewittesq@yahoo.com, 5063741420@filings.docketbird.com**

8

**Rika Kido    rkido@shulmanbastian.com, avernon@shulmanbastian.com**
**Zi Chao Lin    zi.lin@tuckerellis.com,**
**kristin.mccarthy@tuckerellis.com;thomas.fawkes@tuckerellis.com;jason.ben@tuckerellis.com;**

9

**Motunrayo.Akinmurele@tuckerellis.com**
**William Malcolm    bill@mclaw.org, cvalenzuela@mclaw.org**

10

**Richard A Marshack    rmarshack@marshackhays.com,**
**lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;alinares@ecf.courtdrive.com**

11

**W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com**
**David W. Meadows    david@davidwmeadowslaw.com**

12

**Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com**
**Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com,jfisher@raineslaw.com**

13

**Lee S Raphael    ecfcca@ecf.courtdrive.com, cmartin@pralc.com**
**Timothy M Ryan    tryan@theryanfirm.com, ecf@theryanfirm.com**

14

**Allan D Sarver    ADS@asarverlaw.com**
**Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com**

15

**Nathan F Smith    nathan@mclaw.org,**
**CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org**

16

**Michael G Spector    mgspector@aol.com, mgslawoffice@aol.com**
**Diana Torres-Brito    dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com**
**United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
**Christopher P. Walker    cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com;r57253@notify.bestcase.com**

17

18

19

20

21

22

23

24

25

26

27

28



Label Matrix for local noticing
0973-8
Case 8:22-bk-11556-TA
Central District of California
Santa Ana
Mon Jul 15 17:51:13 PDT 2024

AB Capital, LP, Inc.
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92660-7941

Baiocchi Family Limited Partnership at al
Prober & Raphael, A Law Corporation
20750 Ventura Boulevard #100
Woodland Hills, CA 91364-6207

Brentwood Finance Company, LLC
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92660-7941

Brentwood Finance Company, LLC
c/o Law Offices of David W. Meadows
1801 Century Park East
Suite 1201
Los Angeles, CA 90067-2314

Malcolm Cisneros
A Law Corporation
2112 Business Center Drive
Second Floor
Irvine, CA 92612-7135

Qwan Capital, LLC
c/o Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars
12th Floor
Los Angeles, CA 90067-4200

Qwan International Investments, LLC
c/o Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars
12th Floor
Los Angeles, CA 90067-4200

Renewable Farms, Inc.
468 S. Coate Road
Aaron Flora
Orange, CA 92869-4701

**DEBTOR**
Stonebridge Ventures, LLC
15 Corporate Plaza Drive, Suite 200
Newport Beach, CA 92660-7941

17 Properties I, LLC
30855 Olympic Place
Laguna Niguel, CA 92677-2452

AB Capital Fund B, LLC
15 Corporate Plaza Drive, Suite 200
Newport Beach, CA 92660-7941

AB Capital, LLC
Attn: Agent for Service of Process
15 Corporate Plaza
Suite 200
Newport Beach, CA 92660-7941

AB Capital, LLC
Attn: Officer, Director or
Managing Agent
15 Corporate Plaza, Suite 200
Newport Beach, CA 92660-7941

Alisa Arkenberg
7933 E. Baker Drive
Scottsdale, AZ 85266

Alisa Lee Arkenberg
7933 E Baker Drive
Scottsdale, AZ 85266-2255

Andrew D. & Karen L. Hermann Trust, dated 3/
3860 Fuchsia Circle
Seal Beach, CA 90740-2907

Baiocchi Family Limited Partnershi
c/o Lenders T.D. Service, Inc.
24422 Avenida De La Carlota, #280
Laguna Hills, CA 92653-3603

Baiocchi Family, LP
600 Hudson Lane
Aptos, CA 95003-2729

Brad Bunten
9241 Copenhaver Drive
Potomac, MD 20854-3016

Brentwood Finance Comany LLC
Attn: Officer, Director or
Managing Agent
180 S. Spruce Avenue, Suite 155
South San Francisco, CA 94080-4558

Brentwood Finance Company, LLC
Attn: Agent for Service of Process
180 S. Spruce Avenue, Suite 155
South San Francisco, CA 94080-4558



California Department of Tax and
Fee Administration
Special Ops, MIC:55
PO Box 942879
Sacramento, CA 94279-0055

Cory Graham Sottek
640 Altamira Court
Vista, CA 92081-6310

Darryl Lewis ahd Sanna Akhtanova
301 N. Palm Canyon Drive Suite 103-395
Palm Springs, CA 92262-5672

Darryl Lewis and Sanna Akhtanova
301 N. Palm Canyon Drive
Suite 103-395
Palm Springs, CA 92262-5672

