WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: bill@mclaw.org; nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, A. Cisneros*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>STONEBRIDGE VENTURES, LLC,<br><br>Debtor. | Bankruptcy Case No. 8:22-bk-11556-TA<br><br>Chapter 7<br><br>**MOTION TO SET CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF A. CISNEROS**<br><br>**[No Hearing Required – Local Bankruptcy Rule 9013-1(o)]** |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

A. Cisneros, the duly-appointed and acting Chapter 7 trustee ("Trustee") in the above-entitled and numbered bankruptcy case of Stonebridge Ventures, LLC ("Debtor"), hereby moves the Court for an order setting a bar date for all individuals and entities to file applications or requests for allowance of administrative claims incurred during the post-petition, pre-conversion period of September 9, 2022 through April 3, 2023 ("Chapter 11 Administrative Claims") while the above-entitled bankruptcy case was pending under Chapter 11 of Title 11 of the United States Code.

Trustee requests that the bar date order provide that Administrative claims be filed but not set for hearing so that Trustee will have an adequate opportunity to review all requests for allowance and payment filed and attempt to address any issues therewith before the matters are considered by the Court. If Trustee or any party-in-interest objects to a Chapter 11 Administrative Claim, such objection shall proceed in the manner outlined by Local Bankruptcy Rule 3007-1. This process will also allow Trustee to effectively manage the calendaring of the Chapter 11 Administrative Claims for hearing and promote judicial economy.

This Motion is based on the following Memorandum of Points and Authorities, the attached Declaration of A. Cisneros ("Trustee Declaration"), and the pleadings and papers on file in this case.

WHEREFORE, Trustee respectfully requests that the Court enter an order:

1. Providing that the last day for individuals and entities to file applications or requests for allowance of administrative claims incurred while the above-entitled bankruptcy case was pending under Chapter 11 be September 30, 2024 ("Chapter 11 Administrative Claim Bar Date");

2. Approving the notice of the Chapter 11 Administrative Claim Bar Date attached as Exhibit "1" to the Trustee Declaration ("Proposed Notice");

3. Providing that the Proposed Notice and the order on this Motion shall be served by Trustee within 7 days of the entry of such order; and,

4. Such other and further relief as the Court deems just and proper under the circumstances.

DATED: August 26, 2024

Respectfully Submitted,
MALCOLM ♦ CISNEROS, A Law Corporation

 /s/ Nathan F. Smith
NATHAN F. SMITH #264635
*Attorneys for Chapter 7 Trustee, A. Cisneros*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

1. Debtor's bankruptcy case was commenced on September with the filing of a petition under chapter 11 of the Bankruptcy Code on September 9, 2022 ("Petition"). *See* Docket Entry ("DE") 1.

2. On September 29, 2022, Trustee was appointed as the Chapter 11 trustee. *See* DE 19.

3. On April 3, 2023, the case was converted to Chapter 7. *See* DE 191.

4. Trustee is the appointed, qualified, and acting Chapter 7 Trustee for Debtor's bankruptcy estate ("Estate"). *See* DE 193.

5. The deadline to file proofs of claim was October 2, 2023. *See* DE 223.

## II.

## LEGAL AUTHORITY AND ARGUMENT

The Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Certain types of claims are deemed to be "administrative expenses" and are given priority under the Code ("Administrative Claims"). 11 U.S.C. §§ 503(b) and 507(a)(2). The Bankruptcy Code contemplates the establishment of a deadline for administrative expenses to be filed. *See* 11 U.S.C. § 503(a) ("An entity may timely file a request for payment of an administrative expense or may tardily file such request if permitted by the court for cause.").

On June 20, 2023, Trustee filed a report pursuant to Federal Rule of Bankruptcy Procedure 1019(5)(A)(i) ("Report"), which identifies the Office of the United States Trustee, Debtor's counsel, Summer Shaw, the Trustee, in his capacity as the Chapter 11 Trustee, Trustee's counsel, and Trustee's accountant as holders of administrative claims against the Estate. Trustee believes that establishing a bar date ("Chapter 11 Administrative Claim Bar Date") for the filing of applications or requests for allowance of Chapter 11 Administrative Claims ("Requests for Allowance") will enable Trustee to determine the amount of asserted Chapter 11 Administrative Claims. Trustee requests that the Chapter 11 Administrative Claim Bar Date not require that Chapter 11 administrative claimants set their Requests for Allowance for hearing. Instead, Trustee proposes to review each Request for

1 Allowance and to file objections to same if and when appropriate. Trustee proposes that such objections will be set for hearing as provided by the applicable Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

Trustee proposes to set September 30, 2024, as the last day for individuals and entities to file applications for allowance of Chapter 11 Administrative Claims incurred while the above-entitled bankruptcy case was pending under Chapter 11.

