WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: arturo@mclaw.org; nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, A. Cisneros*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:22-bk-11556-TA |
| STONEBRIDGE VENTURES, LLC, | Chapter 7 |
| Debtor. | **APPLICATION FOR ALLOWANCE OF A CHAPTER 11 ADMINISTRATIVE CLAIM BY MALCOLM ♦ CISNEROS BASED ON SERVICES RENDERED AS GENERAL COUNSEL TO THE CHAPTER 11 TRUSTEE BETWEEN SEPTEMBER 29, 2022 AND APRIL 3, 2023** |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; DEBTOR; DEBTOR'S COUNSEL; AND OTHER INTERESTED PARTIES:**

Pursuant to 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016, and Local Bankruptcy Rule 2016-1, Malcolm ♦ Cisneros, A Law Corporation ("Firm") hereby submits its Application for Allowance of a Chapter 11 Administrative Claim ("Application") for services rendered as general counsel to A. Cisneros, Chapter 11 trustee ("Trustee") of the bankruptcy estate of Stonebridge Ventures, LLC ("Debtor"), during the period from September 29, 2022 and conversion of this case to

Chapter 7 on April 3, 2023.  Through its Application, the Firm seeks entry of an order approving its fees of $114,946.50 and costs of $1,852.87, for a total of $116,799.37 in attorney fees and costs.

This Application is based on the following memorandum of points and authorities filed in support hereof, the declarations of Trustee and Nathan F. Smith in support of the Application, the exhibits thereto, the pleadings and papers on file in this case, any supplemental briefing that the Court may require, and any oral argument that may be offered at the hearing on this Application.

DATED: October 10, 2024

Respectfully Submitted,
MALCOLM ♦ CISNEROS, A Law Corporation

*/s/ Nathan F. Smith*
NATHAN F. SMITH
*Attorneys for Chapter 7 Trustee, A. Cisneros*

## MEMORANDUM OF POINTS & AUTHORITIES

### I.

## SUMMARY OF FACTS

### A.    Trustee's Retention of the Firm as His General Counsel.

Trustee retained the Firm as his general bankruptcy counsel on September 29, 2022.  The Firm has offices in Irvine and Riverside, California and emphasizes its practice in bankruptcy and civil litigation.  The attorneys of the Firm are duly licensed to practice in the State of California and before this Court.

### B.    Summary of the Case.

Debtor was a real estate holding company that was in the business of acquiring real estate and developing a subdivision of luxury homes in Rancho Mirage.  Three days prior to the filing of its petition, Debtor transferred its interest in the five remaining homes in the subdivision to another company controlled by Debtor's principal.  Following the filing of its Chapter 11 petition, and upon the Office of the United States Trustee's discovery of the transfers, Debtor stipulated to appointment of a Chapter 11 trustee and Trustee was appointed on September 29, 2022.

Upon his appointment, Trustee immediately retained the Firm and a real estate broker to liquidate the Properties.  Upon engagement, the Firm quickly negotiated a resolution to the pre-petition transfers via conveyances of the properties back to the Estate, without the necessity of filing an avoidance action.  As testament to Trustee's diligence and efficiency and with the Firm's assistance, Trustee closed the sale of two of five real properties owned by the Estate: 5 Makena, Rancho Mirage, California 92270 ("5 Makena") and 7 Makena, Rancho Mirage, California 92270 ("7 Makena") prior to conversion.

Trustee also obtained an order authorizing his sale of 1 Makena, Rancho Mirage, California 92270 ("1 Makena") and retained a real estate broker for the purposes of marketing and sale of 2 Makena, Rancho Mirage, California 92270 ("2 Makena") and 4 Makena, Rancho Mirage, California 92270 ("4 Makena") (1, 2, 4, 5, and 7 Makena are collectively referred to herein as the "Properties").  In connection with Trustee's marketing and sale of 2 Makena, the Firm filed suit against the occupants thereof and obtained an order to show cause regarding why they should not be sanctioned and ordered to

1   turn over possession of 2 Makena to Trustee.

2   The Firm's efforts while the case was pending in Chapter 11 set the stage for the post-conversion

3   sale of 1 Makena, removal of the occupants of 2 Makena and sale of 2 Makena to an overbidder for

4   $300,000 more than the accepted offer.

5   Based on the foregoing efforts, claims against the Estate were reduced by over $8 million, and

6   the Estate has approximately $1.1 million on hand for payment of claims.

7   **C.    Summary of the Firm's Efforts on Behalf of Trustee.**

8   The Firm's efforts included, but are not limited to, the following:

9       a.    Preparation of an application to employ the Firm, at no charge;

10      b.    Communications regarding the pre-petition transfers of the Properties to AB LFD;

11      c.    Preparation of conveyances of the Properties from AB LFD to the Estate;

12      d.    Preparation of stipulations in connection with the pre-petition transfers;

13      e.    Review and analysis of Debtor's voluntary petition, schedules, and statement of
14            financial affairs;

15      f.    Appearances at the meetings of creditors;

16      g.    Communications with Debtor's principals and counsel regarding the pre-petition
17            transfers, Properties, and sale thereof;

18      h.    Preparation of applications to employ a real estate broker to market and sell 1, 2,
19            4, 5, and 7 Makena, at no charge;

20      i.    Communicating with potential buyers, real estate brokers, and real estate
21            developers/investors;

22      j.    Review and analysis of purchase agreements of 1, 5, and 7 Makena;

