WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: bill@mclaw.org; nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, A. Cisneros*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 8:22-bk-11556-TA |
| STONEBRIDGE VENTURES, LLC, | Chapter 7 |
| Debtor. | CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYERS ARE "GOOD FAITH PURCHASERS" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS,  BRIAN THOMPSON, DONALD T. FIFE, ANJU VERMA, AND RAJESH VERMA IN SUPPORT HEREOF |
| | **[4 Makena Lane, Rancho Mirage, California 92270 – Assessor's Parcel Number 682-031-004]** |
| | Hearing:<br>Date:  November 5, 2024<br>Time: 11:00 a.m.<br>Place: Via Zoom Teleconference |

Motion to Sell

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:**

A. Cisneros, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), hereby moves the Court for an Order: (1) Authorizing the Sale of the Property Commonly Known as 4 Makena Lane, Rancho Mirage, California 92270 [APN: 682-031-004] ("Property") Free And Clear of Liens and Interests Pursuant To 11 U.S.C. § 363(f)[1]; (2) Approving Overbid Procedures; (3) Approving Broker Compensation; (4) Authorizing Distribution of Sale Proceeds; (5) Determining that the Proposed Buyers are "Good faith purchasers" Under § 363(m); and (6) Waiving the 14-day stay of Federal Rule of Bankruptcy Procedure ("FRBP") 6004(h) ("Motion").  In support hereof, Trustee submits the following:

## I.    <u>INTRODUCTION.</u>

Prior to the filing of its petition, Debtor transferred 4 of its 5 properties located in a luxury development in Rancho Mirage to an insider entity.  Upon Trustee's appointment, he immediately negotiated a transfer of the properties back to the Estate; thereby obviating the need for an adversary proceeding.  Thereafter, Trustee diligently pursued an orderly and expedient liquidation of the Properties, four of which have already been sold and resulted in funds on hand of approximately $1.2 million.  Trustee also moved to convert the case from Chapter 11 to Chapter 7; a significant cost saving measure for the Estate.

Unlike the previously liquidated properties, the Property is in unfinished condition and the structure upon it consists of only a slab foundation and some support beams.  In light of the $1,575,000 lien against it, Trustee pursued and succeeded in negotiating a reduced payoff to the lienholders, which provides for the sale of the Property and payment of 70% of the amounts owed under the lien, which total $1,102,500, a reduction of over $470,000.  The agreement negotiated by Trustee will result in the Estate netting approximately $150,000 from the sale and more if there are overbidders.  Absent the agreement, Trustee would have had no choice but to abandon the Property.

---

[1] Unless otherwise indicated, all statutory references herein pertain to Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure.

Motion to Sell

In Trustee's business judgment, the Property has a fair market value of approximately $1,400,000.  The sale of the Property to Anju and Rajesh Verma ("Buyers") is in the best interests of creditors and the Estate.  Predicated on the granting of the Motion, and if no overbids are received, the Estate will receive net proceeds of approximately $150,000, and perhaps slightly more, after payment of costs of sale, the lien against the Property, and delinquent real property taxes.

**II.    BACKGROUND.**

**A.    The Filing of the Petition and Pre-Petition Transfers.**

1.    This case was commenced on September 9, 2022 with the filing of a skeletal petition under Chapter 11 of the Bankruptcy Code ("Petition").  *See* DE 1.

2.    On or about March 16, 2015, Debtor obtained title to the Property.

3.    Prior to the filing of the Petition, on or about September 1, 2022, Debtor transferred its interest in the Property and 1, 2, and 7 Makena ("Transfers") to AB Capital LFD, Inc. ("AB LFD").  *See* DE 13.

**B.    The Appointment of Trustee as Chapter 11 Trustee.**

4.    On September 23, 2022, Debtor and the Office of the United States Trustee ("OUST") entered into a stipulation to the appointment of a Chapter 11 Trustee based on *inter alia* the Transfers.  *See* DE 13.

5.    On September 29, 2022, Trustee was appointed as the Chapter 11 Trustee of the Estate.  *See* DE 19.

**C.    Trustee's Negotiations to Address the Transfers and the Conveyances to the Estate.**

6.    Immediately upon his appointment, Trustee commenced negotiations to address the Transfers and effectuate the transfer of legal title to the Property and 1, 4, and 7 Makena back to the Estate.

7.    Based on Trustee's negotiations with AB LFD, AB LFD quitclaimed its interest in the Property and 1, 4, and 7 Makena to the Estate.  The deeds were recorded on October 25, 2022.

