WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: arturo@mclaw.org; nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, A. Cisneros*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:22-bk-11556-TA |
| STONEBRIDGE VENTURES, LLC, | Chapter 7 |
| Debtor. | **CHAPTER 11 TRUSTEE'S FINAL REPORT AND ACCOUNT; REQUEST FOR APPROVAL OF TRUSTEE'S ACCOUNTING; REQUEST FOR APPROVAL OF CHAPTER 11 TRUSTEE'S STATUTORY FEE; AND REQUEST FOR APPROVAL AND AUTHORIZATION TO PAY REMAINING CHAPTER 11 ADMINISTRATIVE CLAIMS IN FULL; DECLARATION OF A. CISNEROS IN SUPPORT** |
| | Hearing: |
| | Date: December 10, 2024 |
| | Time: 11:00 a.m. |
| | Ctrm: Zoom Telephonic |

TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE;

THE OFFICE OF THE UNITED STATES TRUSTEE; DEBTOR; DEBTOR'S COUNSEL; AND

OTHER INTERESTED PARTIES:

1

A. Cisneros ("Trustee"), the duly appointed, qualified, and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor") and formerly the Chapter 11 Trustee for the Estate, hereby submits the following Chapter 11 Trustee's Final Report and Account; Request for Approval of Trustee's Accounting; and Request for Approval and Authorization to Pay all Remaining Chapter 11 Administrative Claims in full.

## I.    SUMMARY OF THE CASE.

Debtor was a real estate holding company that was in the business of acquiring real estate and developing a subdivision of luxury homes in Rancho Mirage.  Three days prior to the filing of its petition, Debtor transferred its interest in the five remaining homes in the subdivision to another company controlled by Debtor's principal.  Following the filing of its Chapter 11 petition, and upon the Office of the United States Trustee's discovery of the transfers, Debtor stipulated to appointment of a Chapter 11 trustee and Trustee was appointed.

Upon his appointment, Trustee immediately retained Malcolm ♦ Cisneros, ALC ("Firm") as his general counsel and a real estate broker to liquidate the Properties.  Upon engagement, Trustee quickly negotiated a resolution to the pre-petition transfers via conveyances of the properties back to the Estate, without the necessity of filing an avoidance action.  During the pendency of this case in Chapter 11, Trustee closed the sale of two of the five real properties owned by the Estate: 5 Makena, Rancho Mirage, California 92270 ("5 Makena") and 7 Makena, Rancho Mirage, California 92270 ("7 Makena").

Trustee also obtained an order authorizing his sale of 1 Makena, Rancho Mirage, California 92270 ("1 Makena") and retained a real estate broker for the purposes of marketing and sale of 2 Makena, Rancho Mirage, California 92270 ("2 Makena") and 4 Makena, Rancho Mirage, California 92270 ("4 Makena") (1, 2, 4, 5, and 7 Makena are collectively referred to herein as the "Properties").  In connection with Trustee's marketing and sale of 2 Makena, the Firm filed suit against the occupants thereof and obtained an order to show cause regarding why they should not be sanctioned and ordered to turn over possession of 2 Makena to Trustee.

Trustee's efforts in Chapter 11, with the assistance of the Firm, set the stage for the post-conversion sale of 1 Makena, removal of the occupants of 2 Makena and sale of 2 Makena to an overbidder for $300,000 more than the accepted offer.

2

Based on the foregoing efforts, claims against the Estate were reduced by over $8 million, and the Estate has approximately $1.1 million on hand for payment of claims, which is sufficient to pay all Chapter 11 and Chapter 7 administrative claims in full and pay a distribution to unsecured creditors. Trustee seeks approval of, and authority to pay, all Chapter 11 administrative claims at this time because he is currently in the process of closing on 4 Makena, which is the sole remaining property; and, thereafter, will proceed with filing tax returns, reviewing claims, and filing his Final Account and Report, and case closure.

## II.    BACKGROUND

### A.    The Filing of the Petition and Pre-Petition Transfers.

1.    Debtor's case was commenced on September 9, 2022, with the filing of a skeletal petition under Chapter 11 of the Bankruptcy Code ("Petition").  *See* Docket Entry ("DE") 1.