Darryl Lewis and Sanna Akhtanova
c/o Polis & Associates
Attn: Thomas J. Polis
19800 MacArthur Blvd., Ste. 1000
Irvine, CA 92612-2433



Darryl Lewis and Sanna Akhtanova
c/o Thomas J. Polis
19800 MacArthur Blvd., Ste. 1000
Irvine, CA 92612-2433

Employment Development Department
Bankruptcy Group MIC92E
P.O. Box 826880
Sacramento, CA 94280-0001

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Forge Trust Company CFBO
Donald Suskind IRA
1160 Industrial Road, #1
San Carlos, CA 94070-4128

Forge Trust Company CFBO
Donald Suskind IRA
1160 Industrial Road, 41
San Carlos, CA 94070-4124

Garcia Rainey Blank & Bowerbank LLP
Attorneys for Darryl Lewis &
Sanna Akhtanova
695 Town Center Drive, Suite 540
Costa Mesa, CA 92626-7692



Geoffrey P. Field, Trustee of the
Geoffrey P. Field Living Trust
2100 Camino Vida Roble, Suite A
Carlsbad, CA 92011



INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Ira M. Hermann/ The Hermann Family Trust
1 Lucca
Laguna Niguel, CA 92677-9030

JLoanCo, Inc.
Attn: Agent for Service of Process
3780 King Ranch Road
Ukiah, CA 95482-9200

JLoanCo, Inc.
Attn: Officer, Director or
Managing Agent
3780 King Ranch Road
Ukiah, CA 95482-9200

Jaclyn Maduff
2128 Duxbury Circle
Los Angeles, CA 90034-1014



Jaclyn Maduff, Trustee of the
Jaclyn Maduff Family Trust
2128 Duxbury Circle
Los Angeles, CA 90034-1014

Jean Himmelstein, Trustee of the
Jeannette Himmelstein Living Trust
10100 Galaxy Way, #2240
Los Angeles, CA 90067-3528

Jeffrey McNutt
6311 Sierra Elena Roas
Irvine, CA 92603-3926

Joe Colangelo
c/o Polis & Associates
19800 MacArthur Blvd, Suite 1000
Irvine, CA 92612-2433

Koonce Family Enterprise, LP
Barbara Holt, Advisor
517 E. Calle Laureles
Santa Barbara, CA 93105-2005

Koonce Family Enterpriser LP
Barbara Holt, Advisor
517 E. Calle Laurles
Santa Barbara, CA 93105-2005

Koonce Family Enterprises
517 E Calle Laureles
Santa Barbara CA 93105-2005

Las Palmas Group Retirement Trust
Barry Nisen
1520 Shoreline Dr
Santa Barbara, CA 93109-2073

Las Palmas Group Retirement Trust
Barry Nisen, Tru/tee
PO Box 90202
Santa Barbara, CA 93190-0202

Las Palmas Group Retirement Trust
Barry Nisen, Trustee
PO Box 90202
Santa Barbara, CA 93190-0202

Lenders T.D. Service, Inc.
24422 Avenida De La Carlota, #280
Laguna Hills, CA 92653-3603

Linda T. Seckler-Rufkahr,Trustee of
The Rufkahr Family Trust
31661 Haute Court
Winchester, CA 92596-9123

Luna Construction Management, LLC
Attn: Agent for Service of Process
501 S. Olive Street
Anaheim, CA 92805-4738



Luna Construction Management, LLC
Attn: Officer, Director or
Managing Agent
501 S. Olive Street
Anaheim, CA 92805-4738

Luna Construction Management, LLC
Attn: Officer, Director or Managing Agen
501 S. Olive Street
Anaheim, CA 92805-4738

Mainstar Trust Custodian FBO
Richard W. Walker IRA
18124 Wedge Parkway, #530
Reno, NV 89511-8134



Marc Treitler, Trustee of the
Treitler Family Trust
9950 Scrippp Lake Drive, #101
San Diego, CA 92131-1082

Marc Treitler, Trustee of the
Treitler Family Trust
9950 Scripps Lake Drive, #101
San Diego, CA 92131-1082

Mario Melillo
2404 Harbor Boulevard, #106
Costa Mesa, CA 92626-6212

Mario Melillo
2404 Harbor Boulevard, 4106
Costa Mesa, CA 92626-6212

Mary Jo Blue
2343 Iron Square Dr
Reno, NV 89521-8396

Monika Jensen
c/o Nicholas Gebelt
15150 Hornell Street
Whittier CA 90604-2245



Noreen Kennedy, Trustee of the
Noreen Kay Kennedy Separate Prop Tr
3504 N. Sundown Lane
Oceanside, CA 92056-4707



Renewable Farms
Attn: Agent for Service of Process
2604 N. Tustin Avenue, Unit F
Santa Ana, CA 92705-1056