Trustee has prepared a proposed form of notice of this proposed bar date ("Proposed Notice"), which is attached as Exhibit "1" to the concurrently filed Declaration of A. Cisneros. The Proposed Notice provides the date of entry of an order granting this Motion, the Chapter 11 Administrative Claim Bar Date, the need to file an appropriate Request for Allowance on or before the Chapter 11 Administrative Claim Bar Date, and the procedure for resolving any objections Trustee may have to such Requests for Allowance.

### III.

### **CONCLUSION**

Based on the foregoing, Trustee respectfully requests that the Court enter an order:

1. Providing that the last day for individuals and entities to file applications for allowance of Chapter 11 Administrative Claims incurred while the above-entitled bankruptcy case was pending under Chapter 11, be September 30, 2024;

2. Approving the Proposed Notice of the Chapter 11 Administrative Claim Bar Date attached to the Declaration of A. Cisneros as Exhibit "1";

3. Providing that the Proposed Notice and the order on this Motion shall be served by Trustee's counsel within 7 days of the entry of such order; and

4. Such other and further relief as the Court deems just and proper under the circumstances.

DATED: August 26, 2024

Respectfully Submitted,
MALCOLM ♦ CISNEROS, A Law Corporation

/s/ Nathan F. Smith
NATHAN F. SMITH, #264635
*Attorneys for Chapter 7 Trustee, A. Cisneros*

Motion

## DECLARATION OF A. CISNEROS

I, A. Cisneros, declare as follows:

1. I am the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Stonebridge Ventures, LLC ("Debtor"). The matters set forth herein are of my own personal knowledge and, if called upon to do so, I could and would competently testify thereto.

2. I make this declaration in support of the Motion to Set a Chapter 11 Administrative Claim Bar Date ("Motion"). Unless otherwise noted, capitalized terms in this Declaration have the meaning set forth in the Motion. I have read and I am aware of the contents of the Motion and the accompanying Memorandum of Points and Authorities. The facts stated in the Motion and the Memorandum of Points and Authorities are true and correct to the best of my knowledge.

3. Establishing a bar date ("Chapter 11 Administrative Claim Bar Date") for the filing of applications or requests for allowance of Chapter 11 administrative claims ("Requests for Allowance") will enable me and my professionals to determine the amount of asserted Chapter 11 administrative claims.

4. I do not believe that the proposed Chapter 11 Administrative Claim Bar Date should require administrative claimants to set their Requests for Allowance for hearing. Instead, my professionals and I propose to review all Requests for Allowance and to file objections to such requests if and when appropriate, which we will set for hearing as provided by the applicable Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

5. I propose September 30, 2024, as the last day for individuals and entities to file applications for allowance of Chapter 11 Administrative Claims incurred while the above-entitled bankruptcy case was pending under Chapter 11.

6. I have prepared a proposed form of notice of a Chapter 11 Administrative Claim Bar Date, a true and correct copy of which is attached hereto as Exhibit "1."

7. I make this declaration in support of my Motion to Set a Chapter 11 Administrative Claim Bar Date.

///

///

Motion

5

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 26 day of August, 2024, at Riverside, California.

_____
A. CISNEROS

WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: bill@mclaw.org; nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, A. Cisneros*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>STONEBRIDGE VENTURES, LLC,<br><br>Debtor. | Bankruptcy Case No. 8:22-bk-11556-TA<br><br>Chapter 7<br><br>**NOTICE OF DEADLINE FOR FILING ADMINISTRATIVE CLAIMS** |

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** as follows:

1.      On _____, the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Court") granted the Motion of the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Stonebridge Ventures, LLC ("Estate") to Set Chapter 11 Administrative Claims Bar Date and entered an order ("Administrative Claim Bar Date Order") establishing **September 30, 2024** as the deadline ("Administrative Claim Bar Date") for the filing of applications or requests for allowance of claims entitled to administrative priority under the provisions of the Bankruptcy Code (Title 11 of the United States Code), and incurred during the post-petition, pre-conversion period of September 9, 2022 (the "Petition Date") through April 3, 2023 ("Conversion Date") (the "Administrative Claims", singularly, an "Administrative Claim"). A

**Exhibit 1**

1

Notice

true and correct copy of the Administrative Claim Bar Date Order is attached hereto as Exhibit "1".

2. As provided by the Administrative Claim Bar Date Order, any application or request for allowance of an Administrative Claim asserted shall be filed with the Court on or before the Administrative Claim Bar Date but shall not be set for hearing at the time of filing. Each Administrative Claim shall be deemed allowed unless a party-in-interest objects. If a party in interest objects to an Administrative Claim, such objection shall proceed in the manner outlined by Local Bankruptcy Rule 3007-1.

3. A claimant should consult an attorney if the claimant has any questions regarding this notice ("Administrative Bar Date Notice"), including whether to file an application or request for allowance of an Administrative Claim.