23      k.    Preparation of counteroffers in connection with the sale of 1, 5, and 7 Makena;

24      l.    Negotiations with lienholders on reduced payoffs for 5 and 1 Makena;

25      m.    Negotiations to resolve motions for relief from stay in connection with 5 and 7
26            Makena;

27      n.    Preparation of motions to sell 1, 5, and 7 Makena;

28      o.    Court appearances at the hearings on the Motions to sell 1, 5, and 7 Makena;

p.      Preparation of orders granting Trustee's motions to sell 1, 5, and 7 Makena;

q.      Communication with multiple investors on all properties;

r.      Coordinating and communication with the trustees in the AB Capital, LLC (8:22-bk-11585-TA) and Med Equity, LLC (2:21-bk-12447-ER) cases;

s.      Communicating with potential buyers, real estate brokers, and real estate developers/investors;

t.      Participation in settlement discussion with Trustee's counsel and counsel for Daryl Lewis in connection with 5 Makena;

u.      Filing suit for turnover and unjust enrichment against the occupants of 2 Makena;

v.      Requesting that the Court issue an order requiring Joe Colangelo and Monika Jensen to appear and show cause as to why they should not be sanctioned under 11 U.S.C. §§ 542(a) and 105(a) and ordered to cooperate with Trustee's efforts to sell 2 Makena;

w.      Filing of a Motion to Convert the case to Chapter 7; and

x.      Preparation of an order converting Debtor's case from Chapter 11 to Chapter 7.

**D.    Summary of the Fees Incurred by the Firm.**

Following, please find a summary of the fees incurred by the Firm.

| Category | Hours | Total Fees | Blended Rate |
|---|---|---|---|
| Case Administration | 11.1 | $5,710.50 | $514.46 |
| Employment Applications | 5.4 | $0.00 | $0.00 |
| Asset Analysis and Review-General | 16 | $8,724 | $545.25 |
| Asset Analysis and Review-5 Makena | 7.7 | $4,224.50 | $548.64 |
| Asset Analysis and Review-1 Makena | 5.6 | $3,101 | $553.75 |
| Asset Analysis and Review-7 Makena | .3 | $172.50 | $575 |
| Asset Analysis and Review-2 Makena | 23.6 | $12,856 | $544.75 |
| Asset Disposition-5 Makena | 58.6 | $29,874 | $509.80 |
| Asset Disposition-1 Makena | 16.9 | $8,933.50 | $528.61 |
| Asset Disposition-7 Makena | 18 | $9,321 | $517.83 |

| Pre-Petition Transfers | 8.2 | $4,136.50 | $504.45 |
| AB Capital Bankruptcy Case | 10.1 | $5,345.50 | $529.26 |
| Lewis/Akhtanova Litigation | 11.3 | $5,190 | $459.29 |
| *Cisneros v. Colangelo, et al* | 16.1 | $8,515.50 | $528.91 |
| Order to Show Cause re Turnover | 13.6 | $7,246 | $532.79 |
| Conversion to Chapter 7 | 2.8 | $1,596 | $570 |

The Firm's breakdown of legal services by attorney is as follows:

| **Attorney** | **Hours** | **Fees** |
|---|---|---|
| William G. Malcolm | 83.6 | $46,115 |
| Nathan F. Smith | 141.7 | $68,831.50 |

The Firm's blended hourly rate is $518.42.

The costs advanced by the firm are as follows:

| **Cost** | **Amount** |
|---|---|
| Copies | $605.60 |
| Postage | $504.82 |
| Court Costs | $101.75 |
| Filing Costs | $621.50 |
| Litigation Costs | $19.20 |
| Total: | $1,852.87 |

## II.

## FEE APPLICATION

In compliance with Local Bankruptcy Rule ("LBR") 2016-1, the Firm's billing records for the time reflected in this Application are attached as Exhibit "1" to the Declaration of Nathan F. Smith in support of this Application ("Smith Declaration"). The Firm has reviewed the requirements of LBR 2016-1 and submits that this Application complies with the Rule. Additionally, Trustee has no

1  opposition to approval of the Firm's Fees and Costs. *See* Declaration of A. Cisneros in support hereof

2  and filed concurrently herewith.

3       Section 330 of the Bankruptcy Code provides that a Bankruptcy Court may award to a

4  professional person employed in a debtor's case "reasonable compensation" for "actual, necessary"

5  services rendered by such professional person on behalf of the debtor's estate, based upon the time,

6  nature, extent and value of such services, and the cost of comparable services rendered to a non-debtor

7  party, and may allow reimbursement of the actual, necessary expenses expended by such professional

8  person on behalf of the debtor's estate.

9       The Ninth Circuit has held that, under this statutory standard, "[a] compensation award based on

10  a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is

11  presumptively a reasonable fee." *See Burgess v. Klenske* (*In re Manoa Finance Company, Inc*.), 853

12  F.2d 687, 691 (9th Cir. 1988) (*citing Clark v. Los Angeles*, 803 F.2d 987, 990 (9th Cir. 1986)).

13       Here, the Firm is entitled to "reasonable" compensation for "actual, necessary" services rendered

14  to, and to reimbursement for expenses incurred on behalf of, the Trustee. In evaluating the

15  reasonableness of the Firm's services, factors such as the novelty and complexity of the issues in the

16  case, the special skill and experience of counsel, the quality of the representation, and the results

17  obtained are relevant. *See Manoa Finance,* 853 F.2d at 691.