///

///

Motion to Sell

**D.**    <u>The Property and the Alleged Liens Against It According to Debtor.</u>

8.    On September 23, 2022, Debtor filed its Schedules but did not identify the Property in Schedule A. *See* DE 15.

9.    In its Amended Schedule D, Debtor identified the following liens against the Property:

      a.    Alisa Arkenberg in the amount of $50,000;

      b.    Cory Sottek in the amount of $100,000;

      c.    Jaclyn Maduff in the amount of $50,000;

      d.    JloanCo, Inc. in the amount of $150,000;

      e.    Koonce Family Enterprise, LP in the amount of $300,000;

      f.    Las Palmas Group Retirement Trust in the amount of $100,000;

      g.    Linda T. Seckler-Rufkahr in the amount of $200,000;

      h.    Mainstar Trust Custodian in the amount of $75,000;

      i.    Marc Treitler in the amount of $300,000;

      j.    Mario Melillo in the amount of $100,0000; and

      k.    Noreen Kennedy in the amount of $100,000.

*See* DE 34.

**E.**    <u>The Motions to Sell and Sales of 5 Makena, 7 Makena, and 1 Makena.</u>

10.    On December 21, 2022, Trustee filed a motion to sell 5 Makena. The motion was granted on February 7, 2022. *See* DE 81 and 132, respectively.

11.    On January 11, 2023, Trustee filed a motion to sell 7 Makena. The motion was granted on February 10, 2023. *See* DE 99 and 137, respectively.

12.    On January 30, 2023, Trustee filed a motion to sell 1 Makena. The motion was granted on March 3, 2023. *See* DE 119 and 152, respectively.

13.    On June 13, 2023, Trustee filed a motion to sell 2 Makena. The motion was granted on August 9, 2023. *See* DE 213 and 246, respectively.

14.    Trustee closed the sales of 5 Makena, 7 Makena, 1 Makena, and 2 Makena. *See* DE 162, 189, 200, and 250, respectively.

**F.      Trustee's Employment of a Real Estate Broker to Market and Sell the Property.**

15.      On March 15, 2023, Trustee filed an application to employ Brian Thompson ("Broker") as his real estate broker for the purposes of selling the Property.  The application provided for a reduced commission of 6%, or 5% if Broker represented both parties in the transaction.  The application was approved on March 16, 2023.  *See* DE 171 and 197, respectively.

**G.      Conversion of the Case to Chapter 7, the Appointment of Trustee, and the Continued Employment of Broker.**

16.      On March 10, 2023, Trustee filed a motion to convert the case to Chapter 7, which was granted on April 3, 2023.  *See* DE 163 and 191.

17.      On April 3, 2023, Trustee was appointed as the Chapter 7 Trustee of Debtor's Estate, a capacity in which he continues to serve.  *See* DE 193.

18.      On May 26, 2023, the Court entered an order authorizing the continued employment of Broker on the same terms as previously approved on March 16, 2023.  *See* DE 209.

**H.      The Marketing of the Property, Initial Offer, and Accepted Counteroffer.**

19.      Trustee's Broker listed the Property on the Multiple Listing Services (MLS) on April 12, 2023 for $2,200,000.

20.      On January 9, 2024, the listing price was lowered to $1,995,000.

21.      On April 19, 2024, the listing price was lowered to $1,595,000.

22.      On July 26, 2024, the listing price was lowered to $1,450,000.

23.      On September 12, 2024, Trustee received an all cash offer of $1,400,000 from Buyers, which was accepted subject to a Counteroffer on September 15, 2024.  True and correct copies of the Residential Purchase Agreement and Counter-Offer ("Purchase Agreement") are attached to the Declaration of A. Cisneros, filed concurrently herewith ("Trustee Declaration") as Exhibit "1."

///

///

///

Motion to Sell

### III.     THE OFFER TO PURCHASE.

24.     In summary, the Purchase Agreement provides as follows:

a.     <u>Purchase Price</u>:  Buyers have agreed to pay $1,400,000 for the Property.

b.     <u>Closing of Sale</u>:  The sale shall close as quickly as possible, but not later than 30 days after entry of a Bankruptcy Court order approving the sale.

c.     <u>"As Is" and "Where-As"</u>:  The Property is being sold, "as-is – where-as," with no contingencies; thus, Trustee is not making any representations, warranties, either express or implied, as to the Property's condition, uses (prior, present, or future), or otherwise.

d.     <u>Transfer of the Property</u>: Trustee will convey title to Buyers via a Trustee's Quitclaim Deed.