2.    On or about January 6, 2015, Debtor obtained title to the following real properties:

   a.    1 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-001 ("1 Makena");

   b.    2 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-002 ("2 Makena");

   c.    4 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-004 ("4 Makena");

   d.    5 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-005 ("5 Makena"); and

   e.    7 Makena Lane, Rancho Mirage, California 92270 – Accessor's Parcel Number 682-031-007 ("6 Makena") (1, 2, 4, 5, and 7 Makena are collectively referred to herein as the "Properties").

3.    Prior to the filing of the Petition, on or about September 1, 2022, Debtor transferred its interest in 1, 2, 4, and 7 Makena ("Transfers") to AB Capital LFD, Inc. ("AB LFD").  *See* DE 13.

///

///

///

Final Accounting and Request

4.       Joshua Pukini ("Mr. Pukini") is the principal of both Debtor and AB LFD.  Mr. Pukini is also the principal of AB Capital, LLC, a debtor in case number 8:22-bk-11585-TA, filed as an involuntary Chapter 7 case filed on September 15, 2022 and Med Equity, LLC, a debtor in case number 2:21-bk-12447-ER, a Chapter 11 case filed on March 26, 2021 and converted to Chapter 7 on January 12, 2023.

5.       On September 23, 2022, Debtor and the Office of the United States Trustee ("OUST") entered into a stipulation to the appointment of a Chapter 11 Trustee based on *inter alia* the Transfers. *See* DE 13.

### B.       The Appointment of Trustee as the Chapter 11 Trustee.

6.       On September 29, 2022, Trustee was appointed as the Chapter 11 Trustee of the Estate. *See* DE 19.

7.       Trustee obtained the required minimum bond in the amount of $10,000, effective September 29, 2022.

8.       Immediately upon his appointment, Trustee commenced negotiations to address the Transfers and effectuate the transfer of legal title to 1, 2, 4, and 7 Makena back to the Estate.

9.       Based on Trustee's negotiations with AB LFD, and with the assistance of Malcolm ♦ Cisneros ("Firm"), AB LFD quitclaimed its interest in 1, 2, 4, and 7 Makena to the Estate.

10.       Trustee held telephone conferences with Michael Hauser, Staff Attorney, of the Office of the United States Trustee, regarding the case history.

11.       Trustee held telephone conferences with Tom Polis, counsel for alleged secured creditors on 5 Makena, Darryl Lewis and Sanna Akhtanova ("Lewis Claims"), wherein discussions were held related to the Lewis Claims.

12.       Trustee also held telephone conferences with Debtor's counsel, Trustees in related cases to Debtor, and creditors for the Properties.

13.       Trustee visited each of the Properties to observe the various construction stages at which each property was at and reviewed voluminous documents regarding the title and liens for each property.

///

///

4

14.     On October 28, 2022, Trustee filed an application to employ the Firm as his general counsel in this case ("Application to Employ the Firm").  The Application to Employ the Firm was granted on November 18, 2022.  *See* DE 51 and 63, respectively.

15.     On November 7, 2022, Trustee filed an application to employ Brian Thompson of Winterstone Real Estate and Development ("Broker") as his real estate broker for purposes of marketing and selling 1, 5, and 7 Makena.  On November 28, 2022, the application was approved.  *See* DE 57 and 70, respectively.

16.     On February 15, 2023, Trustee filed an application to employ Broker as his real estate broker for purposes of marketing and selling 2 Makena.  On March 16, 2023, the application was approved.  *See* DE 139 and 176, respectively.

17.     On March 15, 2023, Trustee filed an application to employ Broker as his real estate broker for purposes of marketing and selling 4 Makena.  On April 6, 2023, the application was approved.  *See* DE 171 and 197, respectively.

18.     On February 27, 2023, Trustee filed an application to employ Hahn Fife & Company, LLP ("Accountant") as his accountants.  On March 30, 2023, the application was approved.  *See* DE 148 and 187, respectively.

III.    **ADMINISTRATION AND LIQUIDATION OF ASSETS**

A.      **The Motions to Sell and Sales of 5 Makena, 7 Makena, and 1 Makena.**

19.     The primary assets of the Debtor's Estate consisted of the Properties.

20.     On December 21, 2022, Trustee filed a motion to sell 5 Makena.  The motion was granted on February 7, 2022.  *See* DE 81 and 132, respectively.

21.     On January 11, 2023, Trustee filed a motion to sell 7 Makena.  The motion was granted on February 10, 2023.  *See* DE 99 and 137, respectively.