Renewable Farms
Attn: Officer, Director or
Managing Agent
2604 N. Tustin Avenue, Unit F
Santa Ana, CA 92705-1056

Renewable Farms
c/o FCI Lender Services, Inc.
8180 E. Kaiser Boulevard
Anaheim, CA 92808-2277

Renewable Farms
c/o Michael G Spector
2122 N Broadway
Santa Ana CA 92706-2614

Renewable Farms,
Attn: Agent for Service of Process
2604 N. Tustin Avenue, Unit F
Santa Ana, CA 92705-1056

Richard A. Marshack, Trustee of AB Capital,
870 Roosevelt
Irvine, CA 92620-3663

Richard W. Walker
214 West 9th Street
Onaga, KS 66521-9624

Richard W. Walker
PO Box 420
Onaga, KS 66521-0420

Richard Walker
18124 Wedge Parkway #530
Reno, NV 89511-8134

Richter Wright
Attn: James D. Friedman
32 Burning Tree Road
Newport Beach, CA 92660-5105

Riverside County Tax Collector
Adelina Abril
4080 Lemon St, 4th Floor
Riverside CA 92501-3609

Riverside County Tax Collector
Attn: Matt Jennings
PO Box 12005
Riverside, CA 92502-2205

Riverside County Tax Collector
Matt Jennings Treasurer Tax Collect
4081 Lemon Street, 1st Floor
Riverside, CA 92501

Riverside County Tax Collector
Matt Jennings Treasurer-Tax Collect
4080 Lemon Street, 1st Floor
Riverside, CA 92501-3634

Robert Justin Enquist
7722 Drake Ridge
Kalamazoo, MI 49009-8966

State of California
Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

State of California Franchise Tax Board
Bankruptcy Section MS A340
PO Box 295
Sacramento, CA 95812-0295

The Burrill Trust
156 Wadsworth Avenue
Santa Monica, CA 90405-3510

Thomas J. Polis, Esq.
19800 MacArthur Blvd., #1000
Irvine, CA 92612-2433

Treitler Family Trust, c/o Marc Treitler Tru
Marc Treitler
9950 Scrippslake Drive #101
San Diego CA 92131-1082

William R. Enquist Jr.
4014 Calle Louisa
San Clemente, CA 92672-4511

Zinda T. Seckler-RufkahrrTrustee of
The Rufkahr Family Trust
31661 Haute Court
Winchester, CA 92596-9123

Allan D Sarver
Law Offices of Allan D. Sarver
16000 Ventura Blvd Suite 1000
Encino, CA 91436-2762

Brian Thompson
Winterstone Real Estate Development
23792 Rockfield Blvd., Ste. 101
Lake Forest, CA 92630-2868

Darryl Lewis
c/o Thomas J. Polis, Esq.
Polis & Associates, APLC
19800 MacArthur Blvd., Suite 1000
Irvine, CA 92612-2433



**Page 20 of 21**

Diana Torres-Brito
Prober and Raphael, ALC
20750 Ventura Blvd.
Suite 100
Woodland Hills, CA 91364-6207

Joseph Colangelo
2 Makena
Rancho Mirage, CA 92270-3904

Joseph Colangelo
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92660-7941

Mary Jo Blue
Law Offices Allan Sarver
16000 Ventura Blvd
Suite 1000
Encino, CA 91436-2762

Monika Jensen
c/o Law Offices of Nicholas Gebelt
15150 Hornell Street
Whittier, CA 90604-2245

Richard W Walker
c/o Law Offices of Allan D. Sarver
16000 Ventura Blvd
Suite 1000
Encino, CA 91436-2762

Saman Jilanchi
c/o Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars
12th Floor
Los Angeles, CA 90067-4200

Sanna Akhtanova
c/o Thomas J. Polis, Esq.
Polis & Associates, APLC
19800 MacArthur Blvd., Suite 1000
Irvine, CA 92612-2433



The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Arturo Cisneros (TR)
3403 Tenth Street, Suite 714
Riverside, CA 92501

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)Hahn Fife & Co, LLP

(u)Alisa Arkenberg
Debtor will amend when
information becomes available)

(u)Cory Graham Sottek
Debtor will amend when
information becomes available)

(d)Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

(d)JLoanco, Inc.
Attn: Agent for Service of Process
3780 King Ranch Road
Ukiah, CA 95482-9200

(d)JLoanco, Inc.
Attn: Officer, Director or
Managing Agent
3780 King Ranch Road
Ukiah, CA 95482-9200

(u)Jack D. Brewer
Debtor will amend when
information becomes available)

(u)Jaclyn Maduff, Trustee of the
Jaclyn Maduff Family Trust
Debtor will amend when
information becomes available)