4. If you believe you hold a claim entitled to administrative priority under the provisions of Sections 330, 331 and/or 503(b) of the Code, you **MUST** file an application or request for allowance of such Administrative Claim in order to preserve your claim, except as otherwise explicitly stated herein.

5. The following persons or entities are **NOT** required to file an application or request for allowance of an Administrative Claim:

    A. The United States Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

    B. Any person or entity whose Administrative Claim has been allowed by order of the Court entered on or before the Administrative Claims Bar Date or that has already been paid; or,

    C. Any Administrative Claim on account of which an application or request for allowance and/or payment of Administrative Claim has already been filed with the Court.

6. You should not file an application or request for allowance of an Administrative Claim if you do not have such a claim against the Estate. The fact that you have received this notice does not mean that you have an administrative claim or that Trustee or the Court believe that you have such a claim.

Exhibit 1

2

Notice

7. Except with respect to claims described in Section 5, above, that are not required to file an application or request for allowance of an Administrative Claim, any holder of an Administrative Claim against the Estate who received notice of the Administrative Claim Bar Date (whether such notice was actually or constructively received) and is required, but fails, to file an application or request for allowance of an Administrative Claim in accordance with the Administrative Claim Bar Date Order and this Administrative Claim Bar Date Notice on or before the Administrative Claim Bar Date: (A) shall be forever barred from asserting such claim against the Estate (or filing an Administrative Claim with respect thereto), and the Estate and its property may be forever discharged from all such indebtedness or liability with respect to such claim; and (B) shall not receive or be entitled to receive any payment or distribution from the Estate or its successors or assigns with respect to such claim.

DATED: August 26, 2024

Respectfully Submitted,
MALCOLM ♦ CISNEROS, A Law Corporation

 /s/ Nathan F. Smith
NATHAN F. SMITH, #264635
*Attorneys for Chapter 7 Trustee, A. Cisneros*

Exhibit 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO SET CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF A. CISNEROS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 26, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF THE U.S. TRUSTEE: United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)     amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com
CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)     acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 26, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive, Suite 200, Newport Beach, CA 92660**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **August 26, 2024** | **Diep Quach** | **/s/ Diep Quach** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                    F 9013-3.1.PROOF.SERVICE

**SECTION 1 CONT.**
NOTICE: Robert M Aronson     robert@aronsonlawgroup.com, info@aronsonlawgroup.com; robert@ecf.inforuptcy.com; r55297@notify.bestcase.com
NOTICE: James C Bastian     jbastian@shulmanbastian.com
NOTICE: Arturo Cisneros     arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Ethan Friedman     ethan.friedman@fnf.com
NOTICE: Nicholas W Gebelt     ngebelt@goodbye2debt.com
NOTICE: Michael J Hauser     michael.hauser@usdoj.gov
NOTICE: Christopher Hewitt     hewittesq@yahoo.com, 5063741420@filings.docketbird.com
NOTICE: Rika Kido     rkido@shulmanbastian.com, avernon@shulmanbastian.com
NOTICE: Zi Chao Lin     zi.lin@tuckerellis.com, kristin.mccarthy@tuckerellis.com; thomas.fawkes@tuckerellis.com; jason.ben@tuckerellis.com; Motunrayo.Akinmurele@tuckerellis.com
NOTICE: William Malcolm     bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: Richard A Marshack     rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com; rmarshack@ecf.courtdrive.com; alinares@ecf.courtdrive.com
NOTICE: W. Derek May     wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows     david@davidwmeadowslaw.com
NOTICE: Thomas J Polis     tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo     hrafatjoo@raineslaw.com, bclark@raineslaw.com, jfisher@raineslaw.com
NOTICE: Lee S Raphael     ecfcca@ecf.courtdrive.com, cmartin@pralc.com
NOTICE: Timothy M Ryan     tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Allan D Sarver     ADS@asarverlaw.com
NOTICE: Summer M Shaw     ss@shaw.law, shawsr70161@notify.bestcase.com; shawsr91811@notify.bestcase.com
NOTICE: Nathan F Smith     nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com; cvalenzuela@mclaw.org
NOTICE: Michael G Spector     mgspector@aol.com, mgslawoffice@aol.com
NOTICE: Diana Torres-Brito     dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
NOTICE: Christopher P. Walker     cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com; r57253@notify.bestcase.com

**SECTION 2 CONT.**
AB Capital, LFD, Inc.
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92260

Motunrayo D Akinmurele
Tucker Ellis LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071

Brentwood Finance Company, LLC
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92260

Joseph Colangelo
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92260

Shaw & Hanover, PC
~~42-600 Cook Street, Suite 210~~
~~Palm Desert, CA 92211~~
07.22.2024 – forward to
44901 Village Court Ste B
Palm Desert CA 92260-3814

Brian Thompson
Winterstone Real Estate Development
23792 Rockfield Blvd., Ste. 101
Lake Forest, CA 92630

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                            **F 9013-3.1.PROOF.SERVICE**