18       Pursuant to LBR 2016-1, this Application sets forth the present status of the case and specifically

19  sets forth a narrative summarizing the services performed by the Firm on behalf of the Trustee and the

20  resulting benefits to the Estate and its creditors. The Smith Declaration also addresses the Firm's

21  compliance with the Guidelines of the United States Trustee, and conforms to its substantive

22  requirements.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

## III.

## <u>CONCLUSION</u>

Based on the foregoing, the Declarations in support hereof, and the exhibits thereto, the Firm respectfully requests that the Court approve its fees and costs incurred as general counsel to Trustee between September 29, 2022 and conversion of this case to Chapter 7 on April 3, 2023, in the amount of $114,946.50 in fees and $1,852.87 in costs, for a total of $116,799.37 in attorney fees and costs.

DATED: October 10, 2024                    Respectfully Submitted,
                                           MALCOLM ♦ CISNEROS, A Law Corporation


                                           */s/ Nathan F. Smith*
                                           NATHAN F. SMITH
                                           *Attorneys for Chapter 7 Trustee, A. Cisneros*

## DECLARATION OF NATHAN F. SMITH

I, Nathan F. Smith, declare as follows:

I am a partner of the law firm of Malcolm ♦ Cisneros, A Law Corporation, which has offices in Irvine and Riverside, California ("Firm").  The Firm was employed as general counsel to A. Cisneros ("Trustee"), Chapter 11 trustee for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor") in United States Bankruptcy Court for the Central District of California, Santa Ana Division, case number 8:22-bk-11556-TA ("Bankruptcy Case") pursuant to an order entered by the Court on November 18, 2022.  The Firm's employment as general counsel for Trustee was effective on September 29, 2022, and the Firm served as Trustee's general counsel until conversion of the case to Chapter 7 on April 3, 2023.

In the foregoing capacity, I have personal knowledge of the facts set forth below, based on my participation in the events in question or as a result of my review of the record, and, if called upon to testify thereto, I could and would do so competently and truthfully.

I make this declaration in support of the Firm's Application for Allowance of a Chapter 11 Administrative Claim ("Application")

## I.    INTRODUCTION.

Debtor was a real estate holding company that was in the business of acquiring real estate and developing a subdivision of luxury homes in Rancho Mirage.  Three days prior to the filing of its petition, Debtor transferred its interest in the five remaining homes in the subdivision to another company controlled by Debtor's principal.  Following the filing of its Chapter 11 petition, and upon the Office of the United States Trustee's discovery of the transfers, Debtor stipulated to appointment of a Chapter 11 trustee and Trustee was appointed on September 29, 2022.

Upon his appointment, Trustee immediately retained the Firm and a real estate broker to liquidate the Properties.  Upon engagement, the Firm quickly negotiated a resolution to the pre-petition transfers via conveyances of the properties back to the Estate, without the necessity of filing an avoidance action.  As testament to Trustee's diligence and efficiency and with the Firm's assistance, Trustee closed the sale of two of five real properties owned by the Estate: 5 Makena, Rancho Mirage, California 92270 ("5 Makena") and 7 Makena, Rancho Mirage, California 92270 ("7 Makena") prior to

1

conversion.

Trustee also obtained an order authorizing his sale of 1 Makena, Rancho Mirage, California 92270 ("1 Makena") and retained a real estate broker for the purposes of marketing and sale of 2 Makena, Rancho Mirage, California 92270 ("2 Makena") and 4 Makena, Rancho Mirage, California 92270 ("4 Makena") (1, 2, 4, 5, and 7 Makena are collectively referred to herein as the "Properties"). In connection with Trustee's marketing and sale of 2 Makena, the Firm filed suit against the occupants thereof and obtained an order to show cause regarding why they should not be sanctioned and ordered to turn over possession of 2 Makena to Trustee.

The Firm's efforts while the case was pending in Chapter 11 set the stage for the post-conversion sale of 1 Makena, removal of the occupants of 2 Makena and sale of 2 Makena to an overbidder for $300,000 more than the accepted offer.

Based on the foregoing efforts, claims against the Estate were reduced by over $8 million, and the Estate has approximately $1.1 million on hand for payment of claims.

## II.    BACKGROUND INFORMATION.

### A.    The Filing of the Petition and Makena Lane Properties.

1.    This case was commenced on September 9, 2022, with the filing of a skeletal petition under Chapter 11 of the Bankruptcy Code ("Petition").   *See* DE 1.

2.    On or about January 6, 2015, Debtor obtained title to the following real properties:

a.    1 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-001;

b.    2 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-002;

c.    4 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-004 ("4 Makena");

d.    5 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-005; and

e.    7 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-007  (1, 2, 4, 5, and 7 Makena are collectively referred to herein as the

2

Declaration

"Properties").

3.      Prior to the filing of the Petition, on or about September 1, 2022, Debtor transferred its interest in 1, 2, 4, and 7 Makena ("Transfers") to AB Capital LFD, Inc. ("AB LFD").  *See* DE 13.

**B.      The Appointment of Trustee.**

4.      On September 23, 2022, Debtor and the Office of the United States Trustee ("OUST") entered into a stipulation to the appointment of a Chapter 11 Trustee based on *inter alia* the Transfers. *See* DE 13.