e.     <u>Acknowledgement of Trustee's Capacity</u>:  Buyers are expressly aware and fully informed that Trustee is selling the Property exclusively in his capacity as Chapter 7 Trustee of the Estate.  No personal liability for costs, fees or other charges on Trustee's part is intended, and any liability is strictly the liability of the Estate.

f.     <u>Approval of the Bankruptcy Court</u>:  Buyers are aware that the sale is expressly conditioned on approval by the Court and subject to overbid.

g.     <u>Bankruptcy Jurisdiction</u>:  Trustee is selling the Property in his capacity as Chapter 7 Trustee of the Estate.  As such, resolution of any and all disputes between Trustee and Buyers (or any over-bidders) shall be resolved by the Bankruptcy Court.

25.     Trustee shall approve, in writing, all disbursements of sale proceeds.  Escrow shall not be authorized to disburse any funds without Trustee's prior written approval.

26.     If Trustee is unable to close escrow because of unknown title defects, because the liens and encumbrances exceed the amount known to Trustee, by being divested of title by the Court, or because the tax consequences of the sale are excessive, Buyers' sole damages shall be limited to a refund of their deposit less escrow and bond charges.

///

///

///

Motion to Sell

## IV.    SALE FREE AND CLEAR OF LIENS AND INTERESTS.

27.    According to a Preliminary Title Report obtained by Trustee, the Property is encumbered by the following liens:

    a.    $34,339.92 in real property taxes owed to Riverside County; and

    b.    A first priority deed of trust in favor of Alisa Arkenberg ("Arkenberg"), Barry Nisen, Trustee of the Las Palmas Group Retirement Trust ("Nisen"), Al Melillo ("Melillo"), Cory Sottek ("Sottek"), Jaclyn Maduff, Trustee of the Jaclyn Maduff Family Trust ("Maduff"), Jloan Co. ("Jloan"), Koonce Family Enterprises ("Koonce"), Linda Suckler-Rufkahm, Trustee of the Rufkahr Family Trust ("Rufkahr"), Mary Jo Blue for Richard Walker, custodian of the Mainstar Trust ("Walker"), Marc Treitler, Trustee of the Treitler Family Trust ("Treitler"), Noreen Kennedy, Trustee of the Noreen Kay Kennedy Separate Property Trust ("Kennedy"), and Mary Jo Blue, Trustee of The 2004 Mary Jo Blue Revocable Trust ("Blue") (Arkenberg, Nisen, Melillo, Sottek, Maduff, Jloan, Koonce, Rufkahr, Walker, Treitler, Kennedy, and Blue are collectively referred to herein as "Investors") in the original, principal amount of $1,575,000.

A true and correct copy of the Preliminary Title Report is attached to Trustee Declaration as Exhibit "2."

28.    Trustee seeks authority to sell the Property "free and clear of any interest in such property of an entity..." § 363(f) allows such a sale if any of the five following conditions are met:

    "(1)    applicable non bankruptcy law permits sale of such property free and clear of such interest;
    (2)    such entity consents;
    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
    (4)    such interest is in bona fide dispute; or
    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

11 U.S.C. § 363(f).

Section 363(f) is written in the disjunctive, such that satisfaction of any one of the five

Motion to Sell

conditions is sufficient to allow Trustee to sell property of the estate free and Clear of Liens and Interests. *In re Gerwer,* 898 F.2d 730 (9th Cir. 1990).

29.     Trustee's sale of the Property satisfies § 363(f)(3) because the Property is being sold for $1,400,000, which exceeds the amount owed to Riverside County.

30.     Trustee's sale of the Property satisfies § 363(f)(2) because the Investors have agreed to accept 70% of the principal balance of their lien in full satisfaction of their deed of trust.  Trustee and the Investors have entered into a stipulation reflecting Investors' agreement, which is filed concurrently herewith.

31.     To the extent that any additional liens are discovered, Trustee proposes that the sale be approved free and clear of said liens pursuant to § 363(f), with same to attach to the proceeds of sale in the same order of priority, extent, and validity.

## V.    **THE PROPOSED SALE IS FOR FAIR MARKET VALUE.**

32.     The Property was listed on the Multiple Listing Service ("MLS") as well as several other real estate websites and was actively marketed by the Broker.  The Broker's marketing efforts resulted in receipt of Buyers' offer of $1,400,000.

33.     As further evidence that the Property is being sold for fair market value, it continues to be marketed for overbids and will be marketed up to the time of the hearing on this Motion.