22.     On January 30, 2023, Trustee filed a motion to sell 1 Makena. The motion was granted on March 3, 2023.  *See* DE 119 and 152, respectively.

23.     Trustee closed the sale of 5 Makena and 7 Makena prior to conversion of Debtor's case to Chapter 7.  *See* DE 162 and 189.

24.     Trustee's sale of 1 Makena closed post-conversion.  *See* DE 200.

Final Accounting and Request

**B.      The Claims in Connection with the 5 Makena Sale Proceeds and Post-Conversion Settlement Thereof.**

25.    Pursuant to the order approving the sale of 5 Makena, Trustee was required to hold a portion of the proceeds of the sale pending resolution of the Lewis Claims.  *See* DE 132 and 162.

26.    Following conversion of the case, Trustee entered into a settlement of the Lewis Claims. ("Lewis Settlement").   The Court entered an order approving the Lewis Settlement on November 9, 2023.  *See* DE 276 and 254.

27.    Pursuant to the Lewis Settlement, Trustee paid Lewis $150,000 in exchange for dismissal of *Lewis v. Stonebridge, et al*, United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:22-ap-01093-TA ("Lewis Adversary") and reduction of Darryl Lewis and Sanna Akhtanova's proof of claim, filed as Claims Register No. 2-1 ("Lewis Claim") from $3.5 million to $200,000.  *See* DE 276 and 254.

**C.      The Adversary Proceeding and Order to Show Cause in Connection with 2 Makena.**

28.    On February 9, 2023, the Firm filed an adversary proceeding against Joe Colangelo ("Colangelo") and Monika Jensen ("Jensen") for turnover and unjust enrichment in connection with their continued occupation of 2 Makena.  *See* United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-ap-01013-TA ("Adversary Proceeding").   *See* Adversary Proceeding Docket Entry "1."

29.    Joe Colangelo and Monika Jensen filed responses to the Adversary Proceeding.  *See* Adversary Proceeding Docket Entry 9 and 24, respectively.

30.    On March 3, 2023, Trustee filed a motion for an order requiring Colangelo and Jensen to appear and show cause why they should not be sanctioned for their refusal to turn over 2 Makena to Trustee ("OSC").  *See* DE 153.

31.    On March 15, 2023, the Court entered the OSC, and a hearing on it was held on March 29, 2023 and continued to May 2, 2023.  The hearing was eventually concluded, post-conversion, on May 9, 2023. *See* DE 173 and 207.

32.    Monika Jensen and Joe Colangelo vacated the Property by May 13, 2023.

Final Accounting and Request

**D.  Proceeds Received by Trustee from the Sales of 5 and 7 Makena Prior to Conversion.**

33.     Trustee received a total of $544,061.68 from the sale of 5 Makena, subject to the Lewis Claims and payoff of the second priority deed of trust.

| 5 Makena Lane, Rancho Mirage, California 92270 | |
|---|---:|
| Purchase Price | $2,800,000 |
| Property Taxes – Riverside County Tax Collector | $(33,554.07) |
| First Priority Deed of Trust – Baiocchi Family LP | $(1,879,747.79) |
| Second Priority Deed of Trust – Partial Disbursement on March 14, 2023 | $(200,000) |
| Broker Commissions (4%) – Winterstone Real Estate and Development | $(112,000) |
| Fidelity National Title Company | $(4,165.24) |
| A & A Escrow Services, Inc. | $(4,435) |
| Buyer to Credit for Payment of Outstanding Water Bill | $(1,036.22) |
| Mechanic's Lien (Funds Held Pending Resolution of Lien) | $(21,000) |
| **Amount Received Subject to the Lewis Claims/2nd Priority Deed of Trust** | **$544,061.68** |