5.      On September 29, 2022, Trustee was appointed as the Chapter 11 Trustee of the Estate. *See* DE 19.

6.      On September 29, 2022, Trustee attended Debtor's initial debtor interview.

7.      Trustee was the appointed, qualified, and acting Chapter 11 Trustee for Debtor's bankruptcy estate ("Estate").  *See* DE 19.

**C.      Trustee's Retention of the Firm.**

8.      On September 29, 2022, Trustee retained the Firm to serve as his general counsel.  *See* DE 51.

9.      On October 28, 2022, Trustee filed an application to employ the Firm as his general counsel.  *See* DE 51.

10.      On November 18, 2022, the Court entered an order granting Trustee's application to employ the Firm.  *See* DE 63.

**D.      Trustee's Negotiations to Address the Transfers and the Conveyances to the Estate.**

11.      Immediately upon his appointment, Trustee commenced negotiations to address the Transfers and effectuate the transfer of legal title to 1, 2, 4, and 7 Makena back to the Estate.

12.      Based on Trustee's negotiations with AB LFD, AB LFD quitclaimed its interest in 1, 2, 4, and 7 Makena to the Estate.  The deeds were recorded on October 25, 2022.

**E.      The Sale of 1, 5, and 7 Makena.**

**1.      5 Makena.**

13.      On December 21, 2022, Trustee filed a Motion to Sell 5 Makena for $2,800,000.  The

3

Declaration

order granting the Motion was entered on February 7, 2023.  *See* DE 81 and 132, respectively.

14.    Following the sale of 5 Makena, Trustee negotiated a reduced payoff of the Baiocchi Family Limited Partnership's first priority lien for approximately $100,000 less than the initial payoff asserted.

15.    Pursuant to the Court's order granting the Motion to Sell 5 Makena, Trustee is currently holding approximately $740,000 in sale proceeds pending resolution of the claim of Daryl Lewis and Sanna Akhtanova ("Lewis/Akhtanova"), who asserted a statutory lien in the amount of approximately $580,000 against 5 Makena in their opposition to the Motion.

16.    Trustee expects to either settle the claims of Lewis/Akhtanova or commence litigation against them within the next thirty days.  In either event, Trustee expects that the holders of the second priority lien will be paid in full, at least with regard to the principal balance owed.

**2.    7 Makena.**

17.    On January 11, 2023, Trustee filed a Motion to Sell 7 Makena.  The order granting the Motion was entered on February 10, 2023.  *See* DE 99 and 137, respectively.

18.    Trustee expects to net approximately $597,000 from the sale of 7 Makena, which he expects to close within the next 14 days.

**3.    1 Makena.**

19.    On January 30, 2023, Trustee filed a Motion to Sell 1 Makena.  The order granting the Motion was entered on March 3, 2023.  *See* DE 119 and 152, respectively.

20.    Trustee negotiated a reduction in brokers' commissions and expects to net approximately $90,000 from the sale of 1 Makena, which he expects to close within the next 21 days.

**F.    The Litigation Concerning 2 Makena.**

21.    On February 9, 2023, Trustee filed a complaint for turnover and unjust enrichment against Joe Colangelo and Monika Jensen, whereby he seeks a judgment requiring them to turn over possession of 2 Makena and a monetary judgment in the amount of approximately $75,000 based on the value of their occupancy of 2 Makena since the filing of the petition.  *See* DE 133.

22.    On March 3, 2023, Trustee filed a Motion for an order requiring Joe Colangelo and Monika Jensen to appear and show cause as to why they should not be sanctioned under 11 U.S.C. §§

4

542(a) and 105(a) and ordered to cooperate with Trustee's efforts to sell 2 Makena.  Trustee is currently awaiting entry of the order to show cause.

23.     On March 3, 2023, Trustee's counsel was contacted by counsel for Monika Jensen who represented that Ms. Jensen is estranged from Mr. Colangelo and no longer resides at 2 Makena.  In light of counsel's contentions, Trustee agreed to extend Ms. Jensen's deadline to respond to the complaint to April 13, 2023 to provide the parties with an opportunity to discuss resolution of the litigation as to Ms. Jensen.

### G.     The Marketing and Sale of 2 and 4 Makena.

24.     On February 15, 2023, Trustee filed an application to employ Brian Thompson as his real estate broker for purpose of selling 2 Makena.  *See* DE 139.  However, the showing has been stalled by Colangelo/Jensen's refusal to allow access.

25.     Trustee has also engaged Mr. Thompson as his real estate broker for the purpose of selling 4 Makena and expects that the application to employ Mr. Thompson will be filed shortly.

### H.     Trustee's Motion to Convert This Case to Chapter 7.

26.     On March 10, 2023, Trustee filed a Motion to Convert this case to Chapter 7 on the grounds that: (1) a financial restructuring of Debtor's financial affairs through a Chapter 11 plan or reorganization is not necessary, viable, nor in the Estate's best interests and (2) conversion to Chapter 7 preserves estate resources to maximize distributions to unsecured creditors by alleviating the financial burden of seeking confirmation and the administrative costs associated with the case remaining in Chapter 11.  *See* DE 163.

27.     On April 3, 2023, the Court entered an order granting Trustee's motion to convert and converting Debtor's case from Chapter 11 to Chapter 7.  *See* DE 191.