## VI.    **THE REQUESTED OVERBID PROCEDURES SHOULD BE APPROVED.**

34.     In order to obtain the highest and best offer for the benefit of creditors of the Estate, Trustee proposes that the following overbid procedures be approved.  Notice is being provided of the opportunity for overbidding to all interested parties in this matter.

        a.     Only Qualified Bidders may submit an overbid.  A "Qualified Bidder" is one who provides a financial statement, credit report, and such business and banking references as are required in Trustee's reasonable discretion, sufficient to assure Trustee of the bidder's ability (based on availability of financing, experience or other conditions) to consummate the purchase of the Property, and one who can consummate the purchase of the Property on the same terms and conditions, other than price, as those proposed in the Offer.

Motion to Sell

b.      Each bid must be received by Trustee and his counsel no later than 2 business days prior to the hearing.

c.      The initial overbid must exceed the Offer by a minimum of $10,000. Therefore, the first overbid must be at least $1,410,000.  Each subsequent bid must then be in increments of at least $5,000.

d.      Each bid must be non-contingent, and on the same terms and conditions, other than price, as those proposed in the Purchase Agreement.

e.      Each bidder must match all terms and conditions of the Offer.  Thus, an "earnest money" deposit of at least $42,000 must be made.  Said deposit must be received by Trustee at 3403 10th Street, Suite 714, Riverside, California 92501 by no later than 2 business days prior to the hearing date.  Said deposit must be in the form of a cashier's check or certified check.

f.      Should a bidder fail to timely close escrow, the $42,000 deposit is non-refundable.  However, in the event that an overbidder becomes the successful purchaser, Buyers' deposit will be returned to them.

g.      In the event there are no overbids received by Trustee, Buyers shall, subject to Court approval, be deemed the successful bidders, and the Estate's right, title and interest in the Property shall be sold to Buyers for the sum of $1,400,000, as-is, where-as, without representations or warranties.

35.      The foregoing procedures will provide for an orderly completion of the sale of the Property by permitting all bidders to compete on similar terms, and will allow interested parties and the Court to compare competing bids in order to realize the highest benefit for the Estate.

**VII.    THE COURT HAS AUTHORITY TO APPROVE THE OVERBID PROCEDURES.**

36.      Implementation of the bidding procedures is an action outside the ordinary course of business. A trustee "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." § 363(b)(1). Furthermore, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." §

Motion to Sell

105(a). Thus, pursuant to §§ 363(b)(1) and 105(a), this Court may authorize the implementation of overbidding procedures.

37.    The Ninth Circuit has recognized the power of a Bankruptcy Court to issue orders determining the terms and conditions for overbids with respect to a sale of estate assets. *In re Crown Corporation*, 679 F.2d 774 (9th Cir. 1982). The *Crown Corporation* Court entered an order specifying the minimum consideration required for an overbid as well as the particular contractual terms required to be offered by overbidders. *Id* at 777. The *Crown Corporation* decision also approves of an order requiring and setting the amount of potential overbidders' deposits and authorized courts to determine the disposition of such deposits. *Id*. While the discussion is not extensive, the *Crown Corporation* decision recognizes the inherent authority of Bankruptcy Courts to order the implementation of bidding procedures such as those proposed in the present case.

### A.    The Proposed Procedures are Untainted by Self-Dealing.

38.    The proposed overbid procedures have been presented in good faith and have been negotiated on an "arm's-length" basis. Therefore, the dealings between Trustee and Buyers (or any successful Buyers) are not tainted.

### B.    The Proposed Procedures Encourage Bidding and are Fair in Amount.

39.    The overbid procedures are designed to encourage, not hamper, bidding and are reasonable under the circumstances. This Motion is intended to provide potential overbidders with adequate information to make an informed decision as to the amount of their bid.

### C.    The Proposed Bidding Procedures are Fair, Reasonable and Serve the Best Interests of the Estate.

40.    The proposed bidding procedures serve the Estate in several ways. First, the procedures themselves are fair, reasonable, and productive.  They will permit Trustee to conduct an orderly sale of the Property and obtain the best possible price on the best possible terms. Second, the bidding procedures are a necessary component of Trustee's sale of the Property.  The bidding procedures will ensure that all bids will be comparable. If competing bids are received, Trustee will determine which bid is the highest and best for the Estate. The comparability requirement of the bidding procedures will make it possible to accomplish this task.