34.     Trustee received a total of $701,788.79 from the sale of 7 Makena.

| 7 Makena Lane, Rancho Mirage, California 92270 | |
|---|---:|
| Purchase Price | $1,980,000 |
| Lienholder - AB Capital Fund B, LLC | $(296,750.25) |
| Lienholder – Brad Bunten and Doreen Bunten | $(55,430.51) |
| Lienholder – The Burrill Trust | $(107,505.91) |
| Lienholder – Hold on to Your Music | $(161,291.46) |
| Lienholder – The Jaclyn Maduff Family Trust | $(107,569.03) |
| Lienholder – The McNutt-Peng Family Trust | $(109,322.95) |
| Lienholder – Koonce Family Enterprises | $(222,053.35) |
| Lienholder – Mainstar Trust Custodian | $(66,516.69) |
| Property Taxes – Riverside County Tax Collector | $(25,380.90) |
| Broker Commissions (6%) | $(118,800) |
| Fidelity National Title Company | $(4,090.16) |
| A & A Escrow Services, Inc. | $(3,500) |
| **Amount Received** | **$701,788.79** |

**E.  Conversion of the Case to Chapter 7 and Appointment of Trustee.**

35.     On March 10, 2023, Trustee filed a motion to convert the case to Chapter 7, which was granted on April 3, 2023 ("Conversion Date").  *See* DE 163 and 191.

36.     On April 3, 2023, Trustee was appointed as the Chapter 7 Trustee of Debtor's Estate.  *See* DE 193.

///

Final Accounting and Request

### III.    SUMMARY OF RECEIPTS AND DISBURSEMENTS – CHAPTER 11 ESTATE.

37.    The Estate's receipts and disbursements from Trustee's appointment as Chapter 11 Trustee until the Conversion Date were as follows:

| **Receipts** | |
|---|---:|
| 5 Makena Sale Price | $2,800,000 |
| 7 Makena Sale Price | $1,980,000 |
| Turnover from Debtor-in-Possession Account | $751 |
| **Total Receipts** | **$4,780,751** |
| **Disbursements** | |
| U.S. Trustee Quarterly Fee | $250 |
| 5 Makena Disbursements | $2,255,938.32 |
| 7 Makena Disbursements | $1,278,211.21 |
| Funds Turned Over to Chapter 7 Estate | $1,246,351.47 |
| **Total Disbursements** | **$4,780,751** |

### IV.    TRUSTEE'S STATUTORY FEE AND REQUEST FOR AUTHORIZATION TO PAY IT.

38.    Trustee is seeking Court approval and authorization to pay his Chapter 11 Statutory Fee. Trustee's statutory fee as set forth under 11 U.S.C. § 326, based upon receipts ($4,780,751) as of the Conversion Date, is calculated as follows:

| | | |
|---|---|---:|
| 25% of the first $5,000 | .25 x $5,000 | $1,250.00 |
| 10% of the next $45,000 | .10 x $45,000 | $4,500.00 |
| 5% of the next $950,000 | .05 x $950,000 | $47,500.00 |
| 3% of funds exceeding $1,000,000 | .03 x $3,780,751 | $113,422.53 |
| | **TRUSTEE'S STATUTORY FEE** | **$166,672.53** |

39.    Since Trustee's appointment, he has maintained contemporaneous billing records. Based on Trustee's billing records, and despite several hours incurred at "no charge," Trustee's billing records reflect total fees of $184,600, which exceeds his statutory fee under 11 U.S.C. § 326. *See* DE 345.

40.    On October 14, 2024, Trustee filed an Application for Compensation of Final Fees and Expenses as Chapter 11 Trustee in the amount of $166,672.53 in fees and $894.96 in costs, for a total of $167,567.49. *See* DE 345.

Final Accounting and Request

## IV.     TRUSTEE'S REQUEST TO APPROVE AND PAY ALL REMAINING CHAPTER 11 ADMINISTRATIVE CLAIMS.

41.     On August 26, 2024, Trustee filed a Motion to Set a Chapter 11 Administrative Bar Date of September 30, 2024, which was granted on September 17, 2024.  *Se* DE 331 and 334.

42.     On September 25, 2024, Trustee entered into a stipulation with the Firm and his Accountant to extend the deadline to file Chapter 11 Administrative Claims to October 14, 2024.  The stipulated was approved by the Court on September 26, 2024.  *See* DE 337 and 338.

43.     On October 10, 2024, Trustee's Accountant filed an application for approval of Chapter 11 administrative fees in the amount of $204.  *See* DE 340.

44.     On October 10, 2024, the Firm filed a Motion for approval of a Chapter 11 Administrative claim in the amount of $116,799.37, which includes $114,946.50 in fees and $1,852.87 in costs.  *See* DE 343.