### I.     The Current Unsecured Claims Against the Estate.

28.     On June 29, 2023, Trustee filed a Notice of Assets.  Proofs of claim were due by October 2, 2023.  *See* DE 223.

29.     As of the filing of this Application, unsecured claims on file total approximately $900,000. *See* Claims Register No. 1-1 through 26-1.  However, the Firm believes that several claims may be reduced either by agreement or via objection thereto.

Declaration

III.    **RESULTS ACHIEVED.**

30.    The Firm's efforts included, but are not limited to, the following:

a.    Preparation of an application to employ the Firm, at no charge;

b.    Communications regarding the pre-petition transfers of the Properties to AB LFD;

c.    Preparation of conveyances of the Properties from AB LFD to the Estate;

d.    Preparation of stipulations in connection with the pre-petition transfers;

e.    Review and analysis of Debtor's voluntary petition, schedules, and statement of financial affairs;

f.    Appearances at the meetings of creditors;

g.    Communications with Debtor's principals and counsel regarding the pre-petition transfers, Properties, and sale thereof;

h.    Preparation of applications to employ a real estate broker to market and sell 1, 2, 4, 5, and 7 Makena, at no charge;

i.    Communicating with potential buyers, real estate brokers, and real estate developers/investors;

j.    Review and analysis of purchase agreements of 1, 5, and 7 Makena;

k.    Preparation of counteroffers in connection with the sale of 1, 5, and 7 Makena;

l.    Negotiations with lienholders on reduced payoffs for 5 and 1 Makena;

m.    Negotiations to resolve motions for relief from stay in connection with 5 and 7 Makena;

n.    Preparation of motions to sell 1, 5, and 7 Makena;

o.    Court appearances at the hearings on the Motions to sell 1, 5, and 7 Makena;

p.    Preparation of orders granting Trustee's motions to sell 1, 5, and 7 Makena;

q.    Communication with multiple investors on all properties;

r.    Coordinating and communication with the trustees in the AB Capital, LLC (8:22-bk-11585-TA) and Med Equity, LLC (2:21-bk-12447-ER) cases;

s.    Communicating with potential buyers, real estate brokers, and real estate

6

Declaration

developers/investors;

t.      Participation in settlement discussion with Trustee's counsel and counsel for Daryl Lewis in connection with 5 Makena;

u.      Filing suit for turnover and unjust enrichment against the occupants of 2 Makena;

v.      Requesting that the Court issue an order requiring Joe Colangelo and Monika Jensen to appear and show cause as to why they should not be sanctioned under 11 U.S.C. §§ 542(a) and 105(a) and ordered to cooperate with Trustee's efforts to sell 2 Makena;

w.      Filing of a Motion to Convert the case to Chapter 7; and

x.      Preparation of an order converting Debtor's case from Chapter 11 to Chapter 7.

y.      Based on the foregoing, Trustee has approximately $1.1 million on hand for payment of administrative and unsecured claims and overall claims have been reduced by over $8 million.

## IV.    THE PERIOD COVERED BY THIS APPLICATION.

31.    The Firm's Application covers the period from September 29, 2022 through April 3, 2023.   During this period, the Firm expended 225.3 hours rendering legal services to Trustee (8.8 hours of which were at no charge), resulting in a balance of $114,946.50 in attorney fees at a blended hourly rate of approximately $518.42.   The firm also advanced $1,852.87 in costs on behalf of the Estate, for a total of $116,799.37 in attorney fees and costs.

## V.    THE FIRM'S ACTIONS.

32.    The following is a categorized summary of the Firm's actions in this case.

### A.    Case Administration.

33.    Time included under the category of Case Administration includes general correspondence, communications with Trustee and other interested parties, status updates, preparation of a status report, and assistance with the administration of the Estate's assets.  This included, but was not limited to, conferencing with Trustee regarding strategy, communications with Debtor's counsel, communications with other individuals regarding the general administration of the case and claims

7

Declaration

filed, appearance at the meeting of creditors, and communications with appropriate parties regarding the status of the case.

34.    The Firm expended 11.1 hours rendering services under the category of Case Administration, for a total amount due of $5,710.50.  The blended hourly rate for this category was $514.46.

**B.    Employment Applications at No Charge.**

35.    Time included under the category of Employment Application includes all time related to the process of obtaining court approval for the employment of the Firm as general counsel to Trustee and employment of Trustee's real estate broker.  This includes the preparation of the application to employ the Firm, notice thereof, the applications to employ Trustee's broker, notice thereof, declarations of no objection to the applications, and orders approving the applications.

36.    The Firm expended 5.4 hours rendering services under the category of Employment Application, which were at no charge.

**C.    Asset Analysis and Recovery - General.**

37.    Time included under the category of Asset Analysis and Recovery - General includes the communications, correspondence, and time incurred in information gathering, review and analysis of equity in Debtor's assets, including the Properties, the alleged liens and interests against the Properties, and the business records of Debtor in connection with the Properties.

38.    The Firm: (1) reviewed and analyzed the Estate's interest in the Properties; (2) reviewed and analyzed the instruments recorded against the Properties; (3) reviewed and analyzed the Estate's interest and potential equity in the Properties; and (4) negotiated with the holders of alleged liens and interests against the Properties.

39.    The Firm expended 16 hours rendering services under the category of Asset Analysis and Recovery - General, for a total amount due of $8,724.  The blended hourly rate for this category was $545.25.