Motion to Sell

41.     The bidding procedures will help Trustee to obtain the highest and best price for the Property. The procedures institute minimum overbid increments that Trustee believes are reasonable. Thus, if competing bids are received, Trustee will be able to obtain substantial benefit for this Estate from the sale of the Property. The bidding procedures require potential bidders to deposit certified funds prior to the hearing. It would be a serious loss to the Estate if Trustee surrendered the opportunity to sell the Property to the Buyers in favor of a competing bidder, only to later discover that the bidder is incapable of consummating the transaction. Thus, requiring bidders to make a substantial deposit will protect the Estate from such a loss.

## VIII.    THE BROKER'S COMPENSATION SHOULD BE APPROVED.

42.     On April 6, 2023, Trustee was authorized to employ Broker.  On May 26, 2023, the Court authorized Trustee's continued employment of Broker on the same terms previously approved by the Court.

43.     Trustee and Broker have agreed that Broker will be compensated at a commission of 6% of the purchase price or overbid.

44.     Due to the facts of this case, Trustee has determined that the commission of 6% is reasonable and appropriate.

## IX.    THE PROPOSED SALE SUBSTANTIALLY BENEFITS THE ESTATE.

45.     The sale of the Property will benefit the estate as follows:

| Estimated Equity Analysis | |
|---|---:|
| Offer Received | $1,400,000 |
| Property Taxes – Riverside County | Estimated ($34,339.92) |
| First Priority Deed of Trust – Investors (per Stipulation) | Estimated ($1,102,500) |
| Broker Commissions (6%) | ($84,000) |
| Estimated Costs of Sale (2%) | ($28,000) |
| **Net Proceeds the Estate** | **$151,160.08** |

## X.    TAX CONSEQUENCES OF THE SALE.

46.     Based on the review of Trustee's accountant, Donald T. Fife, CPA, the only potential tax consequence to the Estate from Trustee's sale of the Property is the California Gross Receipts Tax of $6,000.  *See* Declaration of Donald T. Fife, filed concurrently herewith.

///

Motion to Sell

## XI.    PROPOSED DISTRIBUTION OF SALE PROCEEDS.

47.    Trustee seeks authority for distribution of sale proceeds as follows:

a.    For normal/customary escrow and closing costs;

b.    Estimated $34,339.92 to Riverside County;

c.    Estimated $1,102,500 to the Investors;

d.    $84,000 to Broker and Buyers' broker; and

e.    Estimated closing costs of approximately $28,000.

## XII.    DETERMINATION OF GOOD FAITH PURCHASERS.

48.    Trustee further seeks an Order determining that Buyers are "good faith purchasers" under § 363(m), such that any appeal of the Order granting this Motion, even if successful, will not affect the validity of the sale unless a stay pending appeal is obtained.

49.    Buyers participated in the negotiation of the Purchase Agreement.  Buyers are not "insiders" under § 101(31), in that neither Buyers are relatives or general partners of Debtor.

50.    There is no relationship between Trustee and Buyers.  Thus, the proposed sale is an arms-length transaction and is in good faith.  *See* Buyers' Declarations filed herewith.

## XIII.    WAIVER OF THE STAY IS APPROPRIATE.

51.    The waiver of the stay imposed by FRBP 6004(h) is appropriate.    Time is of the essence because Buyers are able to close within 30 days of entry of the order approving this Motion. Accordingly, Trustee requests that the Court waive the stay of FRBP 6004(h).

**WHEREFORE,** Trustee requests that the Court enter an order:

a.    Authorizing the sale of the Property to Buyers pursuant to §§ 363(b) and (f);

b.    Approving the overbid procedures;

c.    Approving brokers' compensation;

d.    Authorizing the distributions as proposed herein;

e.    Determining that Buyers, or any overbidders, are "good faith purchasers" under § 363(m);

f.    Waiving the 14-day stay of FRBP 6004(h);

g.    Authorizing Trustee to sign any and all documents necessary, and to undertake any

Motion to Sell

1    non-material amendments and modifications necessary, to complete the sale to the

2    highest, qualified bidder without further notice, hearing, or Court order; and

3    h.    For such other and further orders as the Court deems just and proper.

4    DATED: October __14__, 2024          Respectfully Submitted,
                                          MALCOLM ♦ CISNEROS, A Law Corporation
5

6                                          /s/ Nathan F. Smith
                                          NATHAN F. SMITH, #264635
7                                         *Attorneys for Chapter 7 Trustee, A. Cisneros*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Sell

## DECLARATION OF A. CISNEROS

I, A. Cisneros, declare as follows:

1.      I am the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), Case No. 8:22-bk-11556-TA.

2.      In this capacity, I have personal knowledge of the facts stated herein or believe them to be true based upon information and belief, and, if called upon to testify thereto, I could and would do so competently and truthfully.