45.     On June 6, 2023, the Office of the United States Trustee ("OUST") filed a proof of claim in the amount of $28,525 as Claims Register No. 10-1.  OUST's claim is based on unpaid Chapter 11 Quarterly Fees and constitutes a Chapter 11 Administrative Claim against the Estate.

46.     On August 13, 2024, the Court entered an order approving Debtor's counsel's final fees and costs in the amount of $22,523.80.  *See* DE 329.

47.     Trustee has paid Debtor's counsel's final fees and costs.  Therefore, the only Chapter 11 Administrative Claims remaining outstanding and which Trustee respectfully requests final approval and authority to pay, are as follows:

| **Chapter 11 Administrative Claimant** | **Amount** |
|---|---|
| A. Cisneros, Chapter 11 Trustee | $167,567.49 |
| Malcolm ♦ Cisneros, ALC | $116,799.37 |
| Hahn Fife & Co, LLP | $240.00 |
| OUST Chapter 11 Quarterly Fees | $28,525.00 |
| **Total** | **$313,131.86** |

///

///

9

Final Accounting and Request

**V.**    **<u>CONCLUSION</u>**

48.     Based on the foregoing, Trustee respectfully requests that the Court enter an order:

a.     Approving Chapter 11 Trustee's Accounting;

b.     Approving and authorizing Trustee to pay $167,567.49 in full satisfaction of Trustee's Chapter 11 Administrative Claim;

c.     Approving and authorizing Trustee to pay $116,799.37 in full satisfaction of the Firm's Chapter 11 Administrative Claim;

d.     Approving and authorizing Trustee to pay $240 in full satisfaction of Accountant's Chapter 11 Administrative Claim; and

e.     Authorizing Trustee to pay $28,525 to the OUST in full satisfaction of its Chapter 11 Administrative Claim, filed on June 6, 2023 as Claims Register No. 10-1.

DATED: November 12, 2024

Respectfully Submitted,
Malcolm ♦ Cisneros, A Law Corporation

By: */s/ Nathan F. Smith*
NATHAN F. SMITH
*Attorneys for Chapter 7 Trustee, A. Cisneros*

10

Final Accounting and Request

## DECLARATION OF A. CISNEROS

I, A. Cisneros, declare as follows:

1. I am the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate ("Estate") of Stonebridge Ventures, LLC ("Debtor"), Case No. 8:22-bk-11556-TA.

2. I was previously the duly appointed Chapter 11 Trustee for the Estate between my appointment as Chapter 11 Trustee on September 29, 2022 and conversion of Debtor's case to Chapter 7 on April 3, 2023.

3. In the foregoing capacity, I have personal knowledge of the facts stated herein or believe them to be true based upon information and belief, and, if called upon to testify thereto, I could and would do so competently and truthfully.

4. I make this Declaration in support of my Final Report and Account as Chapter 11 Trustee; Request for Approval of my Accounting; Request for Approval of my statutory fee as Chapter 11 Trustee; and Request for Approval and Authorization to Pay the Chapter 11 Administrative Claims of my general counsel and accountant ("Accounting and Request").

5. Unless otherwise noted, capitalized terms in this Declaration have the meaning set forth in the Accounting and Request. I have read and I am aware of the contents of the Accounting and Request. The facts stated in the Accounting and Request are true and correct to the best of my knowledge.

6. I am currently holding approximately $1.1 million in funds available for payment of claims, which is sufficient to pay the remaining estimated Chapter 7 administrative claims in full, Chapter 11 administrative claims in full, and a distribution to unsecured creditors.

7. I have reviewed the Firm's and Accountant's Applications for Chapter 11 Administrative Claims. I have no objection to the services described in the Applications or the fees and costs incurred by the Firm and Accountant.

8. Through the Accounting and Request, I seek entry of an order:

    a. Approving my Chapter 11 Trustee's Accounting;

    b. Approving and authorizing me to pay $167,567.49 in full satisfaction of my Chapter 11 Administrative Claim;

11

c.      Approving and authorizing me to pay $116,799.37 in full satisfaction of the Firm's Chapter 11 Administrative Claim; and

d.      Approving and authorizing me to pay $240 in full satisfaction of Accountant's Chapter 11 Administrative Claim; and

e.      Authorizing me to pay $28,525 to the OUST in full satisfaction of its Chapter 11 Administrative Claim, filed on June 6, 2023 as Claims Register No. 10-1.