**D.    Asset Analysis and Recovery – 5 Makena.**

40.    Time included under the category of Asset Analysis and Recovery – 5 Makena includes the communications, correspondence, and time incurred in information gathering, review and analysis

Declaration

of equity in 5 Makena, the alleged liens and interests against 5 Makena, the business records of Debtor in connection with 5 Makena, communications with counsel for Lewis/Akhtanova in connection with 5 Makena, and addressing a motion for relief in connection with 5 Makena.

41.     The Firm expended 7.7 hours rendering services under the category of Asset Analysis and Recovery – 5 Makena, for a total amount due of $4,224.50.  The blended hourly rate for this category was $548.64.

### E.     Asset Analysis and Recovery – 1 Makena.

42.     Time included under the category of Asset Analysis and Recovery – 1 Makena includes the communications, correspondence, and time incurred in information gathering, review and analysis of equity in 1 Makena, the alleged liens and interests against 1 Makena, the business records of Debtor in connection with 1 Makena, and communications with lienholders in connection with 1 Makena.

43.     The Firm expended 5.6 hours rendering services under the category of Asset Analysis and Recovery – 1 Makena, for a total amount due of $3,101.  The blended hourly rate for this category was $553.75.

### F.     Asset Analysis and Recovery – 7 Makena.

44.     Time included under the category of Asset Analysis and Recovery – 7 Makena includes the communications, correspondence, and time incurred in information gathering, review and analysis of equity in 7 Makena, the alleged liens and interests against 7 Makena, the business records of Debtor in connection with 7 Makena, and addressing a motion for relief in connection with 7 Makena.

45.     The Firm expended .3 hours rendering services under the category of Asset Analysis and Recovery – 7 Makena, for a total amount due of $172.50.  The blended hourly rate for this category was $575.

### G.     Asset Analysis and Recovery – 2 Makena and Reduction of the Alleged Amount Owed to the First Priority Lienholder by Approximately $160,000.

46.     Time included under the category of Asset Analysis and Recovery – 2 Makena includes the communications, correspondence, and time incurred in information gathering, review and analysis of equity in 2 Makena, the alleged liens and interests against 2 Makena, the business records of Debtor in connection with 2 Makena, negotiation of an approximately $160,000 reduction in the alleged

9

amount owed to Brentwood Finance Company under its first priority deed of trust; and communications with Colangelo and Jensen in connection with their occupancy of 2 Makena.

47.    The Firm expended 23.6 hours rendering services under the category of Asset Analysis and Recovery – 2 Makena, for a total amount due of $12,856.  The blended hourly rate for this category was $544.75.

### H.    Asset Disposition – 5 Makena and the Estate's Receipt of Approximately $744,000 in Net Proceeds.

48.    Time included under the category of Asset Disposition – 5 Makena includes: (1) review and analysis of purchase and sale agreement in connection with 5 Makena; (2) preparation of addendums to the purchase and sale agreement in connection with 5 Makena; (3) preparation of a motion to sell 5 Makena; (4) review and analysis of Lewis/Akhtanova's opposition to the motion to sell 5 Makena; (5) preparation of a reply to the opposition; (6) court appearances at the hearing and continued hearing on the motion to sell 5 Makena; (7) preparation of the order granting the motion to sell; (8) communications with the escrow agent handling the sale of 5 Makena; and (8) review and analysis of the estimated closing statement and closing statement in connection with the sale of 5 Makena.

49.    Based on the Firm's efforts, Trustee sold 5 Makena for $2.8 million, which resulted in net sale proceeds of approximately $744,000.

50.    The Firm expended 58.6 hours rendering services under the category of Asset Disposition – 5 Makena, of which 1.8 hours was at no charge, for a total amount due of $29,874.  The blended hourly rate for this category was $509.80.

### I.    Asset Disposition – 1 Makena and the Estate's Receipt of Approximately $71,000 in Net Proceeds.

51.    Time included under the category of Asset Disposition – 1 Makena includes: (1) review and analysis of purchase and sale agreement in connection with 1 Makena; (2) preparation of addendums to the purchase and sale agreement in connection with 1 Makena; (3) preparation of a motion to sell 1 Makena; (4) court appearance at the hearing on the motion to sell 1 Makena; (5) preparation of the order granting the motion to sell; (6) communications with the escrow agent handling

Declaration

the sale of 1 Makena; and (7) review and analysis of the estimated closing statement and closing statement in connection with the sale of 1 Makena.

52.    Based on the Firm's efforts, Trustee sold 1 Makena for $2.5 million, which resulted in net sale proceeds of approximately $71,000.

53.    The Firm expended 16.9 hours rendering services under the category of Asset Disposition – 1 Makena for a total amount due of $8,933.50.  The blended hourly rate for this category was $528.61.

### J.    Asset Disposition – 7 Makena and the Estate's Receipt of Approximately $702,000 in Net Proceeds.

54.    Time included under the category of Asset Disposition – 7 Makena includes: (1) review and analysis of purchase and sale agreement in connection with 7 Makena; (2) preparation of addendums to the purchase and sale agreement in connection with 7 Makena; (3) preparation of a motion to sell 7 Makena; (4) court appearance at the hearing on the motion to sell 7 Makena; (5) preparation of the order granting the motion to sell; (6) communications with the escrow agent handling the sale of 7 Makena; and (7) review and analysis of the estimated closing statement and closing statement in connection with the sale of 7 Makena.

55.    Based on the Firm's efforts, Trustee sold 7 Makena for $1,980,000, which resulted in net sale proceeds of approximately $702,000.