3.      I make this declaration in support of the Motion for Order (1) Authorizing Trustee to Sell Real Property Free and Clear of Liens and Interests Pursuant to § 363(f); (2) Approving Overbid Procedures; (3) Approving Broker Compensation; (4) Authorizing Distribution of Sale Proceeds; (5) Determining that the Buyers are "good faith purchasers" under § 363(m); and (6) Waiving the 14-Day Stay of FRBP 6004(h) ("Motion").

4.      Unless otherwise noted, capitalized terms in this Declaration have the meaning set forth in the Motion.  I have read and I am aware of the contents of the Motion and the accompanying Memorandum of Points and Authorities.  The facts stated in the Motion and the Memorandum of Points and Authorities are true and correct to the best of my knowledge.

5.      The Estate includes the real property commonly known as 4 Makena Lane, Rancho Mirage, California 92270 [APN: 682-031-004] ("Property").

6.      Subject to Court approval and overbids, I have accepted an all-cash offer from Anju and Rajesh Verma ("Buyers") to purchase the Property for $1,400,000.  A true and correct copy of the Residential Purchase Agreement and Counter-Offer ("Purchase Agreement") is attached hereto as Exhibit "1" and incorporated herein by reference.

7.      The sale is in the best interests of creditors and the Estate and should be approved. Assuming the Court approves the Motion and no overbids are received, the Estate will receive approximately $150,000 from the sale for the benefit of creditors of the Estate following payment of costs of sale, including Broker commission, real property taxes, and liens against the Property.

8.      Buyers have tendered a $42,000 deposit to the escrow agent handling the sale of the Property in the form of a cashier's check.

9.      In summary, the Purchase Agreement provides as follows:

a.      <u>Purchase Price</u>:  Buyers have agreed to pay $1,400,000 for the Property.

b.      <u>Closing of Sale</u>:  The sale shall close as quickly as possible, but not later than 30 days after Bankruptcy Court approval of the sale.

c.      <u>"As Is" and "Where As"</u>:  The Property is being sold, "as-is – where-as," thus Trustee is not making any representations, warranties, either express or implied, as to the Property's condition, uses (prior, present or future), or otherwise.

d.      <u>Transfer of the Property:</u>  I will convey title to Buyers via a Trustee's Quitclaim Deed.

e.      <u>Acknowledgement of Trustee's Capacity</u>:  Buyers are expressly aware and fully informed that I am selling the Property exclusively in my capacity as Chapter 7 Trustee of the Estate.  No personal liability for costs, fees or other charges on my part is intended, and any liability is strictly the liability of the Estate.

f.      <u>Approval of the Bankruptcy Court</u>:  Buyers are aware that the sale is expressly conditioned on approval by the Court and subject to overbid.

g.      <u>Bankruptcy Jurisdiction</u>:  I am selling the Property in my capacity as Chapter 7 of the Estate.  As such, resolution of any and all disputes between Buyers and me (or any over-bidder) shall be resolved by the Court.

10.     I shall approve in writing all disbursements to be made on the sale of the Property. Escrow shall not be authorized to disburse any funds to anyone without my prior written approval.

11.     If I am unable to close escrow because of unknown title defects, because the liens and encumbrances exceed the amount known to me, by being divested of title by the Court, or because the tax consequences of the sale are excessive, Buyers' sole damages shall be limited to a refund of their deposit less escrow and bond charges.

12.     In my business judgment the sale of the Property should be approved.

13.     Pursuant to the Preliminary Title Report, the Property is encumbered by the following

Motion to Sell

liens:

a.    $34,339.92 in real property taxes owed to Riverside County; and

b.    A first priority deed of trust in favor of the Investors in the original, principal amount of $1,575,000.

A true and correct copy of a Preliminary Title Report for the Property is attached hereto as Exhibit "2."

14.    I do not believe the Property is subject to any further liens or encumbrances. However, in an abundance of caution and to provide assurances to Buyers, I seek authority to sell the Property "free and clear of any interest in such property of an entity..."

15.    Fair market value for the Property is being realized.  The Property was initially listed on the Multiple Listing Service ("MLS") as well as multiple other real estate websites in April, 2023 for $2,200,000.  The price was reduced to $1,995,000 in January, 2024, $1,595,000 in April, 2024, and $1,450,000 in July, 2024.