8.      The foregoing payments total $313,131.86, and, based on my previous payment of Debtor's counsel's Chapter 11 Administrative Claim, will result in payment of all Chapter 11 Administrative Claims against the Estate in full.

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct and that this declaration was executed on the _12_ day of November, 2024, at Riverside, California.

A. CISNEROS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 11 TRUSTEE'S FINAL REPORT AND ACCOUNT; REQUEST FOR APPROVAL OF TRUSTEE'S ACCOUNTING; REQUEST FOR APPROVAL OF CHAPTER 11 TRUSTEE'S STATUTORY FEE; AND REQUEST FOR APPROVAL AND AUTHORIZATION TO PAY REMAINING CHAPTER 11 ADMINISTRATIVE CLAIMS IN FULL; DECLARATION OF A. CISNEROS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 12, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF THE U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
**CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com**
**CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)    acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com**

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **November 12, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Stonebridge Ventures, LLC, 15 Corporate Plaza Drive, Suite 200, Newport Beach, CA 92660**

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 12, 2024 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-3.1.PROOF.SERVICE**

**SECTION 1 CONT.**
NOTICE: Robert M Aronson     robert@aronsonlawgroup.com, info@aronsonlawgroup.com; robert@ecf.inforuptcy.com;
r55297@notify.bestcase.com
NOTICE: James C Bastian     jbastian@shulmanbastian.com
NOTICE: Arturo Cisneros     arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Ethan Friedman     ethan.friedman@fnf.com
NOTICE: Nicholas W Gebelt     ngebelt@goodbye2debt.com
NOTICE: Michael J Hauser     michael.hauser@usdoj.gov
NOTICE: Christopher Hewitt     hewittesq@yahoo.com, 5063741420@filings.docketbird.com
NOTICE: Rika Kido     rkido@shulmanbastian.com, avernon@shulmanbastian.com
NOTICE: Zi Chao Lin     zi.lin@tuckerellis.com, kristin.mccarthy@tuckerellis.com; thomas.fawkes@tuckerellis.com;
jason.ben@tuckerellis.com; Motunrayo.Akinmurele@tuckerellis.com
NOTICE: William Malcolm     bill@mclaw.org, cvalenzuela@mclaw.org
NOTICE: Richard A Marshack     rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;
rmarshack@ecf.courtdrive.com; alinares@ecf.courtdrive.com
NOTICE: W. Derek May     wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: David W. Meadows     david@davidwmeadowslaw.com
NOTICE: Thomas J Polis     tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
NOTICE: Hamid R Rafatjoo     hrafatjoo@raineslaw.com, bclark@raineslaw.com, jfisher@raineslaw.com
NOTICE: Lee S Raphael     ecfcca@ecf.courtdrive.com, cmartin@pralc.com
NOTICE: Timothy M Ryan     tryan@theryanfirm.com, ecf@theryanfirm.com
NOTICE: Allan D Sarver     ADS@asarverlaw.com
NOTICE: Summer M Shaw     ss@shaw.law, shawsr70161@notify.bestcase.com; shawsr91811@notify.bestcase.com
NOTICE: Nathan F Smith     nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com;
cvalenzuela@mclaw.org
NOTICE: Michael G Spector     mgspector@aol.com, mgslawoffice@aol.com
NOTICE: Diana Torres-Brito     dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
NOTICE: Christopher P. Walker     cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com; r57253@notify.bestcase.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                         **F 9013-3.1.PROOF.SERVICE**

**SECTION 2 CONT.**
AB Capital, LFD, Inc.
~~15 Corporate Plaza, Suite 200~~
~~Ryan Young~~
~~Newport Beach, CA 92260~~
Forward to:
870 Roosevelt
Irvine CA 92620-3663

Motunrayo D Akinmurele
Tucker Ellis LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071

Brentwood Finance Company, LLC
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92260

Joseph Colangelo
15 Corporate Plaza, Suite 200
Ryan Young
Newport Beach, CA 92260

Shaw & Hanover, PC
~~42-600 Cook Street, Suite 210~~
~~Palm Desert, CA 92211~~
07.22.2024 – forward to
44901 Village Court Ste B
Palm Desert CA 92260-3814

Brian Thompson
Winterstone Real Estate Development
23792 Rockfield Blvd., Ste. 101
Lake Forest, CA 92630

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**