56.    The Firm expended 18 hours rendering services under the category of Asset Disposition – 7 Makena for a total amount due of $9,321.  The blended hourly rate for this category was $517.83.

### K.    Resolution of the Pre-Petition Transfers of the Properties to AB LFD Without the Necessity of Litigation.

57.    Time included under the category of Pre-Petition Transfers includes: (1) review and analysis of the pre-petition transfers; (2) communication with Debtor's principals regarding the pre-petition transfers; (3) communications with AB LFD regarding the pre-petition transfers; (4) preparation of conveyances of the Properties to the Estate; (5) communications with AB LFD, and its principals, regarding the conveyances and execution thereof; (6) recordation of the conveyances to the Estate; (7) preparation of stipulations concerning the pre-petition transfers and conveyances; and (8)

Declaration

communications with the title insurer regarding the pre-petition transfers and conveyances.

58.    Based on the Firm's efforts, Debtor's pre-petition transfers of the Properties to AB LFD were addressed via conveyances back to the Estate without the necessity for an adversary proceeding and incurrence of the administrative expenses that would have been necessitated by litigation.

59.    The Firm expended 8.2 hours rendering services under the category of Pre-Petition Transfers for a total amount due of $4,136.50.  The blended hourly rate for this category was $504.45.

## L.    The AB Capital Bankruptcy Case.

60.    Time included under the category of AB Capital Bankruptcy includes: (1) review and analysis of the AB Capital Bankruptcy and pleadings filed in connection thereof; (2) communication with the trustee of the bankruptcy estate of AB Capital and his counsel; and (3) review and analysis of claims filed in the AB Capital case.

61.    The Firm expended 10.1 hours rendering services under the category of AB Capital Bankruptcy for a total amount due of $5,345.50.   The blended hourly rate for this category was $529.26.

## M.    The Lewis/Akhtanova Litigation.

62.    Time included under the category of Lewis/Akhtanova Litigation includes: (1) review and analysis of the Lewis/Akhtanova Complaint removed from Superior Court and pleadings filed in connection therewith; (2) communication with counsel for Lewis/Akhtanova regarding settlement of their alleged interest in 5 Makena; and (3) review and analysis of the proof of claim filed by Lewis/Akhtanova.

63.    The Firm expended 11.3 hours rendering services under the category of the Lewis/Akhtanova Litigation, of which 1.3 hours were at no charge, for a total amount due of $5,190. The blended hourly rate for this category was $459.29.

## N.    *Cisneros v. Colangelo, et al.*

64.    Time included under the category of *Cisneros v. Colangelo, et al* includes: (1) communications with Colangelo and Jensen regarding turnover of 2 Makena; (2) preparation of an adversary complaint against Colangelo and Jensen for turnover and unjust enrichment; (3) preparation of pleadings related to the adversary proceeding; (4) communications with counsel for Colangelo and

12

Declaration

Jensen regarding the adversary proceeding; (5) completion of the Federal Rule of Civil Procedure 26(f) conference with counsel for Colangelo and Jensen; (6) review and analysis of Colangelo and Jensen's answers to the complaint; (7) preparation of initial disclosures; (8) review and analysis of Jensen's initial disclosures; and (9) settlement communications with Colangelo.

65.    The Firm expended 16.1 hours rendering services under the category of *Cisneros v. Colangelo, et al*, for a total amount due of $8,515.  The blended hourly rate for this category was $528.91.

### O.    Motion for an Order to Show Cause Regarding Turnover of 2 Makena and Colangelo's Turnover of 2 Makena, Which Paved the Way for the Eventual Sale of 2 Makena for $3.4 Million.

66.    Time included under the category of Motion for an Order to Show Cause Regarding Turnover of 2 Makena includes: (1) communications with Colangelo and Jensen regarding turnover of 2 Makena; (2) preparation of a motion for an order to show cause regarding why Colangelo and Jensen should not be ordered to immediately turn over 2 Makena; (3) preparation of a declaration in support of the motion; (4) preparation of an order to show cause; and (5) preparation of a notice of the motion for an order to show cause.

67.    Based on the Firm's efforts, and following conversion of Debtor's case to Chapter 7, Colangelo turned over 2 Makena to Trustee; thereby paving the way for Trustee's sale of the Property for $3.4 million without the necessity of proceeding to judgment in the case of *Cisneros v. Colangelo, et*, which may not have been fully adjudicated for several additional months.

68.    The Firm expended 13.6 hours rendering services under the category of Motion for an Order to Show Cause Regarding Turnover of 2 Makena for a total amount due of $7,246.  The blended hourly rate for this category was $532.79.

### P.    Conversion to Chapter 7.

69.    Time included under the category of Conversion to Chapter 7 includes: (1) communications with Trustee regarding conversion of the case to Chapter 7; (2) preparation of a motion to convert Debtor's case to Chapter 7; (3) preparation of a declaration in support of the motion; (4) preparation of a notice of no objection to the motion to convert; and (5) preparation of an order

13

Declaration

granting the motion and converting the case to Chapter 7.

70.    The Firm expended 2.8 hours rendering services under the category of Conversion to Chapter 7 for a total amount due of $1,596. The blended hourly rate for this category was $570.

## VI.    UNITED STATES TRUSTEE REQUIREMENTS.

71.    The Firm has complied with the guidelines of the Office of the United States Trustee and has maintained its billing records in the format required by those guidelines.