16.    In September, 2024, I have Buyers' all-cash offer of $1,400,000, which I accepted subject to a counteroffer.

17.    The Property will continue to be marketed pending an order on the Motion to Sell and Buyers' offer is subject to overbid.

18.    In order to obtain the highest and best offer for the benefit of creditors of the Estate, I propose that the foregoing Offer be approved along with the proposed overbid procedures.  Notice is being provided of the opportunity for overbidding to all interested parties in this matter.

19.    The proposed overbid procedures as set forth in the foregoing Motion will provide for an orderly completion of the sale of the Property by permitting all bidders to compete on similar terms, and will allow interested parties and the Court to compare competing bids in order to realize the highest benefit for the estate.

20.    I negotiated an agreement with the Broker, whereby broker compensation will be 6%.

21.    Due to the facts of this case, I have determined that the proposed commission is reasonable and appropriate, and I am requesting authorization to pay such commission.

Motion to Sell

22.    I am further seeking an Order determining that Buyers are "good faith purchasers" under § 363(m), such that any appeal of the Order granting this Motion, even if successful, will not affect the validity of the sale unless a stay pending appeal is obtained.

23.    Buyers participated in the negotiation of the Purchase Agreement.  I am informed and believe that Buyers are not "insiders" as defined in § 101(31), in that Buyers are neither relatives nor general partners of Debtor.

24.    There is no relationship between Buyers and me and they are non-"insiders."  Thus, the proposed sale is an arms-length transaction negotiated in good faith between the parties.

25.    The sale of the Property would benefit the estate as follows:

| Estimated Equity Analysis | |
| --- | --- |
| Offer Received | $1,400,000 |
| Property Taxes – Riverside County | Estimated ($34,339.92) |
| First Priority Deed of Trust – The Investors | Estimated ($1,102,500) |
| Broker Commissions (6%) | ($84,000) |
| Estimated Costs of Sale (2%) | ($28,000) |
| **Net Proceeds the Estate** | **$151,106.08** |

26.    I successfully negotiated a discounted payoff of Investor's lien, which provides for payment of 70% of the principal amount of the Investor's Deed of Trust.  My agreement with the Investors is reflected in a stipulation filed concurrently with my Motion to Sell the Property and will result in the Estate netting approximately $150,000 from the sale of the Property.

27.    My accountant, Donald T. Fife, CPA, has determined that the only potential tax consequence to the Estate from Trustee's sale of the Property is the California Gross Receipts Tax of $6,000.  *See* Declaration of Donald T. Fife, filed concurrently herewith.

28.    With respect to the waiver of the stay imposed by FRBP 6004(h), time is of the essence because Buyers are able to close within 30 days of entry of the order approving this Motion. Accordingly, I am requesting that the Court waive the stay imposed by FRBP 6004(h).

///

///

///

///

Motion to Sell

1       I declare under penalty of perjury according to the laws of the United States that the

2  foregoing is true and correct and that this declaration was executed on the 14th day of October, 2024,

3  at Riverside, California.

4

5                        A. Cisneros

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Sell

## DECLARATION OF DONALD T. FIFE

I, Donald T. Fife, declare as follows:

1.    I am a duly-licensed certified public accountant in the State of California and a partner in the accounting firm of Hahn Fife & Company, LLP ("Hahn Fife").

2.    A. Cisneros, trustee of the bankruptcy estate of Stonebridge Ventures, LLC ("Trustee"), has engaged Hahn Fife as his accountants in this case.

3.    I have personal knowledge of the facts set forth in this Declaration, and, if called upon to testify thereto, I could and would do so competently and truthfully.

4.    Debtor is a limited liability company, organized under the laws of the State of California.

5.    In California, income or losses from the sale of real property owned by a limited liability company flow through to the members of the limited liability company.

6.    Trustee's sale of Debtor's real property, which is commonly known as 4 Makena Lane, Rancho Mirage, California 92270 ("Property"), will not result in any income tax or capital gains tax to Debtor. However, Debtor may be subject to the California Gross Receipts tax, which is approximately $6,000.

7.    There will be no other negative tax consequences to Debtor from the sale of the Property by Trustee.

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct and that this declaration was executed on the _10th_ day of October, 2024, at Pasadena, California.