72.    Attached to this Application as Exhibit "1", and incorporated herein by reference, are detailed billing records divided by category, which set forth the detail and time spent and the precise professional services rendered by the Firm. The total hours reflect the time expended by the attorney performing services. The hourly rates for the Firm's attorneys are set forth in Exhibit "2," attached hereto and incorporated herein by reference, are consistent with rates requested by the Firm and allowed in previous applications for compensation filed by the Firm in other cases before Bankruptcy Courts in the Central District of California and are consistent with the rates generally charged to the Firm's other clients. The Firm's rates remained unchanged for the two-year period covered by this Application.

73.    No agreement exists, directly or indirectly, and no understanding exists, for a division of any compensation awarded herein between the Firm and any person or persons whomsoever, contrary to the provisions of the Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, or applicable provisions of state law.

74.    A copy of the Firm's resume is attached hereto as Exhibit "3" and is incorporated herein by reference as though set forth in full. The Firm's resume contains the information required by Local Rules 2016-1(a)(1) and (c)(2) and includes the education, qualifications, and experience of the professionals employed by the Firm who have performed services in this case.

75.    Attached hereto as Exhibit "4" are detailed records of the Firm's expenses incurred during the period covered by this Application. Such out-of-pocket costs expended by the Firm in representation of the Trustee total $1,852.87. The amount charged for photocopies and facsimile transmissions are consistent with the OUST Guidelines. All costs from outside parties, such as messengers, Federal Express, and mail, continue to be charged at the Firm's expense.

Declaration

1       I declare under penalty of perjury according to the laws of the United States that the foregoing

2   is true and correct and that this declaration was executed on this 10th day of October, 2024 at Irvine,

3   California.

4                                            */s/ Nathan F. Smith*

5                                            NATHAN F. SMITH

Declaration

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*):  **APPLICATION FOR ALLOWANCE OF A CHAPTER 11 ADMINISTRATIVE CLAIM BY MALCOLM ♦ CISNEROS BASED ON SERVICES RENDERED AS GENERAL COUNSEL TO THE CHAPTER 11 TRUSTEE BETWEEN SEPTEMBER 29, 2022 AND APRIL 3, 2023** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 10, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF THE U.S. TRUSTEE: United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov
CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)      amctrustee@mclaw.org, acisneros@iq7technology.com;
ecf.alert+Cisneros@titlexi.com
CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)      acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com**

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 10, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive, Suite 200, Newport Beach, CA 92660**

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 10, 2024 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

**SECTION 1 CONT.**

NOTICE: Robert M Aronson    robert@aronsonlawgroup.com, info@aronsonlawgroup.com; robert@ecf.inforuptcy.com; r55297@notify.bestcase.com

NOTICE: James C Bastian    jbastian@shulmanbastian.com

NOTICE: Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org

NOTICE: Ethan Friedman    ethan.friedman@fnf.com

NOTICE: Nicholas W Gebelt    ngebelt@goodbye2debt.com

NOTICE: Michael J Hauser    michael.hauser@usdoj.gov

NOTICE: Christopher Hewitt    hewittesq@yahoo.com, 5063741420@filings.docketbird.com

NOTICE: Rika Kido    rkido@shulmanbastian.com, avernon@shulmanbastian.com

NOTICE: Zi Chao Lin    zi.lin@tuckerellis.com, kristin.mccarthy@tuckerellis.com; thomas.fawkes@tuckerellis.com; jason.ben@tuckerellis.com; Motunrayo.Akinmurele@tuckerellis.com

NOTICE: William Malcolm    bill@mclaw.org, cvalenzuela@mclaw.org

NOTICE: Richard A Marshack    rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com; rmarshack@ecf.courtdrive.com; alinares@ecf.courtdrive.com

NOTICE: W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com

NOTICE: David W. Meadows    david@davidwmeadowslaw.com

NOTICE: Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com

NOTICE: Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com, jfisher@raineslaw.com

NOTICE: Lee S Raphael    ecfcca@ecf.courtdrive.com, cmartin@pralc.com

NOTICE: Timothy M Ryan    tryan@theryanfirm.com, ecf@theryanfirm.com

NOTICE: Allan D Sarver    ADS@asarverlaw.com

NOTICE: Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com; shawsr91811@notify.bestcase.com

NOTICE: Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com; cvalenzuela@mclaw.org

NOTICE: Michael G Spector    mgspector@aol.com, mgslawoffice@aol.com

NOTICE: Diana Torres-Brito    dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com

NOTICE: Christopher P. Walker    cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com; r57253@notify.bestcase.com

**SECTION 2 CONT.**

AB Capital, LFD, Inc.
~~15 Corporate Plaza, Suite 200~~
~~Ryan Young~~
~~Newport Beach, CA 92260~~
Forward to:
870 Roosevelt
Irvine CA 92620-3663

Motunrayo D Akinmurele
Tucker Ellis LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071

Brentwood Finance Company, LLC
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92260

Joseph Colangelo
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92260

Shaw & Hanover, PC
~~42-600 Cook Street, Suite 210~~
~~Palm Desert, CA 92211~~
07.22.2024 – forward to
44901 Village Court Ste B
Palm Desert CA 92260-3814

Brian Thompson
Winterstone Real Estate Development
23792 Rockfield Blvd., Ste. 101
Lake Forest, CA 92630

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.