_____
Donald T. Fife, Hahn Fife & Co., LLP

Motion to Sell

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYERS ARE "GOOD FAITH PURCHASERS" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS,   BRIAN THOMPSON, DONALD T. FIFE, ANJU VERMA, AND RAJESH VERMA IN SUPPORT HEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 14, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF THE U.S. TRUSTEE: United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)     amctrustee@mclaw.org, acisneros@iq7technology.com;
ecf.alert+Cisneros@titlexi.com
CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)     acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com**

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 14, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive, Suite 200, Newport Beach, CA 92660**

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 14, 2024 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                 **F 9013-3.1.PROOF.SERVICE**

**SECTION 1 CONT.**

NOTICE: Robert M Aronson    robert@aronsonlawgroup.com, info@aronsonlawgroup.com; robert@ecf.inforuptcy.com; r55297@notify.bestcase.com
NOTICE: James C Bastian    jbastian@shulmanbastian.com
NOTICE: Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Ethan Friedman    ethan.friedman@fnf.com
NOTICE: Nicholas W Gebelt    ngebelt@goodbye2debt.com
NOTICE: Michael J Hauser    michael.hauser@usdoj.gov
NOTICE: Christopher Hewitt    hewittesq@yahoo.com, 5063741420@filings.docketbird.com
NOTICE: Rika Kido    rkido@shulmanbastian.com, avernon@shulmanbastian.com
NOTICE: Zi Chao Lin    zi.lin@tuckerellis.com, kristin.mccarthy@tuckerellis.com; thomas.fawkes@tuckerellis.com; jason.ben@tuckerellis.com; Motunrayo.Akinmurele@tuckerellis.com
NOTICE: William Malcolm    bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: Richard A Marshack    rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com; rmarshack@ecf.courtdrive.com; alinares@ecf.courtdrive.com
NOTICE: W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows    david@davidwmeadowslaw.com
NOTICE: Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com, jfisher@raineslaw.com
NOTICE: Lee S Raphael    ecfcca@ecf.courtdrive.com, cmartin@pralc.com
NOTICE: Timothy M Ryan    tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Allan D Sarver    ADS@asarverlaw.com
NOTICE: Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com; shawsr91811@notify.bestcase.com
NOTICE: Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com; cvalenzuela@mclaw.org
NOTICE: Michael G Spector    mgspector@aol.com, mgslawoffice@aol.com
NOTICE: Diana Torres-Brito    dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
NOTICE: Christopher P. Walker    cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com; r57253@notify.bestcase.com

**SECTION 2 CONT.**

AB Capital, LFD, Inc.
~~15 Corporate Plaza, Suite 200~~
~~Ryan Young~~
~~Newport Beach, CA 92260~~
Forward to:
870 Roosevelt
Irvine CA 92620-3663

Motunrayo D Akinmurele
Tucker Ellis LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071

Brentwood Finance Company, LLC
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92260

Joseph Colangelo
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92260

Shaw & Hanover, PC
~~42-600 Cook Street, Suite 210~~
~~Palm Desert, CA 92211~~
07.22.2024 – forward to
44901 Village Court Ste B
Palm Desert CA 92260-3814

Brian Thompson
Winterstone Real Estate Development
23792 Rockfield Blvd., Ste. 101
Lake Forest, CA 92630

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**SECTION 2 CONT.**

Alisa Arkenberg
7933 E. Baker Drive
Scottsdale, AZ 85266

Cory Sottek
640 Altamira Court
Vista, CA 92081

Jaclyn Maduff
2128 Duxbury Circle
Los Angeles, CA 90034

JloanCo, Inc.
Attn: Officer, Director or Managing Agent
3780 King Ranch Road
Ukiah, CA 95482

Koonce Family Enterprise, LP
Barbara Holt, Advisor
517 E. Calle Laureles
Santa Barbara, CA 93105

Las Palmas Group Retirement Trust
Barry Nisen, Tru/tee
PO Box 90202
Santa Barbara, CA 93190

Linda T. Seckler-Rufkahr,Trustee of
The Rufkahr Family Trust
31661 Haute Court
Winchester, CA 92596

Mainstar Trust Custodian FBO
Richard W. Walker IRA
18124 Wedge Parkway, #530
Reno, NV 89511

Marc Treitler, Trustee of the
Treitler Family Trust
9950 Scripps Lake Drive, #101
San Diego, CA 92131

Mario Melillo
1300 Adams Ave, #28A
Costa Mesa CA 92626

Noreen Kennedy, Trustee of the
Noreen Kay Kennedy Separate Prop Tr
3504 N. Sundown Lane
Oceanside CA 92056

Riverside County Tax Collector
Adelina Abril
4080 Lemon St, 4th Floor
Riverside CA 92501

Riverside County Tax Collector
Matt Jennings Treasurer-Tax Collect
4080 Lemon Street, 1st Floor
Riverside, CA 92501